IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

REQUEST TO EXTEND TIME TO COMPLETE DISCOVERY

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, the United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, requests the Court to extend the deadline for completion of discovery in the above-captioned actions from August 15, 2006, to December 15, 2006, or such additional time as may become necessary.[1]

---

[1] As discussed below a settlement offer made by the plaintiffs is currently under consideration. Consistent with its current practice in this action, the government will refrain from engaging in formal discovery while the offer is pending. It is anticipated that the government's required procedure for reviewing the settlement offer, particularly if the offer is being processed favorably, will not be completed by December 15, 2006. Accordingly, the

- 1 -

In support of this request,[2] the United States, by its undersigned counsel, represents the following:

The plaintiffs made an offer to settle these actions by letter dated December 27, 2005. On or about April 24, 2006, counsel for the parties met to discuss the settlement offer.[3] At the meeting, government counsel requested from plaintiffs' counsel information necessary to evaluate the settlement offer and support a possible recommendation of the offer. On May 9, 2006, plaintiffs' counsel provided some of the information requested by the government. By letter dated August 8, 2006, plaintiffs' counsel provided additional information requested by the government at the April meeting and indicated that remaining information requested by the government in April would be provided shortly. During the pendency of the plaintiffs' settlement offer the government has refrained from formal discovery. Counsel for the plaintiffs Peter Winslow informed undersigned counsel for the government that he had told Stephen

---

government will likely need to request an additional extension of time in order to complete the processing of the settlement offer or to take discovery in the event the parties cannot reach a settlement.

[2]The defendant seeks this enlargement of time pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure "before the expiration of the period originally prescribed." That Rule provides that an enlargement may be sought under such circumstances "with or without motion," *i.e.*, by a timely "request." In contrast, an enlargement sought "after the expiration of the specified period," may, under Rule 6(b)(2) of the Federal Rules of Civil Procedure, be sought only "upon motion." Thus, this timely request is properly distinguished from a motion, and, we submit, is exempt from the separate memorandum requirement of L.R. 7.1(B)(1).

[3]At the time of the April 2006 meeting, these actions were assigned within the U.S. Department of Justice Tax Division to trial attorney Stephen Turanchik. Undersigned counsel for the United States attended the April 2006 settlement meeting in anticipation of the possible transfer of the cases to her upon Mr. Turanchik's departure from the Tax Division this summer. Undersigned counsel had no involvement with the actions prior to the date of the April 2006 settlement meeting and, as the actions continued to be handled by Turanchik until his departure, did not have any involvement with the actions subsequent to the settlement meeting until the actions were reassigned to her in mid June-2006.

- 3 -

Turanchik, the U.S. Department of Justice Tax Division trial attorney previously assigned to these actions, that if the government engaged in formal discovery, the settlement offer would be withdrawn. The government is interested in considering the plaintiffs' settlement offer and in avoiding unnecessary formal discovery which would be costly and time consuming to all parties.

All of the information requested by the government at the April settlement meeting was not provided to the government prior to Mr. Turanchik's departure (as noted above, the government is still waiting for some of the information requested at the April meeting). Consequently, a recommendation regarding the settlement was not prepared prior to Mr. Turanchik's departure. In mid-June, these actions were transferred to the undersigned counsel. The actions involve very complex, technical issues and millions of dollars. The undersigned counsel needs additional time to evaluate the settlement offers, including evaluation of the remaining information requested at the April meeting which has not yet been provided to the government, and to make a recommendation regarding the settlement offer. Plaintiffs' counsel Mr. Winslow informed undersigned counsel on August 9, 2006, that the remaining information would be provided to the Tax Division by August 15, 2006. Plaintiffs' counsel Gregory Oyler informed undersigned counsel on August 11, 2006, that the remaining information had been delivered in person that morning. Undersigned counsel checked with her front office after speaking with Mr. Oyler and was informed that there had not been any deliveries for her.

Given the complexity of the issues in the actions and the amount of money involved in the pending settlement offer, the approval process for acceptance of the offer would be a lengthy one which would require, among other things, recommendation by the Tax Division trial

attorney, recommendation by the Internal Revenue Service, sequential recommendation by a number of layers of review in the Tax Division, reference of the Congressional Joint Committee on Taxation, and approval by U.S. Department of Justice, by the Assistant Attorney General for the Tax Division or higher level official.  The Congressional Joint Committee on Taxation alone has thirty days to make a determination on a settlement recommendation submitted to it and can request additional time to consider a recommendation.  While the government appreciates the plaintiffs' desire to resolve this action as expeditiously as possible, this settlement approval process cannot be circumvented.

     The government is requesting an extension of time for the parties to complete discovery in order to provide the government the additional time necessary to consider the plaintiffs' offer and to protect the government's ability to take discovery in the event that the parties cannot reach a settlement.  Undersigned counsel discussed the government's intention to seek to extend the deadline for completion of discovery with plaintiffs' counsel Mr. Winslow.  Mr. Winslow informed undersigned counsel that the plaintiffs were opposed to the government seeking additional time to complete discovery.  Mr. Winslow further informed undersigned counsel that if the government sought an extension of time to complete discovery, the plaintiffs' settlement offer would almost certainly be withdrawn.  If the settlement offer is withdrawn, the government

will commence, and will require additional time to conduct, its discovery.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

          /s/ *Karen Wozniak*
          KAREN WOZNIAK
          Trial Attorney, Tax Division
          U.S. Department of Justice
          Post Office Box 55
          Ben Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 307-1927
          E-mail: karen.e.wozniak@usdoj.gov

CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that service of the foregoing Request to Extend Time to Complete Discovery has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 11th day of August, 2006:

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> Scribner, Hall & Thompson LLP
> 1875 Eye Street, NW
> Washington, DC 20006
>
> John A. Lacaire
> Biack, Cetkovic & Whitestone
> 200 Berkley Street, Floor 16
> Boston, MA 02116

                         /s/ *Karen Wozniak*
                         KAREN WOZNIAK
                         Trial Attorney, Tax Division
                         U.S. Department of Justice
                         Post Office Box 55
                         Ben Franklin Station
                         Washington, D.C. 20044
                         Telephone: (202) 307-1927
                         E-mail: karen.e.wozniak@usdoj.gov