UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE          )
COMPANY AND SUBSIDIARIES,         )
                                  )
                    Plaintiff,    )
                                  )
         v.                       )  Civil No. 1:05-cv-11048-RCL
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                    Defendant.    )

---

LIBERTY MUTUAL FIRE INSURANCE     )
COMPANY AND SUBSIDIARIES,         )
                                  )
                    Plaintiff,    )
                                  )
         v.                       )  Civil No. 1:05-cv-11049-RCL
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                    Defendant.    )

PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST
TO EXTEND TIME TO COMPLETE DISCOVERY

For the reasons stated below, Plaintiffs oppose Defendant's Request to Extend Time To

Complete Discovery.

Background

As explained in the parties' Joint Statement filed with the Court on January 5, 2006, there

are two issues in these cases relating to Plaintiffs' tax year 1990. Both of the issues involve the

1

transition rules in section 11305(c) of the Omnibus Budget Reconciliation Act of 1990, Pub. L.

No. 101-508, 104 Stat. 1388 ("1990 Act"). The 1990 Act amended the definition of deductible

losses incurred for insurance companies under 26 U.S.C. § 832(b)(5) to require losses incurred to

be reduced by estimated salvage effective for the 1990 tax year. The 1990 Act provides a

separate transition rule for losses incurred depending on whether the taxpayer previously had

reported its losses incurred without reduction for salvage (gross lines) or whether the losses

incurred previously had been reported net of salvage (net lines).

The first issue is whether the Internal Revenue Service ("IRS") on audit was correct in its

failure to apply the transition rule for gross lines provided in section 11305 of the 1990 Act

applicable to Plaintiffs' gross lines. In the parties' Joint Statement (p. 5), Defendant agrees that

the IRS did not follow section 11305(c)'s rule for gross lines, and Defendant has not asserted a

defense to the IRS' failure to follow the statute. See Joint Statement at 6. Moreover, at no time

has Defendant, either orally or in writing, asserted a defense on the first issue dealing with

application of the transition rule to gross lines. In short, it appears that Defendant effectively has

conceded this issue.

There may, however, be a dispute for Plaintiffs' net lines. On audit, the IRS applied the

transition rule applicable for net lines found in section 11305 of the 1990 Act, but failed to apply

Rev. Proc. 92-77, 1992-2 C.B. 454. That Revenue Procedure permits a taxpayer to gross-up its

losses incurred for estimated salvage and then apply the transition rule applicable to gross lines.

The IRS did not permit Plaintiffs to obtain the relief provided in Rev. Proc. 92-77. Although

Defendant has asserted that Plaintiffs do not qualify under the revenue procedure, it has not

explained why.  Therefore, the only dispute that remains is whether Plaintiffs qualify under Rev.

Proc. 92-77 for the net lines.


    1.    <u>Plaintiffs' Settlement Offer</u>

After Plaintiffs filed their Complaints on May 18, 2005, Plaintiffs agreed to three motions

by Defendant seeking extensions of the time to answer the complaints.  Before Defendant

eventually filed its answers on November 17, 2005, Plaintiffs' counsel telephoned Defendant's

now former counsel Stephen Turanchik to inform him that there was no merit to the IRS' audit

adjustments as they related to gross lines.  Plaintiffs' counsel further informed Mr. Turanchik

that Plaintiffs desired to resolve the cases expeditiously and that Plaintiffs would be interested in

proposing an offer to settle the cases on terms that would be favorable to Defendant.  Plaintiffs'

counsel further stated that its favorable offer would be conditioned on the Government acting on

the offer expeditiously and with little cost to Plaintiffs.  Plaintiffs' counsel made clear that its

offer would be withdrawn if the offer would cause any delay in resolution of the cases or if

Plaintiffs were made to incur significant litigation costs.  Plaintiffs' counsel called Mr. Turanchik

repeatedly over a period of several months to renew the proposal, but Mr. Turanchik responded

that the Government was not ready to entertain an offer or engage in settlement discussions.


To comply with Local Rule 16.1(c), on December 27, 2005, Plaintiffs submitted a formal

offer to settle the cases, and requested a meeting to discuss the settlement proposal to take place

before the scheduling conference with the Court.  Despite repeated requests for a meeting by

Plaintiffs' counsel, Defendant's counsel did not agree to meet to discuss the settlement offer before the January 12, 2006 scheduling conference. Defendant's counsel did not make himself available for a meeting until April 24, 2006. At the April 24, 2006 meeting, Mr. Turanchik was accompanied by the current counsel of record for Defendant and two IRS lawyers. Plaintiffs' counsel reiterated to all present, including the current counsel of record, that Plaintiffs' offer was contingent on expeditious consideration without significant cost to Plaintiffs.

Defendant's current counsel of record recently informed Plaintiffs' counsel that no action has been taken on Plaintiffs' offer. Therefore, Plaintiffs have withdrawn the offer.

2.    <u>Discovery</u>

Virtually all of the essential facts necessary to resolve these cases were set forth jointly in the parties' Joint Statement filed on January 5, 2006. The parties stated their belief that the cases are suitable for summary judgment and that depositions and expert witnesses are not anticipated.

The discovery plan set forth in the Joint Statement was proposed by Defendant. Plaintiffs desired a shorter discovery period, but agreed to Defendant's proposal provided that discovery would not be stayed beyond August 15, 2006, for consideration of Plaintiffs' offer. The Joint Statement made clear that all discovery requests were required to be served so that timely responses would be in hand by August 15, 2006. This deadline for discovery was made clear to the parties by the Court in the Scheduling Conference held on January 12, 2006.

4

At the settlement conference held on April 24, 2006, Plaintiffs' counsel asked Mr. Turanchik whether Defendant would need additional information to assist in its consideration of Plaintiffs' offer. Mr. Turanchik responded that further discovery was not necessary, but that it would be helpful if Plaintiffs could provide a chart showing the amounts of tax to be refunded under various settlement scenarios. Plaintiffs provided the chart to Mr. Turanchik on May 9, 2006. Mr. Turanchik also asked for two other items to assist him in drafting a settlement memorandum – a summary of Plaintiffs' position on one legal issue and a summary of the background documents that support the amounts at issue. One of the IRS lawyers present at the meeting also asked Plaintiffs "out of curiosity" to provide an explanation of a minor matter that does not bear on the merits of the issue in dispute. Plaintiffs have provided all the requested information, as well as additional explanatory information relating to the settlement offer that Defendant did not request. The facts necessary to resolve the remaining issue in dispute relating to Plaintiffs' net lines are included in the initial disclosures Plaintiffs have made and in the parties' Joint Statement.

Defendant's "Request" Should be Denied

Defendant's "request" to extend the discovery period should be denied for the following reasons:

1.    *Defendant's "request" does not show cause*. Defendant relies on Fed. R. Civ. P. 6(b) as the authority for its request for an enlargement of time for discovery. That rule, however, requires the requesting party to show cause for the request. Defendant has not even attempted to

show cause for why it needs discovery in these cases.  These cases have been pending since May 18, 2005.  Under Fed. R. Civ. P. 26(f), Defendant was required to inform Plaintiffs regarding what topic or topics on which it intended to conduct discovery.  Defendant did not meet this requirement, and Plaintiffs still do not know what, if anything, Defendant intends to inquire into. Defendant has never asserted what its defenses are or even if it has any.  Defendant – after three extensions of the time to answer, a scheduling conference, a joint report, a serious settlement offer, and a seven-month discovery period – has had plenty of time to formulate its position and decide what discovery is needed.  Yet, even in its "request" for an enlargement of time, Defendant has failed to specify what topic or topics it intends to explore in discovery or how the discovery may be relevant to the issues raised in the complaints.

In fact, there is no need for Defendant to conduct discovery.  The only issue remaining in dispute is whether Plaintiffs' statements on their 1990 tax returns and the filing made on September 15, 1993, and other related actions by Plaintiffs were sufficient for Plaintiffs to be entitled to the relief provided in Rev. Proc. 92-77.  This does not present "complex issues" as asserted by Defendant, and, as far as Plaintiffs know, there is no dispute on the relevant facts. Again, Plaintiffs have not even been informed of the basis for Defendant's assertion that Plaintiffs have not satisfied the requirements of Rev. Proc. 92-77.  Therefore, Defendant has not shown, and cannot show, good cause as required under Fed. R. Civ. P. 6(b) for the enlargement of time.

2.    *Defendant's request should be denied because it was untimely and does not demonstrate excusable neglect.* At the January 12, 2006 scheduling conference, the Court ordered that discovery should be completed, with all answers in hand by August 15, 2006. The discovery period terminated before Defendant filed its "request" because discovery requests were not made so that answers could be in hand by that date. Under the Court's scheduling order, the last day for Defendant to file the requests was July 14, 2006 (July 16 was a Sunday). Fed. R. Civ. P. 6(b)(2) requires that a request for an enlargement of time made "after the expiration of the specified period" that permits the act must be made by a motion that shows excusable neglect for failing to take the act within the specified period. Defendant failed to file its "request" before July 14, 2006, and therefore is subject to Fed. R. Civ. P. 6(b)(2).

Defendant has failed to comply with Fed. R. Civ. P. 6(b)(2) on two counts. First, Defendant did not make its "request" by motion. This is a fatal defect under Local Rule 7.1, which requires a motion to be accompanied by a supporting memorandum explaining the basis for the motion. Defendant did not comply with this rule and its request should be denied on that basis alone. Moreover, Defendant's "request" does not comply with the detailed motion and certification procedures that apply to discovery motions under Local Rule 37.1.

Second, even if Defendant's "request" were considered to be a motion under Fed. R. Civ. P. 6(b)(2) and the local rules, it would still fail because Defendant has not attempted to show excusable neglect for its failure to take the specified acts within the Court-ordered time to take those acts. To accommodate Defendant in the resolution of these cases, Plaintiffs have worked

with and cooperated with Defendant every step of the way from before the extended time for

answers through the end of the discovery period.  During this process Plaintiffs' counsel

repeatedly informed Defendant's counsel that Plaintiffs were interested in resolving the cases

quickly and at low cost.  At the January 12, 2006 scheduling conference, the parties jointly

requested a 90-day stay of discovery in light of Plaintiffs' settlement offer.  The Court rejected

this request for a stay and set the discovery deadline as August 15, 2006, thus requiring any

necessary discovery to take place during that time regardless of settlement negotiations.  In light

of the Court's order for discovery to proceed, it was incumbent on Defendant to serve its

discovery requests in a timely fashion so that discovery could be completed before the prescribed

date regardless of ongoing settlement negotiations.  This Court has made it clear that a party

cannot stand by and unilaterally ignore discovery deadlines simply because settlement

negotiations are ongoing.  See Rogerson v. Xidex Corp., 110 F.R.D. 412 (D. Mass. 1986) ("A

party is not justified in ignoring the deadlines or in unilaterally granting extensions of deadlines,

even if for the salutary purpose of saving time and expense in answering discovery in a case

which will settle.").  Defendant's failure to conduct discovery, while ignoring Plaintiffs'

settlement offer, is not excusable neglect and does not form the basis for an exercise of the

Court's discretion to enlarge the time for discovery.


3.      *Defendant does not need discovery to consider a settlement offer because none is*

*pending.*  Plaintiffs' patience with Defendant's failure to consider their settlement offer has

expired along with the discovery period.  Accordingly, Plaintiffs have withdrawn their settlement

offer and are prepared to file a motion for summary judgment under the current schedule on

September 29, 2006, based on the facts that were agreed to in the Joint Statement.  Therefore,

Defendant does not need an enlargement of the discovery period on account of a pending

settlement offer because none is pending.

4.      *Defendant incorrectly implies that Defendant's failure to consider Plaintiffs' offer and its*

*failure to conduct discovery was the result of Defendant's counsel's waiting for Plaintiffs to*

*submit additional information.*  Defendant's former counsel stated in the April 24, 2006 meeting

with Plaintiffs' counsel that further discovery was not needed and that the additional information

to be provided by Plaintiffs was a formality to help Defendant's counsel complete his settlement

memorandum.  Defendant's failure to act on Plaintiffs' settlement offer, from December 27,

2005, until August 2006, had nothing to do with Plaintiffs' actions.  In fact, Plaintiffs' counsel

repeatedly implored Defendant to act on the offer expeditiously.

5.      *Defendant will not be prejudiced by lack of discovery.*  As stated above, the only apparent

issue left is whether Plaintiffs complied with the IRS' procedural requirements in Rev. Proc. 92-

77.  If there are other arguments Defendant intends to pursue that would require discovery,

Plaintiffs are not aware of what they are.  Therefore, Defendant has not explained how it has

been prejudiced by its failure to conduct timely discovery.  On the other hand, if there is any

prejudice, it is with Plaintiffs.  Because Defendant has never asserted its defenses, if it has any,

Plaintiffs have not had the opportunity to conduct discovery to explore any unknown arguments

that Defendant may make.

For the reasons stated above, Plaintiffs respectfully request that Defendant's untimely "request" be denied and that the cases proceed to the summary judgment motion scheduled for September 29, 2006.


Respectfully submitted:


/s/ *Peter H. Winslow*                                    Dated: August 16, 2006
PETER H. WINSLOW
Scribner, Hall & Thompson LLP
1875 Eye Street, N.W., Ste. 1050
Washington, D.C. 20006
Telephone: (202) 331-8585
E-mail: pwinslow@scribnerhall.com
Counsel for the plaintiff
Admitted pro hac vice

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing Plaintiffs' Opposition to Defendant's

Request to Extend Time to Complete Discovery filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to the following via overnight mail on this 16th day of August 2006:


Karen Wozniak
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044


/s/ *Peter H. Winslow*
Scribner, Hall & Thompson LLP
1875 Eye Street, N.W., Ste. 1050
Washington, D.C.  20006
Telephone: (202) 331-8585
E-mail: pwinslow@scribnerhall.com
Counsel for the plaintiff
Admitted pro hac vice

11