UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE )
COMPANY AND SUBSIDIARIES, )
                                            )
                        Plaintiff,          )
                                            )
             v.                             )      Cnsl. Cv. No. 1:05-cv-11048-RCL
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
                        Defendant.          )

LIBERTY MUTUAL FIRE INSURANCE )
COMPANY AND SUBSIDIARIES,     )
                                            )
                        Plaintiff,          )
                                            )
             v.                             )      Former Cv. No. 1:05-cv-11049-RCL
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
                        Defendant.          )

APPENDIX A
TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Peter H. Winslow
Gregory K. Oyler
Samuel A. Mitchell
Scribner, Hall & Thompson, LLP
1875 Eye Street, N.W., Suite 1050
Washington, DC 20006
Telephone: (202) 331-8585
Fax: (202) 331-2032
Attorneys for Plaintiff

September 29, 2006

**APPENDIX A**
**TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Table of Contents

**LEGISLATIVE MATERIALS**

Revenue Reconciliation Act of 1990 § 11305, Pub. L. No. 101-508 ...........................A-1

Conference Report to accompany the Omnibus Budget Reconciliation Act of 1990,
H.R. 5835, H. Rep. 101-964 (pp. 1070-1072).....................................................A-2

**PROVISIONS OF 26 U.S.C. (Internal Revenue Code of 1986) as in effect in 1990**

26 U.S.C. § 446(e).........................................................................................................A-4

26 U.S.C. § 481 ............................................................................................................A-4

26 U.S.C. § 831 ............................................................................................................A-6

26 U.S.C. § 832 ............................................................................................................A-7

26 U.S.C. § 833 ..........................................................................................................A-17

26 U.S.C. § 834 ..........................................................................................................A-20

26 U.S.C. § 835 ..........................................................................................................A-23

**PROVISIONS OF TREASURY REGULATIONS**

Treasury Regulation § 1.446-1(a)(1) and (e)(2)(i) - (ii) (as in effect prior to December 30,
2003) ....................................................................................................................A-24

Temporary Treasury Regulation § 1.446-1T(e)(3) - (4) ..............................................A-26

Treasury Regulation § 1.832-4(c) (in effect prior to 1990) ........................................A-27

Treasury Regulation § 1.832-4(c) - (g) (in effect for years after 1989) .......................A-27

**PROVISIONS OF PROPOSED TREASURY REGULATIONS**

Proposed Treasury Regulation § 1.832-4(c) - (e) (proposed March 15, 1991) .............A-31

i

**REVENUE PROCEDURES**

Revenue Procedure 91-48 ............................................................................A-33

Revenue Procedure 92-77 ............................................................................A-51

**LEGISLATIVE MATERIALS**

<u>**Section 11305 of Revenue Reconciliation Act of 1990,**</u>
    **Pub. L. No. 101-508, 104 Stat. 1388 ("1990 Act")**

(a) General Rule.– Subparagraph (A) of section 832(b)(5) (defining losses incurred) is amended to read as follows:

"(A) In General.– The term 'losses incurred' means losses incurred during the taxable year on insurance contracts computed as follows:

"(i) To losses paid during the taxable year, deduct salvage and reinsurance recovered during the taxable year.

"(ii) To the result so obtained, add all unpaid losses on life insurance contracts plus all discounted unpaid losses (as defined in section 846) outstanding at the end of the taxable year and deduct all unpaid losses on life insurance contracts plus all discounted unpaid losses outstanding at the end of the preceding taxable year.

"(iii) To the results so obtained, add estimated salvage and reinsurance recoverable as of the end of the preceding taxable year and deduct estimated salvage and reinsurance recoverable as of the end of the taxable year.

"The amount of estimated salvage recoverable shall be determined on a discounted basis in accordance with procedures established by the Secretary."

(b) Conforming amendment.– Subsection (g) of section 846 is amended by adding "and" at the end of paragraph (1), by striking paragraph (2), and by redesignating paragraph (3) as paragraph (2).

(c) Effective date.–

(1) In general.– The amendments made by this section shall apply to taxable years beginning after December 31, 1989.

(2) Amendments treated as change in method of accounting.–

(A) In general.– In the case of any taxpayer who is required by reason of the amendments made by this section to change his method of computing losses incurred–

(i)  such change shall be treated as a change in a method of accounting,

(ii)  such change shall be treated as initiated by the taxpayer, and

(iii)  such change shall be treated as having been made with the consent of the Secretary.

(B)  Adjustments.– In applying section 481 of the Internal Revenue Code of 1986 with respect to the change referred to in subparagraph (A)–

(i)  only 13 percent of the net amount of adjustments (otherwise required by such section 481 to be taken into account by the taxpayer) shall be taken into account, and

(ii)  the portion of such net adjustments which is required to be taken into account by the taxpayer (after the application of clause (i)) shall be taken

into account over a period not to exceed 4 taxable years beginning with the taxpayer's 1st taxable year beginning after December 31, 1989.

(3)  Treatment of companies which took into account salvage recoverable.– In the case of any insurance company which took into account salvage recoverable in determining losses incurred for its last taxable year beginning before January 1, 1990, 87 percent of the discounted amount of estimated salvage recoverable as of the close of such last taxable year shall be allowed as a deduction ratably over its 1st 4 taxable years beginning after December 31, 1989.

(4) Special rule for overestimates.– If for any taxable year beginning after December 31, 1989–

(A) the amount of the section 481 adjustment which would have been required without regard to paragraph (2) and any discounting, exceeds
(B) the sum of the amount of salvage recovered taken into account under section 832(b)(5)(A)(i) for the taxable year and any preceding taxable year beginning after December 31, 1989, attributable to losses incurred with respect to any accident year beginning before 1990 and the undiscounted amount of estimated salvage recoverable as of the close of the taxable year on account of such losses,

87 percent of such excess (adjusted for discounting used in determining the amount of salvage recoverable as of the close of the last taxable year of the taxpayer beginning before January 1, 1990) shall be included in gross income for such taxable year.

(5) Effect on earnings and profits.– The earnings and profits of any insurance company for its 1st taxable year beginning after December 31, 1989, shall be increased by the amount of the section 481 adjustment which would have been required but for paragraph (2). For purposes of applying sections 56, 902, 952(c)(1), and 960 of the Internal Revenue Code of 1986, earnings and profits of a corporation shall be determined by applying the principles of paragraph (2)(B).


**Conference Report to Omnibus Budget Reconciliation Act of 1990,**
       **to accompany H.R. 5835, H. Rep. 101-964, 101st Cong., 2<sup>d</sup> Sess.**
       **1070-1072 (Oct. 27, 1990)**

2.  Treatment of Salvage and Subrogation of Property and Casualty Insurance Companies

*Present Law*

A property and casualty insurance company, in determining its underwriting income for Federal income tax purposes, may deduct losses incurred.  The deduction for losses incurred includes losses paid during the year and the increase in discounted unpaid losses for the year.  Present law requires paid losses to be reduced by the increase in salvage (including subrogation claims) recoverable.  Since 1947, Treasury regulations have provided an exception to the

requirement that paid losses be reduced by salvage, if under applicable State law or State insurance rules the salvage may not be treated as an asset for statutory accounting purposes. This regulatory exception was removed, in temporary Treasury regulations originally promulgated December 30, 1987, but the effective date of the temporary regulations had been deferred several times, and the temporary regulations at present are technically in effect for taxable years beginning after December 31, 1989.

*House Bill*

The deduction allowed to property and casualty insurance companies for losses incurred, both paid and unpaid, is reduced by estimated recoveries of salvage (including subrogation claims) attributable to such losses, whether or not the salvage is treated as an asset for statutory accounting purposes. The Treasury Department is required to issue regulations providing for discounting of salvage taken into account under the provision.

The House bill also waives additions to tax under section 6655 with respect to any underpayment of estimated tax for any period before March 16, 1991, to the extent the underpayment was created or increased by the treatment of salvage under the bill.

The provision applies for taxable years beginning after December 31, 1989. The House bill provides a "fresh start", i.e., a permanent forgiveness of income in the amount of the adjustment that would otherwise be includible in gross income.

The amount of the adjustment is the discounted amount of estimated salvage recoverable as of the close of the last taxable year beginning before January 1, 1990. The House bill provides for recapture of the excess, if the amount of the adjustment is overstated. The House bill also provides that the earnings and profits of an insurance company for its first taxable year beginning after December 31, 1989, is increased by the amount of the adjustment.

*Senate Amendment*

The Senate amendment is the same as the House bill, except that, with respect to the effective date, the Senate amendment provides a partial fresh start, for 23 percent of the amount of the adjustment, and provides a comparable forgiveness of income equal to 23 percent of the amount of the adjustment for companies that took estimated salvage into account for the last taxable year beginning before January 1, 1990. The remaining amount of the adjustment is required to be included in income over a period that does not exceed 4 years.

*Conference Agreement*

The conference agreement follows the Senate amendment, with a modification in the application of the effective date.

The conference agreement provides that 87 percent of the amount of the adjustment that otherwise is included in income over a period not to exceed 4 years is forgiven under the bill. The conference agreement also provides that, for companies that took estimated salvage into account in determining the deduction for losses incurred for the last taxable year beginning before January 1, 1990, 87 percent of the discounted amount of estimated salvage recoverable as

of the close of the last taxable year beginning before January 1, 1990, is allowed as a deduction ratably over the first 4 taxable years beginning after December 31, 1989.

Under the conference agreement, the calculation under the rule that applies in the event of the overstatement of the adjustment is made as follows. If for any taxable year beginning after December 31, 1989, the full amount of the adjustment determined without regard to discounting exceeds the sum of (1) the amount of salvage recovered taken into account for the taxable year and for any preceding taxable year beginning after December 31, 1989, attributable to losses incurred for an accident year beginning before 1990, and (2) the undiscounted amount of estimated salvage recoverable as of the close of the taxable year on account of such pre-1990 losses, then 87 percent of the excess (as adjusted) is included in gross income for such taxable year. The amount of the excess is adjusted for this purpose by multiplying the excess by the ratio of the full amount of the adjustment determined on a discounted basis to the full amount of the adjustment determined without regard to discounting.

The conference agreement clarifies that the Treasury Department regulatory authority to provide that amounts of estimated salvage are determined on a discounted basis does not apply to reinsurance recoverable.

The conference agreement also provides that the amount of estimated salvage recoverable shall be determined on a discounted basis in accordance with procedures established by the Treasury Department. Thus, pending issuance of regulations or other Treasury guidance with respect to discounting of estimated salvage recoverable, the conferees anticipate that taxpayers will compute discounted salvage in accordance with the principles set forth in the legislative history to the House bill and the Senate amendment, and the rules for determining the applicable interest rate for discounting unpaid losses.

**PROVISIONS OF 26 U.S.C. (Internal Revenue Code of 1986)**

**26 U.S.C. § 446 (1990)**

**Sec. 446. General rule for methods of accounting**

\*        \*        \*

(e) Requirement Respecting Change of Accounting Method.–Except as otherwise expressly provided in this chapter, a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income under the new method, secure the consent of the Secretary.

**26 U.S.C. § 481 (1990)**

**Sec. 481.  Adjustments required by changes in method of accounting.**

(a) General rule.–In computing the taxpayer's taxable income for any taxable year (referred to in

the section as the "year of the change")–

    (1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

    (2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.

(b) Limitation on tax where adjustments are substantial.–

    (1) Three year allocation.– If–

        (A) the method of accounting from which the change is made was used by the taxpayer in computing his taxable income for the 2 taxable years preceding the year of the change, and

        (B) the increase in taxable income for the year of the change which results solely by reason of the adjustments required by subsection (a)(2) exceeds $3,000,

then the tax under this chapter attributable to such increase in taxable income shall not be greater than the aggregate increase in the taxes under this chapter (or under the corresponding provisions of prior revenue laws) which would result if one-third of such increase in taxable income were included in taxable income for the year of the change and one-third of such increase were included for each of the 2 preceding taxable years.

    (2) Allocation under new method of accounting.– If–

        (A) the increase in taxable income for the year of the change which results solely by reason of the adjustments required by subsection (a)(2) exceeds $3,000, and

        (B) the taxpayer establishes his taxable income (under the new method of accounting) for one or more taxable years consecutively preceding the taxable year of the change for which the taxpayer in computing taxable income used the method of accounting from which the change is made,

then the tax under this chapter attributable to such increase in taxable income shall not be greater than the net increase in the taxes under this chapter (or under the corresponding provisions of prior revenue laws) which would result if the adjustments required by subsection (a)(2) were allocated to the taxable year or years specified in subparagraph (B) to which they are properly allocable under the new method of accounting and the balance of the adjustments required by subsection (a)(2) was allocated to the taxable year of the change.

    (3) Special rules for computations under paragraphs (1) and (2).– For purposes of this subsection–

        (A) There shall be taken into account the increase or decrease in tax for any taxable year preceding the year of the change to which no adjustment is allocated under paragraph (1) or (2) but which is affected by a net operating loss (as defined in section 172) or by a capital loss carryback or carryover (as defined in section 1212), determined with reference to taxable years with respect to which

adjustments under paragraph (1) or (2) are allocated.

(B) The increase or decrease in the tax for any taxable year for which an assessment of any deficiency, or a credit or refund of any overpayment, is prevented by any law or rule of law, shall be determined by reference to the tax previously determined (within the meaning of section 1314(a)) for such year.

(C) In applying section 7807(b)(1), the provisions of chapter 1 (other than subchapter E, relating to self-employment income) and chapter 2 of the Internal Revenue Code of 1939 shall be treated as the corresponding provisions of the Internal Revenue Code of 1939 [1954].

(c) Adjustments under regulations.– In the case of any change described in subsection (a), the taxpayer may, in such manner and subject to such conditions as the Secretary may by regulations prescribe, take the adjustments required by subsection (a)(2) into account in computing the tax imposed by this chapter for the taxable year or years permitted under such regulations.

**26 U.S.C. §§ 831-835 (1990)**

**§ 831. Tax on insurance companies other than life insurance companies**

(a) General rule.– Taxes computed as provided in section 11 shall be imposed for each taxable year on the taxable income of every insurance company other than a life insurance company.

(b) Alternative tax for certain small companies.–

(1) In general.– In lieu of the tax otherwise applicable under subsection (a), there is hereby imposed for each taxable year on the income of every insurance company to which this subsection applies a tax computed by multiplying the taxable investment income of such company for such taxable year by the rates provided in section 11(b).

(2) Companies to which this subsection applies.–

(A) In general.– This subsection shall apply to every insurance company other than life (including interinsurers and reciprocal underwriters) if–
(i) the net written premiums (or, if greater, direct written premiums) for the taxable year exceed $350,000 but do not exceed $1,200,000, and
(ii) such company elects the application of this subsection for such taxable year.
The election under clause (ii) shall apply to the taxable year for which made and for all subsequent taxable years for which the requirements of clause (i) are met. Such an election, once made, may be revoked only with the consent of the Secretary.

(B) Controlled group rules.–

(i) In general.– For purposes of subparagraph (A), in determining whether any company is described in clause (i) of subparagraph (A), such company shall be treated as receiving during the taxable year amounts described in such clause (i) which are received during such year by all other companies which are members of the same controlled group as the insurance company for which the determination is being made.

(ii) Controlled group.– For purposes of clause (i), the term "controlled group" means any controlled group of corporations (as defined in section 1563(a)); except that–

(I) "more than 50 percent" shall be substituted for "at least 80 percent" each place it appears in section 1563(a), and

(II) subsections (a)(4) and (b)(2)(D) of section 1563 shall not apply.

(3) Limitation on use of net operating losses.– For purposes of this part, except as provided in section 844, a net operating loss (as defined in section 172) shall not be carried–

(A) to or from any taxable year for which the insurance company is not subject to the tax imposed by subsection (a), or

(B) to any taxable year if, between the taxable year from which such loss is being carried and such taxable year, there is an intervening taxable year for which the insurance company was not subject to the tax imposed by subsection (a).

(c) Cross references.–

(1) For alternative tax in case of capital gains, see section 1201(a).

(2) For taxation of foreign corporations carrying on an insurance business within the United States, see section 842.

(3) For exemption from tax for certain insurance companies other than life, see section 501(c)(15).

## § 832. Insurance company taxable income

(a) Definition of taxable income.– In the case of an insurance company subject to the tax imposed by section 831, the term "taxable income" means the gross income as defined in subsection (b)(1) less the deductions allowed by subsection (c).

(b) Definitions.– In the case of an insurance company subject to the tax imposed by section 831–

(1) Gross income.– The term "gross income" means the sum of–

(A) the combined gross amount earned during the taxable year, from investment income and from underwriting income as provided in this subsection, computed

on the basis of the underwriting and investment exhibit of the annual statement approved by the National Association of Insurance Commissioners,

(B) gain during the taxable year from the sale or other disposition of property,

(C) all other items constituting gross income under subchapter B, except that, in the case of a mutual fire insurance company exclusively issuing perpetual policies, the amount of single deposit premiums paid to such company shall not be included in gross income,

(D) in the case of a mutual fire or flood insurance company whose principal business is the issuance of policies–
> (i) for which the premium deposits are the same (regardless of the length of the term for which the policies are written), and
> (ii) under which the unabsorbed portion of such premium deposits not required for losses, expenses, or establishment of reserves is returned or credited to the policyholder on cancellation or expiration of the policy,

an amount equal to 2 percent of the premiums earned on insurance contracts during the taxable year with respect to such policies after deduction of premium deposits returned or credited during the same taxable year, and

(E) in the case of a company which writes mortgage guaranty insurance, the amount required by subsection (e)(5) to be subtracted from the mortgage guaranty account.

(2) Investment income.– The term "investment income" means the gross amount of income earned during the taxable year from interest, dividends, and rents, computed as follows:  To all interest, dividends, and rents received during the taxable year, add interest, dividends, and rents due and accrued at the end of the taxable year, and deduct all interest, dividends, and rents due and accrued at the end of the preceding taxable year.

(3) Underwriting income.– The term "underwriting income" means the premiums earned on insurance contracts during the taxable year less losses incurred and expenses incurred.

(4) Premiums earned.– The term "premiums earned on insurance contracts during the taxable year" means an amount computed as follows:
> (A) From the amount of gross premiums written on insurance contracts during the taxable year, deduct return premiums and premiums paid for reinsurance.
>
> (B) To the result so obtained, add 80 percent of the unearned premiums on outstanding business at the end of the preceding taxable year and deduct 80 percent of the unearned premiums on outstanding business at the end of the taxable year.

(C) To the result so obtained, in the case of a taxable year beginning after December 31, 1986, and before January 1, 1993, add an amount equal to 3 1/3 percent of unearned premiums on outstanding business at the end of the most recent taxable year beginning before January 1, 1987.

For purposes of this subsection, unearned premiums shall include life insurance reserves, as defined in section 816(b) but determined as provided in section 807.

(5) Losses incurred.–

(A) In general[1].– The term "losses incurred" means losses incurred during the taxable year on insurance contracts computed as follows:

(i) To losses paid during the taxable year, deduct salvage and reinsurance *recovered* during the taxable year.

(ii) To the result so obtained, add all unpaid losses on life insurance contracts plus all discounted unpaid losses (as defined in section 846) outstanding at the end of the taxable year and deduct all unpaid losses on life insurance contracts plus all discounted unpaid losses outstanding at the end of the preceding taxable year.

*(iii) To the results so obtained, add estimated salvage and reinsurance recoverable as of the end of the preceding taxable year and deduct estimated salvage and reinsurance recoverable as of the end of the taxable year.*

*The amount of estimated salvage recoverable shall be determined on a discounted basis in accordance with procedures established by the Secretary.*

(B) Reduction of deduction.– The amount which would (but for this subparagraph) be taken into account under subparagraph (A) shall be reduced by an amount equal to 15 percent of the sum of–

(i) tax-exempt interest received or accrued during such taxable year, and

(ii) the aggregate amount of deductions provided by sections 243, 244, and 245 for–

(I) dividends (other than 100 percent dividends) received during the taxable year, and

(II) 100 percent dividends received during the taxable year to the extent attributable (directly or indirectly) to prorated amounts.

In the case of a 100 percent dividend paid by an insurance company, the portion attributable to prorated amounts shall be determined under subparagraph (E)(ii).

(C) Exception for investments made before August 8, 1986.–

---

[1]Changes in § 832(b)(5)(A) enacted by section 11305 of the 1990 are italicized.

(i) In general.– Except as provided in clause (ii), subparagraph (B) shall not apply to any dividend or interest received or accrued on any stock or obligation acquired before August 8, 1986.

(ii) Special rule for 100 percent dividends.– For purposes of clause (i), the portion of any 100 percent dividend which is attributable to prorated amounts shall be treated as received with respect to stock acquired on the later of–

    (I) the date the payor acquired the stock or obligation to which the prorated amounts are attributable, or

    (II) the 1st day on which the payor and payee were members of the same affiliated group (as defined in section 243(b)(5)).

(D) Definitions.– For purposes of this paragraph–

(i) Prorated amounts.– The term "prorated amounts" means tax-exempt interest and dividends with respect to which a deduction is allowable under section 243, 244, or 245 (other than 100 percent dividends).

(ii) 100 percent dividend.–

    (I) In general.– The term "100 percent dividend" means any dividend if the percentage used for purposes of determining the deduction allowable under section 243, 244, or 245(b) is 100 percent.

    (II) Certain dividends received by foreign corporations.– A dividend received by a foreign corporation from a domestic corporation which would be a 100 percent dividend if section 1504(b)(3) did not apply for purposes of applying section 243(b)(5) shall be treated as a 100 percent dividend.

(E) Special rules for dividends subject to proration at subsidiary level.–

(i) In general.– In the case of any 100 percent dividend paid to an insurance company to which this part applies by any insurance company, the amount of the decrease in the deductions of the payee company by reason of the portion of such dividend attributable to prorated amounts shall be reduced (but not below zero) by the amount of the decrease in the deductions (or increase in income) of the payor company attributable to the application of this section or section 805(a)(4)(A) to such amounts.

(ii) Portion of dividend attributable to prorated amounts.– For purposes of this subparagraph, in determining the portion of any dividend attributable to prorated amounts–

    (I) any dividend by the paying corporation shall be treated as paid first out of earnings and profits attributable to prorated amounts (to the extent thereof), and

    (II) by determining the portion of earnings and profits so

attributable without any reduction for the tax imposed by this chapter.

(6) Expenses incurred.– The term "expenses incurred" means all expenses shown on the annual statement approved by the National Association of Insurance Commissioners, and shall be computed as follows:  To all expenses paid during the taxable year, add expenses unpaid at the end of the taxable year and deduct expenses unpaid at the end of the preceding taxable year.  For purposes of this subchapter, the term "expenses unpaid" shall not include any unpaid loss adjustment expenses shown on the annual statement, but such unpaid loss adjustment expenses shall be included in unpaid losses.  For the purpose of computing the taxable income subject to the tax imposed by section 831, there shall be deducted from expenses incurred (as defined in this paragraph) all expenses incurred which are not allowed as deductions by subsection (c).

(7) Special rules for applying paragraph (4).–

(A) Reduction not to apply to life insurance reserves.– Subparagraph (B) of paragraph (4) shall be applied with respect to insurance contracts described in section 816(b)(1)(B) by substituting "100 percent" for "80 percent" each place it appears in such subparagraph (B), and subparagraph (C) of paragraph (4) shall be applied by not taking such contracts into account.

(B) Special treatment of premiums attributable to insuring certain securities.– In the case of premiums attributable to insurance against default in the payment of principal or interest on securities described in section 165(g)(2)(C) with maturities of more than 5 years–

(i) subparagraph (B) of paragraph (4) shall be applied by substituting "90 percent" for "80 percent" each place it appears, and
(ii) subparagraph (C) of paragraph (4) shall be applied by substituting "1 2/3 percent" for "3 1/3 percent".

(C) Termination as insurance company taxable under section 831(a).– Except as provided in section 381(c)(22) (relating to carryovers in certain corporate readjustments), if, for any taxable year beginning before January 1, 1993, the taxpayer ceases to be an insurance company taxable under section 831(a), the aggregate adjustments which would be made under paragraph (4)(C) for such taxable year and subsequent taxable years but for such cessation shall be made for the taxable year preceding such cessation year.

(D) Treatment of companies which become taxable under section 831(a).–

(i) Exception to phase-in for companies which were not taxable, etc.,

before 1987.– Subparagraph (C) of paragraph (4) shall not apply to any insurance company which, for each taxable year beginning before January 1, 1987, was not subject to the tax imposed by section 821(a) or 831(a) (as in effect on the day before the date of the enactment of the Tax Reform Act of 1986) by reason of being–

> (I) subject to tax under section 821(c) (as so in effect), or
> (II) described in section 501(c) (as so in effect) and exempt from tax under section 501(a).

(ii) Phase-in beginning at later date for companies not 1st taxable under section 831(a) in 1987.– In the case of an insurance company–

> (I) which was not subject to the tax imposed by section 831(a) for its 1st taxable year beginning after December 31, 1986, by reason of being subject to tax under section 831(b), or described in section 501(c) and exempt from tax under section 501(a), and
> (II) which, for any taxable year beginning before January 1, 1987, was subject to the tax imposed by section 821(a) or 831(a) (as in effect on the day before the date of the enactment of the Tax Reform Act of 1986),

subparagraph (C) of paragraph (4) shall apply beginning with the 1st taxable year beginning after December 31, 1986, for which such company is subject to the tax imposed by section 831(a) and shall be applied by substituting the last day of the preceding taxable year for "December 31, 1986" and the 1st day of the 7th succeeding taxable year for "January 1, 1993".

(E) Treatment of certain reciprocal insurers.--In the case of a reciprocal (within the meaning of section 835(a)) which reports (as required by State law) on its annual statement reserves on unearned premiums net of premium acquisition expenses–

> (i) subparagraph (B) of paragraph (4) shall be applied by treating unearned premiums as including an amount equal to such expenses, and
> (ii) appropriate adjustments shall be made under subparagraph (c) of paragraph (4) to reflect the amount by which–
>> (I) such reserves at the close of the most recent taxable year beginning before January 1, 1987, are greater or less than,
>> (II) 80 percent of the sum of the amount under subclause (I) plus such premium acquisition expenses,

(8) Special rules for applying paragraph (4) to title insurance premiums.–

(A) In general.– In the case of premiums attributable to title insurance–
> (i) subparagraph (B) of paragraph (4) shall be applied by substituting "the

discounted unearned premiums" for "80 percent of the unearned premiums" each place it appears, and

(ii) subparagraph (C) of paragraph (4) shall not apply.

(B) Method of discounting.– For purposes of subparagraph (A), the amount of the discounted unearned premiums as of the end of any taxable year shall be the present value of such premiums (as of such time and separately with respect to premiums received in each calendar year) determined by using–

(i) the amount of the undiscounted unearned premiums at such time,

(ii) the applicable interest rate, and

(iii) the applicable statutory premium recognition pattern.

(C) Determination of applicable factors.– In determining the amount of the discounted unearned premiums as of the end of any taxable year–

(i) Undiscounted unearned premiums.– The term "undiscounted unearned premiums" means the unearned premiums shown in the yearly statement filed by the taxpayer for the year ending with or within such taxable year.

(ii) Applicable interest rate.– The term "applicable interest rate" means the annual rate determined under 846(c)(2) for the calendar year in which the premiums are received.

(iii) Applicable statutory premium recognition pattern.– The term "applicable statutory premium recognition pattern" means the statutory premium recognition pattern–

(I) which is in effect for the calendar year in which the premiums are received, and

(II) which is based on the statutory premium recognition pattern which applies to premiums received by the taxpayer in such calendar year.

For purposes of the preceding sentence, premiums received during any calendar year shall be treated as received in the middle of such year.

(c) Deductions allowed.– In computing the taxable income of an insurance company subject to the tax imposed by section 831, there shall be allowed as deductions:

(1) all ordinary and necessary expenses incurred, as provided in section 162 (relating to trade or business expenses);

(2) all interest, as provided in section 163;

(3) taxes, as provided in section 164;

(4) losses incurred, as defined in subsection (b)(5) of this section;

(5) capital losses to the extent provided in subchapter P (sec. 1201 and following, relating

to capital gains and losses) plus losses from capital assets sold or exchanged in order to obtain funds to meet abnormal insurance losses and to provide for the payment of dividends and similar distributions to policyholders.  Capital assets shall be considered as sold or exchanged in order to obtain funds to meet abnormal insurance losses and to provide for the payment of dividends and similar distributions to policyholders to the extent that the gross receipts from their sale or exchange are not greater than the excess, if any, for the taxable year of the sum of dividends and similar distributions paid to policyholders in their capacity as such, losses paid, and expenses paid over the sum of the items described in section 834(b) (other than paragraph (1)(D) thereof) and net premiums received.  In the application of section 1212 for purposes of this section, the net capital loss for the taxable year shall be the amount by which losses for such year from sales or exchanges of capital assets exceeds the sum of the gains from such sales or exchanges and whichever of the following amounts is the lesser:

> (A) the taxable income (computed without regard to gains or losses from sales or exchanges of capital assets);  or
> (B) losses from the sale or exchange of capital assets sold or exchanged to obtain funds to meet abnormal insurance losses and to provide for the payment of dividends and similar distributions to policyholders;

(6) debts in the nature of agency balances and bills receivable which become worthless within the taxable year;

(7) the amount of interest earned during the taxable year which under section 103 is excluded from gross income;

(8) the depreciation deduction allowed by section 167 and the deduction allowed by section 611 (relating to depletion);

(9) charitable, etc., contributions, as provided in section 170;

(10) deductions (other than those specified in this subsection) as provided in  part VI of subchapter B (sec. 161 and following, relating to itemized deductions for individuals and corporations) and in part I of subchapter D (sec. 401 and following, relating to pension, profit-sharing, stock bonus plans, etc.);

(11) dividends and similar distributions paid or declared to policyholders in their capacity as such, except in the case of a mutual fire insurance company described in subsection (b)(1)(C).  For purposes of the preceding sentence, the term "dividends and similar distributions" includes amounts returned or credited to policyholders on cancellation or expiration of policies described in subsection (b)(1)(D).  For purposes of this paragraph, the term "paid or declared" shall be construed according to the method of accounting regularly employed in keeping the books of the insurance company;

(12) the special deductions allowed by part VIII of subchapter B (sec. 241 and following, relating to dividends received);  and

(13) in the case of a company which writes mortgage guaranty insurance, the deduction allowed by subsection (e).

(d) Double deductions.– Nothing in this section shall permit the same item to be deducted more than once.

(e) Special deduction and income account.– In the case of taxable years beginning after December 31, 1966, of a company which writes mortgage guaranty insurance–

(1) Additional deduction.– There shall be allowed as a deduction for the taxable year, if bonds are purchased as required by paragraph (2), the sum of–

(A) an amount representing the amount required by State law or regulation to be set aside in a reserve for mortgage guaranty insurance losses resulting from adverse economic cycles;  and

(B) an amount representing the aggregate of amounts so set aside in such reserve for the 8 preceding taxable years to the extent such amounts were not deducted under this paragraph in such preceding taxable years,

except that the deduction allowable for the taxable year under this paragraph shall not exceed the taxable income for the taxable year computed without regard to this paragraph or to any carryback of a net operating loss.  For purposes of this paragraph, the amount required by State law or regulation to be so set aside in any taxable year shall not exceed 50 percent of premiums earned on insurance contracts (as defined in subsection (b)(4)) with respect to mortgage guaranty insurance for such year.  For purposes of this subsection, all amounts shall be taken into account on a first-in-time basis.  The computation and deduction under this section of losses incurred (including losses resulting from adverse economic cycles) shall not be affected by the provisions of this subsection.  For purposes of this subsection, the terms "preceding taxable years" and "preceding taxable year" shall not include taxable years which began before January 1, 1967.

(2) Purchase of bonds.– The deduction under paragraph (1) shall be allowed only to the extent that tax and loss bonds are purchased in an amount equal to the tax benefit attributable to such deduction, as determined under regulations prescribed by the Secretary, on or before the date that any taxes (determined without regard to this subsection) due for the taxable year for which the deduction is allowed are due to be paid. If a deduction would be allowed but for the fact that tax and loss bonds were not timely purchased, such deduction shall be allowed to the extent such purchases are made within a reasonable time, as determined by the Secretary, if all interest and penalties, computed as if this sentence did not apply, are paid.

(3) Mortgage guaranty account.– Each company which writes mortgage guaranty insurance shall, for purposes of this part, establish and maintain a mortgage guaranty account.

(4) Additions to account.– There shall be added to the mortgage guaranty account for each taxable year an amount equal to the amount allowed as a deduction for the taxable year under paragraph (1).

(5) Subtractions from account and inclusion in gross income.– After applying paragraph (4), there shall be subtracted for the taxable year from the mortgage guaranty account and included in gross income–

> (A) the amount (if any) remaining which was added to the account for the tenth preceding taxable year,

> (B) the excess (if any) of the aggregate amount in the mortgage guaranty account over the aggregate amount in the reserve referred to in paragraph (1)(A).  For purposes of determining such excess, the aggregate amount in the mortgage guaranty account shall be determined after applying subparagraph (A), and the aggregate amount in the reserve referred to in paragraph (1)(A) shall be determined by disregarding any amounts remaining in such reserve added for taxable years beginning before January 1, 1967,

> (C) an amount (if any) equal to the net operating loss for the taxable year computed without regard to this subparagraph, and

> (D) any amount improperly subtracted from the account under subparagraph (A), (B), or (C) to the extent that tax and loss bonds were redeemed with respect to such amount.

If a company liquidates or otherwise terminates its mortgage guaranty insurance business and does not transfer or distribute such business in an acquisition of assets referred to in section 381(a), the entire amount remaining in such account shall be subtracted.  Except in the case where a company transfers or distributes its mortgage guaranty insurance in an acquisition of assets referred to in section 381(a), if the company is not subject to the tax imposed by section 831 for any taxable year, the entire amount in the account at the close of the preceding taxable year shall be subtracted from the account in such preceding taxable year.

(6) Lease guaranty insurance;  insurance of state and local obligations.– In the case of any taxable year beginning after December 31, 1970, the provisions of this subsection shall also apply in all respects to a company which writes lease guaranty insurance or insurance on obligations the interest on which is excludable from gross income under section 103. In applying this subsection to such a company, any reference to mortgage guaranty

insurance contained in this section shall be deemed to be a reference also to lease guaranty insurance and to insurance on obligations the interest on which is excludable from gross income under section 103;  and in the case of insurance on obligations the interest on which is excludable from gross income under section 103, the references in paragraph (1) to "losses resulting from adverse economic cycles" include losses from declining revenues related to such obligations (as well as losses resulting from adverse economic cycles), and the time specified in subparagraph (A) of paragraph (5) shall be the twentieth preceding taxable year.

(f) Interinsurers.– In the case of a mutual insurance company which is an interinsurer or reciprocal underwriter–
> (1) there shall be allowed as a deduction the increase for the taxable year in savings credited to subscriber accounts, or
> (2) there shall be included as an item of gross income the decrease for the taxable year in savings credited to subscriber accounts.

For purposes of the preceding sentence, the term "savings credited to subscriber accounts" means such portion of the surplus as is credited to the individual accounts of subscribers before the 16th day of the 3rd month following the close of the taxable year, but only if the company would be obligated to pay such amount promptly to such subscriber if he terminated his contract at the close of the company's taxable year.  For purposes of determining his taxable income, the subscriber shall treat any such savings credited to his account as a dividend paid or declared.

(g) Dividends within group.– In the case of an insurance company subject to tax under section 831(a) filing or required to file a consolidated return under section 1501 with respect to any affiliated group for any taxable year, any determination under this part with respect to any dividend paid by one member of such group to another member of such group shall be made as if such group were not filing a consolidated return.


## § 833. Treatment of Blue Cross and Blue Shield organizations, etc.

(a) General rule.– In the case of any organization to which this section applies–
> (1) Treated as stock company.– Such organization shall be taxable under this part in the same manner as if it were a stock insurance company.
> (2) Special deduction allowed.– The deduction determined under subsection (b) for any taxable year shall be allowed.
> (3) Reductions in unearned premium reserves not to apply.– Subparagraph (B) of paragraph (4) of section 832(b) shall be applied by substituting "100 percent" for "80 percent", and subparagraph (C) of such paragraph (4) shall not apply.

(b) Amount of deduction.–

> (1) In general.– Except as provided in paragraph (2), the deduction determined under this

subsection for any taxable year is the excess (if any) of–
>    (A) 25 percent of the sum of–

>    >    (i) the claims incurred during the taxable year, and
>    >    (ii) the expenses incurred during the taxable year in connection with the administration, adjustment, or settlement of claims, over
>    (B) the adjusted surplus as of the beginning of the taxable year.

(2) Limitation.– The deduction determined under paragraph (1) for any taxable year shall not exceed taxable income for such taxable year (determined without regard to such deduction).

(3) Adjusted surplus.– For purposes of this subsection–

>    (A) In general.– The adjusted surplus as of the beginning of any taxable year is an amount equal to the adjusted surplus as of the beginning of the preceding taxable year–
>    >    (i) increased by the amount of any adjusted taxable income for such preceding taxable year, or
>    >    (ii) decreased by the amount of any adjusted net operating loss for such preceding taxable year.

>    (B) Special rule.– The adjusted surplus as of the beginning of the organization's 1st taxable year beginning after December 31, 1986, shall be its surplus as of such time.  For purposes of the preceding sentence and subsection (c)(3)(C), the term "surplus" means the excess of the total assets over total liabilities as shown on the annual statement.

>    (C) Adjusted taxable income.– The term "adjusted taxable income" means taxable income determined–
>    >    (i) without regard to the deduction determined under this subsection,
>    >    (ii) without regard to any carryforward or carryback to such taxable year, and
>    >    (iii) by increasing gross income by an amount equal to the net exempt income for the taxable year.

>    (D) Adjusted net operating loss.– The term "adjusted net operating loss" means the net operating loss for any taxable year determined with the adjustments set forth in subparagraph (C).

>    (E) Net exempt income.– The term "net exempt income" means–
>    >    (i) any tax-exempt interest received or accrued during the taxable year, reduced by any amount (not otherwise deductible) which would have been

allowable as a deduction for the taxable year if such interest were not tax-exempt, and

(ii) the aggregate amount allowed as a deduction for the taxable year under sections 243, 244, and 245.

The amount determined under clause (ii) shall be reduced by the amount of any decrease in deductions allowable for the taxable year by reason of section 832(b)(5)(B) to the extent such decrease is attributable to deductions under sections 243, 244, and 245.

(4) Only health-related items taken into account.– Any determination under this subsection shall be made by only taking into account items attributable to the health-related business of the taxpayer.

(c) Organizations to which section applies.–

(1) In general.– This section shall apply to–
(A) any existing Blue Cross or Blue Shield organization, and
(B) any other organization meeting the requirements of paragraph (3).

(2) Existing Blue Cross or Blue Shield organization.– The term "existing Blue Cross or Blue Shield organization" means any Blue Cross or Blue Shield organization if–
(A) such organization was in existence on August 16, 1986,
(B) such organization is determined to be exempt from tax for its last taxable year beginning before January 1, 1987, and
(C) no material change has occurred in the operations of such organization or in its structure after August 16, 1986, and before the close of the taxable year.

To the extent permitted by the Secretary, any successor to an organization meeting the requirements of the preceding sentence, and any organization resulting from the merger or consolidation of organizations each of which met such requirements, shall be treated as an existing Blue Cross or Blue Shield organization.

(3) Other organizations.–

(A) In general.– An organization meets the requirements of this paragraph for any taxable year if–
(i) substantially all the activities of such organization involve the providing of health insurance,
(ii) at least 10 percent of the health insurance provided by such organization is provided to individuals and small groups (not taking into account any medicare supplemental coverage),
(iii) such organization provides continuous full-year open enrollment (including conversions) for individuals and small groups,
(iv) such organization's policies covering individuals provide full

coverage of preexisting conditions of high-risk individuals without a price differential (with a reasonable waiting period), and coverage is provided without regard to age, income, or employment status of individuals under age 65,

(v) at least 35 percent of its premiums are determined on a community rated basis, and

(vi) no part of its net earnings inures to the benefit of any private shareholder or individual.

(B) Small group defined.– For purposes of subparagraph (A), the term "small group" means the lesser of–

(i) 15 individuals, or

(ii) the number of individuals required for a small group under applicable State law.

(C) Special rule for determining adjusted surplus.– For purposes of subsection (b), the adjusted surplus of any organization meeting the requirements of this paragraph as of the beginning of the 1st taxable year for which it meets such requirements shall be its surplus as of such time.

## § 834. Determination of taxable investment income

(a) General rule.– For purposes of section 831(b), the term "taxable investment income" means the gross investment income, minus the deductions provided in subsection (c).

(b) Gross investment income.– For purposes of subsection (a), the term "gross investment income" means the sum of the following:

(1) The gross amount of income during the taxable year from–

(A) interest, dividends, rents, and royalties,

(B) the entering into of any lease, mortgage, or other instrument or agreement from which the insurance company derives interest, rents, or royalties,

(C) the alteration or termination of any instrument or agreement described in subparagraph (B), and

(D) gains from sales or exchanges of capital assets to the extent provided in subchapter P (sec. 1201 and following, relating to capital gains and losses).

(2) The gross income during the taxable year from any trade or business (other than an insurance business) carried on by the insurance company, or by a partnership of which the insurance company is a partner. In computing gross income under this paragraph, there shall be excluded any item described in paragraph (1).

(c) Deductions.– In computing taxable investment income, the following deductions shall be allowed:

(1) Tax-free interest.– The amount of interest which under section 103 is excluded for the taxable year from gross income.

(2) Investment expenses.– Investment expenses paid or accrued during the taxable year. If any general expenses are in part assigned to or included in the investment expenses, the total deduction under this paragraph shall not exceed one-fourth of 1 percent of the mean of the book value of the invested assets held at the beginning and end of the taxable year plus one-fourth of the amount by which taxable investment income (computed without any deduction for investment expenses allowed by this paragraph, for tax-free interest allowed by paragraph (1), or for dividends received allowed by paragraph (7)), exceeds 3 3/4 percent of the book value of the mean of the invested assets held at the beginning and end of the taxable year.

(3) Real estate expenses.– Taxes (as provided in section 164), and other expenses, paid or accrued during the taxable year exclusively on or with respect to the real estate owned by the company.  No deduction shall be allowed under this paragraph for any amount paid out for new buildings, or for permanent improvements or betterments made to increase the value of any property.

(4) Depreciation.– The depreciation deduction allowed by section 167.

(5) Interest paid or accrued.– All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations the interest on which is wholly exempt from taxation under this subtitle.

(6) Capital losses.– Capital losses to the extent provided in subchapter P  (sec. 1201 and following) plus losses from capital assets sold or exchanged in order to obtain funds to meet abnormal insurance losses and to provide for the payment of dividends and similar distributions to policyholders.  Capital assets shall be considered as sold or exchanged in order to obtain funds to meet abnormal insurance losses and to provide for the payment of dividends and similar distributions to policyholders to the extent that the gross receipts from their sale or exchange are not greater than the excess, if any, for the taxable year of the sum of dividends and similar distributions paid to policyholders, losses paid, and expenses paid over the sum of the items described in subsection (b) (other than paragraph (1)(D) thereof) and net premiums received.  In the application of section 1212 for purposes of this section, the net capital loss for the taxable year shall be the amount by which losses for such year from sales or exchanges of capital assets exceeds the sum of the gains from such sales or exchanges and whichever of the following amounts is the lesser:

(A) the taxable investment income (computed without regard to gains or losses from sales or exchanges of capital assets);  or
(B) losses from the sale or exchange of capital assets sold or exchanged to obtain funds to meet abnormal insurance losses and to provide for the payment of dividends and similar distributions to policyholders.

(7) Special deductions.– The special deductions allowed by part VIII (except  section 248) of subchapter B (sec. 241 and following, relating to dividends received).  In applying section 246(b) (relating to limitation on aggregate amount of deductions for dividends received) for purposes of this paragraph, the reference in such section to "taxable income" shall be treated as a reference to "taxable investment income".

(8) Trade or business deductions.– The deductions allowed by this subtitle  (without regard to this part) which are attributable to any trade or business (other than an insurance business) carried on by the insurance company, or by a partnership of which the insurance company is a partner;  except that for purposes of this paragraph–
(A) any item, to the extent attributable to the carrying on of the insurance business, shall not be taken into account, and
(B) the deduction for net operating losses provided in section 172 shall not be allowed.

(9) Depletion.– The deduction allowed by section 611 (relating to depletion).

(d) Other applicable rules.–

(1) Rental value of real estate.– The deduction under subsection (c)(3) or (4) on account of any real estate owned and occupied in whole or in part by a mutual insurance company subject to the tax imposed by section 831 shall be limited to an amount which bears the same ratio to such deduction (computed without regard to this paragraph) as the rental value of the space not so occupied bears to the rental value of the entire property.

(2) Amortization of premium and accrual of discount.– The gross amount of income during the taxable year from interest and the deduction provided in subsection (c)(1) shall each be decreased to reflect the appropriate amortization of premium and increased to reflect the appropriate accrual of discount attributable to the taxable year on bonds, notes, debentures, or other evidences of indebtedness held by a mutual insurance company subject to the tax imposed by section 831.  Such amortization and accrual shall be determined–
(A) in accordance with the method regularly employed by such company, if such method is reasonable, and
(B) in all other cases, in accordance with regulations prescribed by the Secretary.
No accrual of discount shall be required under this paragraph on any bond (as defined in section 171(d)) except in the case of discount which is original issue discount (as defined

in section 1273).

(3) Double deductions.– Nothing in this part shall permit the same item to be deducted more than once.

(e) Definitions.– For purposes of this part–

(1) Net premiums.– The term "net premiums" means gross premiums (including deposits and assessments) written or received on insurance contracts during the taxable year less return premiums and premiums paid or incurred for reinsurance.  Amounts returned where the amount is not fixed in the insurance contract but depends on the experience of the company or the discretion of the management shall not be included in return premiums but shall be treated as dividends to policyholders under paragraph (2).

(2) Dividends to policyholders.– The term "dividends to policyholders" means dividends and similar distributions paid or declared to policyholders.  For purposes of the preceding sentence, the term "paid or declared" shall be construed according to the method regularly employed in keeping the books of the insurance company.


## § 835. Election by reciprocal

(a) In general.– Except as otherwise provided in this section, any mutual insurance company which is an interinsurer or reciprocal underwriter (hereinafter in this section referred to as a "reciprocal") subject to the taxes imposed by section 831(a) may, under regulations prescribed by the Secretary, elect to be subject to the limitation provided in subsection (b). Such election shall be effective for the taxable year for which made and for all succeeding taxable years, and shall not be revoked except with the consent of the Secretary.

(b) Limitation.– The deduction for amounts paid or incurred in the taxable year to the attorney-in-fact by a reciprocal making the election provided in subsection (a) shall be limited to, but in no case increased by, the deductions of the attorney-in-fact allocable, in accordance with regulations prescribed by the Secretary, to the income received by the attorney-in-fact from the reciprocal.

(c) Exception.– An election may not be made by a reciprocal under subsection  (a) unless the attorney-in-fact of such reciprocal–
(1) is subject to the tax imposed by section 11;
(2) consents in such manner as the Secretary shall prescribe by regulations to make available such information as may be required during the period in which the election provided in subsection (a) is in effect, under regulations prescribed by the Secretary;
(3) reports the income received from the reciprocal and the deductions allocable thereto under the same method of accounting under which the reciprocal reports deductions for

amounts paid to the attorney-in-fact;  and
(4) files its return on the calendar year basis.

(d) Credit.– Any reciprocal electing to be subject to the limitation provided in subsection (b) shall be credited with so much of the tax paid by the attorney-in-fact as is attributable, under regulations prescribed by the Secretary, to the income received by the attorney-in-fact from the reciprocal in such taxable year.

(e) Benefits of graduated rates denied.– Any increase in the taxable income of a reciprocal attributable to the limits provided in subsection (b) shall be taxed at the highest rate of tax specified in section 11(b).

(f) Adjustment for refund.– If for any taxable year an attorney-in-fact is allowed a credit or refund for taxes paid with respect to which credit or refund to the reciprocal resulted under subsection (d), the taxes of such reciprocal for such taxable year shall be properly adjusted under regulations prescribed by the Secretary.

(g) Taxes of attorney-in-fact unaffected.– Nothing in this section shall increase or decrease the taxes imposed by this chapter on the income of the attorney-in-fact.


## PROVISIONS OF TREASURY REGULATIONS

### Treas. Reg. § 1.446-1(a)(1) and (e)(2)(i) - (ii) (as in effect prior to December 30, 2003)

§ 1.446-1 General Rule for methods of accounting.

(a) General rule. (1) Section 446(a) provides that taxable income shall be computed under the method of accounting on the basis of which a taxpayer regularly computes his income in keeping his books.  The term "method of accounting" includes not only the over-all method of accounting of the taxpayer but also the accounting treatment of any item.  Examples of such over-all methods are the cash receipts and disbursements method, an accrual method, combinations of such methods, and combinations of the foregoing with various methods provided for the accounting treatment of special items.  These methods of accounting for special items include the accounting treatment prescribed for research and experimental expenditures, soil and water conservation expenditures, depreciation, net operating losses, etc.  Except for deviations permitted or required by such special accounting treatment, taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books. For requirement respecting the adoption or change of accounting method, see section 446(e) and paragraph (e) of this section.

*    *    *

(e) Requirement respecting the adoption or change of accounting method.

\*       \*       \*

(2)(i) Except as otherwise provided in chapter 1 of the Code and the regulations thereunder, a taxpayer who changes the method of accounting employed in keeping his books shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner.  Consent must be secured whether or not such method is proper or is permitted under the Internal Revenue Code or the regulations thereunder.

(ii)(a) A change in the method of accounting includes a change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in such overall plan. Although a method of accounting may exist under this definition without the necessity of a pattern of consistent treatment of an item, in most instances a method of accounting is not established for an item without such consistent treatment. A material item is any item which involves the proper time for the inclusion of the item in income or the taking of a deduction. Changes in method of accounting include a change from the cash receipts and disbursement method to an accrual method, or vice versa, a change involving the method or basis used in the valuation of inventories (see sections 471 and 472 and the regulations thereunder), a change from the cash or accrual method to a long-term contract method, or vice versa (see § 1.460-4), a change involving the adoption, use or discontinuance of any other specialized method of computing taxable income, such as the crop method, and a change where the Internal Revenue Code and regulations thereunder specifically require that the consent of the Commissioner must be obtained before adopting such a change.

(b) A change in method of accounting does not include correction of mathematical or posting errors, or errors in the computation of tax liability (such as errors in computation of the foreign tax credit, net operating loss, percentage depletion or investment credit). Also, a change in method of accounting does not include adjustment of any item of income or deduction which does not involve the proper time for the inclusion of the item of income or the taking of a deduction. For example, corrections of items that are deducted as interest or salary, but which are in fact payments of dividends, and of items that are deducted as business expenses, but which are in fact personal expenses, are not changes in method of accounting. In addition, a change in the method of accounting does not include an adjustment with respect to the addition to a reserve for bad debts or an adjustment in the useful life of a depreciable asset. Although such adjustments may involve the question of the proper time for the taking of a deduction, such items are traditionally corrected by adjustments in the current and future years. For the treatment of the adjustment of the addition to a bad debt reserve, see the regulations under section 166 of the Code; for the treatment of a change in the useful life of a depreciable asset, see the regulations under section 167(b) of the Code. A change in the method of accounting also does not include a change in treatment resulting from a change in underlying facts. On the

other hand, for example, a correction to require depreciation in lieu of a deduction for the cost of a class of depreciable assets which had been consistently treated as an expense in the year of purchase involves the question of the proper timing of an item, and is to be treated as a change in method of accounting.

(c) A change in an overall plan or system of identifying or valuing items in inventory is a change in method of accounting. Also a change in the treatment of any material item used in the overall plan for identifying or valuing items in inventory is a change in method of accounting.

## Temp. Treas. Reg. § 1.446-1T(e)(3) - (4)

§ 1.446-1T. General rule for methods of accounting (temporary).

*       *       *

(3) [Reserved]. For further guidance, see § 1.446-1(e)(3).

(4) Effective date–(i) In general.– Except as provided in paragraphs (e)(3)(iii) and (e)(4)(ii) of this section, paragraph (e) of this section applies on or after December 30, 2003. For the applicability of regulations before December 30, 2003, see § 1.446-1(e) in effect prior to December 30, 2003 (§ 1.446-1(e) as contained in 26 CFR part 1 edition revised as of April 1, 2003).

(ii) Changes involving depreciable or amortizable assets.– With respect to paragraph (e)(2)(ii)(d) of this section, paragraph (e)(2)(iii) Examples 9 through 17 of this section, the addition of the language "certain changes in computing depreciation or amortization (see paragraph (e)(2)(ii)(d) of this section)" to the last sentence of paragraph (e)(2)(ii)(a) of this section, and the removal of all language regarding useful life and the sentence "On the other hand, a correction to require depreciation in lieu of a deduction for the cost of a class of depreciable assets which had been consistently treated as an expense in the year of purchase involves the question of the proper timing of an item, and is to be treated as a change in method of accounting" from paragraph (e)(2)(ii)(b) of this section–

(A) For any change in depreciation or amortization that is a change in method of accounting, this section applies to such a change in method of accounting made for taxable years ending on or after December 30, 2003; and

(B) For any change in depreciation or amortization that is not a change in method of accounting, this section applies to such a change made for taxable years ending on or after December 30, 2003.

(iii) The applicability of paragraph (e) of this section expires on or before December 29, 2006.

**Treas. Reg. § 1.832-4(c) (as in effect before 1990, as amended by T.D. 6681) (Oct. 16, 1963)**

§ 1.832-4.  Gross Income.

*       *       *

(c) That part of the deduction for "losses incurred" which represents an adjustment to losses paid for salvage and reinsurance recoverable shall, except as hereinafter provided, include all salvage in course of liquidation, and all reinsurance in process of collection not otherwise taken into account as a reduction of losses paid, outstanding at the end of the taxable year. Salvage in course of liquidation includes all property (other than cash), real or personal, tangible or intangible, except that which may not be included by reason of express statutory provisions (or rules and regulations of an insurance department) of any State or Territory or the District of Columbia in which the company transacts business. Such salvage in course of liquidation shall be taken into account to the extent of the value thereof at the end of the taxable year as determined from a fair and reasonable estimate based upon either the facts in each case or the company's experience with similar cases. Cash received during the taxable year with respect to items of salvage or reinsurance shall be taken into account in computing losses paid during such taxable year.

**Treas. Reg. § 1.832-4(c) - (g) (as in effect for years after 1989, as amended by T.D. 8390) (Jan. 28, 1992)**

§ 1.832-4. Gross income.

*       *       *

(c) Losses incurred are reduced by salvage. Under section 832(b)(5)(A), losses incurred are computed by taking into account losses paid reduced by salvage and reinsurance recovered, the change in discounted unpaid losses, and the change in estimated salvage and reinsurance recoverable. For purposes of section 832(b)(5)(A)(iii), estimated salvage recoverable includes all anticipated recoveries on account of salvage, whether or not the salvage is treated, or may be treated, as an asset for state statutory accounting purposes. Estimates of salvage recoverable must be based on the facts of each case and the company's experience with similar cases. Except as otherwise provided in guidance published by the Commissioner in the Internal Revenue Bulletin, estimated salvage recoverable must be discounted either–

Page A-27

(1) By using the applicable discount factors published by the Commissioner for estimated salvage recoverable; or

(2) By using the loss payment pattern for a line of business as the salvage recovery pattern for that line of business and by using the applicable interest rate for calculating unpaid losses under section 846(c).

For purposes of section 832(b)(5)(A) and the regulations thereunder, the term "salvage recoverable" includes anticipated recoveries on account of subrogation claims arising with respect to paid or unpaid losses.

(d) Increase in unpaid losses shown on annual statement in certain circumstances.

(1) In general. An insurance company that takes estimated salvage recoverable into account in determining the amount of its unpaid losses shown on its annual statement is allowed to increase its unpaid losses by the amount of estimated salvage recoverable taken into account if the company complies with the disclosure requirement of paragraph (d)(2) of this section. This adjustment shall not be used in determining under section 846(d) the loss payment pattern for a line of business.

(2) Disclosure requirement.
　　(i) In general. A company described in paragraph (d)(1) of this section is allowed to increase the unpaid losses shown on its annual statement only if the company either–

　　　　(a) Discloses on its annual statement, by line of business and accident year, the extent to which estimated salvage recoverable is taken into account in computing the unpaid losses shown on the annual statement filed by the company for the calendar year ending with or within the taxable year of the company; or

　　　　(b) Files a statement on or before the due date of its Federal income tax return (determined without regard to extensions) with the appropriate state regulatory authority of each state to which the company is required to submit an annual statement. The statement must be contained in a separate document captioned "DISCLOSURE CONCERNING LOSS RESERVES" and must disclose, by line of business and accident year, the extent to which estimated salvage recoverable is taken into account in computing the unpaid losses shown on the annual statement filed by the company for the calendar year ending with or within the taxable year of the company.

　　(ii) Transitional rule. For a taxable year ending before December 31, 1991, a

taxpayer is deemed to satisfy the disclosure requirement of paragraph (d)(2)(i)(B) of this section if the taxpayer files the statement described in paragraph (d)(2)(i)(B) of this section before March 17, 1992.

(3) Failure to disclose in a subsequent year. If a company that claims the increase permitted by paragraph (d)(1) of this section fails in a subsequent taxable year to make the disclosure described in paragraph (d)(2) of this section, the company cannot claim an increase under paragraph (d)(1) of this section in any subsequent taxable year without the consent of the Commissioner.

(e) Treatment of estimated salvage recoverable.

(1) In general. An insurance company is required to take estimated salvage recoverable (including that which cannot be treated as an asset for state statutory accounting purposes) into account in computing the deduction for losses incurred. Except as provided in paragraph (e)(2)(iii) of this section, an insurance company must apply this method of accounting to estimated salvage recoverable for all lines of business and for all accident years.

(2) Change in method of accounting.
(i) If an insurance company did not take estimated salvage recoverable into account as required by paragraph (c) of this section for its last taxable year beginning before January 1, 1990, taking estimated salvage recoverable into account as required by paragraph (c) of this section is a change in method of accounting.
(ii) If a company does not claim the deduction under section 11305(c)(3) of the 1990 Act, the company must take into account 13 percent of the adjustment that would otherwise be required under section 481 for pre-1990 accident years as a result of the change in accounting method. This paragraph (e)(2)(ii) applies only to an insurance company subject to tax under section 831.
(iii) If a company claims the deduction under section 11305(c)(3) of the 1990 Act and paragraph (f) of this section, the company must implement the change in method of accounting for estimated salvage recoverable for post-1989 taxable years pursuant to a "cut-off" method.

(3) Rule for overestimates. An insurance company is required under section 11305(c)(4) of the 1990 Act to include in gross income 87 percent of any amount (adjusted for discounting) by which the section 481 adjustment is overestimated. The rule is applied by comparing the amount of the section 481 adjustment (determined without regard to paragraph (e)(2)(ii) of this section and any discounting) to the sum of the actual salvage recoveries and remaining undiscounted estimated salvage recoverable that are attributable to losses incurred in accident years beginning before 1990. For any taxable year beginning after December 31, 1989, any excess of the section 481 adjustment over this

Page A-29

sum (reduced by amounts treated as overestimates in prior taxable years pursuant to this paragraph (e)(3)) is an overestimate. To determine the amount to be included in income, it is necessary to discount this excess and multiply the resulting amount by 87 percent.

(f) Special deduction.

(1) In general. Under section 11305(c)(3) of the 1990 Act, an insurance company may deduct an amount equal to 87 percent of the discounted amount of estimated salvage recoverable that the company took into account in determining the deduction for losses incurred under section 832(b)(5) in the last taxable year beginning before January 1, 1990. A company that claims the special deduction must establish to the satisfaction of the district director that the deduction represents only the discounted amount of estimated salvage recoverable that was actually taken into account by the company in computing losses incurred for that taxable year.

(2) Safe harbor. The requirements of paragraph (f)(1) of this section are deemed satisfied and the amount that the company reports as bona fide estimated salvage recoverable is not subject to adjustment by the district director, if–
> (i) The company files with the insurance regulatory authority of the company's state of domicile, on or before September 16, 1991, a statement disclosing the extent to which losses incurred for each line of business reported on its 1989 annual statement were reduced by estimated salvage recoverable,
> (ii) The company attaches a statement to its Federal income tax return filed for the first taxable year beginning after December 31, 1989, agreeing to apply the special rule for overestimates under section 11305(c)(4) of the 1990 Act to the amount of estimated salvage recoverable for which it has taken the special deduction, and
> (iii) In the case of a company that is a member of a consolidated group, each insurance company subject to tax under section 831 that is included in the consolidated group complies with paragraph (f)(2)(ii) of this section with respect to its special deduction, if any.

(3) Limitations on special deduction.
> (i) The special deduction under section 11305(c)(3) of the 1990 Act is available only to an insurance company subject to tax under section 831.
> (ii) An insurance company that claimed the benefit of the "fresh start" with respect to estimated salvage recoverable under section 1023(e) of the Tax Reform Act of 1986 may not claim the special deduction allowed by section 11305(c)(3) of the 1990 Act to the extent of the estimated salvage recoverable for which a fresh start benefit was previously claimed.
> (iii) A company that claims the special deduction is precluded from also claiming the section 481 adjustment provided in paragraph (e)(2)(ii) of this section for pre-1990 accident years.

(g) Effective date. Paragraphs (b) through (f) of this section are effective for taxable years beginning after December 31, 1989.

## PROVISIONS OF PROPOSED TREASURY REGULATIONS

**Prop. Treas. Reg. § 1.832-4, 1991-1 C.B. 849 (March 15, 1991)**

§ 1.832-4. Gross income.

\*        \*        \*

(c) For purposes of section 832(b)(5)(A)(iii) estimated salvage and reinsurance recoverable must include estimates of all anticipated recoveries on account of salvage, whether or not the salvage is treated, or may be treated, as an asset for state statutory accounting purposes. Recoveries on account of salvage must be estimated based on the facts of each case and the company's experience with similar cases. Except as otherwise provided in guidance published by the Commissioner in the Internal Revenue Bulletin, estimated recoveries on account of salvage must be discounted either:

> (1) by using the applicable discount factors published by the Commissioner for salvage recoverable, or
> (2) by using the loss payment pattern for a line of business as the salvage recovery pattern for the line of business and by using the applicable interest rate for calculating unpaid losses under section 846(c). For purposes of section 832(b)(5)(A) and the regulations thereunder, the term "salvage' includes subrogation claims.

(d) Section 11305(a) of the Revenue Reconciliation Act of 1990 ("the 1990 Act") requires a taxpayer to take into account, in computing the deduction for losses incurred, salvage recoverable that cannot be treated as an asset for state statutory accounting purposes ("non-admitted salvage recoverable"). Section 11305(c)(2)(A) of the 1990 Act treats as a change in method of accounting any change required by the Act in computing losses incurred. Under section 11305(c)(2)(B) of the 1990 Act, a taxpayer must take into account 13% of the adjustment that would otherwise be required under section 481 as a result of the change in accounting method.

(e) Section 11305(c)(3) of the 1990 Act allows a taxpayer to deduct 87% of the discounted amount of non-admitted salvage recoverable that the taxpayer took into account in the last tax year beginning before January 1, 1990. A taxpayer that claims this deduction must establish to the satisfaction of the district director that the deduction represents only the discounted amount of non-admitted salvage recoverable that was actually taken into account by the taxpayer in computing losses incurred for that tax year. This requirement will not be met if the taxpayer merely states that salvage recoverable with respect to non-admitted assets is reflected in the taxpayer's loss reserves. This requirement is deemed to be met if the taxpayer either–

(1) Disclosed on its 1989 annual statement the extent to which non-admitted salvage recoverable was taken into account in computing losses paid or unpaid losses (whichever is applicable) in the underwriting and investment exhibit of that annual statement; or

(2) Files with the appropriate state regulatory authority, on or before July 15, 1991, a statement disclosing the extent to which non-admitted salvage recoverable was so taken into account.

## Rev. Proc. 91–48

### CONTENTS

SECTION 1. PURPOSE

SECTION 2. BACKGROUND

SECTION 3. SCOPE

SECTION 4. REQUIRED METHOD OF ACCOUNTING FOR SALVAGE RECOVERABLE

SECTION 5. ALTERNATIVE (1)

SECTION 6. ALTERNATIVE (2)

SECTION 7. MANNER OF ELECTING ALTERNATIVE DISCOUNT METHOD

SECTION 8. ACCOUNTING METHOD CHANGE BY A TAXPAYER THAT DOES NOT CLAIM THE SPECIAL DEDUCTION UNDER SECTION 11305(c)(3) UNDER THE 1990 ACT

SECTION 9. ACCOUNTING METHOD CHANGE BY A TAXPAYER THAT CLAIMS THE SPECIAL DEDUCTION UNDER SECTION 11305(c)(3) OF THE 1990 ACT

SECTION 10. SPECIAL DEDUCTION FOR A TAXPAYER THAT TOOK ESTIMATED SALVAGE RECOVERABLE INTO ACCOUNT IN THE 1989 TAXABLE YEAR

SECTION 11. ELECTION BY A TAXPAYER CLAIMING SPECIAL DEDUCTION TO DEFER ACCOUNTING CHANGE

SECTION 12. CHANGES IN ESTIMATES OF SALVAGE RECOVERABLE

SECTION 13. SPECIAL RULE FOR OVERESTIMATES

SECTION 14. EXAMPLES

SECTION 15. TABLES OF DISCOUNT FACTORS

SECTION 16. INQUIRIES

SECTION 17. EFFECTIVE DATE

### SECTION 1. PURPOSE

This revenue procedure sets forth a series of discount factors and salvage recovery patterns that property and casualty insurance companies must use to discount estimated salvage recoverable for 1990 and prior accident years, as required by the Revenue Reconciliation Act of 1990 (the "1990 Act"). Guidance is also provided with respect to the sec-

tion 481 adjustment under section 11305(c)(2) of the 1990 Act, the special deduction under section 11305(c)(3) of the 1990 Act, the special rule for over-estimates under section 11305(c)(4) of the 1990 Act, and changes in estimates of salvage recoverable.

### SEC. 2. BACKGROUND

.01 Section 832(b) of the Internal Revenue Code defines "gross income" for a property and casualty insurance company subject to tax under section 831. Section 832(b)(3) defines the "underwriting income" of a property and casualty insurance company as premiums earned on insurance contracts during the taxable year less "losses incurred" and expenses incurred. Under section 832(b)(5)(A), losses incurred are computed by taking into account paid losses reduced by salvage and reinsurance recovered, the change in discounted unpaid losses, and the change in salvage and reinsurance recoverable. For taxable years beginning before January 1, 1990, former section 832(b)(5)(A) required salvage and reinsurance recoverable to be taken into account as a reduction to paid losses. For those taxable years, the regulations under former section 832(b)(5)(A) required salvage recoverable to be taken into account only to the extent that salvage was allowed to be treated as an asset for state statutory accounting purposes.

.02 Section 11305 of the 1990 Act amended section 832(b)(5)(A) of the Code with respect to the treatment of salvage and reinsurance recoverable for taxable years beginning after December 31, 1989. Under section 832(b)(5)(A), as amended, paid losses are reduced by salvage and reinsurance recovered during the taxable year. The resulting amount is adjusted to reflect changes in discounted unpaid losses on nonlife insurance contracts and in unpaid losses on life insurance contracts, and is then decreased by the discounted amount of estimated salvage recoverable and reinsurance recoverable as of the end of the taxable year and increased by the discounted amount of estimated salvage recoverable and reinsurance recoverable as of the end of the preceding taxable year. For purposes of these rules, the term "salvage" includes subrogation claims. The adjustment for reinsurance recoverable attributable to paid losses is not discounted.

.03 Section 11305(c)(2)(A) of the 1990 Act treats any change required by the Act in computing losses incurred as a change in method of accounting. How-

ever, section 11305(c)(2)(B) of the Act provides that only 13 percent of the section 481 adjustment that would otherwise result from the change in method of accounting is taken into income. The section 481 adjustment is to be taken into account ratably over a period not to exceed the taxpayer's first four taxable years beginning after December 31, 1989.

.04 Section 11305(c)(3) of the 1990 Act provides that a taxpayer that took salvage recoverable into account in determining losses incurred for the last taxable year beginning before January 1, 1990, may deduct (as a "special deduction") 87 percent of the discounted amount of estimated salvage recoverable as of the end of that taxable year. This amount is to be deducted ratably over the taxpayer's first four taxable years beginning after December 31, 1989.

.05 Section 1.832–4 of the Proposed Income Tax Regulations, published in the Federal Register on March 15, 1991 (56 Fed. Reg. 11,127), contains a paragraph (e) concerning the special deduction. Paragraph (e) states, in part, that a taxpayer that claims this deduction must be able to establish to the satisfaction of the district director that it took estimated salvage recoverable into account for the last taxable year before January 1, 1990. The proposed regulations indicate that this requirement is deemed to be satisfied if a taxpayer discloses to the relevant state regulatory authority on or before July 15, 1991, the extent to which the taxpayer took estimated salvage recoverable into account in computing underwriting income on its 1989 annual statement. See Announcement 91–106, 1991–30 I.R.B. 33 (postponing the date to September 16, 1991).

.06 Section 846(d) of the Code requires that the Internal Revenue Service redetermine in 1992 the loss payment pattern for purposes of section 846, for the 1992 through 1996 accident years. In connection with that redetermination, the Service expects to redetermine salvage recovery patterns for purposes of section 832(b)(5)(A).

### SEC. 3. SCOPE

This revenue procedure applies to any taxpayer that is required to include in income an estimate of salvage recoverable under section 832(b)(5) of the Code. The methodology set forth in section 4 applies to all taxpayers, regardless of their election under section 4.04 to use either (1) the published salvage discount

factors or (2) the discount factors used by the taxpayer under section 846 (to discount unpaid losses) as a proxy for salvage discount factors.

## SEC. 4. REQUIRED METHOD OF ACCOUNTING FOR SALVAGE RECOVERABLE

.01 This section describes the required method of accounting for estimated salvage recoverable in taxable years beginning after December 31, 1989. For taxpayers that do not claim the special deduction under section 11305(c)(3) of the 1990 Act, the required method must be applied to estimated salvage recoverable attributable to all accident years, including accident years prior to 1990. For taxpayers claiming the special deduction, the required method applies only to estimated salvage recoverable attributable to post-1989 accident years. If a taxpayer claiming the special deduction makes the election in section 11, the required method applies only to estimated salvage recoverable attributable to post-1990 accident years.

.02 In computing the deduction for losses incurred under section 832(b)(5)(A) of the Code, as amended by the 1990 Act, a taxpayer must add the discounted amount of estimated salvage recoverable as of the end of the preceding taxable year and must subtract the discounted amount of estimated salvage recoverable as of the end of the taxable year. A taxpayer must calculate the discounted amount of estimated salvage recoverable for each line of business as of the end of a taxable year. Within each line of business, calculations must be made separately for each accident year for which salvage is expected to remain recoverable as of the end of the current taxable year and for each accident year for which salvage was estimated to remain recoverable as of the end of the previous taxable year.

In post-1990 taxable years, a taxpayer must use, as the estimate of salvage recoverable as of the end of the preceding taxable year, the estimate of salvage recoverable actually used in that preceding taxable year. However, for the 1990 taxable year, except for those taxpayers that claim the special deduction under section 11305(c)(3) of the 1990 Act (see section 10), the estimate of salvage recoverable as of the end of the preceding taxable year (that is, the 1989 taxable year) will be an estimate prepared as part of the federal income tax return for the 1990 taxable year. Taxpayers that claim the special deduction may not take esti-

mates of salvage recoverable attributable to pre-1990 accident years into account. If a taxpayer makes the election in section 11, the taxpayer may not take estimates of salvage recoverable for pre-1991 accident years into account.

.03 To determine the discounted amount of estimated salvage recoverable as of the end of a taxable year for each accident year within each line of business, a taxpayer must first estimate the undiscounted amount of salvage recoverable as of the end of that taxable year for each accident year within each line of business. The undiscounted amount of estimated salvage recoverable for each accident year within each line of business must then be multiplied by the appropriate salvage discount factor to determine the discounted amount of estimated salvage recoverable.

.04 A taxpayer is permitted to use either of the following methods to determine the factors that must be used to discount estimated salvage recoverable for the 1990 and prior accident years.

Alternative (1)—the applicable salvage discount factors by line of business and accident year published in section 15.09 that are derived from (i) the salvage recovery patterns set forth in that section and (ii) the applicable interest rate for the 1990 accident year (see section 15.01); or

Alternative (2)—the applicable discount factors by line of business and accident year used by the taxpayer in discounting unpaid losses under section 846 of the Code, as a proxy for the salvage discount factors. Under Alternative (2), the taxpayer must use the same discount factors that the taxpayer is using under section 846 of the Code (that is, factors published by the Secretary or factors based on the company's historical loss payment experience). See sections 846(d) and 846(e). A taxpayer that claims the special deduction pursuant to section 11305(c)(3) of the 1990 Act must use Alternative (2) to discount estimated salvage recoverable for the 1990 and 1991 accident years.

.05 The discounting method elected by the taxpayer will apply to all lines of business; consequently, the taxpayer may not elect Alternative (1) for some lines and Alternative (2) for other lines. The election applies to all accident years prior to the 1992 determination year within all lines of business.

.06 For any line of business that is not specifically referenced in this revenue procedure, a taxpayer shall use the

''Miscellaneous Casualty'' discount factors to determine discounted estimated salvage recoverable for that line of business.

.07 All the discount factors and examples presented in this revenue procedure assume that the taxpayer is a calendar year taxpayer. A taxpayer that has a taxable year other than a calendar year (that is, a short taxable year or a fiscal taxable year) must make appropriate adjustments to the discount factors to reflect the difference between the end of the taxpayer's taxable year and the end of the accident year, which is based on a calendar year.

## SEC. 5. ALTERNATIVE (1)

.01 For taxpayers that elect to discount estimated salvage recoverable for a line of business using Alternative (1) of section 4.04, the tables set forth in section 15.09 provide discount factors by line of business and by accident year within each line of business. Each set of discount factors applies to all pre-1991 accident years, but not to post-1990 accident years. New discount factors by line of business will be published annually for each new accident year after 1990.

.02 The discounted amount of estimated salvage recoverable as of the end of a taxable year is determined by multiplying the undiscounted amount of estimated salvage recoverable as of the end of that taxable year for each accident year of a line of business (from section 4.03) by the applicable discount factor for that accident year and that line of business from section 15.09.

.03 The separate accident year calculations of discounted estimated salvage recoverable as of the end of a taxable year for each line of business are aggregated to determine the taxpayer's total discounted amount of estimated salvage recoverable for all lines of business and accident years as of the end of that taxable year.

## SEC. 6. ALTERNATIVE (2)

.01 This section applies only to those taxpayers that elect or are required to use Alternative (2) of section 4.04 (that is, to use the applicable loss reserve discount factors under section 846 of the Code as a proxy for the salvage discount factors).

.02 Taxpayers that determine discounted unpaid losses using the published discount factors issued under authority of section 846(d) of the Code should substitute the applicable loss

reserve discount factors from the applicable revenue ruling for the salvage discount factors (from section 15.09) wherever salvage discount factors are referenced in this revenue procedure. The last discount factor in any table shall be used as the discount factor for calculations involving all accident years preceding the oldest accident year covered by that table. For the 1990 accident year, the applicable revenue ruling is 90–26, 1990–1 C.B. 125. For the 1989 accident year the applicable revenue ruling is 89–66A, 1989–1 C.B. 220. For the 1988 accident year the applicable revenue ruling is 88–63, 1988–2 C.B. 130. For the 1987 and all prior accident years the applicable revenue ruling is 87–34, 1987–1 C.B. 168.

The published loss reserve discount factors for use by taxpayers electing Alternative (2) are presented in the column labelled ''Reserve discount factor (percent)'' of the applicable revenue ruling. The discount factors in this column are labelled by reference to the number of years that the taxable year succeeds the accident year (''AY''). For example, for the 1990 taxable year, the discount factor for accident year 1985 is found in the row ''AY + 5'', since 1990 is equal to 1985 plus 5.

.03 Taxpayers electing section 846(e) of the Code to use discount factors based on their own historical loss payment experience must substitute those discount factors for the published reserve discount factors referenced in section 6.02. The last discount factor in any table shall be used as the discount factor for calculations involving all accident years preceding the oldest accident year covered by that table.

## SEC. 7. MANNER OF ELECTING ALTERNATIVE DISCOUNT METHODS

.01 To elect between Alternative (1) and Alternative (2) under section 4.04, a taxpayer must attach an election statement to its timely filed federal income tax return (determined with regard to extensions) for its first taxable year beginning after December 31, 1989. If the taxpayer has already filed its federal income tax return for that taxable year as of September 25, 1991, then the taxpayer may attach the election statement to an amended return filed within 180 days of September 25, 1991. The election statement must contain the heading ''ELECTION OF DISCOUNTING METHOD UNDER SECTION 4.04 OF REV. PROC. 91–48'' and must state whether Alternative (1) or (2) is elected for discounting estimated salvage recoverable. If a taxpayer has already filed its federal income tax return as of September 25, 1991 and has discounted salvage recoverable using the applicable interest rate and loss payment pattern under section 846 of the Code, the taxpayer will be deemed to have elected Alternative (2) as the discounting method for pre-1992 accident years. The taxpayer will not be deemed to have elected Alternative (2), however, if it attaches an election statement designating its election of Alternative (1) on an amended return filed within 180 days of September 25, 1991.

## SEC. 8. ACCOUNTING METHOD CHANGE BY A TAXPAYER THAT DOES NOT CLAIM THE SPECIAL DEDUCTION UNDER SECTION 11305(c)(3) UNDER THE 1990 ACT

.01 Under section 11305(c)(2)(A) of the 1990 Act, the change in treatment of estimated salvage recoverable in the determination of losses incurred under section 832(b)(5)(A) of the Code is a change in method of accounting. A taxpayer that does not claim the special deduction under section 11305(c)(3) of the Act is required to change its method of accounting for the first taxable year beginning after December 31, 1989, with respect to salvage recoverable attributable to the 1990 accident year and all prior accident years in accordance with section 4 of this revenue procedure. Under section 481(a) of the Code, a taxpayer that changes its method of accounting (but does not claim the special deduction) must take into account those adjustments that are necessary to prevent amounts from being duplicated or omitted as a result of the change. However, section 11305(c)(2)(B) of the Act provides that a taxpayer must take into account only 13 percent of the section 481(a) adjustment that is required as a result of the change in method of accounting.

.02 To determine the amount of the section 481(a) adjustment, a taxpayer must determine the discounted amount of estimated salvage recoverable as of the end of the 1989 taxable year, based on the assumption that the discounted amount of estimated salvage recoverable had always been taken into account in determining taxable income. The section 481(a) adjustments for each accident year of each line of business are aggregated to determine the taxpayer's total section 481(a) adjustment for all lines of business. The section 481 adjustment is not reduced by the amount of salvage recoverable that the taxpayer may have considered in the estimation of undiscounted unpaid losses under section 846(b)(1) of the Code. The taxpayer may not, in determining the section 481(a) adjustment, take into account salvage in the course of liquidation that was taken into account in computing paid losses.

.03 Pursuant to section 11305(c)(2)(B) of the 1990 Act, 13 percent of the section 481(a) adjustment (from section 8.02) must be taken into account ratably over a period not to exceed four taxable years, beginning in the 1990 taxable year. The remaining 87 percent of the section 481(a) adjustment is not taken into account in computing taxable income. This forgiveness of 87 percent of the section 481(a) adjustment under section 11305(c)(2)(B) of the 1990 Act applies only to a change of method of accounting initiated by the taxpayer on its federal income tax return for the first taxable year beginning after December 31, 1989. If a taxpayer fails to change its method of accounting for estimated salvage recoverable for the first taxable year beginning after December 31, 1989, the taxpayer must obtain the consent of the Commissioner to make the change pursuant to Rev. Proc. 84–74, 1984–2 C.B. 736.

.04 If, during the adjustment period, the taxpayer ceases to be an insurance company subject to tax under section 831 of the Code, the balance of the section 481(a) adjustment not previously taken into account must be included in income in the last taxable year that the taxpayer is taxable as an insurance company under section 831. If, prior to the 1990 taxable year, the taxpayer was subject to tax as an insurance company under section 831 for less than four taxable years, the number of years over which the section 481 adjustment is taken into account may not exceed the number of years prior to the 1990 taxable year that the taxpayer was taxable as an insurance company under section 831.

## SEC. 9. ACCOUNTING METHOD CHANGES BY A TAXPAYER THAT CLAIMS THE SPECIAL DEDUCTION UNDER SECTION 11035(c)(3) OF THE 1990 ACT

.01 Except as provided in section 11, for the first taxable year after December 31, 1989, a taxpayer claiming the special deduction is required to change its method of accounting with respect to the

inclusion in taxable income of estimated salvage recoverable for all lines of business attributable to 1990 and succeeding accident years in accordance with section 4 of this revenue procedure. The taxpayer must make this accounting method change pursuant to a cut-off method, without a section 481 adjustment with respect to estimated salvage recoverable attributable to pre-1990 accident years. A change in method of accounting made in accordance with this section 9 is treated as having been made with the consent of the Commissioner. For taxable years after 1989, a taxpayer that claims the special deduction must continue to discount any estimated salvage recoverable attributable to pre-1990 accident years using the same method of accounting as used in computing discounted unpaid losses under section 846(c) for the 1989 taxable year. For estimated salvage recoverable attributable to pre-1990 accident years, no change in accounting method will take place in the 1990 or subsequent taxable years, and there is no section 481 adjustment. Therefore, changes in estimate of salvage recoverable attributable to pre-1990 accident years are only taken into account as part of the change in discounted unpaid losses during the taxable year.

.02 A taxpayer that does not claim the special deduction must change its method of accounting in accordance with section 8.

.03 For taxpayers claiming the special deduction, any change in the method of computing undiscounted unpaid losses attributable to pre-1990 accident years to exclude estimated salvage recoverable is a change in method of accounting within the meaning of section 446 of the Code, but is not a change required by the 1990 Act. Accordingly, the 87 percent forgiveness provided by section 11305(c)(2)(B) of the 1990 Act does not apply to any section 481(a) adjustment resulting from this change.

## SEC. 10. SPECIAL DEDUCTION FOR A TAXPAYER THAT TOOK ESTIMATED SALVAGE RECOVERABLE INTO ACCOUNT IN THE 1989 TAXABLE YEAR

.01 The special deduction under section 11305(c)(3) of the 1990 Act is determined separately for each accident year within each line of business. The special deduction can be claimed only with respect to the discounted amount of estimated salvage recoverable which was taken into account in determining the

deduction for losses incurred under section 832(b)(5) of the Code as of the last taxable year beginning before January 1, 1990. The taxpayer may not, in determining the special deduction, take into account salvage in the course of liquidation that was taken into account in computing paid losses. Except as provided in section 10.06, a taxpayer claiming the special deduction must establish to the satisfaction of the district director that the deduction represents only the discounted amount of estimated salvage recoverable that was actually taken into account by the taxpayer in computing losses incurred for that taxable year.

.02 A taxpayer claiming the special deduction must attach a schedule to its federal income tax return for the 1990 taxable year. This schedule must set forth, by accident year within each line of business, the following:

(1) the tax reserves for discounted unpaid losses, including the reduction in those reserves for estimated salvage recoverable, as of the end of the 1988 taxable year that were used in determining the deduction for losses incurred in the 1989 taxable year;

(2) the tax reserves for discounted unpaid losses, including the reduction in those reserves for estimated salvage recoverable, as of the end of the 1989 taxable year that were used in determining the deduction for losses incurred in the 1989 taxable year;

(3) the amount of discounted estimated salvage recoverable as of the end of the 1988 taxable year that was included in (1);

(4) salvage recovered during taxable year 1989;

(5) the amount of discounted estimated salvage recoverable as of the end of the 1989 taxable year that was included in (2);

(6) the tax reserves for discounted unpaid losses as of the end of the 1988 taxable year that would have been used in determining the deduction for losses incurred in the 1989 taxable year if estimated salvage recoverable had not been taken into account; and

(7) the tax reserves for discounted unpaid losses as of the end of the 1989 taxable year that would have been used in determining the deduction for losses incurred in the 1989 taxable year if estimated salvage recoverable had not been taken into account.

For each accident year within each line of business, the following conditions must be met: item (6) must equal item

(1) plus item (3); and, item (7) must equal item (2) plus item (5).

.03 To determine the special deduction, a taxpayer first must sum the amounts in section 10.02(5) for each accident year of each line of business eligible for the special deduction (see section 10.01 and 10.06). Totals by line of business are then aggregated.

.04 The special deduction is 87 percent of the amount of salvage recoverable as of the end of 1989 from section 10.03.

.05 The special deduction is taken into account ratably over four taxable years beginning in the 1990 taxable year.

.06 *Taxpayer electing safe harbor under section 1.832–4(e)(2) of the proposed regulations.* For purposes of the safe harbor, a taxpayer will be deemed to have taken salvage recoverable into account only if the taxpayer (1) files a statement by September 16, 1991, with the insurance regulatory authority of the taxpayer's state of domicile disclosing the extent to which losses incurred for each line of business reported on the 1989 annual statement were reduced by estimated salvage recoverable, and (2) attaches a statement to its federal income tax return filed for the first taxable year beginning after December 31, 1989, agreeing to apply the special rule for overestimates in section 11304(c)(4) of the 1990 Act (see section 13) to the amount of estimated salvage recoverable for which it has taken the special deduction. Each insurance company subject to tax under section 831 of the Code included in a consolidated group must agree to apply the special rule for overestimates to its special deduction, if any, in order for any insurance company included in the consolidated group to qualify for the safe harbor. The statement attached to the taxpayer's federal income tax return must contain the heading "AGREEMENT TO APPLY RULE FOR OVERESTIMATES TO THE AMOUNT OF SPECIAL DEDUCTION PURSUANT TO SECTION 10 OF REV. PROC. 91–48."

If a taxpayer complies with the above requirements, the amount claimed as a special deduction will not be adjusted by the district director in the absence of fraud.

## SEC. 11. ELECTION BY A TAXPAYER CLAIMING SPECIAL DEDUCTION TO DEFER ACCOUNTING CHANGE

.01 If a taxpayer claims the special deduction under section 11305(c)(3) of

the 1990 Act, and included estimated salvage recoverable in determining the undiscounted unpaid losses (as defined in section 846(b)(1) of the Code), for the 1990 accident year as shown on its 1990 annual statement, then the taxpayer may defer the accounting method change for estimated salvage recoverable for one year. Beginning with the 1991 accident year, however, the taxpayer will be required to discount estimated salvage recoverable for all lines of business in accordance with section 4 and to take such discounted estimated salvage recoverable into account in computing losses incurred. This accounting method change must be made for all lines of business pursuant to a cut-off method, without a section 481 adjustment for estimated salvage recoverable attributable to pre-1991 accident years.

.02 *Manner of making the election.* To elect the special treatment under this section, the taxpayer must attach a statement to its 1990 federal income tax return identifying the amount of estimated salvage recoverable taken into account in determining the undiscounted unpaid losses for the 1990 accident year as shown on its annual statement. In addition, the statement must set forth the taxpayer's agreement to apply the special rule for overestimates in section 11305(c)(4) of the 1990 Act (*see* section 13) to the amount of the undiscounted estimated salvage recoverable for which the taxpayer claims the special deduction. Each insurance company subject to tax under section 831 of the Code included in a consolidated group must agree to apply the special rule for overestimates to its special deduction, if any, in order for any insurance company in the consolidated group to qualify for this special treatment. The statement must contain the heading "ELECTION FOR TAXPAYERS CLAIMING SPECIAL DEDUCTION THAT ALSO TOOK SALVAGE RECOVERABLE INTO ACCOUNT IN DETERMINING UNDISCOUNTED UNPAID LOSSES FOR THE 1990 ACCIDENT YEAR PURSUANT TO SECTION 11 OF REV. PROC. 91–48."

SEC. 12. CHANGES IN ESTIMATES OF SALVAGE RECOVERABLE

.01 In general, for each accident year within each line of business, the undiscounted amount of salvage recoverable as of the end of any taxable year must equal the undiscounted amount of salvage recoverable as of the end of the previous taxable year minus salvage recovered during the taxable year. (*See* section 4.04.)

.02 If, in any taxable year as a result of additional information pertaining to expected salvage recoveries, a taxpayer changes its estimate of the undiscounted amount of salvage recoverable associated with an accident year of a line of business from the estimate used in the prior taxable year, the following rules apply.

.03 Any changes in a taxpayer's estimate of the undiscounted amount of salvage recoverable for an accident year for a line of business which defers the application of the special rule for overestimates (*see* section 13) will be disallowed.

.04 A change in the estimate of the undiscounted amount of salvage recoverable associated with an accident year for a line of business is treated as a change in estimate rather than as a change in accounting method. Thus, the new estimate of undiscounted salvage recoverable is taken into account in determining the adjustment for discounted estimated salvage recoverable as of the end of the taxable year, without recomputing the corresponding estimate of discounted estimated salvage recoverable as of the end of the preceding taxable year.

SEC. 13. SPECIAL RULE FOR OVERESTIMATES

.01 This section applies to: (1) any taxpayer that is required to compute a section 481 adjustment under section 8 of this revenue procedure, and (2) any taxpayer that both claims the special deduction under section 11305(c)(3) of the 1990 Act and pursuant to section 10 or 11 of this revenue procedure agrees to apply the special rule for overestimates under section 11305(c)(3) of the 1990 Act to the special deduction.

.02 For each line of business and each pre-1990 accident year within each line of business, the taxpayer must determine the undiscounted amount of salvage recoverable as of the end of the 1989 taxable year. (*See* section 4.02 or section 10.01.)

The amounts obtained for all pre-1990 accident years of all lines of business must be added together to determine the total undiscounted amount of estimated salvage recoverable as of the end of the 1989 taxable year.

.03 For each pre-1990 accident year within each line of business, the taxpayer must determine the amount of salvage recovered in each post-1989 taxable year, including the current year. The obtained results must be added together.

.04 For each pre-1990 accident year within each line of business, the taxpayer must determine the undiscounted amount of salvage recoverable as of the end of the current taxable year.

.05 The amounts obtained in sections 13.03 and 13.04 must be added together.

.06 The amount obtained in section 13.05 must be subtracted from the amount obtained in section 13.02. If the amount is positive, there is an overestimate.

.07 The taxpayer must determine the total discounted amount, for all pre-1990 accident years within all lines of business, of salvage recoverable as of the end of the 1989 taxable year that is subject to the section 481 adjustment. This is the total amount from section 8.02.

For those taxpayers that have agreed to apply the rule in this section to the special deduction (*see* sections 10 and 11), determine the total discounted estimated salvage recoverable as of the end of the 1989 taxable year that is eligible for the special deduction under section 10. This is the amount in section 10.03.

.08 The amount from section 13.07 is divided by the amount obtained in section 13.02. The result of this division should be a fraction between zero and one.

.09 The fraction obtained in section 13.08 is multiplied by the amount obtained in section 13.06.

.10 The amount obtained in section 13.09 is multiplied by 87 percent. This amount is the adjustment for overestimates under section 11305(c)(4) of the 1990 Act except as provided in section 13.11.

.11 The amount obtained in section 13.10 is reduced, but not below zero, by the sum of all the adjustments for overestimates under section 11305(c)(4) of the 1990 Act calculated for all taxable years that are prior to the current taxable year and that began after December 31, 1989. For the 1990 taxable year, this adjustment does not apply.

SEC. 14. EXAMPLES

*Example (1). X* is a property and casualty insurance company. Since 1981, *X* has written insurance policies in the fire line of business. *X* did not take salvage recoverable for the fire line of business into account in determining the underwriting income shown on its 1989 annual statement, or in determining the deduction for losses incurred for that taxable year. As of December 31, 1989, *X* had undiscounted estimated salvage recoverable for the fire line of business of $5,000, which was allocated by accident year as follows: $3,000 for the 1989 accident year, $1,500 for the 1988 accident year, and $500 for the 1987 accident year. *X* determined that it had no salvage recoverable for 1986 or prior accident years. As of December 31, 1990, *X* had undiscounted salvage recoverable for the fire line of business of $6,000, which was allocated

by accident year as follows: $3,500 for the 1990 accident year, $1,750 for the 1989 accident year, $600 for the 1988 accident year, and $150 for the 1987 accident year. See Illustration 1 for the applicable discount factors from section 15.09 that X would use to determine the adjustment for discounted estimated salvage recoverable under section 832(b)(5)(A) of the Code at the beginning and end of the 1990 taxable year.

Illustration 1

Estimated Salvage Recoverable
at 12/31/89

| Accident year | Undiscounted Salvage Recoverable | Discount Factor | Discounted Salvage Recoverable |
|---|---|---|---|
| 1989 | $ 3,000 | 83.7861 | $ 2,514 |
| 1988 | 1,500 | 86.3876 | 1,296 |
| 1987 | 500 | 88.3769 | 442 |
| Total | $ 5,000 | | Total $ 4,252 |

Estimated Salvage Recoverable
at 12/31/90

| Accident year | Undiscounted Salvage Recoverable | Discount Factor | Discounted Salvage Recoverable |
|---|---|---|---|
| 1990 | $ 3,500 | 83.7861 | $ 2,933 |
| 1989 | 1,750 | 86.3876 | 1,512 |
| 1988 | 600 | 88.3769 | 530 |
| 1987 | 150 | 90.7779 | 136 |
| Total | $ 6,000 | | Total $ 5,111 |

To determine the discounted estimated salvage recoverable as of the end of the 1989 taxable year, X discounts 1989 accident year estimated salvage recoverable using the (AY + 0) factor taken from the series of discount factors for the fire line of business in section 15.09. To determine discounted estimated salvage recoverable as of the end of the 1990 taxable year, X discounts 1990 accident year estimated salvage recoverable using the (AY + 0) factor, and discounts 1989 accident year estimated salvage recoverable using the (AY + 1) factor from the same series. Similar adjustments to the discount factors are made with respect to other pre-1990 accident years.

As X had not previously taken salvage recoverable into account in determining losses incurred for the last taxable year beginning prior to January 1, 1990, the discounted estimated salvage recoverable as of December 31, 1989 is the section 481 adjustment that would otherwise be taken into account as a result of the statutory change in accounting method regarding the treatment of salvage recoverable. Under section 11305(c)(2)(B) of the 1990 Act, however, 87 percent of this section 481 adjustment is forgiven. Thus, in computing taxable income for the 1990 taxable year and the three succeeding taxable years,

X would take into income only $553 ($4,252 × .13 = $553).

*Example (2).* The facts are the same as in example (1), except that in 1992, X determines that the sum of the actual amount of salvage recovered and the estimate of remaining undiscounted salvage recoverable with respect to 1989 and prior accident years is $4,500. As X had previously used the December 31, 1989 estimate of undiscounted salvage recoverable of $5,000 to calculate the section 481 adjustment and to determine the forgiveness (87 percent exclusion) under section 11305(c)(2)(B) of the 1990 Act, X must compute a recapture amount under the rule for overestimates in section 11305(c)(4).

To determine the inclusion in taxable income required by section 11305(c)(4) of the 1990 Act, X first multiplies the overestimate of undiscounted salvage recoverable of $500 ($5,000 undiscounted estimated salvage recoverable as of December 31, 1989 less $4,500 salvage recovered and recoverable with respect to 1989 and prior accident years) by a ratio. This ratio (.85) is determined by dividing the section 481 adjustment determined without regard to the forgiveness of section 11305(c)(2)(B) ($4,252) by the undiscounted amount of salvage recoverable as of the end of the

1989 taxable year ($5,000). The ratio adjusts the overestimate of undiscounted salvage recoverable to reflect the discounting of the section 481 adjustment ($500 × .85 = $425). Of this amount, 87 percent, or $370, must be included in X's taxable income for the 1992 taxable year.

*Example (3).* The facts are the same as in example (1), except that X took estimated salvage recoverable into account in determining the undiscounted unpaid losses shown on its 1989 and 1990 annual statements, and in determining discounted unpaid losses under section 846 as of the end of the 1989 taxable year. X has not made an election under section 846(e) to use its historical loss payment pattern. As X took estimated salvage recoverable into account in determining the deduction for losses incurred for the last taxable year beginning before January 1, 1990, X is entitled to claim the special deduction under section 11305(c)(3) of the 1990 Act. The amount of the special deduction is determined by applying the applicable published discount factor under section 846(d) to the undiscounted amount of salvage recoverable included in undiscounted unpaid losses as of December 31, 1989. See Illustration 2 for the applicable discount factors that X would apply to the undiscounted salvage recoverable as of December 31, 1989 to determine the amount of the special deduction.

Illustration 2

Estimated Salvage Recoverable
at 12/31/89

| Accident year | Undiscounted Salvage Recoverable | Discount Factor | Discounted Salvage Recoverable |
|---|---|---|---|
| 1989 | $ 3,000 | 93.2650 | $ 2,798 |
| 1988 | 1,500 | 92.8552 | 1,393 |
| 1987 | 500 | 96.5834 | 483 |
| Total | $ 5,000 | | Total $ 4,674 |

The calculation of the special deduction uses the same discount factors as $X$ used to discount the related unpaid losses under section 846 of the Code as of the end of the 1989 taxable year. Thus, $X$ discounts 1989 accident year salvage recoverable using the (AY + 0) factor from Rev. Rul. 89–66A, 1988 accident year salvage recoverable using the (AY + 1) factor from Rev. Rul. 88–63, and 1987 accident year salvage recoverable using the (AY + 2) factor from Rev. Rul. 87–34. Under section 11305(c)(3) of the 1990 Act, $X$ may deduct ratably over four taxable years 87 percent of the discounted estimated salvage recoverable that was taken into account in determining the deduction for losses incurred for the last taxable year beginning before January 1, 1990. Thus, on its return for the 1990 taxable year and each of the three succeeding taxable years, $X$ may deduct $1,017 (($4,674 × .87)/4).

$X$ must determine discounted estimated salvage recoverable for the 1990 accident year in accordance with the methodology set forth in section 4 of this revenue procedure. Consistent with the discounting method used to discount salvage recoverable for pre-1990 accident years, $X$ must discount estimated salvage recoverable for the 1990 accident year using Alternative (2). Thus, $X$'s estimate of undiscounted salvage recoverable for the 1990 accident year as of December 31, 1990 ($3,500) would be discounted by applying the (AY + 0) factor from Rev. Rul. 90–26 (93.1078).

*Example (4).* The facts are the same as in example (3), except that $X$ elects under section 11 of this revenue procedure to take estimated salvage recoverable for the 1990 accident year into account in determining discounted unpaid losses under section 846, rather than as a separate adjustment under section 832(b)(5)(A). By virtue of this election, $X$ is not required to subtract discounted estimated salvage recoverable in computing the deduction for losses incurred for the 1990 accident year. However, $X$ must agree to subject the undiscounted salvage recoverable for which $X$ claimed the special deduction to the rule for overestimates in section 11305(c)(4) of the 1990 Act. Thus, if in a subsequent taxable year cumulative salvage recoveries indicate that the amount of undiscounted estimated salvage recoverable for which $X$ claimed the special deduction was overstated, $X$ must include in taxable income for that subsequent year 87 percent of the overestimate of undiscounted salvage recoverable (adjusted for discounting used in calculating the special deduction). The recapture amount would be determined in accordance with the procedure set forth in example (2), except that in determining the ratio referred to in part I that example the discounted estimated salvage recoverable used to determine the special deduction ($4,674) would be substituted for the section 481 adjustment.

## SEC. 15. TABLES OF DISCOUNT FACTORS

.01 The following tables present separately for each line of business the discount factors for use with Alternative (1) of section 4.04. The factors generally reflect aggregate salvage recovery data

for the property and casualty insurance industry. Due to insufficient salvage data for certain long-tail lines of business (automobile liability, other liability, workers' compensation, medical malpractice, and the multiple peril lines), the factors set forth for those lines are based on the loss payment patterns published annually under section 846 of the Code as a proxy for salvage received. The loss payment pattern under section 846 is also used as a proxy for salvage received for the cancellable accident and health line of business. The factors are the same as the discount factors published in Rev. Rul. 90–26. *See* Rev. Rul. 87–34, 1987–1 C.B. 168, Rev. Rul. 88–63, 1988–2 C.B. 130, Rev. Rul. 89–66A, 1989–1 C.B. 220, and Rev. Rul. 90–26, 1990–1 C.B. 125. All the discount factors presented in this section were determined using the applicable interest rate under section 846(c) for 1990, 8.37 percent, and by assuming all salvage recoveries occur in the middle of a calendar year.

.02 The cancellable accident and health line of business is not included separately in the tables presented in this section. Using the loss payment pattern for cancellable accident and health under section 846 of the Code (that is, the assumption that losses are paid in the middle of the year following the accident year) as a proxy for the salvage received pattern, the discount factor for this line of business is 96.0606 percent for all pre-1991 accident years.

.03 Each discount factor table presents the following information: (1) the salvage receipt pattern; (2) the discounted amounts of salvage recoverable, based on item 1, as of the end of each taxable year starting with the accident year; (3) the undiscounted amounts of salvage recoverable, based on item 1, as of the end of each taxable year starting with the accident year; and (4) the discount factors, based on items 2 and 3, for use under alternative 1 of section 4.04 for each taxable year starting with the accident year.

.04 The salvage receipt patterns (item 1) are shown in the column labelled "% of S&S" for "percent of salvage and subrogation received." This column always sums to 100 percent. Each row of this column is designated as zero or more years after the accident year ("AY").

.05 The discounted amounts of salvage recoverable (item 2) as of the end

of each taxable year starting with the accident year are presented in the row labelled "Discounted." (The numbers above the "Discounted" row are intermediate values from which the discounted amounts are derived. These intermediate values show the discounting of each individual year of salvage received after the accident year. They are presented for informational purposes only.) Each of the columns designated "AY + 0", "AY + 1" and so on represent the results for a taxable year, where each taxable year (column) is referenced by the number of years that the taxable year succeeds the accident year in which the losses were incurred. For example, for calculations involving accident year 1988, the 1990 taxable year is represented by the column marked "AY + 2" because 1990 is two years after 1988, while the 1989 taxable year for calculations involving accident year 1988 is represented by the column marked "AY + 1" (since 1989 is only one year after 1988).

.06 The undiscounted amounts of salvage recoverable (item 3) as of the end of each taxable year starting with the accident year is presented in the row labelled "Undiscounted." The designation of taxable years by column is the same as described in section 15.05.

.07 The salvage discount factors for each taxable year starting with the accident year, for use with alternative 1 of section 4.04, are presented in the row labelled "Discount Factor." The discount factor from the applicable column of this row, when multiplied by the year end undiscounted amount of salvage recoverable from losses incurred in a single accident year (from section 4.03), yields the discounted estimate of salvage recoverable as of the end of the applicable taxable year. The designation of taxable years by column is the same as described in section 15.05.

.08 Within each line of business, the discount factor in the last column of the table for that line of business in section 15.09 (that is, the right most column, which factor is 96.0606 percent for every line of business for the 1990 taxable year) shall be used as the discount factor for calculations involving all accident years preceding the oldest accident year covered by that table.

.09 Tables.

## AUTOMOBILE LIABILITY (Part 1)

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
| AY + 0 | 34.3 | | | | | | | | | |
| AY + 1 | 30.9 | 29.6665 | | | | | | | | |
| AY + 2 | 15.0 | 13.3267 | 14.4421 | | | | | | | |
| AY + 3 | 8.8 | 7.2143 | 7.8182 | 8.4725 | | | | | | |
| AY + 4 | 4.8 | 3.5938 | 3.8946 | 4.2206 | 4.5738 | | | | | |
| AY + 5 | 2.7 | 1.9045 | 2.0639 | 2.2366 | 2.4238 | 2.6267 | | | | |
| AY + 6 | 1.2 | 0.7983 | 0.8651 | 0.9375 | 1.0160 | 1.1010 | 1.1932 | | | |
| AY + 7 | 0.6 | 0.3779 | 0.4096 | 0.4438 | 0.4810 | 0.5213 | 0.5649 | 0.6122 | | |
| AY + 8 | 0.2 | 0.1285 | 0.1393 | 0.1509 | 0.1636 | 0.1773 | 0.1921 | 0.2082 | 0.2256 | |
| AY + 9 | 0.3 | 0.1612 | 0.1747 | 0.1894 | 0.2052 | 0.2224 | 0.2410 | 0.2612 | 0.2830 | 0.3067 |
| AY + 10 | 0.3 | 0.1488 | 0.1612 | 0.1747 | 0.1894 | 0.2052 | 0.2224 | 0.2410 | 0.2612 | 0.2830 |
| AY + 11 | 0.3 | 0.1373 | 0.1488 | 0.1612 | 0.1747 | 0.1894 | 0.2052 | 0.2224 | 0.2410 | 0.2612 |
| AY + 12 | 0.3 | 0.1267 | 0.1373 | 0.1488 | 0.1612 | 0.1747 | 0.1894 | 0.2052 | 0.2224 | 0.2410 |
| AY + 13 | 0.1 | 0.0217 | 0.0235 | 0.0254 | 0.0276 | 0.0299 | 0.0324 | 0.0351 | 0.0380 | 0.0412 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 57.6062 | 30.2783 | 17.1616 | 9.4164 | 5.2479 | 2.8405 | 1.7852 | 1.2712 | 1.1332 |
| Undiscounted | | 65.6839 | 34.8008 | 19.7665 | 10.9465 | 6.1851 | 3.4507 | 2.2085 | 1.5713 | 1.3364 |
| Discount Factor | | 87.7021 | 87.0044 | 86.8219 | 86.0219 | 84.8471 | 82.3190 | 80.8335 | 80.9065 | 84.7922 |

## AUTOMOBILE LIABILITY (Part 2)

| Year S&S Received | Salvage Recoverable at Year End by Taxable Year (in percent) | | | |
|---|---|---|---|---|
| | AY + 9 | AY + 10 | AY + 11 | AY + 12 |
| AY + 10 | 0.3067 | | | |
| AY + 11 | 0.2830 | 0.3067 | | |
| AY + 12 | 0.2612 | 0.2830 | 0.3067 | |
| AY + 13 | 0.0447 | 0.0484 | 0.0524 | 0.0568 |
| Discounted | 0.8956 | 0.6382 | 0.3592 | 0.0568 |
| Undiscounted | 1.0171 | 0.6978- | 0.3785 | 0.0592 |
| Discount Factor | 88.0555 | 91.4560 | 94.9008 | 96.0606 |

OTHER LIABILITY (Part 1)

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
| AY + 0 | 9.2 | | | | | | | | | |
| AY + 1 | 16.2 | 15.5560 | | | | | | | | |
| AY + 2 | 14.7 | 13.0185 | 14.1081 | | | | | | | |
| AY + 3 | 15.1 | 12.3717 | 13.4072 | 14.5294 | | | | | | |
| AY + 4 | 11.0 | 8.2949 | 8.9891 | 9.7415 | 10.5569 | | | | | |
| AY + 5 | 8.9 | 6.2096 | 6.7293 | 7.2926 | 7.9030 | 8.5644 | | | | |
| AY + 6 | 5.1 | 3.2819 | 3.5566 | 3.8543 | 4.1769 | 4.5265 | 4.9054 | | | |
| AY + 7 | 4.3 | 2.5375 | 2.7499 | 2.9800 | 3.2294 | 3.4997 | 3.7927 | 4.1101 | | |
| AY + 8 | 2.2 | 1.1848 | 1.2840 | 1.3914 | 1.5079 | 1.6341 | 1.7709 | 1.9191 | 2.0797 | |
| AY + 9 | 1.0 | 0.5140 | 0.5571 | 0.6037 | 0.6542 | 0.7090 | 0.7683 | 0.8326 | 0.9023 | 0.9778 |
| AY + 10 | 1.0 | 0.4743 | 0.5140 | 0.5571 | 0.6037 | 0.6542 | 0.7090 | 0.7683 | 0.8326 | 0.9023 |
| AY + 11 | 1.0 | 0.4377 | 0.4743 | 0.5140 | 0.5571 | 0.6037 | 0.6542 | 0.7090 | 0.7683 | 0.8326 |
| AY + 12 | 1.0 | 0.4039 | 0.4377 | 0.4743 | 0.5140 | 0.5571 | 0.6037 | 0.6542 | 0.7090 | 0.7683 |
| AY + 13 | 1.0 | 0.3727 | 0.4039 | 0.4377 | 0.4743 | 0.5140 | 0.5571 | 0.6037 | 0.6542 | 0.7090 |
| AY + 14 | 1.0 | 0.3439 | 0.3727 | 0.4039 | 0.4377 | 0.4743 | 0.5140 | 0.5571 | 0.6037 | 0.6542 |
| AY + 15 | 7.2 | 2.2539 | 2.4425 | 2.6470 | 2.8685 | 3.1086 | 3.3688 | 3.6508 | 3.9564 | 4.2875 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 67.2552 | 56.0265 | 45.4270 | 33.4837 | 24.8458 | 17.6441 | 13.8049 | 10.5062 | 9.1318 |
| Undiscounted | | 90.7988 | 74.6049 | 59.9182 | 44.7930 | 33.8031 | 24.8875 | 19.7809 | 15.5022 | 13.3372 |
| Discount Factor | | 74.0706 | 75.0977 | 75.8150 | 74.7521 | 73.5014 | 70.8954 | 69.7890 | 67.7723 | 68.4684 |

OTHER LIABILITY (Part 2)

| Year S&S Received | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
|---|---|---|---|---|---|---|
| | AY + 9 | AY + 10 | AY + 11 | AY + 12 | AY + 13 | AY + 14 |
| AY + 10 | 0.9778 | | | | | |
| AY + 11 | 0.9023 | 0.9778 | | | | |
| AY + 12 | 0.8326 | 0.9023 | 0.9778 | | | |
| AY + 13 | 0.7683 | 0.8326 | 0.9023 | 0.9778 | | |
| AY + 14 | 4.6464 | 5.0353 | 5.4567 | 5.9135 | 6.4084 | |
| AY + 15 | 0.0000 | 0.0000 | 0.0000 | 0.0000 | 0.0000 | 0.0000 |
| | | | | | | |
| Discounted | 8.8364 | 8.5163 | 8.1695 | 7.7936 | 7.3862 | 6.9448 |
| Undiscounted | 12.3193 | 11.3013 | 10.2834 | 9.2655 | 8.2475 | 7.2296 |
| Discount Factor | 71.7285 | 75.3570 | 79.4435 | 84.1145 | 89.5571 | 96.0606 |

WORKERS' COMPENSATION (Part 1)

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
| AY + 0 | 25.9 | | | | | | | | | |
| AY + 1 | 28.6 | 27.4797 | | | | | | | | |
| AY + 2 | 13.3 | 11.8171 | 12.8062 | | | | | | | |
| AY + 3 | 7.7 | 6.3329 | 6.8629 | 7.4374 | | | | | | |
| AY + 4 | 4.5 | 3.3775 | 3.6602 | 3.9665 | 4.2985 | | | | | |
| AY + 5 | 3.5 | 2.4402 | 2.6445 | 2.8658 | 3.1057 | 3.3656 | | | | |
| AY + 6 | 1.9 | 1.2110 | 1.3123 | 1.4222 | 1.5412 | 1.6702 | 1.8100 | | | |
| AY + 7 | 1.7 | 1.0239 | 1.1096 | 1.2024 | 1.3031 | 1.4122 | 1.5303 | 1.6584 | | |
| AY + 8 | 1.5 | 0.8216 | 0.8904 | 0.9649 | 1.0456 | 1.1332 | 1.2280 | 1.3308 | 1.4422 | |
| AY + 9 | 0.6 | 0.3144 | 0.3407 | 0.3692 | 0.4001 | 0.4336 | 0.4699 | 0.5093 | 0.5519 | 0.5981 |
| AY + 10 | 0.6 | 0.2901 | 0.3144 | 0.3407 | 0.3692 | 0.4001 | 0.4336 | 0.4699 | 0.5093 | 0.5519 |
| AY + 11 | 0.6 | 0.2677 | 0.2901 | 0.3144 | 0.3407 | 0.3692 | 0.4001 | 0.4336 | 0.4699 | 0.5093 |
| AY + 12 | 0.6 | 0.2470 | 0.2677 | 0.2901 | 0.3144 | 0.3407 | 0.3692 | 0.4001 | 0.4336 | 0.4699 |
| AY + 13 | 0.6 | 0.2280 | 0.2470 | 0.2677 | 0.2901 | 0.3144 | 0.3407 | 0.3692 | 0.4001 | 0.4336 |
| AY + 14 | 0.6 | 0.2104 | 0.2280 | 0.2470 | 0.2677 | 0.2901 | 0.3144 | 0.3407 | 0.3692 | 0.4001 |
| AY + 15 | 7.6 | 2.3619 | 2.5595 | 2.7738 | 3.0059 | 3.2575 | 3.5302 | 3.8257 | 4.1459 | 4.4929 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 58.4232 | 33.5336 | 22.4622 | 16.2824 | 12.9870 | 10.4266 | 9.3379 | 8.3222 | 7.4559 |
| Undiscounted | | 74.0824 | 45.4758 | 32.1444 | 24.4021 | 19.9273 | 16.4236 | 14.5394 | 12.8129 | 11.3116 |
| Discount Factor | | 78.8625 | 73.7393 | 69.8790 | 66.7257 | 65.1719 | 63.4857 | 64.2246 | 64.9515 | 65.9134 |

WORKERS' COMPENSATION (Part 2)

| Year S&S Received | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
|---|---|---|---|---|---|---|
| | AY + 9 | AY + 10 | AY + 11 | AY + 12 | AY + 13 | AY + 14 |
| AY + 10 | 0.5981 | | | | | |
| AY + 11 | 0.5519 | 0.5981 | | | | |
| AY + 12 | 0.5093 | 0.5519 | 0.5981 | | | |
| AY + 13 | 0.4699 | 0.5093 | 0.5519 | 0.5981 | | |
| AY + 14 | 4.8689 | 5.2765 | 5.7181 | 6.1967 | 6.7154 | |
| AY + 15 | 0.0000 | 0.0000 | 0.0000 | 0.0000 | 0.0000 | 0.0000 |
| | | | | | | |
| Discounted | 7.4318 | 7.4057 | 7.3774 | 7.3467 | 7.3135 | 7.2775 |
| Undiscounted | 10.6890 | 10.0664 | 9.4438 | 8.8211 | 8.1985 | 7.5759 |
| Discount Factor | 69.5274 | 73.5684 | 78.1190 | 83.2852 | 89.2048 | 96.0606 |

MEDICAL MALPRACTICE (Part 1)

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
| AY + 0 | 3.0 | | | | | | | | | |
| AY + 1 | 10.0 | 9.5693 | | | | | | | | |
| AY + 2 | 10.4 | 9.2599 | 10.0350 | | | | | | | |
| AY + 3 | 12.2 | 9.9396 | 10.7716 | 11.6732 | | | | | | |
| AY + 4 | 9.9 | 7.4740 | 8.0996 | 8.7775 | 9.5122 | | | | | |
| AY + 5 | 8.3 | 5.7612 | 6.2435 | 6.7660 | 7.3324 | 7.9461 | | | | |
| AY + 6 | 7.0 | 4.5191 | 4.8974 | 5.3073 | 5.7515 | 6.2329 | 6.7546 | | | |
| AY + 7 | 6.5 | 3.8359 | 4.1570 | 4.5049 | 4.8820 | 5.2906 | 5.7334 | 6.2133 | | |
| AY + 8 | 5.1 | 2.8061 | 3.0410 | 3.2955 | 3.5713 | 3.8702 | 4.1942 | 4.5452 | 4.9257 | |
| AY + 9 | 2.7 | 1.3818 | 1.4975 | 1.6228 | 1.7586 | 1.9058 | 2.0653 | 2.2382 | 2.4255 | 2.6286 |
| AY + 10 | 2.7 | 1.2751 | 1.3818 | 1.4975 | 1.6228 | 1.7586 | 1.9058 | 2.0653 | 2.2382 | 2.4255 |
| AY + 11 | 2.7 | 1.1766 | 1.2751 | 1.3818 | 1.4975 | 1.6228 | 1.7586 | 1.9058 | 2.0653 | 2.2382 |
| AY + 12 | 2.7 | 1.0857 | 1.1766 | 1.2751 | 1.3818 | 1.4975 | 1.6228 | 1.7586 | 1.9058 | 2.0653 |
| AY + 13 | 2.7 | 1.0019 | 1.0857 | 1.1766 | 1.2751 | 1.3818 | 1.4975 | 1.6228 | 1.7586 | 1.9058 |
| AY + 14 | 2.7 | 0.9245 | 1.0019 | 1.0857 | 1.1766 | 1.2751 | 1.3818 | 1.4975 | 1.6228 | 1.7586 |
| AY + 15 | 11.2 | 3.4911 | 3.7834 | 4.1000 | 4.4432 | 4.8151 | 5.2181 | 5.6549 | 6.1282 | 6.6411 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 63.5019 | 58.4467 | 52.4638 | 44.2048 | 37.5964 | 32.1321 | 27.5016 | 23.0701 | 19.6631 |
| Undiscounted | | 96.9780 | 87.0162 | 76.5697 | 64.4179 | 54.5156 | 46.2437 | 39.2120 | 32.7440 | 27.6163 |
| Discount Factor | | 65.4807 | 67.1676 | 68.5177 | 68.6220 | 68.9645 | 69.4843 | 70.1355 | 70.4561 | 71.2012 |

MEDICAL MALPRACTICE (Part 2)

| Year S&S Received | Salvage Recoverable at Year End by Taxable-Year (in percent) | | | | | |
|---|---|---|---|---|---|---|
| | AY + 9 | AY + 10 | AY + 11 | AY + 12 | AY + 13 | AY + 14 |
| AY + 10 | 2.6286 | | | | | |
| AY + 11 | 2.4255 | 2.6286 | | | | |
| AY + 12 | 2.2382 | 2.4255 | 2.6286 | | | |
| AY + 13 | 2.0653 | 2.2382 | 2.4255 | 2.6286 | | |
| AY + 14 | 7.1970 | 7.7994 | 8.4522 | 9.1596 | 9.9263 | |
| AY + 15 | 0.0000 | 0.0000 | 0.0000 | 0.0000 | 0.0000 | 0.0000 |
| Discounted | 18.4604 | 17.1570 | 15.7444 | 14.2137 | 12.5548 | 10.7571 |
| Undiscounted | 24.8800 | 22.1436 | 19.4073 | 16.6709 | 13.9346 | 11.1982 |
| Discount Factor | 74.1978 | 77.4804 | 81.1265 | 85.2604 | 90.0983 | 96.0606 |

MULTI-PERIL (Part 1)

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
| AY + 0 | 55.7 | | | | | | | | | |
| AY + 1 | 23.4 | 22.4649 | | | | | | | | |
| AY + 2 | 7.3 | 6.4971 | 7.0409 | | | | | | | |
| AY + 3 | 4.7 | 3.8823 | 4.2073 | 4.5594 | | | | | | |
| AY + 4 | 3.1 | 2.3038 | 2.4966 | 2.7056 | 2.9320 | | | | | |
| AY + 5 | 2.4 | 1.6926 | 1.8343 | 1.9878 | 2.1542 | 2.3345 | | | | |
| AY + 6 | 1.1 | 0.6764 | 0.7330 | 0.7943 | 0.8608 | 0.9329 | 1.0109 | | | |
| AY + 7 | 0.4 | 0.2282 | 0.2473 | 0.2680 | 0.2904 | 0.3147 | 0.3410 | 0.3696 | | |
| AY + 8 | 0.7 | 0.3719 | 0.4030 | 0.4367 | 0.4733 | 0.5129 | 0.5558 | 0.6023 | 0.6527 | |
| AY + 9 | 0.3 | 0.1598 | 0.1732 | 0.1877 | 0.2034 | 0.2204 | 0.2389 | 0.2589 | 0.2805 | 0.3040 |
| AY + 10 | 0.3 | 0.1475 | 0.1598 | 0.1732 | 0.1877 | 0.2034 | 0.2204 | 0.2389 | 0.2589 | 0.2805 |
| AY + 11 | 0.3 | 0.1361 | 0.1475 | 0.1598 | 0.1732 | 0.1877 | 0.2034 | 0.2204 | 0.2389 | 0.2589 |
| AY + 12 | 0.2 | 0.0976 | 0.1057 | 0.1146 | 0.1242 | 0.1345 | 0.1458 | 0.1580 | 0.1712 | 0.1856 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 38.6581 | 17.5486 | 11.3871 | 7.3992 | 4.8411 | 2.7163 | 1.8481 | 1.6023 | 1.0290 |
| Undiscounted | | 44.2568 | 20.8706 | 13.5409 | 8.7945 | 5.7423 | 3.3120 | 2.2596 | 1.8748 | 1.1953 |
| Discount Factor | | 87.3496 | 84.0827 | 84.0941 | 84.1339 | 84.3056 | 82.0146 | 81.7897 | 85.4617 | 86.0856 |

MULTI-PERIL (Part 2)

| Year S&S Received | Salvage Recoverable at Year End by Taxable Year (in percent) | | |
|---|---|---|---|
| | AY + 9 | AY + 10 | AY + 11 |
| AY + 10 | 0.3040 | | |
| AY + 11 | 0.2805 | 0.3040 | |
| AY + 12 | 0.2011 | 0.2179 | 0.2362 |
| Discounted | 0.7857 | 0.5220 | 0.2362 |
| Undiscounted | 0.8788 | 0.5624 | 0.2459 |
| Discount Factor | 89.3980 | 92.8170 | 96.0606 |

FIRE

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 |
| AY + 0 | 21.7 | | | | | | |
| AY + 1 | 19.5 | 18.7318 | | | | | |
| AY + 2 | 19.6 | 17.3737 | 18.8279 | | | | |
| AY + 3 | 14.7 | 12.0239 | 13.0303 | 14.1209 | | | |
| AY + 4 | 11.3 | 8.5290 | 9.2428 | 10.0165 | 10.8549 | | |
| AY + 5 | 8.6 | 5.9897 | 6.4911 | 7.0344 | 7.6232 | 8.2612 | |
| AY + 6 | 4.6 | 2.9564 | 3.2038 | 3.4720 | 3.7626 | 4.0775 | 4.4188 |
| Total | 100.0 | | | | | | |
| Discounted | | 65.6045 | 50.7959 | 34.6437 | 22.2406 | 12.3387 | 4.4188 |
| Undiscounted | | 78.3000 | 58.8000 | 39.2000 | 24.5000 | 13.2000 | 4.6000 |
| Discount Factor | | 83.7861 | 86.3876 | 88.3769 | 90.7779 | 93.4751 | 96.0606 |

## ALLIED LINES

| Year S&S Received | % of Total | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 |
|---|---|---|---|---|---|---|---|---|
| | | | | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | |
| AY + 0 | 29.3 | | | | | | | |
| AY + 1 | 23.0 | 22.0939 | | | | | | |
| AY + 2 | 18.4 | 16.3100 | 17.6752 | | | | | |
| AY + 3 | 12.5 | 10.2244 | 11.0802 | 12.0076 | | | | |
| AY + 4 | 8.9 | 6.7175 | 7.2798 | 7.8891 | 8.5494 | | | |
| AY + 5 | 4.5 | 3.1342 | 3.3965 | 3.6808 | 3.9889 | 4.3227 | | |
| AY + 6 | 2.5 | 1.6067 | 1.7412 | 1.8869 | 2.0449 | 2.2160 | 2.4015 | |
| AY + 7 | 0.9 | 0.5337 | 0.5784 | 0.6268 | 0.6793 | 0.7362 | 0.7978 | 0.8645 |
| Total | 100.0 | | | | | | | |
| Discounted | | 60.6205 | 41.7512 | 26.0912 | 15.2624 | 7.2749 | 3.1993 | 0.8645 |
| Undiscounted | | 70.7000 | 47.7000 | 29.3000 | 16.8000 | 7.9000 | 3.4000 | 0.9000 |
| Discount Factor | | 85.7433 | 87.5287 | 89.0485 | 90.8478 | 92.0876 | 94.0967 | 96.0606 |

## INLAND MARINE

| Year S&S Received | % of Total | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 |
|---|---|---|---|---|---|---|
| | | | | Salvage Recoverable at Year End by Taxable Year (in percent) | | |
| AY + 0 | 27.1 | | | | | |
| AY + 1 | 29.4 | 28.2418 | | | | |
| AY + 2 | 24.3 | 21.5398 | 23.3427 | | | |
| AY + 3 | 11.9 | 9.7336 | 10.5483 | 11.4312 | | |
| AY + 4 | 6.5 | 4.9060 | 5.3167 | 5.7617 | 6.2439 | |
| AY + 5 | 0.8 | 0.5572 | 0.6038 | 0.6544 | 0.7091 | 0.7685 |
| Total | 100.0 | | | | | |
| Discounted | | 64.9785 | 39.8116 | 17.8473 | 6.9531 | 0.7685 |
| Undiscounted | | 72.9000 | 43.5000 | 19.2000 | 7.3000 | 0.8000 |
| Discount Factor | | 89.1338 | 91.5208 | 92.9545 | 95.2476 | 96.0606 |

## FINANCIAL GUARANTY

| Year S&S Received | % of Total | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 |
|---|---|---|---|---|---|---|
| | | | | Salvage Recoverable at Year End by Taxable Year (in percent) | | |
| AY + 0 | 48.8 | | | | | |
| AY + 1 | 23.9 | 22.9585 | | | | |
| AY + 2 | 12.8 | 11.3461 | 12.2958 | | | |
| AY + 3 | 7.3 | 5.9710 | 6.4708 | 7.0124 | | |
| AY + 4 | 5.3 | 4.0003 | 4.3351 | 4.6980 | 5.0912 | |
| AY + 5 | 1.9 | 1.3233 | 1.4341 | 1.5541 | 1.6842 | 1.8252 |
| Total | 100.0 | | | | | |
| Discounted | | 45.5993 | 24.5358 | 13.2645 | 6.7754 | 1.8252 |
| Undiscounted | | 51.2000 | 27.3000 | 14.5000 | 7.2000 | 1.9000 |
| Discount Factor | | 89.0610 | 89.8747 | 91.4795 | 94.1028 | 96.0606 |

## GROUP ACCIDENT AND HEALTH

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 |
| AY + 0 | 19.8 | | | | | | |
| AY + 1 | 34.1 | 32.7567 | | | | | |
| AY + 2 | 26.6 | 23.5786 | 25.5521 | | | | |
| AY + 3 | 11.7 | 9.5700 | 10.3710 | 11.2391 | | | |
| AY + 4 | 5.7 | 4.3022 | 4.6623 | 5.0526 | 5.4755 | | |
| AY + 5 | 1.5 | 1.0447 | 1.1322 | 1.2269 | 1.3296 | 1.4409 | |
| AY + 6 | 0.6 | 0.3856 | 0.4179 | 0.4529 | 0.4908 | 0.5318 | 0.5764 |
| Total | 100.0 | | | | | | |
| Discounted | | 71.6379 | 42.1355 | 17.9714 | 7.2958 | 1.9728 | 0.5764 |
| Undiscounted | | 80.2000 | 46.1000 | 19.5000 | 7.8000 | 2.1000 | 0.6000 |
| Discount Factor | | 89.3240 | 91.4003 | 92.1613 | 93.5365 | 93.9408 | 96.0606 |

## OTHER ACCIDENT AND HEALTH

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
| AY + 0 | 23.5 | | | | | | | | | |
| AY + 1 | 32.5 | 31.2197 | | | | | | | | |
| AY + 2 | 17.9 | 15.8668 | 17.1949 | | | | | | | |
| AY + 3 | 9.3 | 7.6069 | 8.2436 | 8.9336 | | | | | | |
| AY + 4 | 5.7 | 4.3022 | 4.6623 | 5.0526 | 5.4755 | | | | | |
| AY + 5 | 3.7 | 2.5770 | 2.7927 | 3.0264 | 3.2797 | 3.5542 | | | | |
| AY + 6 | 2.9 | 1.8638 | 2.0198 | 2.1889 | 2.3721 | 2.5706 | 2.7858 | | | |
| AY + 7 | 1.5 | 0.8896 | 0.9640 | 1.0447 | 1.1322 | 1.2269 | 1.3296 | 1.4409 | | |
| AY + 8 | 1.5 | 0.8209 | 0.8896 | 0.9640 | 1.0447 | 1.1322 | 1.2269 | 1.3296 | 1.4409 | |
| AY + 9 | 1.5 | 0.7575 | 0.8209 | 0.8896 | 0.9640 | 1.0447 | 1.1322 | 1.2269 | 1.3296 | 1.4409 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 65.9044 | 37.5878 | 22.0998 | 14.2682 | 9.5287 | 6.4745 | 3.9975 | 2.7705 | 1.4409 |
| Undiscounted | | 76.5000 | 44.0000 | 26.1000 | 16.8000 | 11.1000 | 7.4000 | 4.5000 | 3.0000 | 1.5000 |
| Discount Factor | | 86.1495 | 85.4267 | 84.6735 | 84.9295 | 85.8437 | 87.4928 | 88.8324 | 92.3510 | 96.0606 |

## AUTO PHYSICAL DAMAGE

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | |
|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 |
| AY + 0 | 48.9 | | | |
| AY + 1 | 39.3 | 37.7518 | | |
| AY + 2 | 9.5 | 8.4209 | 9.1258 | |
| AY + 3 | 2.3 | 1.8813 | 2.0388 | 2.2094 |
| Total | 100.0 | | | |
| Discounted | | 48.0540 | 11.1645 | 2.2094 |
| Undiscounted | | 51.1000 | 11.8000 | 2.3000 |
| Discount Factor | | 94.0392 | 94.6145 | 96.0606 |

FIDELITY

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
| AY + 0 | 5.4 | | | | | | | | | |
| AY + 1 | 12.9 | 12.3918 | | | | | | | | |
| AY + 2 | 20.3 | 17.9942 | 19.5003 | | | | | | | |
| AY + 3 | 15.1 | 12.3511 | 13.3848 | 14.5052 | | | | | | |
| AY + 4 | 12.0 | 9.0573 | 9.8154 | 10.6370 | 11.5273 | | | | | |
| AY + 5 | 9.8 | 6.8255 | 7.3968 | 8.0159 | 8.6869 | 9.4139 | | | | |
| AY + 6 | 8.0 | 5.1415 | 5.5718 | 6.0382 | 6.5436 | 7.0913 | 7.6849 | | | |
| AY + 7 | 6.8 | 4.0327 | 4.3703 | 4.7361 | 5.1325 | 5.5621 | 6.0276 | 6.5321 | | |
| AY + 8 | 5.9 | 3.2287 | 3.4990 | 3.7919 | 4.1092 | 4.4532 | 4.8259 | 5.2298 | 5.6676 | |
| AY + 9 | 3.8 | 1.9189 | 2.0795 | 2.2536 | 2.4422 | 2.6466 | 2.8681 | 3.1082 | 3.3684 | 3.6503 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 72.9418 | 65.6180 | 49.9778 | 37.4417 | 29.1671 | 21.4065 | 14.8702 | 9.0359 | 3.6503 |
| Undiscounted | | 94.6000 | 81.7000 | 61.4000 | 46.3000 | 34.3000 | 24.5000 | 16.5000 | 9.7000 | 3.8000 |
| Discount Factor | | 77.1055 | 80.3158 | 81.3970 | 83.0274 | 85.0354 | 87.3736 | 90.1223 | 93.1541 | 96.0606 |

SURETY

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 |
| AY + 0 | 13.6 | | | | | | | | |
| AY + 1 | 16.4 | 15.7539 | | | | | | | |
| AY + 2 | 19.9 | 17.6396 | 19.1161 | | | | | | |
| AY + 3 | 15.5 | 12.6782 | 13.7394 | 14.8894 | | | | | |
| AY + 4 | 12.5 | 9.4347 | 10.2244 | 11.0802 | 12.0076 | | | | |
| AY + 5 | 10.1 | 7.0345 | 7.6232 | 8.2613 | 8.9528 | 9.7021 | | | |
| AY + 6 | 7.3 | 4.6916 | 5.0843 | 5.5099 | 5.9710 | 6.4708 | 7.0124 | | |
| AY + 7 | 3.8 | 2.2536 | 2.4422 | 2.6466 | 2.8681 | 3.1082 | 3.3684 | 3.6503 | |
| AY + 8 | 0.9 | 0.4925 | 0.5337 | 0.5784 | 0.6268 | 0.6793 | 0.7362 | 0.7978 | 0.8645 |
| Total | 100.0 | | | | | | | | |
| Discounted | | 69.9787 | 58.7634 | 42.9658 | 30.4264 | 19.9605 | 11.1170 | 4.4481 | 0.8645 |
| Undiscounted | | 86.4000 | 70.0000 | 50.1000 | 34.6000 | 22.1000 | 12.0000 | 4.7000 | 0.9000 |
| Discount Factor | | 80.9939 | 83.9477 | 85.7601 | 87.9375 | 90.3188 | 92.6413 | 94.6399 | 96.0606 |

GLASS

| Year S&S Received | % of Total | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
|---|---|---|---|---|---|---|---|
| | | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 |
| AY + 0 | 27.7 | | | | | | |
| AY + 1 | 34.2 | 32.8527 | | | | | |
| AY + 2 | 21.9 | 19.4125 | 21.0373 | | | | |
| AY + 3 | 9.7 | 7.9341 | 8.5982 | 9.3179 | | | |
| AY + 4 | 4.7 | 3.5474 | 3.8444 | 4.1661 | 4.5148 | | |
| AY + 5 | 1.3 | 0.9054 | 0.9812 | 1.0633 | 1.1523 | 1.2488 | |
| AY + 6 | 0.5 | 0.3213 | 0.3482 | 0.3774 | 0.4090 | 0.4432 | 0.4803 |
| Total | 100.0 | | | | | | |
| Discounted | | 64.9735 | 34.8093 | 14.9248 | 6.0762 | 1.6920 | 0.4803 |
| Undiscounted | | 72.3000 | 38.1000 | 16.2000 | 6.5000 | 1.8000 | 0.5000 |
| Discount Factor | | 89.8666 | 91.3630 | 92.1281 | 93.4794 | 93.9997 | 96.0606 |

BURGLARY AND THEFT

| Year S&S Received | % of Total | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
| AY + 0 | 20.2 | | | | | | | | | |
| AY + 1 | 34.7 | 33.3330 | | | | | | | | |
| AY + 2 | 23.4 | 20.7421 | 22.4782 | | | | | | | |
| AY + 3 | 10.8 | 8.8339 | 9.5733 | 10.3745 | | | | | | |
| AY + 4 | 5.6 | 4.2267 | 4.5805 | 4.9639 | 5.3794 | | | | | |
| AY + 5 | 2.4 | 1.6716 | 1.8115 | 1.9631 | 2.1274 | 2.3055 | | | | |
| AY + 6 | 1.0 | 0.6427 | 0.6965 | 0.7548 | 0.8180 | 0.8864 | 0.9606 | | | |
| AY + 7 | 0.8 | 0.4744 | 0.5142 | 0.5572 | 0.6038 | 0.6544 | 0.7091 | 0.7685 | | |
| AY + 8 | 0.6 | 0.3283 | 0.3558 | 0.3856 | 0.4179 | 0.4529 | 0.4908 | 0.5318 | 0.5764 | |
| AY + 9 | 0.5 | 0.2525 | 0.2736 | 0.2965 | 0.3213 | 0.3482 | 0.3774 | 0.4090 | 0.4432 | 0.4803 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 70.5053 | 40.2835 | 19.2956 | 9.6678 | 4.6473 | 2.5379 | 1.7093 | 1.0196 | 0.4803 |
| Undiscounted | | 79.8000 | 45.1000 | 21.7000 | 10.9000 | 5.3000 | 2.9000 | 1.9000 | 1.1000 | 0.5000 |
| Discount Factor | | 88.3524 | 89.3205 | 88.9200 | 88.6953 | 87.6856 | 87.5137 | 89.9636 | 92.6882 | 96.0606 |

CREDIT

| Year S&S Received | % of Total | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 |
|---|---|---|---|---|---|---|---|
| | | | | Salvage Recoverable at Year End by Taxable Year (in percent) | | | |
| AY + 0 | 20.8 | | | | | | |
| AY + 1 | 27.4 | 26.3206 | | | | | |
| AY + 2 | 23.9 | 21.1853 | 22.9585 | | | | |
| AY + 3 | 14.2 | 11.6149 | 12.5871 | 13.6406 | | | |
| AY + 4 | 8.9 | 6.7175 | 7.2798 | 7.8891 | 8.5494 | | |
| AY + 5 | 4.1 | 2.8556 | 3.0946 | 3.3536 | 3.6343 | 3.9385 | |
| AY + 6 | 0.7 | 0.4499 | 0.4875 | 0.5283 | 0.5726 | 0.6205 | 0.6724 |
| Total | 100.0 | | | | | | |
| Discounted | | 69.1438 | 46.4074 | 25.4116 | 12.7563 | 4.5590 | 0.6724 |
| Undiscounted | | 79.2000 | 51.8000 | 27.9000 | 13.7000 | 4.8000 | 0.7000 |
| Discount Factor | | 87.3027 | 89.5897 | 91.0811 | 93.1114 | 94.9787 | 96.0606 |

RE-INSURANCE

| Year S&S Received | % of Total | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
| AY + 0 | 3.2 | | | | | | | | | |
| AY + 1 | 7.6 | 7.3006 | | | | | | | | |
| AY + 2 | 15.2 | 13.4735 | 14.6012 | | | | | | | |
| AY + 3 | 13.7 | 11.2059 | 12.1439 | 13.1603 | | | | | | |
| AY + 4 | 11.9 | 8.9818 | 9.7336 | 10.5483 | 11.4312 | | | | | |
| AY + 5 | 10.9 | 7.5916 | 8.2271 | 8.9157 | 9.6619 | 10.4706 | | | | |
| AY + 6 | 9.9 | 6.3626 | 6.8952 | 7.4723 | 8.0977 | 8.7755 | 9.5100 | | | |
| AY + 7 | 9.5 | 5.6340 | 6.1055 | 6.6166 | 7.1704 | 7.7705 | 8.4209 | 9.1258 | | |
| AY + 8 | 9.2 | 5.0347 | 5.4561 | 5.9127 | 6.4076 | 6.9439 | 7.5251 | 8.1550 | 8.8376 | |
| AY + 9 | 8.9 | 4.4943 | 4.8705 | 5.2781 | 5.7199 | 6.1987 | 6.7175 | 7.2798 | 7.8891 | 8.5494 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 70.0790 | 68.0330 | 57.9040 | 48.4888 | 40.1593 | 32.1736 | 24.5605 | 16.7267 | 8.5494 |
| Undiscounted | | 96.8000 | 89.2000 | 74.0000 | 60.3000 | 48.4000 | 37.5000 | 27.6000 | 18.1000 | 9.0000 |
| Discount Factor | | 72.3957 | 76.2702 | 78.2487 | 80.4125 | 82.9737 | 85.7962 | 88.9874 | 92.4125 | 96.0606 |

MISCELLANEOUS CASUALTY

| Year S&S Received | % of Total | AY + 0 | AY + 1 | AY + 2 | AY + 3 | AY + 4 | AY + 5 | AY + 6 | AY + 7 | AY + 8 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Salvage Recoverable at Year End by Taxable Year (in percent) | | | | | |
| AY + 0 | 17.9 | | | | | | | | | |
| AY + 1 | 18.8 | 18.0594 | | | | | | | | |
| AY + 2 | 19.9 | 17.6396 | 19.1161 | | | | | | | |
| AY + 3 | 14.0 | 11.4513 | 12.4098 | 13.4485 | | | | | | |
| AY + 4 | 10.6 | 8.0006 | 8.6703 | 9.3960 | 10.1824 | | | | | |
| AY + 5 | 7.4 | 5.1540 | 5.5853 | 6.0528 | 6.5595 | 7.1085 | | | | |
| AY + 6 | 5.3 | 3.4062 | 3.6913 | 4.0003 | 4.3351 | 4.6980 | 5.0912 | | | |
| AY + 7 | 3.2 | 1.8978 | 2.0566 | 2.2287 | 2.4153 | 2.6174 | 2.8365 | 3.0739 | | |
| AY + 8 | 1.8 | 0.9850 | 1.0675 | 1.1568 | 1.2537 | 1.3586 | 1.4723 | 1.5955 | 1.7291 | |
| AY + 9 | 1.1 | 0.5555 | 0.6020 | 0.6524 | 0.7070 | 0.7661 | 0.8303 | 0.8997 | 0.9751 | 1.0567 |
| Total | 100.0 | | | | | | | | | |
| Discounted | | 67.1495 | 53.1989 | 36.9356 | 25.4529 | 16.5486 | 10.2303 | 5.5692 | 2.7041 | 1.0567 |
| Undiscounted | | 82.1000 | 63.3000 | 43.4000 | 29.4000 | 18.8000 | 11.4000 | 6.1000 | 2.9000 | 1.1000 |
| Discount Factor | | 81.7898 | 84.0425 | 85.1050 | 86.5746 | 88.0247 | 89.7395 | 91.2989 | 93.2464 | 96.0606 |

SEC. 16. INQUIRIES

Inquiries concerning this revenue procedure should refer to its number and be addressed to the Office of the Assistant Chief Counsel (Financial Institutions and Products), Branch 4 (CC:FI&P:4), P.O. Box 7604, Ben Franklin Station, Washington, D.C. 20044.

SEC. 17. EFFECTIVE DATE

This revenue procedure applies to taxable years beginning after December 31, 1989.

---

*26 CFR 601.601: Rules and regulations.*
*(Also Part I, Sections 1272, 1276, 1278, 1286;*
*1.1286–1T.)*

administrative guidance concerning the proper amount of deduction for property and casualty insurance companies that, pursuant to regulations, increase unpaid losses by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses shown on the company's annual statement.

## SEC. 2. BACKGROUND

Section 832(b)(3) of the Internal Revenue Code defines the "underwriting income" of a property and casualty insurance company subject to tax under section 831 as premiums earned less losses incurred and expenses incurred. Under section 832(b)(5)(A), "losses incurred" are computed by taking into account paid losses, unpaid losses, and salvage and reinsurance. Paid losses are to be reduced by salvage and reinsurance recovered during the taxable year. This amount is adjusted to reflect changes in discounted unpaid losses on nonlife insurance contracts and in unpaid losses on life insurance contracts. An adjustment is then made to reflect any change in discounted estimated salvage recoverable and in reinsurance recoverable.

Under section 846(b)(1) of the Code, the starting point for determining discounted unpaid losses for federal income tax purposes is the amount of unpaid losses reported on the annual statement approved by the National Association of Insurance Commissioners that the taxpayer is required to file with insurance regulatory authorities of a state.

Some taxpayers have taken estimated salvage recoverable into account in determining the unpaid losses on their annual statement. For these taxpayers, the requirement that estimated salvage recoverable be taken into account separately in computing losses incurred may result in a double counting of estimated salvage recoverable. Under section 1.832-4(d) of the Income Tax Regulations, a taxpayer that has taken estimated salvage recoverable into account in determining the amount of unpaid losses reported on the annual statement may increase its unpaid losses for tax purposes by the amount of estimated salvage recoverable taken into account in determining those unpaid losses provided this amount is disclosed to the state regulatory authorities.

**Rev. Proc. 92-77**

## SECTION 1. PURPOSE

This revenue procedure provides

Section 1.832-4(d)(2) of the regulations provides rules for making the disclosure. Under the regulations, a taxpayer is allowed, for any taxable year, to adjust the amount of unpaid losses shown on its annual statement by estimated salvage recoverable if the taxpayer either (i) discloses on its annual statement, by line of business and accident year, the extent to which estimated salvage recoverable was taken into account in determining the amount of unpaid losses shown on the annual statement, or (ii) files a statement with the state regulatory authority of each state to which the taxpayer is required to submit an annual statement. The statement must disclose, by line of business and accident year, the extent to which estimated salvage recoverable was taken into account in computing the unpaid losses shown on the annual statement. The statement must be filed on or before the due date of the taxpayer's federal income tax return (determined without regard to extensions). A transitional rule for taxable years ending before December 31, 1991, provides that a taxpayer is deemed to satisfy the disclosure requirement if the statement for those years is filed before March 17, 1992.

## SEC. 3. SCOPE

This revenue procedure applies to any taxpayer that is required to include in income an estimate of salvage recoverable under section 832(b)(5) of the Code.

## SEC. 4. PROCEDURE

.01 A taxpayer described in section 3 of this revenue procedure may increase unpaid losses for tax purposes by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses shown on its annual statement if the following conditions are met:

(1) Except as provided in other guidance published in the Internal Revenue Bulletin, the taxpayer complies with the disclosure requirement set forth in section 1.832-4(d)(2) of the regulations; and

(2) The estimated salvage recoverable that reduced unpaid losses is separately taken into account in accordance with section 832(b)(5)(A)(iii) of the Code. *See* Rev. Proc. 91-48, 1991-2 C.B. 760.

.02 If pursuant to section 1.832-4(d) of the regulations a taxpayer first increases unpaid losses for estimated salvage recoverable for a taxable year beginning on or before January 1, 1993, the taxpayer shall adjust only the reserve for unpaid losses at the end of that year. No adjustment is made to the reserve for unpaid losses at the end of the prior taxable year.

.03 If pursuant to section 1.832-4(d) of the regulations a taxpayer first increases unpaid losses for estimated salvage recoverable for a taxable year beginning after January 1, 1993, the taxpayer shall adjust both the end of year reserve for unpaid losses in the year for which the adjustment is made and the end of the year reserve for unpaid losses for the prior taxable year. An amount equal to one-fourth of the increase in the end of year reserve (after discounting under section 846 of the Code) for the prior taxable year must be deducted by the taxpayer in the year that the adjustment is made and in each of the three succeeding years. See section 2.05 of Rev. Proc. 92-20, 1992-1 C.B. 685.

.04 If a taxpayer claims the special deduction under section 11305 of the Revenue Reconciliation Act of 1990, any change in the method of computing undiscounted unpaid losses to remove estimated salvage recoverable for accident years in which estimated salvage recoverable was not separately taken into account is a change in method of accounting for which taxpayer must receive approval by the Commissioner.

.05 If a taxpayer that claims an increase in unpaid losses for estimated salvage recoverable fails in a subsequent taxable year to make the disclosure described in section 1.832-4(d)(2) of the regulations, the taxpayer cannot claim an increase in unpaid losses in any subsequent taxable year without the consent of the Commissioner.

.06 *Examples.* The following examples illustrate the principles of this section:

*Example 1.* X, an insurance company subject to tax under section 831 of the Code, reported $950 of unpaid losses for pre-1990 accident years on its 1989 annual statement. The unpaid losses reflected $50 of estimated salvage recoverable taken into account as a reduction to unpaid losses.

On its 1990 annual statement, X reported $850 of unpaid losses for the 1990 accident year and $150 of unpaid losses attributable to pre-1990 accident years. The unpaid losses reflected $85 of estimated salvage recoverable for the 1990 accident year and $15 of estimated salvage recoverable related to pre-1990 accident years, but these amounts were not separately disclosed.

X made a timely and appropriate disclosure under section 1.832-4(d) of the regulations with regard to the amount of estimated salvage recoverable taken into account in computing the unpaid losses shown on its 1990 annual statement. X did not claim the special deduction under section 11305(c)(3) of the Revenue Reconciliation Act of 1990 (the "1990 Act").

For purposes of determining the 1990 increase in discounted unpaid losses under sections 846 and 832 of the Code, X is treated as having $950 of unpaid losses at the end of 1989 and $1,100 ($850 + $85 + $150 + $15) of unpaid losses at the end of 1990. The difference in the discounted unpaid losses will be deducted in 1990.

*Example 2.* The facts are the same as in Example 1 except that X claimed the special deduction under section 11305(c)(3) of the 1990 Act for the estimated salvage recoverable taken into account in determining the deduction for losses incurred under section 832(b)(5) of the Code for 1989. Because X claimed the special deduction, the requirement under section 832(b)(5)(A)(iii) that estimated salvage recoverable be separately taken into account does not apply to estimated salvage recoverable attributable to pre-1990 accident years. See Rev. Proc. 91-48.

For purposes of determining the 1990 increase in discounted unpaid losses under sections 846 and 832 of the Code, X is treated as having $950 of unpaid losses at the end of 1989 and $1,085 ($850 + $85 + $150) of unpaid losses at the end of 1990. The difference in the discounted unpaid losses will be deducted in 1990.

*Example 3.* The facts are the same as Example 2 except that X elected, pursuant to section 11 of Rev. Proc. 91-48, to defer changing its method of accounting for estimated salvage recoverable until 1991. On its annual statement for 1991, X reported unpaid losses of $1,200 for the 1991 accident year, $75 for the 1990 accident year, and $25 for pre-1990 accident years. The unpaid losses reflected estimated salvage recoverable of $90 attributable to the 1991 accident year, $15 for the 1990 accident year, and $5 for pre-1990 accident years, but these amounts were not separately disclosed.

Because X claimed the special deduction under section 11305(c)(3) of the 1990 Act, the requirement under section 832(b)(5)(A)(iii) that estimated salvage recoverable be separately taken into account does not apply to estimated salvage recoverable attributable to pre-1990 accident years. *See* Rev. Proc. 91-48. Also, as X elected to defer changing its method of accounting for estimated salvage recoverable attributable to the 1990 accident year pursuant to section 11 of Rev. Proc. 91-48, X is not required to separately take estimated salvage recoverable into account under section 832(b)(5)(A)(iii) until the 1991 accident year.

X made a timely and appropriate disclosure under section 1.832-4(d) of the regulations with regard to the amount of estimated salvage recoverable taken into account in computing the unpaid losses shown on its 1991 annual

statement.

For purposes of determining the 1991 increase in discounted unpaid losses under sections 846 and 832 of the Code, $X$ is treated as having $1,000 ($850 + $150) of unpaid losses at the end of 1990, and $1,390 ($1,200 + $90 + $75 + $25) of unpaid losses at the end of 1991. The difference in the discounted unpaid losses will be deducted in 1991.

*Example 4.* $Y$, an insurance company taxed under section 831 of the Code, reported $920 of unpaid losses on its 1993 annual statement. The reported 1993 unpaid losses were determined by taking into account $80 of estimated salvage recoverable. On its 1994 annual statement, $Y$ reported unpaid losses of $990. The reported 1994 unpaid losses were determined by taking into account $95 of estimated salvage recoverable. $Y$ made a timely and appropriate disclosure under section 1.832–4(d) of the regulations with regard to the amount of estimated salvage recoverable taken into account in computing the unpaid losses shown its 1994 annual statement. $Y$ had not made the disclosure for a previous tax year.

For purposes of determining the 1994 increase in discounted unpaid losses under sections 846 and 832, $Y$ is treated as having $1,000 ($920 + $80) of unpaid losses at the end of 1993 and $1,085 ($990 + $95) of unpaid losses at the end of 1994. One-fourth of the discounted amount attributable to the $80 increase in year-end 1993 unpaid losses is deductible in computing $Y$'s tax liability for the 1994 taxable year and each of the three succeeding taxable years.

## SEC. 5. EFFECTIVE DATE

This revenue procedure applies to taxable years beginning after December 31, 1989.

---

*26 CFR 601.201: Rulings and determination letters.*
*(Also Part I, Sections 832, 846; 1.832–4.)*