UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE )
COMPANY AND SUBSIDIARIES, )
 )
                        Plaintiff, )
 )
             v. )     Cnsl. Cv. No. 1:05-cv-11048-RCL
 )
UNITED STATES OF AMERICA, )
 )
                        Defendant. )

_____

LIBERTY MUTUAL FIRE INSURANCE )
COMPANY AND SUBSIDIARIES, )
 )
                        Plaintiff, )
 )
             v. )     Former Cv. No. 1:05-cv-11049-RCL
 )
UNITED STATES OF AMERICA, )
 )
                        Defendant. )

DECLARATION OF JAMES W. KRESS

    I, James W. Kress, hereby declare as follows:

    1. I have been employed in the Corporate Taxation Department of Liberty Mutual

Insurance Company since 2003.  My duties have included tax compliance issues, work on IRS

audits, and assisting with financial statements.  My current position is Senior Tax Manager.

    2. I have reviewed the tax files and Annual Statement records of Liberty Companies.

1

3. On or before September 15, 1991, Liberty Mutual filed a consolidated federal income tax return for the taxable year ended December 31, 1990, reporting a fully paid tax liability of $46,400,348. A copy of the cover page of this return are included as Attachment Kress-1 to this Declaration.

4. The following property and casualty insurance companies, among other companies, were included as members in Liberty Mutual's taxable year 1990 consolidated return: Liberty Mutual; Liberty Insurance Corporation; and Liberty Northwest Insurance Corporation.

5. On or before September 15, 1991, Liberty Fire filed a consolidated federal income tax return for the taxable year ended December 31, 1990, reporting a paid tax liability of $3,787,359. A copy of the cover page of this return are included as Attachment Kress-2 to this Declaration.

6. Liberty Mutual, Liberty Insurance Corporation and Liberty Fire were subject to a reinsurance pooling agreement under which their premiums and losses incurred, including such components as salvage and subrogation, were accounted on a pooling percentage basis. During the relevant years, the respective percentages under the pooling agreement were as follows:

| | |
|---|---|
| Liberty Mutual | 84% |
| Liberty Fire | 10% |
| Liberty Insurance Corporation | 6% |

7. The Internal Revenue Service ("IRS") conducted an extensive examination of Liberty Mutual's and Liberty Fire's consolidated tax returns for the taxable year 1990 and proposed adjustments to premiums, losses incurred and other items to be distributed between the two returns according to the companies's pooling percentages.

2

8. At the conclusion of the examination, the IRS issued separate thirty-day letters with an accompanying Revenue Agent's Report in which it proposed adjustments to taxable income based on a number of issues.

9. On June 15, 1995, Liberty Companies protested the thirty-day letters and accompanying Revenue Agent's Reports to the Appeals Office of the IRS.

10. All issues for Liberty Mutual were settled except the issues reserved on the Form 870-AD executed at the close of the appeal. A copy of the first page of the Form 870-AD for Liberty Mutual is attached to this Declaration as Attachment Kress-3.

11. All issues for Liberty Fire were settled except the issues reserved on the Form 870-AD executed at the close of the appeal. A copy of the first page of the Form 870-AD for Liberty Fire is attached to this Declaration as Attachment Kress-4.

12. On their originally-filed tax returns for the taxable year 1990, Liberty Companies changed their methods of accounting to reflect discounted estimated salvage recoverable on all lines as required by the 1990 Act.

13. The Liberty Companies applied the transition rules of the 1990 Act with respect to December 31, 1989 discounted estimated salvage recoverable.

14. For Gross Lines on which Liberty Companies had not taken any estimated salvage into account on the 1989 Annual Statements, they included in income $2,234,800 as the partial 26 U.S.C. § 481 adjustment. This amount is equal to one-quarter of 13 percent of $68,763,074, the discounted estimated salvage on Gross Lines.

15. For Net Lines on which Liberty Companies had taken estimated salvage into account on the 1989 returns as a reduction of losses incurred, Liberty Companies claimed a Special Deduction on their originally-filed 1990 returns pursuant to section 11305(c)(3) of the 1990 Act in the amount of $41,583,257. This amount is equal to one-quarter of 87 percent of $191,187,388 of discounted estimated salvage recoverable on Net Lines.

16. On audit, the IRS subsequently changed this amount and the change was agreed to by Liberty Companies.

17. At the September 15, 1991, extended due date for the Liberty Companies' 1990 tax returns, insurance industry discussions with the IRS and Treasury concerning the double-counting problem and the IRS's position that the Special Deduction was an exclusive transition rule were still underway, and many expected future guidance from the IRS to result.

18. Accordingly, Liberty Companies included a statement with their 1990 tax returns stating that they could not then determine the full amount of estimated salvage recoverable and that they disagreed with the position of Rev. Proc. 91-48 that the 1990 Act could be ignored. Because future IRS guidance was expected, Liberty Companies specifically reserved the right to change the position taken on the tax returns, stating "Further clarification resulting from industry discussion with the Internal Revenue Service on these items may result in the taxpayer filing an amended return." A copy of this statement for Liberty Fire is attached to this Declaration as Attachment Kress-5.

19. On or before September 15, 1992, Liberty Companies filed their tax returns for tax year 1991.

4

20.  In September 1993, during the course of the examination of their 1990 income tax returns, Liberty Companies filed with the IRS a request to convert its Net Lines into Gross Lines, effective for tax year 1990 as permitted by the regulations.  A copy of the affirmative adjustment for Liberty Fire is attached to this Declaration as Attachment Kress-6.

21.  In the request for affirmative adjustment Liberty Companies specifically stated that it did not claim the Special Deduction because, for tax purposes, they no longer had any Net Lines. In the request, Liberty Companies' asked that loss reserves be grossed up for estimated salvage recoverable on Net Lines.  Under the terms of Rev. Proc. 92-77 as it applied to the change required by the 1990 Act, the grossed-up estimated salvage recoverable was subject to the Fresh Start applied to salvage as of December 31, 1989.

22.  The affirmative adjustment also claimed revised amounts of discounted estimated salvage recoverable on Net Lines, corrected (consistent with the disclosure on the 1991 Annual Statement) to reflect information that was not available at the time the original returns for 1990 were filed.  As corrected, the relevant year-end 1989 and 1990 discounted estimated salvage recoverable amounts of Liberty Companies' were as follows:

| DISCOUNTED SALVAGE | 12/31/89 | | 12/31/90 |
|---|---|---|---|
| | Net Lines | Gross Lines | Net Lines |
| Liberty Mutual Ins. Co. | 180,819,158 | 61,886,767 | 190,901,955 |
| Liberty Mutual Fire Ins. Co. | 19,650,028 | 6,876,307 | 20,767,361 |
| Liberty Companies total | 200,469,186 | 68,763,074 | 211,669,316 |

5

23. The IRS examined the 1990 returns and affirmative adjustments of Liberty Companies. As a result of the audit, the IRS agrees to the amounts of discounted estimated salvage, including the corrected amounts of December 31, 1989 discounted estimated salvage on Net Lines.

24. The following amounts of salvage at December 31, 1989 are those agreed with the IRS agent:

| 12/31/89 SALVAGE | Undiscounted | | Discounted | |
|---|---|---|---|---|
| | Net Lines | Gross Lines | Net Lines | Gross Lines |
| Liberty Mutual Ins. Co. | 231,389,202 | 65,179,800 | 180,819,158 | 61,886,767 |
| Liberty Mutual Fire Ins. Co. | 25,126,347 | 7,242,200 | 19,650,028 | 6,876,307 |
| Liberty Companies total | 256,515,549 | 72,422,000 | 200,469,186 | 68,763,074 |

25. The IRS made an audit adjustment with respect to the transition treatment of December 31, 1989 discounted estimated salvage on Gross Lines which Liberty Companies had not taken into account before tax year 1990. The IRS adjusted Liberty Companies' income to require them to include in income the full amount of that salvage as a 26 U.S.C. § 481 adjustment in 1990, without permitting either the 87 percent exclusion or the four-year spread under the of the Fresh Start transition rule in section 11305(c)(2) of the 1990 Act.

26. Further, the IRS audit did not allow the gross-up of loss reserves under Rev. Proc. 92-77 and the regulations for discounted estimated salvage recoverable on Net Lines, as requested in the affirmative adjustment.

6

27.  Instead, for the Net Lines, the IRS allowed a Special Deduction equal to 87 percent of the December 31, 1989 corrected discounted estimated salvage recoverable balance, spread ratably over four years beginning in 1990.

28.  Because it was based on the corrected amount, the IRS audit allowed a Special Deduction for tax year 1990 that was $2,882,028 more than the amount claimed on Liberty Companies' original 1990 tax returns.

29.  These audit adjustments resulted in an increase in tax for 1990, which Liberty Companies paid in full.

30.  Liberty Companies neither made, nor sought to make, any change in method to "remove estimated salvage recoverable" with respect to any accident year from unpaid losses. Liberty Companies made no change of accounting with respect to salvage in 1990 except to report estimated salvage on Gross Lines as required by the 1990 Act.  Beginning in 1990 and consistently in all later years, in filing their original tax returns, amended returns, requests for adjustment and refund claims, Liberty Companies have never deviated from reporting losses incurred which reflected estimated salvage on both Net and Gross Lines.

31.  On page 60 of the Revenue Agent's Report dated March 15, 1995, the Internal Revenue Service explained its basis for denying Liberty Companies a gross-up of their estimated salvage under Rev. Proc. 92-77 for the taxable year 1990, as follows:

> "The government contends, pursuant to Treas. Reg. 1.832-4(f)(3)(iii), that any taxpayer that 'claims the special deduction is precluded from also claiming the section 481 adjustment . . .' The government also maintains that once a company has taken the special deduction any change in method of computing unpaid

losses can only be done so with the consent of the Commissioner.
This position is based on section 4.04 of Rev. Proc. 92-77."

A copy of this page of the Revenue Agent's Report is attached to this Declaration as Attachment

Kress-7.

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2006.

James W. Kress

CON90       09/16/91  V1.07
LIBERTY MUTUAL INSURANCE COMPANY                                    04-1543470

# U.S. Corporation Income Tax Return

Form **1120**

Department of the Treasury
Internal Revenue Service

For calendar year 1990 or tax year beginning _____ , ending _____
▶ Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

OMB No. 1545-0123

**1990**

Check if a –
A Consolidated return
B Personal holding co.
C Personal service corp. (as defined in Temp. Regs. sec. 1.441-4T – see instructions)

Use IRS label. Other-wise, please print or type.

Name  LIBERTY MUTUAL INSURANCE COMPANY
CORPORATE TAXATION

Number, street, and room or suite no. (If a P.O. box, see page 2 of Instructions)
175 BERKELEY STREET   POST OFFICE BOX 140

City or town, state, and ZIP code
BOSTON, MASSACHUSETTS                    02117-0140

D Employer identification number
04-1543470

E Date incorporated

Total assets (see Specific Instructions)

G Check applicable boxes:  (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Change in address

| | | | | | |
|---|---|---|---|---|---|
| **Income** | 1a Gross receipts or sales | b Less returns and allowances | c Bal ▶ | **1c** | |
| | 2 Cost of goods sold (Schedule A, line 7) | | | **2** | |
| | 3 Gross profit (line 1c less line 2) | | | **3** | |
| | 4 Dividends (Schedule C, line 19) | | | **4** | |
| | 5 Interest | | | **5** | |
| | 6 Gross rents | | | **6** | |
| | 7 Gross royalties | | | **7** | |
| | 8 Capital gain net income (attach Schedule D (Form 1120)) | | | **8** | |
| | 9 Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | | | **9** | |
| | 10 Other income (see Instructions – attach schedule) | | | **10** | |
| | 11 **Total income** – Add lines 3 through 10 | | ▶ | **11** | |
| **Deductions (See Instructions for limitations on deductions.)** | 12 Compensation of officers (Schedule E, line 4) | | | **12** | |
| | 13a Salaries and wages | b Less jobs credit | c Balance ▶ | **13c** | |
| | 14 Repairs | | | **14** | |
| | 15 Bad debts | | | **15** | |
| | 16 Rents | | | **16** | |
| | 17 Taxes | | | **17** | |
| | 18 Interest | | | **18** | |
| | 19 Contributions (see Instructions for 10% limitation) | | | **19** | |
| | 20 Depreciation (attach Form 4562) | | 20 | | |
| | 21 Less depreciation claimed on Schedule A and elsewhere on return | 21a | | **21b** | |
| | 22 Depletion | | | **22** | |
| | 23 Advertising | | | **23** | |
| | 24 Pension, profit-sharing, etc., plans | | | **24** | |
| | 25 Employee benefit programs | | | **25** | |
| | 26 Other deductions (attach schedule) | | | **26** | |
| | 27 **Total deductions** – Add lines 12 through 26 | | ▶ | **27** | |
| | 28 Taxable income before net operating loss deduction and special deductions (line 11 less line 27) | | | **28** | 259,742,636. |
| | 29 Less: a Net operating loss deduction (see Instructions)  Stmt 1 | 29a | 201,205,608. | | |
| | b Special deductions (Schedule C, line 20) | 29b | 27,192,837. | **29c** | 228,398,445. |
| | 30 Taxable income – Line 28 less line 29c | | | **30** | 31,344,191. |
| | 31 Total tax (Schedule J, line 10) | | | **31** | 48,400,348. |
| **Tax and Payments** | 32 Payments: a 1989 overpayment credited to 1990 | 32a | | | |
| | b 1990 estimated tax payments | 32b | 67,064,688. | | |
| | c Less 1990 refund applied for on Form 4466 | 32c ( ) | d Bal ▶ | 32d | 67,064,688. |
| | e Tax deposited with Form 7004 | | | 32e | 3,000,000. |
| | f Credit from regulated investment companies (attach Form 2439) | | | 32f | |
| | g Credit for Federal tax on fuels (attach Form 4136). See Instructions | | | 32g | |
| | | | | 32h | 70,064,688. |
| | 33 Enter any penalty for underpayment of estimated tax – Check ▶ ☐ if Form 2220 is attached | | | **33** | |
| | 34 Tax due – If the total of lines 31 and 33 is larger than line 32h, enter amount owed | | | **34** | |
| | 35 Overpayment – If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | | | **35** | 23,664,340. |
| | 36 Enter amount of line 35 you want: Credited to 1991 estimated tax ▶ 10,000,000. Refunded ▶ | | | **36** | 13,664,340. |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer  G.H. DOLAN     Date 09/13/91     Title ASST. COMPTROLLER

**Paid Preparer's Use Only**

Preparer's signature ▶  JOHN F. DUFF     Date 09/13/91     Check if self-employed ☐     Preparer's social security no. 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

Firm's name (or yours if self-employed) and address  KPMG PEAT MARWICK
ONE BOSTON PLACE,  BOSTON MA

E.I. No. 13-5565207
ZIP code 02108

OC1110-1  1.000       H763

ATTACHMENT KRESS - 1

LIB - 000782

LIBERTY MUTUAL FIRE INSURANCE COMPANY    09/13/91    04-1924000

Imfic    V1.07

Form **1120-PC**

**U.S. Property and Casualty Insurance Company Income Tax Return**

OMB No. 1545-1027

▶ See separate instructions

**1990**

Department of the Treasury
Internal Revenue Service

For calendar year 1990, or tax year beginning _____, and ending _____

A Employer Identification number
**04-1924000**

Name
**LIBERTY MUTUAL FIRE INSURANCE COMPANY**
**ATTN: TAX ACCOUNTING DEPT.**

B Date incorporated
**07/08/32**

Number and street, and room or suite no. (If a P.O. box, see page 3 of Instructions)
**175 BERKELEY STREET**

C Check if this is a consolidated return ▶ ☐

City or town, state, and ZIP code
**BOSTON**    **02117**

D Check applicable boxes:    (1) ☐ Final return    (2) ☐ Change in address    (3) ☐ Amended return

E Check applicable box if an election has been made under section(s) ▶    (1) ☐    953(c)(3)(C) (2) ☐    953(d) ☐

F Check box for kind of company:    (1) ☒ Mutual    (2) ☐ Stock

| | | | |
|---|---|---|---|
| 1 Taxable income (Schedule A, line 37) | | 1 | -4,836,330. |
| 2 Taxable investment income for electing small companies (Schedule B, line 21) | | 2 | |
| 3 Check if you are a member of a controlled group (see sections 1561 and 1563) ▶ ☐ | | | |
| a Enter your share of the $50,000 amount and $25,000 amount (in that order) in each taxable income bracket: (i) 50,000. (ii) 25,000. | | | |
| b Enter your share of the additional tax (not to exceed $11,750) ▶ 11,750. | | | |
| 4 Income tax - See instructions to figure the tax | | 4 | NONE |
| 5 Enter amount of tax that a reciprocal must include | | 5 | NONE |
| 6 Total (add lines 4 and 5) | | 6 | |
| 7 Tax credits: | | | |
| a Foreign tax credit (attach Form 1118) | 7a | | |
| b Other credits (see instructions) | 7b | | |
| c General business credit. Check if from: ☐ Form 3800 ☐ Form 3468 ☐ Form 5884 ☐ Form 6478 ☐ Form 6765 ☐ Form 8586 | 7c | | |
| d Credit for prior year minimum tax (attach Form 8801) | 7d | | |
| e Total credits (add lines 7a through 7d) | | 7e | NONE |
| 8 Balance of tax (line 6 less line 7e) | | 8 | 588. |
| 9 Foreign corporations - Tax on income not connected with U.S. business | | 9 | |
| 10 Recapture taxes. Check if from: ☐ Form 4255 ☐ Form 8611 | | 10 | 3,725,082. |
| 11 a Alternative minimum tax (attach Form 4626) (See instructions) | | 11a | 61,689. |
| b Environmental tax (attach Form 4626) | | 11b | |
| 12 Personal holding company tax (attach Schedule PH (Form 1120)) | | 12 | 3,787,359. |
| 13 Total tax (add lines 8 through 12) | | 13 | |
| 14 a 1989 overpayment allowed as a credit | 14a | 371,007. | |
| b Prior year's special estimated tax payments to be applied | 14b | | |
| c 1990 estimated tax payments (See instructions) | 14c | 1,350,000. | |
| d 1990 special estimated tax payments (see instructions) | 14d | | |
| e 1990 refund applied for on Form 4466 | 14e | | |
| f Enter the total of lines 14a through 14c less line 14e | | 14f | 1,721,007. |
| g Tax deposited with Form 7004 | | 14g | 3,000,000. |
| h Credit by reciprocal for tax paid by attorney-in-fact under section 835(d) | | 14h | |
| i Other credits and payments | | 14i | 12,938. |
| j Total credits and payments (add lines 14f through 14i) | | 14j | 4,733,945. |
| 15 Enter any PENALTY for underpayment of estimated tax - Check ▶ ☐ if Form 2220 is attached | | 15 | |
| 16 TAX DUE – If the total of lines 13 and 15 is larger than line 14j, enter AMOUNT OWED | | 16 | |
| 17 OVERPAYMENT – If line 14j is larger than the total of lines 13 and 15, enter AMOUNT OVERPAID | | 17 | 946,586. |
| 18 Enter amount of line 17 you want: Credited to 1991 estimated tax ▶ _____ Refunded ▶ | | 18 | 946,586. |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

**Please Sign Here**

Signature of officer: G.H. DOLAN    Date: 09/13/91    Title: ASST. COMPTROLLER

**Paid Preparer's Use Only**

Preparer's signature: JOHN F. DUFF    Date: 09/13/91    Check if self-employed ☐    Preparer's social security no. 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

Firm's name (or yours if self-employed) and address: KPMG PEAT MARWICK    ONE BOSTON PLACE, BOSTON, MA    E.I. No. 13-5565207    ZIP code 02108

Form 1120-PC (1990)

For Paperwork Reduction Act Notice, see page 1 of the instructions.

H763

**As Originally Filed**

ATTACHMENT KRESS - 2    LIB - 000950

| Form 870-AD<br>(rev. 04/92) | Department of the Treasury–Internal Revenue Service<br><br>**Offer to Waive Restrictions on Assessment and Collection<br>of Tax Deficiency and to Accept Overassessment** | |
|---|---|---|
| Symbols:<br>AP:NE:RWD | Name of Taxpayer:<br>Liberty Mutual Insurance Company and Affiliated Subsidiaries | SSN or EIN :<br>04-1543470 |

Under the provisions of section 6213(d) of the Internal Revenue code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the reverse side of this form.

### Deficiencies (Overassessments) and Additions to Tax

| Year Ended | Kind of Tax | Tax | | | | |
|---|---|---|---|---|---|---|
| December 31, 1985 | Income | $(202,435) | | | | |
| December 31, 1986 | Income | $(1,225,322) | | | | |
| December 31, 1987 | Income | $(1,035,285) | | | | |
| December 31, 1988 | Income | $ 0 | | | | |
| December 31, 1989 | Income | $(2,617,590) | | | | |
| December 31, 1990 | Income | $40,415,252 | | | | |

This offer must be accepted for the Commissioner of Internal Revenue and will take effect on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted, the case will not be reopened by the Commissioner unless there was:
* *fraud, malfeasance, concealment or misrepresentation of a material fact*
* *an important mistake in mathematical calculation*
* *a deficiency or overassessment resulting from adjustments made under Subchapters C and D of Chapter 63 concerning the tax treatment of partnership and subchapter S items determined at the partnership and corporate level*
* *an excessive tentative allowance of a carryback provided by law*

No claim for refund or credit will be filed or prosecuted by the taxpayer for the years stated on this form, other than for amounts attributed to carrybacks provided by law.

The proper filing of this offer, when accepted, will expedite assessment and billing (or overassessment, credit or refund) by adjusting the tax liability. This offer, when executed and timely submitted, will be considered a claim for refund for the above overassessment(s), if any.

Subject to **ADDITIONAL PROVISIONS** on the reverse side of this form.

| Signature of Taxpayer: | Date: |
|---|---|
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer's Representative: | Date: |
| Corporate Name:  Liberty Mutual Insurance Company and Affiliated Subsidiaries | Date: |
| By Corporate Officer: _[signature]_    Title: _Vice President_ | Date: 6/18/02 |

| For<br>Internal<br>Revenue<br>Use Only | Date Accepted for Commissioner:<br>7/2/2002 | Signature:<br>_Robert W. Donovan_ |
|---|---|---|
| | Office:<br>Boston, MA | Title:<br>Appeals Team Case Leader |

(See reverse side for signature instructions)

LIB - 000317

**ATTACHMENT KRESS - 3**

Form 870-AD (Rev. 4/92)

| Form 870-AD<br>(rev. 04/92) | | Department of the Treasury-Internal Revenue Service<br>**Offer to Waive Restrictions on Assessment and Collection<br>of Tax Deficiency and to Accept Overassessment** | |
|---|---|---|---|
| mbols:<br>`NE:RWD` | | Name of Taxpayer:<br>Liberty Mutual Fire Insurance Company | SSN or EIN :<br>04-1924000 |

Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior ·rnal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions rior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, h interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver·o: eptance of an overassessment is subject to any terms and conditions stated below and on the reverse side of this form.

| | | Deficiencies (Overassessments)<br>and Additions to Tax | | | | |
|---|---|---|---|---|---|---|
| Year Ended | Kind of Tax | Tax | | | | |
| ecember 31, 1987 | Income | $(116,569) | | | | |
| ecember 31, 1988 | Income | $-0- | | | | |
| ecember 31, 1989 | Income | $(341,363) | | | | |
| ecember 31, 1990 | Income | $3,030,440 | | | | |

s offer must be accepted for the Commissioner of Internal Revenue and will take effect on the date it is accepted. Unless and until it is ˑepted, it will have no force or effect.

· this offer is accepted, the case will not be reopened by the Commissioner unless there was:

- *fraud, malfeasance, concealment or misrepresentation of a material fact*
- *an important mistake in mathematical calculation*
- *a deficiency or overassessment resulting from adjustments made under Subchapters C and D of Chapter 63 concerning the tax treatment of partnership and subchapter S items determined at the partnership and corporate level*
- *an excessive tentative allowance of a carryback provided by law*

Jo claim for refund or credit will be filed or prosecuted by the taxpayer for the years stated on this form, other than for amounts attributed to ·ybacks provided by law.

he proper filing of this offer, when accepted, will expedite assessment and billing (or overassessment, credit or refund) by adjusting the tax ·ility. This offer, when executed and timely submitted, will be considered a claim for refund for the above overassessment(s), if any.

·ject to **ADDITIONAL PROVISIONS** on the reverse side of this form.

| ·nature of Taxpayer: | | Date: |
|---|---|---|
| ·nature of Taxpayer: | | Date: |
| ·nature of Taxpayer's Representative: | | Date: |
| ·rporate Name: Liberty Mutual Fire Insurance Company | | Date: |
| Corporate Officer: *[signature]* | Title: *VICE PRESIDENT* | Date: 7/19/02 |

| For<br>Internal<br>·⸱Revenue<br>Use Only | Date Accepted for Commissioner: ·<br>7/23/02 | Signature: *Robert W. Donovan* |
|---|---|---|
| | Office:<br>Boston, MA | Title:<br>Appeals Team Case Leader |

(See reverse side for signature instructions)

**ATTACHMENT KRESS - 4**

\|/

Form 870-AD (Rev. 4/92)

*1990 TR*

Liberty  Mutual  Fire  Insurance  Company    (04-1924000)

## SECTION 6662 DISCLOSURE

The Revenue Reconciliation Act of 1990 ("the Act") provides that property and casualty insurance companies are required to reduce their losses incurred by discounted estimated salvage recoverable beginning in 1990.    Section 11305(c)(3) of the Act allows companies that previously anticipated salvage recoverable to deduct 87 percent of the discounted amount of salvage recoverable previously taken into account prior to 1990.    This deduction is to be taken into account over four taxable years beginning in 1990.

The Internal Revenue Service recently issued Revenue Procedure 91-48, the purpose of which was to provide guidance with respect to the discounting of estimated salvage recoverable, the Section 481 adjustment under Section 11305(c)(2) of the Act, the special deduction under Section 11305(c)(3) of the Act , the special rule for over estimates under Section 11305(c)(4) of the Act and changes in estimates of salvage recoverable.

The taxpayer is not following the provisions of Revenue Procedure 91-48 in this tax return with respect to the mutually exclusive rule contained in Sections 8 and 9 of the Revenue Procedure.   The taxpayer feels that Revenue Procedure 91-48 provides for an improper interpretation of the tax law with respect to this item.   Further clarification resulting from industry discussions with the Internal Revenue Service on these items may result in the taxpayer filing an amended tax return.

Also, the taxpayer understands that if an election is not made under Section 11 of the Revenue Procedure with respect to the "deferral of an accounting change", then the taxpayer who claims the special deduction will be forever precluded from making an election to defer the accounting change.   The taxpayer intends to make a protective election under Section 11 of the Revenue Procedure, pending clarification of Sections 8 and 9 of the Revenue Procedure.

While the next-to-last sentence of Revenue Procedure 91-48, Section 4.02, seems to suggest that an insurer claiming the 87 percent transitional deduction under Section 11305(c)(3) of the Act has to ignore the discounted year-end 1989 salvage and subrogation recoverable in the computation of "losses incurred" for 1990 under Code Section 832(b)(5)(A), the taxpayer finds nothing in the wording of Code Section 832 or 1990 Act Section 11305 that would require such a result.   The taxpayer believes that the 87 percent transitional deduction was

I

Section 6662 Disclosure Continued 04-1924000

intended to provide a "level playing field" between insurers that were anticipating (and thus paying taxes on) salvage and subrogation before 1990 and those that were not. Accordingly, it is taxpayer's position that the benefit of the 87 percent transitional deduction is available in addition to the benefit of including prior-year-end salvage and subrogation in the computation under Code Section 832(b)(5)(A).

While the amount of salvage and subrogation recoverable was not shown explicitly on the taxpayer's 1989 annual statement, the methods used by the taxpayer in computing its reserves for unpaid losses on its 1989 annual statement had the effect of implicitly anticipating salvage and subrogation recoverable. The taxpayer is prepared to establish to the satisfaction of the IRS District Director that this result did occur in the preparation of its 1989 annual statement, and to show the specific amounts of anticipated salvage and subrogation by line of insurance for each accident year.

The taxpayer has not filed a statement with a state regulatory authority as described in proposed regulation Section 1.832-4(e). As the taxpayer reads that portion of the proposed regulation, filing such a statement with a state regulatory authority is intended to be one method, but not necessarily the only method, by which an insurer may establish that it took estimated salvage and subrogation recoverable into account. Furthermore, taxpayer finds nothing in Section 11305(c)(3) of the Act to indicate that submitting such a statement to a state regulatory authority is a necessary condition for claiming the 87 percent transitional deduction.

At this time, the taxpayer has not quantified the tax effects of these issues.

*1990 Tax Return*

## Liberty Mutual Fire Insurance Company (04-1924000)

### ELECTION FOR TAXPAYERS CLAIMING SPECIAL DEDUCTION THAT ALSO TOOK SALVAGE INTO ACCOUNT IN DETERMINING UNDISCOUNTED UNPAID LOSSES FOR THE 1990 ACCIDENT YEAR PURSUANT TO SECTION 11 OF REV. PROC. 91-48

The taxpayer feels that Revenue Procedure 91-48 contains conditions which have no basis in law and that improper interpretations of the law have been made, however, we feel it necessary, in the event that Rev. Proc. 91-48 is found to be correct, to make a protective election under Section 11. The taxpayer therefore makes an election under Sections 11 of Revenue Procedure 91-48, and agrees to apply the special rule for overestimates in section 11305(c)(4) of the 1990 Act.

The taxpayer is unable to determine the amount of estimated salvage recoverable taken into account in determining the undiscounted unpaid losses for the 1990 accident year due to the mutually exclusive rules contained is Sections 8 and 9 of Revenue Procedure 91-48. Further clarification resulting from industry discussions with the Internal Revenue Service on these items may result in the taxpayer filing an amended tax return

**Affirmative Adjustment under Rev-Proc. 92-77**

(1) Rev. Proc. 92-77 allows taxpayers a choice between effectively taking the special deduction for salvage and subrogation in one year or spreading it over four years. However, it was not possible for taxpayers to be aware of this option when their 1990 and 1991 tax returns were filed.

(2) By eliminating the special deduction that was taken in 1990 and 991, Liberty Mutual Insurance Group will be in compliance with the mutually exclusive rule. The mutually exclusive rule says that taxpayers claiming the fresh start cannot also claim the special deduction. We hereby elect to eliminate the special deduction.. The worksheets attached summarize the affect of eliminating the special deduction.

In order to implement the one year deduction option allowed under Rev-Proc 92-77, we request an affirmative issue on audit.

**ATTACHMENT KRESS - 6**

## AFFIRMATIVE ADJUSTMENT

| | 1990 | 1991 | 1992 | 1993 | Total |
|---|---|---|---|---|---|
| **As Filed** | | | | | |
| Gross Reserves | ($68,763,075) | | | | |
| Less: 481 Inclusion | $2,234,800 | $2,234,800 | $2,234,800 | $2,234,800 | |
| Decrease in Income | ($66,528,275) | | | | |
| Deduction for Net Reserves | ($41,583,257) | ($41,583,257) | ($41,583,257) | ($41,583,257) | |
| | ($108,111,532) | ($39,348,457) | ($39,348,457) | ($39,348,457) | ($226,156,903) |
| **As adjusted** | | | | | |
| Gross reserves | ($269,232,261) | | | | |
| Less: 481 Inclusion | $8,750,048 | $8,750,048 | $8,750,048 | $8,750,048 | |
| Decrease in Income | ($260,482,213) | | | | |
| Deduction for Net Reserves | $0 | | | | |
| | ($260,482,213) | | | | |
| Change | ($152,370,681) | $48,098,505 | $48,098,505 | $48,098,505 | ($234,232,069) |
| Consolidated change | ($137,133,613) | | | | ($8,075,166) |
| Fire Company change | ($15,237,068) | | | | |
| | ($152,370,681) | | | | |

Reconciliation of Original to Adjusted

| | @12/31/89 Undiscounted | Discounted | Gross Reserves | Net Reserves | Reserve Forgiveness | Annual 481 Inclusion | Annual 481 Deduction | Net Annual (Increase) or Decrease |
|---|---|---|---|---|---|---|---|---|
| Original Estimate of S & S | $303,668,095 | $255,981,560 | $68,763,075 | $187,218,485 | $59,823,875 | $2,234,800 | $40,720,020 | $38,485,221 |
| Adjustments | | | | | | | | |
| Auto Phys Damage | $84,340 | | | | | | | |
| Auto Liability | $43,136 | | | | | | | |
| Recast Dir Voluntary @ 12/89 | $247,123,000 | | | | | | | |
| Mass Car | $26,574,749 | | | | | | | |
| NCCI Pool | $49,860,245 | | | | | | | |
| W/C Liberty N/wee | $5,252,079 | | | | | | | |
| | $328,937,549 | $269,232,261 | $269,232,261 | $0 | $234,232,067 | $8,750,048 | $0 | ($8,750,048) |

LIB - 000463

Salvage and Subrogation Recoverable on Paid and Unpaid
Losses at December 31, 1989

| Line of Insurance | Recoverable $ & Actuarial Estimate @ 12/31/89 Undiscounted | Discounted Reserves of Recoverable @ 12/31/89 | Reserves Recognized on Books of Comp @ 12/31/89 | Not Recognized Books of Comp @ 12/31/89 | A/S Reserves Grossed-Up Reserve Forgiveness 87% | Annual 481 Adjustment over 4 years 13% | A/S Reserves Netted Reserve Forgiveness 87% | Annual Addition Deduction over Years | Net Annual (Increase) or Decrease in Taxable Income |
|---|---|---|---|---|---|---|---|---|---|
| Auto Phy Dama | 91,025,877 | 86,468,745 | 86,468,745 | 0 | 75,228,678 | 2,810,267 | 0 | 0 | (2,810,267) |
| Auto Liability | 23,178,348 | 20,356,071 | 20,356,071 | 0 | 17,709,782 | 661,572 | 0 | 0 | (661,572) |
| General Liability | 5,811,000 | 4,397,466 | 4,397,466 | 0 | 3,825,796 | 142,918 | 0 | 0 | (142,918) |
| Workers Comp | 189,408,324 | 140,860,623 | 140,860,623 | 0 | 122,548,742 | 4,577,970 | 0 | 0 | (4,577,970) |
| Fidelity & Burg | 620,000 | 592,715 | 592,715 | 0 | 515,662 | 19,263 | 0 | 0 | (19,263) |
| Comm Multi Peril | 15,783,000 | 13,817,860 | 13,817,860 | 0 | 11,847,626 | 442,584 | 0 | 0 | (442,584) |
| Fire & Allied | 3,111,000 | 2,937,680 | 2,937,680 | 0 | 2,555,782 | 95,475 | 0 | 0 | (95,475) |
| Total | 328,937,649 | 269,232,261 | 269,232,261 | 0 | 234,232,067 | 8,750,048 | 0 | 0 | (8,750,048) |

Adjustment to 1990 Income    (8,750,048)
Adjustment to 1991 Income    (8,750,048)
Adjustment to 1992 Income    (8,750,048)
Adjustment to 1993 Income    (8,750,048)
Total    (35,000,194)

09/13/93

Net Effect    $234,232,067    $269,232,261    $269,232,261

LIB - 000464

# Federal Income Taxes 1990 OBRA

## Salvage and Subrogation Recoverable on Paid and Unpaid Losses at December 31, 1989

| Line of Insurance | Actuarial Estimat* of Recoverable @ 12/31/89 | Undiscounted Reserves Recognized on Books of Compa @ 12/31/89 | Undiscounted Reserves Not Recognized on Books of Compa @ 12/31/89 | Discount Factor of Recoverable @ 12/31/89 | Discounted Reserves Actuarial Estimat of Recoverable @ 12/31/89 | Discounted Reserves Recognized on Books of Compa @ 12/31/89 | Discounted Reserves Not Recognized on Books of Company @ 12/31/89 |
|---|---|---|---|---|---|---|---|
| **Auto Physical Dam** | | | | | | | |
| AY+0 | 59,222,396 | 47,118,517 | 12,103,879 | 95.4631% | 56,535,535 | 44,980,797 | 11,554,738 |
| AY+1 | 20,993,337 | 16,702,717 | 4,290,620 | 92.88552% | 19,493,405 | 15,509,341 | 3,984,064 |
| AY+2 | 7,113,825 | 5,659,901 | 1,453,924 | 96.5834% | 6,870,774 | 5,466,525 | 1,404,249 |
| AY+3 | 2,296,280 | 1,825,966 | 469,314 | 96.5834% | 2,217,825 | 1,764,546 | 453,279 |
| AY+4 | 753,021 | | 753,021 | 96.5834% | 727,293 | | 727,293 |
| AY+5 | 285,007 | | 285,007 | 96.5834% | 275,269 | | 275,269 |
| AY+6 | 116,008 | | 116,008 | 96.5834% | 112,044 | | 112,044 |
| AY+7 | 51,003 | | 51,003 | 96.5834% | 49,260 | | 49,260 |
| AY+8 | 195,000 | | 195,000 | 96.5834% | 188,338 | | 188,338 |
| AY+9 | | | | | | | |
| AY+10 | | | | | | | |
| AY+11 | | | | | | | |
| AY+12 | | | | | | | |
| AY+13 | | | | | | | |
| AY+14 | | | | | | | |
| AY+15 | | | | | | | |
| **Total** | 91,025,877 | 72,422,000 | 19,717,776 | | 86,469,745 | 67,721,209 | 18,748,536 |
| **Auto Liability** | | | | | | | |
| AY+0 | 8,865,207 | | 8,865,207 | 87.921% | 7,798,022 | | 7,798,022 |
| AY+1 | 7,868,418 | | 7,868,418 | 87.7895% | 6,907,645 | | 6,907,645 |
| AY+2 | 3,206,475 | | 3,206,475 | 88.3812% | 2,833,921 | | 2,833,921 |
| AY+3 | 1,406,222 | | 1,406,222 | 87.660% | 1,232,694 | | 1,232,694 |
| AY+4 | 788,400 | | 788,400 | 86.675% | 682,814 | | 682,814 |
| AY+5 | 216,902 | | 216,902 | 84.3689% | 182,998 | | 182,998 |
| AY+6 | 372,567 | | 372,567 | 83.0789% | 309,525 | | 309,525 |
| AY+7 | 121,716 | | 121,716 | 83.1890% | 101,254 | | 101,254 |
| AY+8 | 63,158 | | 63,158 | 86.655% | 54,730 | | 54,730 |
| AY+9 | 269,283 | | 269,283 | 93.7561% | 252,469 | | 252,469 |
| AY+10 | 0 | | 0 | 93.7561% | 0 | | 0 |
| AY+11 | 0 | | 0 | 93.7561% | 0 | | 0 |
| AY+12 | 0 | | 0 | 93.7561% | 0 | | 0 |
| AY+13 | 0 | | 0 | 93.7561% | 0 | | 0 |
| AY+14 | 0 | | 0 | 93.7561% | 0 | | 0 |
| AY+15 | 0 | | 0 | 93.7561% | 0 | | 0 |
| **Total** | 23,178,348 | 0 | 23,178,348 | | 20,356,071 | 0 | 20,356,071 |

LIB - 000465

| Line of Insurance | Undiscounted Reserves — Actuarial Estimat of Recoverable Recognized on Books of Compa @ 12/31/89 | Not Recognized @ 12/31/89 | Discount Factor @ 12/31/89 | Discounted Reserves — Actuarial Estimat of Recoverable Recognized on Books of Company @ 12/31/89 | Not Recognized on Books of Company @ 12/31/89 |
|---|---|---|---|---|---|
| **General Liability** | | | | | |
| AY+0 | 1,109,000 | 1,109,000 | 74.5408% | 826,657 | 826,657 |
| AY+1 | 850,000 | 850,000 | 76.4061% | 649,443 | 649,443 |
| AY+2 | 562,000 | 562,000 | 78.3308% | 440,219 | 440,219 |
| AY+3 | 1,366,000 | 1,366,000 | 77.3635% | 1,056,785 | 1,056,785 |
| AY+4 | 888,000 | 888,000 | 76.2351% | 676,968 | 676,968 |
| AY+5 | 52,000 | 52,000 | 73.9097% | 38,433 | 38,433 |
| AY+6 | 112,000 | 112,000 | 72.9563% | 81,711 | 81,711 |
| AY+7 | 0 | 0 | 71.2185% | 0 | 0 |
| AY+8 | 872,000 | 872,000 | 71.9322% | 627,249 | 627,249 |
| AY+9 | 0 | 0 | 74.9278% | 0 | 0 |
| AY+10 | 0 | 0 | 85.7395% | 0 | 0 |
| AY+11 | | | 85.7395% | | |
| AY+12 | | | 85.7395% | | |
| AY+13 | | | 85.7395% | | |
| AY+14 | | | 85.7395% | | |
| AY+15 | | | 85.7395% | | |
| Total | 5,811,000 | 5,811,000 | | 4,397,466 | 4,397,466 |

| Line of Insurance | Undiscounted Reserves — Actuarial Estimat of Recoverable Recognized on Books of Compa @ 12/31/89 | Not Recognized @ 12/31/89 | Discount Factor @ 12/31/89 | Discounted Reserves — Actuarial Estimat of Recoverable Recognized on Books of Company @ 12/31/89 | Not Recognized on Books of Company @ 12/31/89 |
|---|---|---|---|---|---|
| **Workers Comp** | | | | | |
| AY+0 | 51,982,726 | 51,982,726 | 79.2331% | 41,187,525 | 41,187,525 |
| AY+1 | 49,548,999 | 49,548,999 | 75.0361% | 37,179,636 | 37,179,636 |
| AY+2 | 42,931,413 | 42,931,413 | 72.8193% | 31,262,354 | 31,262,354 |
| AY+3 | 22,284,827 | 22,284,827 | 69.9799% | 15,594,909 | 15,594,909 |
| AY+4 | 10,412,422 | 10,412,422 | 68.6137% | 7,144,348 | 7,144,348 |
| AY+5 | 4,148,682 | 4,148,682 | 67.1574% | 2,786,147 | 2,786,147 |
| AY+6 | 2,548,233 | 2,548,233 | 67.9048% | 1,730,373 | 1,730,373 |
| AY+7 | 1,237,922 | 1,237,922 | 68.6515% | 849,852 | 849,852 |
| AY+8 | 627,852 | 627,852 | 69.6603% | 437,112 | 437,112 |
| AY+9 | 3,685,248 | 3,685,248 | 72.9494% | 2,688,366 | 2,688,366 |
| AY+10 | 0 | 0 | 85.2792% | 0 | 0 |
| AY+11 | | | 85.2792% | | |
| AY+12 | | | 85.2792% | | |
| AY+13 | | | 85.2792% | | |
| AY+14 | | | 85.2792% | | |
| AY+15 | | | 85.2792% | | |
| Total | 189,408,324 | 189,408,324 | | 140,860,623 | 140,860,623 |

LIB - 000466

| Line of Insurance | Undiscounted Reserves Actuarial Estimate of Recoverable Recognized on Books of Compa @ 12/31/89 | Undiscounted Reserves Actuarial Estimate of Recoverable Not Recognized on Books of Compa @ 12/31/89 | Discount Factor @ 12/31/89 | Discounted Reserve Actuarial Estimate of Recoverable Recognized on Books of Compa @ 12/31/89 | Discounted Reserve Actuarial Estimate of Recoverable Not Recognized on Books of Company @ 12/31/89 |
|---|---|---|---|---|---|
| Fidelity & Burglary | | | | | |
| AY +0 | 69,000 | 0 | 83.9535% | 64,828 | 0 |
| AY +1 | 115,000 | 0 | 82.8552% | 106,783 | 0 |
| AY +2 | 85,000 | 0 | 96.5834% | 82,096 | 0 |
| AY +3 | 48,000 | 0 | 96.5834% | 46,360 | 0 |
| AY +4 | 190,000 | 0 | 96.5834% | 183,508 | 0 |
| AY +5 | 39,000 | 0 | 96.5834% | 37,668 | 0 |
| AY +6 | 3,000 | 0 | 96.5834% | 2,898 | 0 |
| AY +7 | 9,000 | 0 | 96.5834% | 8,693 | 0 |
| AY +8 | 62,000 | 0 | 96.5834% | 59,882 | 0 |
| AY +9 | | | | | 0 |
| AY +10 | | | | | 0 |
| AY +11 | | | | | 0 |
| AY +12 | | | | | 0 |
| AY +13 | | | | | 0 |
| AY +14 | | | | | 0 |
| AY +15 | | | | | 0 |
| Total | 620,000 | 0 | | 592,715 | 592,715 |

| Line of Insurance | Undiscounted Reserves Actuarial Estimate of Recoverable Recognized on Books of Compa @ 12/31/89 | Undiscounted Reserves Actuarial Estimate of Recoverable Not Recognized on Books of Compa @ 12/31/89 | Discount Factor @ 12/31/89 | Discounted Reserve Actuarial Estimate of Recoverable Recognized on Books of Compa @ 12/31/89 | Discounted Reserve Actuarial Estimate of Recoverable Not Recognized on Books of Company @ 12/31/89 |
|---|---|---|---|---|---|
| Comm Multi Peril | | | | | |
| AY +0 | 6,007,000 | 6,007,000 | 87.6120% | 5,262,853 | 5,262,853 |
| AY +1 | 4,400,000 | 4,400,000 | 85.0222% | 3,740,977 | 3,740,977 |
| AY +2 | 2,464,000 | 2,464,000 | 85.9497% | 2,117,801 | 2,117,801 |
| AY +3 | 1,478,000 | 1,478,000 | 85.9857% | 1,270,869 | 1,270,869 |
| AY +4 | 627,000 | 627,000 | 86.1380% | 540,085 | 540,085 |
| AY +5 | 434,000 | 434,000 | 84.1235% | 365,096 | 365,096 |
| AY +6 | 180,000 | 180,000 | 83.9694% | 151,127 | 151,127 |
| AY +7 | 54,000 | 54,000 | 87.2273% | 47,103 | 47,103 |
| AY +8 | 139,000 | 139,000 | 87.8062% | 122,051 | 122,051 |
| AY +9 | 0 | 0 | 80.7397% | 0 | 0 |
| AY +10 | 0 | 0 | 92.6060% | 0 | 0 |
| AY +11 | 0 | 0 | 92.6060% | 0 | 0 |
| AY +12 | 0 | 0 | 92.6060% | 0 | 0 |
| AY +13 | 0 | 0 | 92.6060% | 0 | 0 |
| AY +14 | 0 | 0 | 92.6060% | 0 | 0 |
| AY +15 | 0 | 0 | 92.6060% | 0 | 0 |
| Total | 15,783,000 | 15,783,000 | | 13,617,960 | 13,617,960 |

LIB - 000467

| Line of Insurance | Undiscounted Reserves | | | Discount Factor @ 12/31/89 | Discounted Reserves | | |
|---|---|---|---|---|---|---|---|
| | Actuarial Estimat of Recoverable @ 12/31/89 | Recognized on Books of Compa @ 12/31/89 | Not Recognized on Books of Compa @ 12/31/89 | | Actuarial Estimat of Recoverable @ 12/31/89 | Recognized on Books of Compa @ 12/31/89 | Not Recognized on Books of Company @ 12/31/89 |
| Fire & Allied | | | | | | | |
| AY + 0 | 938,000 | | 938,000 | 93.2650% | 874,826 | $0 | $874,826 |
| AY + 1 | 963,000 | | 963,000 | 92.8552% | 894,196 | $0 | $894,196 |
| AY + 2 | 686,000 | | 686,000 | 96.5834% | 662,562 | $0 | $662,562 |
| AY + 3 | 239,000 | | 239,000 | 96.5834% | 230,834 | $0 | $230,834 |
| AY + 4 | 70,000 | | 70,000 | 96.5834% | 67,608 | $0 | $67,608 |
| AY + 5 | 70,000 | | 70,000 | 96.5834% | 67,608 | $0 | $67,608 |
| AY + 6 | 99,000 | | 99,000 | 96.5834% | 95,618 | $0 | $95,618 |
| AY + 7 | 10,000 | | 10,000 | 96.5834% | 9,658 | $0 | $9,658 |
| AY + 8 | 36,000 | | 36,000 | 96.5834% | 34,770 | $0 | $34,770 |
| AY + 9 | | | 0 | | 0 | $0 | $0 |
| AY + 10 | | | 0 | | 0 | $0 | $0 |
| AY + 11 | | | 0 | | 0 | $0 | $0 |
| AY + 12 | | | 0 | | 0 | $0 | $0 |
| AY + 13 | | | 0 | | 0 | $0 | $0 |
| AY + 14 | | | 0 | | 0 | $0 | $0 |
| AY + 15 | | | 0 | | 0 | $0 | $0 |
| Total | 3,111,000 | 0 | 3,111,000 | | 2,937,680 | 0 | 2937680.416 |

LIB - 000468

## Workers Comp

| Accident Year | Direct | Ceded | Assumed NCCI Pool | Northwest Amts | Net Recoverable |
|---|---|---|---|---|---|
| 1989 | 36,210,000 | 0 | 13,743,925 | 2,028,801 | 51,982,726 |
| 1988 | 34,120,000 | 0 | 13,828,895 | 1,600,104 | 49,548,999 |
| 1987 | 30,825,000 | 0 | 11,162,303 | 944,110 | 42,931,413 |
| 1986 | 16,583,000 | 0 | 5,160,557 | 541,270 | 22,284,827 |
| 1985 | 8,444,000 | 0 | 1,833,579 | 134,843 | 10,412,422 |
| 1984 | 3,340,000 | 0 | 805,808 | 2,874 | 4,148,682 |
| 1983 | 1,965,000 | 0 | 583,156 | 77 | 2,548,233 |
| 1982 | 775,000 | 0 | 462,922 | | 1,237,922 |
| 1981 | 0 | 0 | 627,852 | | 627,852 |
| Prior | 2,034,000 | 0 | 1,651,248 | | 3,685,248 |
| Total | 134,296,000 | 0 | 49,860,245 | 5,252,079 | 189,408,324 |

LIB - 000469

## Auto Physical Damage

| Accident Year | Direct | Ceded | Assumed MassCAR | Assumed Other | Net Recoverable |
|---|---|---|---|---|---|
| 1989 | 51,026,000 | 0 | 8,141,281 | 55,115 | 59,222,396 |
| 1988 | 11,285,000 | 0 | 9,690,185 | 18,152 | 20,993,337 |
| 1987 | 4,099,000 | 0 | 3,003,827 | 10,998 | 7,113,825 |
| 1986 | 1,494,000 | 0 | 802,244 | 36 | 2,296,280 |
| 1985 | 753,000 | | | 21 | 753,021 |
| 1984 | 285,000 | | | 7 | 285,007 |
| 1983 | 116,000 | | | 8 | 116,008 |
| 1982 | 51,000 | | | 3 | 51,003 |
| 1981 | 0 | | | 0 | 0 |
| Total | 69,304,000 | 0 | 21,637,537 | 84,340 | 91,025,877 |
| Prior | 195,000 | | | | 195,000 |

## Auto Liability

| Accident Year | Direct | Ceded | Assumed MassCAR | Assumed Other | Net Recoverable |
|---|---|---|---|---|---|
| 1989 | 7,737,000 | 0 | 1,097,051 | 31,156 | 8,865,207 |
| 1988 | 5,532,000 | 0 | 2,329,794 | 6,624 | 7,868,418 |
| 1987 | 2,332,000 | 0 | 871,842 | 2,633 | 3,206,475 |
| 1986 | 1,200,000 | 0 | 204,427 | 1,795 | 1,406,222 |
| 1985 | 721,000 | 0 | 66,837 | 563 | 788,400 |
| 1984 | 166,000 | 0 | 50,538 | 364 | 216,902 |
| 1983 | 239,000 | | 133,566 | 1 | 372,567 |
| 1982 | 22,000 | | 99,716 | 0 | 121,716 |
| 1981 | 0 | | 63,158 | 0 | 63,158 |
| Prior | 249,000 | | 20,283 | 0 | 269,283 |
| Total | 18,198,000 | 0 | 4,937,212 | 43,136 | 23,178,348 |

LIB - 000470

| Form 886-A | EXPLANATION OF ITEMS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer **Liberty Mutual Insurance Pool** | | Year/Period Ended **1988 - 1990** |

which estimated salvage recoverable was not separately taken into account is a change in method of accounting for which taxpayer must receive approval by the Commissioner.

**Government's Position:**

The government contends, pursuant to Treas. Reg. 1.832-4(f)(3)(iii), that any taxpayer that "claims the special deduction is precluded from also claiming the section 481 adjustment..."  The government also maintains that once a company has taken the special deduction any change in method of computing unpaid losses can only be done so with the consent of the Commissioner.  This position is based on section 4.04 of Rev. Proc. 92-77.

**Conclusion:**

Accordingly, the government is denying the taxpayer request for affirmative adjustment to change from claiming the Special Deduction and the Fresh Start to claiming only the Fresh Start.

---

DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE                Form 886-A (Rev.4-68)

**ATTACHMENT KRESS - 7**

LIB - 000080