IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

APPENDIX A
TO MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Peter H. Winslow
Gregory K. Oyler
Samuel A. Mitchell
Scribner, Hall & Thompson, LLP
1875 Eye Street, N.W., Suite 1050
Washington, DC 20006
Telephone: (202) 331-8585
Fax: (202) 331-2032
Attorneys for Plaintiff

October 27, 2006

**APPENDIX A**
**TO MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

<u>Table of Contents</u>

Plaintiff's First Request for Production of Documents, Plaintiff's First Set of Interrogatories, and Plaintiff's First Request for Admissions......................................................................................1-18

United States' Response to Plaintiff's First Request for Production of documents, United States' Response to Plaintiffs' First Set of Interrogatories, and United States' Response to Plaintiffs' First Set of Request for Admissions..........................19-33

United States' Revised Response to Request to Admit Question #7 of Plaintiffs' First Set of Request for Admissions...........................................................................................................34-35

United States' Revised Response to Plaintiffs' First Set of Interrogatories, United States' Revised Response to Plaintiffs' First Set of Request for Admission, and United States' Revised Response to Plaintiffs' First Request for Production of Documents ..............................................................................................................................................36-56

United States' Interrogatories and Request to Produce Documents to Liberty Mutual/Fire Insurance Company and Subsidiaries......................................................................................57-80

United States' Notice of Deposition.......................................................................................81-93

i

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


LIBERTY MUTUAL INSURANCE )
COMPANY AND SUBSIDIARIES, )
                          )
              Plaintiff,  )
                          )
        v.                )    Civil No. 1:05-cv-11048-RCL
                          )
UNITED STATES OF AMERICA, )
                          )
              Defendant.  )


LIBERTY MUTUAL FIRE INSURANCE )
COMPANY AND SUBSIDIARIES,      )
                               )
              Plaintiff,       )
                               )
        v.                     )   Civil No. 1:05-cv-11049-RCL
                               )
UNITED STATES OF AMERICA,      )
                               )
              Defendant.       )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs, Liberty

Mutual Insurance Company and Subsidiaries and Liberty Mutual Fire Insurance Company and

Subsidiaries, hereby request defendant to produce, or to permit counsel for plaintiffs to inspect

and copy the documents described below.  Because the Court's scheduling order sets September

29, 2006, as the date plaintiffs shall file a motion for summary judgment, the responses to this

Request should be supplied by hand-delivery with a copy by mailing by regular mail to the

undersigned attorney at the following address: Peter H. Winslow, Scribner, Hall & Thompson,

LLP, 1875 Eye Street, N.W., Suite 1050, Washington, D.C. 20006. At defendant's option, in lieu of hand-delivery, defendant may comply with this request by permitting inspection and copying of the documents within thirty (30) days after service of this Request at a mutually agreeable location, or plaintiffs' counsel will be available to pick up the responses at the offices of defendant's counsel.

## DEFINITIONS AND INSTRUCTIONS

1.     The term DOCUMENT is to be liberally construed to include all records or other tangible forms which are in defendant's possession or custody or subject to its control. This includes, but is not limited to drafts or finished versions, originals, copies, nonidentical copies, (whether by reason of handwritten notations on them or otherwise), and applies regardless of however the document may have been created, produced or stored (whether manually, mechanically, electronically, or otherwise.) DOCUMENTS shall include any and all types of writings, drawings, graphs, charts, photographs, and data compilations, whether in written or computerized or other format. Plaintiffs request that any and all computerized items be produced in reasonably usable form; specifically plaintiffs request that computerized documents be converted into a hard copy and/or into an electronic format.

2.     The terms POSSESSION, CUSTODY, OR CONTROL include actual and constructive possession, custody, or control. These requests include any document or thing that defendant possesses or has the right to obtain from a third party upon demand, or which

-2-

otherwise may be secured from any other source for the purpose of fully responding to these requests, including attorneys, accountants or other agents.

3.    If any DOCUMENT would have been responsive to these requests but no longer exists, state the following for each such DOCUMENT: the date of destruction, the reason for destruction, and the person(s) responsible for the decision to destroy the DOCUMENT(s) and for the actual destruction of the DOCUMENTS.

4.    The term DEFENDANT refers to the United States and all its agencies, departments and employees, including but not limited to the Department of the Treasury, the Internal Revenue Service (IRS), the Office of Chief Counsel of the Internal Revenue Service, and any agent or employee acting on behalf of any of the foregoing organizations or departments.

<u>REQUESTS</u>

1.    Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service concerning the examination of plaintiffs' original and/or amended tax returns and claims for refund for tax year 1990.   This request includes but is not limited to the Commissioner's administrative files regarding plaintiffs' 1990 tax year.

<u>Response</u>

-3-

2.      Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service with regard to the appeal of the Internal Revenue Service's adjustments and plaintiffs' requested affirmative adjustments concerning plaintiffs' 1990 tax year.

<u>Response</u>

6.      Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service and the Department of the Treasury in the course of the consideration and issuance of Revenue Procedure 92-77, 1992-2 C.B. 454.

<u>Response</u>

7.      Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service and the Department of the Treasury in the course of the consideration and issuance of Revenue Procedure 91-48, 1991-2 C.B. 760.

<u>Response</u>

-4-

8.    Provide all documents created by, received by, considered by, or maintained by the Department of the Treasury and the Internal Revenue Service in the course of the consideration and issuance of Treasury Decision 8390, 1992-1 C.B. 242.

Response

9.    Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service and the Department of the Treasury in the course of the consideration and issuance of Section 1.832-4 of the proposed Income Tax Regulations published on March 15, 1991, in the Federal Register (56 Fed. Reg. 11,127).

Response

Date:  August 25, 2006

Peter H. Winslow
Admitted Pro Hac Vice
1875 Eye Street, NW, Ste. 1050
Washington, D.C.  20006
Tel: (202) 434-9162
Fax: (202) 331-2032
Attorney for Plaintiffs

-5-

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing Plaintiffs' First Request for Production of

Documents will be hand-delivered to the following on this 25th day of August 2006:


Karen Wozniak
Trial Attorney, Tax Division
U.S. Department of Justice
555 Fourth Street, N.W., Room 7816
Washington, DC 20001


Date: _August 25, 2006_            _____

Peter H. Winslow
Scribner, Hall & Thompson, LLP
1875 Eye Street, NW, Ste. 1050
Washington, D.C. 20006
Tel: (202) 434-9162
Fax: (202) 331-2032
Counsel for Plaintiffs
Admitted Pro Hac Vice

-6-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE
COMPANY AND SUBSIDIARIES,

              Plaintiff,

              v.

UNITED STATES OF AMERICA,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil No. 1:05-cv-11048-RCL

---

LIBERTY MUTUAL FIRE INSURANCE
COMPANY AND SUBSIDIARIES,

              Plaintiff,

              v.

UNITED STATES OF AMERICA,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil No. 1:05-cv-11049-RCL

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs, Liberty Mutual Insurance Company and Subsidiaries and Liberty Mutual Fire Insurance Company and Subsidiaries, request defendant United States to answer the following interrogatories separately and fully, in writing and under oath, and to serve such answer upon the undersigned counsel for plaintiffs within thirty (30) days of service hereof.

## INSTRUCTIONS

1.  Any request to "state the legal and factual basis" for a particular position shall be construed as a request that defendant

    a.  identify the authorities that support its position;

    b.  explain each fact that supports its position;

    c.  identify each and every document on which it relies in support of the position;

    d.  identify each and every document which it contends supports its position;

    e.  identify each and every person whose testimony or information it contends supports that allegation or position; and

    f.  identify and describe the substance of each and every communication it has had with anyone concerning the position.

2.  When the interrogatory requests that an individual be identified, the following information about that individual shall be given:

    a.  Full name;

    b.  Current residential address and telephone number;

    c.  Name of current employer;

    d.  Current business address and telephone number of the individual in question; and

    e.  The individual's title, position, or capacity at his or her place of current employment.

3.  If any parts of the interrogatory cannot be answered in full, please answer to the extent possible and specify the reason for the inability to answer the remainder. Please indicate when estimates rather than exact information have been used. If the interrogatory is only

-2-

partly objectionable, answer the remainder of the questions as required by these instructions.

4.   These interrogatories are intended to be continuing to the extent permitted by law so as to require supplemental answers if the interrogated party obtains further information between the time answers are served and the trial of this action. Fed. R. Civ. P. 26(e)(2).

5.   Because the Court's scheduling order sets September 29, 2006, as the date plaintiffs shall file a motion for summary judgment, the answers to these interrogatories should be supplied by hand-delivery with a copy by mailing by regular mail to the undersigned attorney at the following address: Peter H. Winslow, Scribner, Hall & Thompson, LLP, 1875 Eye Street, N.W., Suite 1050, Washington, D.C. 20006. At defendant's option, in lieu of hand-delivery, plaintiffs' counsel will be available to pick up the answers at the offices of defendant's counsel.

<u>INTERROGATORIES</u>

1.   Identify by name, current address and telephone number all persons who participated in the Internal Revenue Service's consideration, drafting or deliberation of Revenue Procedure 92-77 and describe what each identified person did concerning Revenue Procedure 92-77.

<u>Answer</u>

-3-

2.    Identify by name, current address and telephone number all persons who participated in the Department of the Treasury's consideration, drafting or deliberation of Revenue Procedure 92-77 and describe what each identified person did concerning Revenue Procedure 92-77.

Answer

3.    Does defendant contend that if plaintiffs were to obtain the tax treatment accorded by Section 4.02 of Procedure 92-77 for taxable year 1990, such treatment would result in a change in the method of computing undiscounted unpaid losses to remove estimated salvage recoverable for accident years in which estimated salvage receivable was not separately taken into account within the meaning of Section 4.04 of Revenue Procedure 92-77?

Answer

4.    If the answer to Interrogatory 3 is "yes," explain in detail the legal and factual basis upon which defendant relies in support of its contention.

Answer

-4-

5.    Does defendant contend that plaintiffs have not complied with the requirements for the tax treatment described in Section 4.02 of Revenue Procedure 92-77 for taxable year 1990?

<u>Answer</u>

6.    If the answer to Interrogatory 5 is "yes," explain in detail the legal and factual basis upon which defendant relies in support of its contention and the specific requirements of Revenue Procedure 92-77 that defendant contends plaintiffs have failed to satisfy.

<u>Answer</u>

Date: August 29, 2006

Peter H. Winslow
Admitted Pro Hac Vice
1875 Eye Street, NW, Ste. 1050
Washington, D.C.  20006
Tel: (202) 434-9162
Fax: (202) 331-2032
Attorney for Plaintiffs

-5-

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing Plaintiffs' First Set of Interrogatories will

be hand-delivered to the following on this 25th day of August 2006:


Karen Wozniak
Trial Attorney, Tax Division
U.S. Department of Justice
555 Fourth Street, N.W., Room 7816
Washington, DC 20001


Date: *August 25, 2006*

_____
Peter H. Winslow
Scribner, Hall & Thompson, LLP
1875 Eye Street, NW, Ste. 1050
Washington, D.C. 20006
Tel: (202) 434-9162
Fax: (202) 331-2032
Counsel for Plaintiffs
Admitted Pro Hac Vice

-6-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil No. 1:05-cv-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil No. 1:05-cv-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

<u>PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION</u>

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiffs, Liberty Mutual Insurance Company and Subsidiaries and Liberty Mutual Fire Insurance Company and Subsidiaries, request defendant United States to admit the truth of the matters set forth below for purposes of this action. If any of the matters set forth below is not admitted, plaintiffs request that defendant specifically deny the matter and set forth the basis for the denial, or set forth in detail the reason(s) why it cannot truthfully admit or deny the matter. Further, if defendant can admit only a part of the matter, plaintiffs request that it admit so much of that matter as is true,

deny the remainder or qualify the response thereto, and explain the basis for the qualification or denial.

Because the Court's scheduling order sets September 29, 2006, as the date plaintiffs shall file a motion for summary judgment, the response to these Requests for Admissions should be supplied by hand-delivery with a copy by mailing by regular mail to the undersigned attorney at the following address: Peter H. Winslow, Scribner, Hall & Thompson, LLP, 1875 Eye Street, N.W., Suite 1050, Washington, D.C. 20006. At defendant's option, in lieu of hand-delivery, plaintiffs' counsel will be available to pick up the response at the offices of defendant's counsel. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the matters set forth below shall be deemed admitted by defendant if it fails to serve a response or objection upon plaintiffs, in accordance with the foregoing, within thirty (30) days after service of the requests.

<u>REQUESTS FOR ADMISSION</u>

Plaintiffs hereby request the following admissions:

1.    On page 60 of the Revenue Agent's Report dated March 15, 1995, the Internal Revenue Service explained its basis for denying plaintiffs the affirmative adjustment plaintiffs request for a gross-up of their estimated salvage under Revenue Procedure 92-77, 1992-2 C.B. 454, for the taxable year 1990, as follows:

"The government contends, pursuant to Treas. Reg. 1.832-4(f)(3)(iii), that any

taxpayer that 'claims the special deduction is precluded from also claiming the

section 481 adjustment . . .' The government also maintains that once a company

has taken the special deduction any change in method of computing unpaid losses

-2-

can only be done so with the consent of the Commissioner.  This position is based

on section 4.04 of Rev. Proc. 92-77."

<u>Response</u>

2.    As of August 25, 2006, defendant and/or the Internal Revenue Service have not

provided plaintiffs with any written explanation that states a basis for denying plaintiffs the

affirmative adjustment plaintiffs requested seeking a gross-up of their loss reserves to add

estimated salvage back to unpaid losses for taxable year 1990 under section 4.02 of Revenue

Procedure 92-77, other than the basis explained in the Revenue Agent's Report referenced above

in Admission Request Number 1.

<u>Response</u>

3.    Other than the grounds stated in the Revenue Agent's Report referenced above in

Admission Request Number 1, defendant has no other grounds for arguing that plaintiffs did not

comply with the requirements of Revenue Procedure 92-77.

<u>Response</u>

-3-

4.    Revenue Procedure 92-77 was published in the Internal Revenue Bulletin after the

final due dates for the filing of plaintiffs' tax returns for the taxable years 1990 and 1991.

<u>Response</u>

5.    Other than with respect to plaintiffs' request for an adjustment under Revenue

Procedure 92-77, the Internal Revenue Service has not denied or disallowed a gross-up of loss

reserves to add estimated salvage back to unpaid losses as set forth in Revenue Procedure 92-77

for taxable year 1990 to any other taxpayer on the basis described in section 4.04 of Revenue

Procedure 92-77.

<u>Response</u>

6.    It was not possible for plaintiffs to comply with Revenue Procedure 92-77 without

amending their original tax returns for 1990 and 1991.

<u>Response</u>

-4-

7.    Revenue Procedure 92-77 applies to plaintiffs' 1990 taxable year.

<u>Response</u>

Date: August 25, 2006

Peter H. Winslow
Admitted Pro Hac Vice
1875 Eye Street, NW, Ste. 1050
Washington, D.C. 20006
Tel: (202) 434-9162
Fax: (202) 331-2032
Attorney for Plaintiffs

-5-

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing Plaintiffs' First Set of Requests for

Admission will be hand-delivered to the following on this 25th day of August 2006:

Karen Wozniak
Trial Attorney, Tax Division
U.S. Department of Justice
555 Fourth Street, N.W., Room 7816
Washington, DC 20001

Date: _August 25, 2006_          _____
                                  Peter H. Winslow
                                  Scribner, Hall & Thompson, LLP
                                  1875 Eye Street, NW, Ste. 1050
                                  Washington, D.C. 20006
                                  Tel: (202) 434-9162
                                  Fax: (202) 331-2032
                                  Counsel for Plaintiffs
                                  Admitted Pro Hac Vice

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

SEP 27

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE<br>COMPANY AND SUBSIDIARIES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:05-11048-RCL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY AND SUBSIDIARIES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:05-11049-RCL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' RESPONSE TO PLAINTIFFS' FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

The United States of America, by its undersigned counsel, hereby submits its response to

Plaintiffs' First Request for Production of Documents.

1.    Provide all documents created by, received by, considered by, or maintained by the
Internal Revenue Service concerning the examination of plaintiffs' original and/or
amended tax returns and claims for refund for tax year 1990. This request includes but is
not limited to the Commissioner's administrative files regarding plaintiffs' 1990 tax year.

Response: The United States objects to Requests for Production of Documents Nos. 1-2 to the

extent that they seeks documents and information that are not properly discoverable within the

meaning of Rule 26 of the Federal Rules of Civil Procedure. The United States further objects to

-1-

Requests for Production of Documents Nos. 1-2 on the grounds that they are vague and overbroad to the extent that they request documents which are not part of the 1990 administrative files. In response to Requests for Production of Documents Nos. 1-2, the United States will produce the Internal Revenue Service administrative files with respect to the plaintiffs' 1990 income tax period with the exception of the following documents protected by the government deliberative process privilege:

1. Draft Forms 886-A, Explanation of Items (along with report transmittal forms)

2. Draft Forms 4549-A, Income Tax Examination Changes

3. Internal Revenue Service memorandum entitled "Servicing Carrier and Other Administrative Services Only Issues"

4. Internal Revenue Service memorandum from Senior Technician Reviewer, CC:DOM:FI&P:4 to Ben DiCenzo, Industry Specialist, Property and Casualty Insurance regarding "Request for Technical Assistance - Salvage and Subrogation"

Portions of the Appeals Case Memo have been redacted on the basis of relevance and the government deliberative process privilege as indicated on the document. A portion of a memorandum regarding Appeals computations has been redacted on the basis of the government deliberative process privilege as indicated on the document.

While the requests are vague as to what is requested beyond the 1990 administrative files, it is the understanding of the undersigned counsel that the Internal Revenue Service does not have any other documents that are likely to be responsive to these requests.

2.     Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service with regard to the appeal of the Internal Revenue Service's adjustments and plaintiffs' requested affirmative adjustments concerning plaintiffs' 1990 tax year.

<u>Response</u>: Response provided above along with response to Request for Production of Document

No. 1.

*Plaintiffs' First Request for Production of Documents skips from number 2 to number 6 (numbers 2 and 6 are on the same page so there is no issue of a missing page).*

6.      Provide all documents created by, considered by, or maintained by the Internal Revenue Service and the Department of the Treasury in the course of the consideration and issuance of Revenue Procedure 92-77, 1992-2 C.B. 454.

Response:

The United States objects to Requests for Production of Documents Nos. 6-9 on the grounds that the documents sought are not relevant to the claims or defenses at issue and do not contain information that is admissible in evidence in this proceeding or that is reasonably calculated to lead to the discovery of evidence admissible in this proceeding. The United States further objects to these requests on the grounds that the documents sought include documents which, in whole or part, are protected by the government deliberative process privilege. Documents protected by the government deliberative process privilege include government personnel's drafts, notes (including notes of meetings), comments, revisions, and memorandums (including legal memorandums) pertaining to Revenue Procedure 91-48, Revenue Procedure 92-77, and 26 C.F.R. 1.832-4, including the formulation of the revenue procedures and the regulation. The production of these documents, or portions of them, would inhibit the frank and honest discussion of legal and policy matters and thus would adversely affect the quality of the Internal Revenue Service's decisions and policies. The United States further objects to these requests on the grounds that they are overbroad and on the grounds that some of the documents sought may include taxpayer information protected by 26 U.S.C. § 6103.

It should also be noted that undersigned counsel has been informed that the documents

-3-

responsive to this request are located at the Internal Revenue Service's headquarters at 1111

Constitution Ave, NW, Washington, D.C. The building is presently shut down on account of

flooding. There is no electricity in the building and only limited access to the building is

available. In addition, there are no functioning fire alarms in the building causing entry to be

unsafe. Undersigned counsel has copies of a portion of the documents located at 1111

Constitution Ave, NW which were retained in prior litigation but has not had access to the

remainder of documents located at 1111 Constitution Ave, NW. The United States reserves the

right to supplement this response to assert additional objections, including claims of privilege, if

documents are retrieved from 1111 Constitution Ave, NW which necessitate additional

objections.

7.      Provide all documents created by, received by, considered by, or maintained by the
        Internal Revenue Service and the Department of the Treasury in the course of the
        consideration and issuance of Revenue Procedure 91-48, 1991-2 C.B. 760.

Response: Response provided above along with response to Request for Production of Document

No. 6.

8.      Provide all documents created by, received by, considered by, or maintained by the
        Department of the Treasury and the Internal Revenue Service in the course of the
        consideration and issuance of Treasury Decision 8390, 1992-1 C.B. 242.

Response: Response provided above along with response to Request for Production of Document

No. 6.

9.      Provide all documents created by, received by, considered by, or maintained by the
        Internal Revenue Service and the Department of the Treasury in the course of the
        consideration and issuance of Section 1.832-4 of the proposed Income Tax Regulations
        published on March 15, 1991, in the Federal Register (56 Fed. Reg. 11, 127).

Response: Response provided above along with response to Request for Production of Document

-4-

No. 6.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

_Karen Wozniak_

KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Response to Plaintiffs' First

Request for Production of Documents has been made upon the following by depositing a copy in

the United States mail, postage prepaid, this <u>25th</u> day of September, 2006:

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> Scribner, Hall & Thompson LLP
> 1875 Eye Street, NW
> Washington, DC 20006
>
> John A. Lacaire
> Biack, Cetkovic & Whitestone
> 200 Berkley Street, Floor 16
> Boston, MA 02116

> *Karen Wozniak*
> KAREN WOZNIAK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-1927
> E-mail: karen.e.wozniak@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE )
COMPANY AND SUBSIDIARIES, )
                          )
            Plaintiff,    )
                          )
     v.                   )       Civil No. 1:05-11048-RCL
                          )
UNITED STATES OF AMERICA, )
                          )
            Defendant.    )

_____

LIBERTY MUTUAL FIRE INSURANCE )
COMPANY AND SUBSIDIARIES,     )
                              )
            Plaintiff,        )
                              )
     v.                       )   Civil No. 1:05-11049-RCL
                              )
UNITED STATES OF AMERICA,     )
                              )
            Defendant.        )

## UNITED STATES' RESPONSE TO
## PLAINTIFFS' FIRST SET OF INTERROGATORIES

<u>Response to Instructions</u>: The United States objects to the instructions set forth in the plaintiffs'

interrogatories to the extent that they call for information that is beyond the scope of discovery.

1.    Identify by name, current address and telephone number all persons who participated in
      the Internal Revenue Service's consideration, drafting or deliberation of Revenue
      Procedure 92-77 and describe what each identified person did concerning Revenue
      Procedure 92-77.

<u>Response</u>:  The government objects to Interrogatory No. 1 on the grounds that the information

sought is not relevant to the claims or defenses at issue and is beyond the scope of discovery.

-1-

2.    Identifying by name, current address and telephone number all persons who participated in the Department of the Treasury's consideration, drafting or deliberation of Revenue Procedure 92-77 and describe what each identified person did concerning Revenue Procedure 92-77.

Response:  The government objects to Interrogatory No. 2 on the grounds that the information

sought is not relevant to the claims or defenses at issue and is beyond the scope of discovery.

3.    Does defendant contend that if plaintiffs were to obtain the tax treatment accorded by Section 4.02 of Procedure 92-77 for taxable year 1990, such treatment would result in a change in the method of computing undiscounted unpaid losses to remove estimated salvage recoverable for accident years in which estimated salvage receivable was not separately taken into account within the meaning of Section 4.04 of Revenue Procedure 92-77?

Response:  It is premature for the United States to respond to this Interrogatory No. 3.  At this

time the United States has not completed its discovery.  Upon review of the plaintiffs' discovery

responses and deposition transcripts, the United States will respond to this interrogatory.

4.    If the answer to Interrogatory 3 is "yes," explain in detail the legal and factual basis upon which defendant relies in support of its contention.

Response:  As indicated above, it is premature for the United States to respond to Interrogatory

No. 3. The United States will provide a response to Interrogatory No. 4 as necessary when it

responds to Interrogatory No. 3.

5.    Does defendant contend that plaintiffs have not complied with the requirements for the tax treatment described in Section 4.02 of Revenue Procedure 92-77 for taxable year 1990?

Response:  It is premature for the United States to respond to this Interrogatory No. 5.  At this

time the United States has not completed its discovery.  Upon review of the plaintiffs' discovery

responses and deposition transcripts, the United States will respond to this interrogatory.

6.    If the answer to Interrogatory 5 is "yes," explain in detail the legal and factual basis upon which defendant relies in support of its contention and the specific requirements of

-2-

Revenue Procedure 92-77 that defendant contends plaintiffs have failed to satisfy.

Response: As indicated above, it is premature for the United States to respond to Interrogatory

No. 5. The United States will provide a response to Interrogatory No. 6 as necessary when it

responds to Interrogatory No. 5.

## DECLARATION OF KAREN WOZNIAK

I, Karen Wozniak, pursuant to the provisions of 28 U.S.C. Section 1746, declare under penalty of perjury that the responses provided above are true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., on September 25th, 2006

KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

-3-

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to

Plaintiffs' First Set of Interrogatories has been made upon the following by depositing a copy in

the United States mail, postage prepaid, this <u>25th</u> day of September, 2006:

>Peter H. Winslow
>Gregory K. Oyler
>Samuel A. Mitchell
>Scribner, Hall & Thompson LLP
>1875 Eye Street, NW
>Washington, DC 20006
>
>John A. Lacaire
>Biack, Cetkovic & Whitestone
>200 Berkley Street, Floor 16
>Boston, MA 02116

>*Karen Wozniak*
>KAREN WOZNIAK
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-1927
>E-mail: karen.e.wozniak@usdoj.gov

-4-

SEP 2 7

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE )
COMPANY AND SUBSIDIARIES, )
)
          Plaintiff, )
)
v. )    Civil No. 1:05-11048-RCL
)
UNITED STATES OF AMERICA, )
)
          Defendant. )

---

LIBERTY MUTUAL FIRE INSURANCE )
COMPANY AND SUBSIDIARIES, )
)
          Plaintiff, )
)
v. )    Civil No. 1:05-11049-RCL
)
UNITED STATES OF AMERICA, )
)
          Defendant. )

## UNITED STATES' RESPONSE TO
## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

1.    On page 60 of the Revenue Agent's Report dated March 15, 1995, the Internal Revenue Service explained its basis for denying plaintiffs the affirmative adjustment plaintiffs request for a gross-up of their estimated salvage under Revenue Procedure 92-77, 1992-2 C.B. 454, for the taxable year 1990, as follows:

    "The government contends, pursuant to Treas. Reg. 1.832-4(f)(3)(iii), that any taxpayer that 'claims the special deduction is precluded from also claiming the section 481 adjustment . . .' The government also maintains that once a company has taken the special deduction any change in method of computing unpaid losses can only be done so with the consent of the Commissioner. This position is based on section 4.04 of Rev. Proc. 92-77."

Response:  The United States objects to Request for Admission No. 1 on the grounds that the

-1-

admission sought is not relevant to the claims or defenses at issue and is beyond the scope of

discovery.

2.     As of August 25, 2006, defendant and/or the Internal Revenue Service have not provided
       plaintiffs with any written explanation that states a basis for denying plaintiffs the
       affirmative adjustment plaintiffs requested seeking a gross-up of their loss reserves to add
       estimated salvage back to unpaid losses for taxable year 1990 under section 4.02 of
       Revenue Procedure 92-77, other than the basis explained in the Revenue Agent's Report
       referenced above in Admission Request Number 1.

<u>Response</u>:  The United States objects to Request for Admission No. 2 on the grounds that the

admission sought is not relevant to the claims or defenses at issue and is beyond the scope of

discovery.

3.     Other than the grounds stated in the Revenue Agent's Report referenced above in
       Admission Request Number 1, defendant has no other grounds for arguing that plaintiffs
       did not comply with the requirements of Revenue Procedure 92-77.

<u>Response</u>:  It is premature for the United States to respond to this Request for Admission No. 3.

At this time the United States has not completed its discovery.  Upon review of the plaintiffs'

discovery responses and deposition transcripts, the United States will respond to this request for

admission.

4.     Revenue Procedure 92-77 was published in the Internal Revenue Bulletin after the final
       due dates for the filing of plaintiffs' tax returns for the taxable years 1990 and 1991.

<u>Response</u>:  The United States can neither admit or deny Request for Admission No. 4 as worded

as it is unclear what is meant by the term "final due dates."  The United States admits that

Revenue Procedure 92-77 was published in the Internal Revenue Bulletin on September 4, 1992.

The United States admits that, without extension, the due date for the plaintiffs' income tax

returns for the taxable year 1990 was March 15, 1991.  The United States admits that Liberty

Mutual Insurance Company and Subsidiaries requested and was granted an extension of time

-2-

until September 15, 1991, to file its income tax return with respect to the 1990 taxable year. The

United States admits that Liberty Mutual Fire Insurance Company and Subsidiaries could not

have obtained an extension of time past September 15, 1991, to file its income tax return for the

1990 taxable year. The United States admits that, without extension, the due date for the

plaintiffs' income tax returns for the taxable year 1991 was March 15, 1992. The United States

admits that Liberty Mutual Insurance Company and Subsidiaries requested and was granted an

extension of time until September 15, 1992, to file its income tax return with respect to the 1991

taxable year. The United States admits that Liberty Mutual Fire Insurance Company and

Subsidiaries requested and was granted an extension of time until September 15, 1992, to file its

income tax return with respect to the 1991 taxable year.

5.    Other than with respect to plaintiffs' request for an adjustment under Revenue Procedure
      92-77, the Internal Revenue Service has not denied or disallowed a gross-up of loss
      reserves to add estimated salvage back to unpaid losses as set forth in Revenue Procedure
      92-77 for taxable year 1990 to any other taxpayer on the basis described in section 4.04 of
      Revenue Procedure 92-77.

Response: The United States objects to Request for Admission No. 5 on the grounds that the

admission sought is not relevant to the claims or defenses at issue and is beyond the scope of

discovery. The United States further objects to this request on the grounds that it is burdensome

and on the grounds of 26 U.S.C. § 6103.

6.    It was not possible for plaintiffs to comply with Revenue Procedure 92-77 without
      amending their original tax returns for 1990 and 1991.

Response: Admits that as a result of the reporting on the original 1990 and 1991 tax returns, the

plaintiffs could not proceed under Revenue Procedure 92-77.

-3-

7.    Revenue Procedure 92-77 applies to plaintiffs' 1990 taxable year.

Response: Denies.


                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney



                              _Karen Wozniak_
                              KAREN WOZNIAK
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 55
                              Ben Franklin Station
                              Washington, D.C. 20044
                              Telephone: (202) 307-1927
                              E-mail: karen.e.wozniak@usdoj.gov


                                    -4-

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Response to Plaintiffs' First Set

of Requests for Admission has been made upon the following by depositing a copy in the United

States mail, postage prepaid, this 25th day of September, 2006:

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> Scribner, Hall & Thompson LLP
> 1875 Eye Street, NW
> Washington, DC 20006
>
> John A. Lacaire
> Biack, Cetkovic & Whitestone
> 200 Berkley Street, Floor 16
> Boston, MA 02116

> KAREN WOZNIAK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-1927
> E-mail: karen.e.wozniak@usdoj.gov

-5-

# United States Department of Justice

## Tax Division
### Civil Trial Section, Northern Region
P.O. Box 55 - Ben Franklin Station
### Washington, D.C. 20044
### Fax: (202) 514-5238/9649

**TO:**                         Peter Winslow

**FAX NUMBER:**                 (202) 331 – 2032

**SUBJECT:**                    Liberty Mutual Insurance Company and Subsidiaries
                                v. United States
                                Case No. 1:05-11048-RL

                                Liberty Mutual Fire Insurance Company and
                                Subsidiaries v. United States
                                Case No. 1:05-11049-RCL

**DATE SENT:**                  9|28|06

**PAGES: (Including this cover  2
sheet)**

**FAX FROM:**                   Karen Wozniak
                                Trial Attorney
                                (202) 307-1927

**COMMENTS:** As I stated yesterday, I have no objection to the plaintiffs' The response to request to admit #7 has been revised. I apologize for overlooking the request to explain the basis of any denial. We are still investigating the publication date of Rev Proc 92-77 in the Internal Revenue Bulletin. Here is the revised response to request to admit #7.

*getting an extension of time to file their summary judgment motion*

**WARNING:** The information contained in this facsimile is confidential and may be subject to disclosure limitations under Rule 6(e) of the Federal Rules of Criminal Procedure and Section 6103 of the Internal Revenue Code. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender identified above by telephone.

7.    Revenue Procedure 92-77 applies to plaintiffs' 1990 taxable year.

Response:

Admits that with respect to the 1990 taxable year, the gross-up provision in Revenue Procedure 92-77 applies to plaintiffs' unpaid losses with respect to the 1990 accident year to the extent that: (1) the plaintiffs took estimated salvage recoverable into account in determining the amount of those unpaid losses shown on their annual statements for 1990; (2) estimated salvage recoverable which reduced those unpaid losses was separately taken into account in accordance with section 832(b)(5)(A)(iii) of the Internal Revenue Code as reflected on the plaintiffs' tax returns for the 1990 taxable year; and (3) the plaintiffs' complied with the disclosure requirements set forth in section 1.832-4(d)(2) of the regulations.

With respect to the 1990 taxable year, the gross-up provision of Revenue Procedure 92-77 does not apply to the plaintiffs' unpaid losses with respect to pre-1990 accident years. Plaintiffs claimed the special deduction in 1990 and 1991 and did not separately account for salvage recoverable for pre-1990 accident years. In order to take advantage of the gross up provision in Rev. Proc. 92-77 with respect to pre-1990 accident years, the plaintiffs would have had to change their method of accounting for estimated salvage recoverable. Such a change in their method of accounting for estimated salvage recoverable would have required the Commissioner's consent.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney


KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-Mail: karen.e.wozniak@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

<u>UNITED STATES' REVISED RESPONSE TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>

<u>Response to Instructions</u>: The United States objects to the instructions set forth in the plaintiffs'

interrogatories to the extent that they call for information that is beyond the scope of discovery.

1.    Identify by name, current address and telephone number all persons who participated in
the Internal Revenue Service's consideration, drafting or deliberation of Revenue
Procedure 92-77 and describe what each identified person did concerning Revenue
Procedure 92-77.

<u>Response</u>:  The government objects to Interrogatory No. 1 on the grounds that the information

sought is not relevant to the claims or defenses at issue and is beyond the scope of discovery.

-1-

2.     Identifying by name, current address and telephone number all persons who participated in the Department of the Treasury's consideration, drafting or deliberation of Revenue Procedure 92-77 and describe what each identified person did concerning Revenue Procedure 92-77.

Response: The government objects to Interrogatory No. 2 on the grounds that the information sought is not relevant to the claims or defenses at issue and is beyond the scope of discovery.

3.     Does defendant contend that if plaintiffs were to obtain the tax treatment accorded by Section 4.02 of Procedure 92-77 for taxable year 1990, such treatment would result in a change in the method of computing undiscounted unpaid losses to remove estimated salvage recoverable for accident years in which estimated salvage receivable was not separately taken into account within the meaning of Section 4.04 of Revenue Procedure 92-77?

Response: Section 4.04 of Revenue Procedure 92-77 states that if a property and casualty insurance company claimed the special deduction under Section 11305(c) of the Revenue Reconciliation Act of 1990, "any change in method of computing undiscounted unpaid losses to remove estimated salvage recoverable for accident years in which estimated salvage was not separately taken into account is a change in method of accounting for which the taxpayer must receive approval by the Commissioner." This provision applies to the plaintiffs because they claimed the special deduction (claimed it for 1990 and 1991) and subsequently sought, with their request for "Affirmative Adjustment under Rev-Proc. 92-77," to increase their unpaid loss for 1990 for accident years in which estimated salvage was not separately taken into account (increasing the unpaid loss by the estimated salvage recoverable that reduced the unpaid loss is the same as removing from the unpaid loss the estimated salvage recoverable that reduced the unpaid loss.) Increasing their unpaid losses for tax purposes for the 1990 tax period by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses shown on the annual statement for accident years in which estimated salvage was not separately

-2-

taken into account would be a change in method of accounting for which the plaintiffs would have had to have received approval by the Commissioner. The plaintiffs have not presented any evidence that they filed Form 3115, Application for Change in Accounting Method, in connection with their request for "Affirmative Adjustment under Rev-Proc. 92-77." Even if they had, they would have been seeking approval for a retroactive change in method of accounting.

In addition, claiming the special deduction under Section 11305(c) of the Revenue Reconciliation Act of 1990 is a method of accounting. "Reversing" or "eliminating" the special deduction to: (1) claim the section 481 adjustment provided in paragraph 1.832-4(e)(2)(ii) of the regulations and section 11305(c)(2) of the 1990 Act with respect to the estimated salvage recoverable that was taken into account as a reduction to unpaid losses shown on the annual statement and (2) increase unpaid losses for tax purposes by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses shown on the annual statement (this is what the plaintiffs sought to do with their request for an affirmative adjustment pertaining to Revenue Procedure 92-77) would be a change in method of accounting for which the plaintiffs would have had to have received approval by the Commissioner. A change in the timing of a reduction to taxable income is a method of accounting.

Separately taking into account estimated salvage recoverable in accordance with section 832(b)(5)(A)(iii) of the Internal Revenue Code is a method of accounting. The estimated salvage recoverable that reduced the unpaid loss shown on the 1990 annual statement was not separately taken into account in accordance with section 832(b)(5)(A)(iii) in computing the plaintiffs' losses incurred for the 1990 tax period. Changing the method of computing losses incurred to take that estimated salvage into account separately in accordance with section 832(b)(5)(A)(iii) would be a

-3-

change in method of accounting for which the plaintiffs would have had to have received

approval by the Commissioner. (See 26 C.F.R. § 1.832-4(2).) (Unpaid losses cannot be

increased for tax purposes by the amount of estimated salvage recoverable taken into account as

a reduction to unpaid losses shown on the annual statement unless that salvage recoverable is

taken into account separately.)

     Again, the plaintiffs have not presented any evidence that they filed Form 3115,

Application for Change in Accounting Method, in connection with their request for "Affirmative

Adjustment under Rev-Proc. 92-77" and even if they had, they would have been seeking

approval for a retroactive change in method of accounting.

4.     If the answer to Interrogatory 3 is "yes," explain in detail the legal and factual basis upon
     which defendant relies in support of its contention.

Response: See response to Interrogatory #3 above.

5.     Does defendant contend that plaintiffs have not complied with the requirements for the
     tax treatment described in Section 4.02 of Revenue Procedure 92-77 for taxable year
     1990?

Response: Yes.

6.     If the answer to Interrogatory 5 is "yes," explain in detail the legal and factual basis upon
     which defendant relies in support of its contention and the specific requirements of
     Revenue Procedure 92-77 that defendant contends plaintiffs have failed to satisfy.

Response: Section 4.01 of Revenue Procedure 92-77 provides that an insurance company may

increase unpaid losses for tax purposes by the amount of estimated salvage recoverable taken into

account as a reduction to unpaid losses shown on its annual statement only if the following two

conditions are met: (1) the taxpayer complies with the disclosure requirement set forth in 1.832-

4(d)(2) of the regulations and (2) the estimated salvage recoverable that reduced unpaid losses is

-4-

separately taken into account in accordance with section 832(b)(5)(A)(iii) of the Internal

Revenue Code. See Rev. Proc. 92-77 section 4.01. As to the first requirement, the plaintiffs

contend that they made the requisite disclosure with respect to 1990 on the 1991 Annual

Statement. That does not meet the requirements of 1.832-4(d)(2). The regulations require the

disclosure to be on the annual statement for the taxable year for which the adjustment under

section 4.02 is claimed. As to the second requirement, the estimated salvage recoverable that

reduced the unpaid loss shown on the 1990 annual statement was not separately taken into

account in accordance with section 832(b)(5)(A)(iii) in computing the plaintiffs' losses incurred

for the 1990 tax period. In computing the losses incurred for 1990, the plaintiffs only separately

took into account the estimated salvage recoverable with respect to a portion of the auto physical

damage line which was not netted against the unpaid loss shown on the annual statement (did not

reduce the unpaid loss).

In addition to the requirements listed in section 4.01, section 4.04 explicitly states that if a

property and casualty insurance company claimed the special deduction under Section 11305(c)

of the Revenue Reconciliation Act of 1990, "any change in method of computing undiscounted

unpaid losses to remove estimated salvage recoverable for accident years in which estimated

salvage was not separately taken into account is a change in method of accounting for which the

taxpayer must receive approval by the Commissioner." This provision applies to the plaintiffs

because they claimed the special deduction for 1990 and 1991 and subsequently sought, with

their request for "Affirmative Adjustment under Rev-Proc. 92-77," to increase their unpaid loss

for 1990 for accident years in which estimated salvage was not separately taken into account

(increasing the unpaid loss by the estimated salvage recoverable that reduced the unpaid loss

-5-

is the same as removing from the unpaid loss the estimated salvage recoverable that reduced the unpaid loss.) Increasing their unpaid losses for tax purposes for the 1990 tax period by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses shown on the annual statement for accident years in which estimated salvage was not separately taken into account would be a change in method of accounting for which the plaintiffs would have had to have received approval by the Commissioner. The plaintiffs have not presented any evidence that they filed Form 3115, Application for Change in Accounting Method, in connection with their request for "Affirmative Adjustment under Rev-Proc. 92-77." Even if they had, they would have been seeking approval for a retroactive change in method of accounting.

Claiming the special deduction under Section 11305(c) of the Revenue Reconciliation Act of 1990 is a method of accounting. "Reversing" or "eliminating" the special deduction to: (1) claim the section 481 adjustment provided in paragraph 1.832-4(e)(2)(ii) of the regulations (section 11305(c)(2) of the 1990 Act) with respect to the estimated salvage recoverable that was taken into account as a reduction to unpaid losses shown on the annual statement and (2) increase unpaid losses for tax purposes by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses shown on the annual statement (this is what the plaintiffs sought to do with their request for an affirmative adjustment pertaining to Revenue Procedure 92-77) would be a change in method of accounting for which the plaintiffs would have had to have received approval by the Commissioner. A change in the timing of a reduction to taxable income is a method of accounting.

Separately taking into account estimated salvage recoverable in accordance with section 832(b)(5)(A)(iii) of the Internal Revenue Code is a method of accounting. The estimated salvage

-6-

recoverable that reduced the unpaid loss shown on the 1990 annual statement was not separately taken into account in accordance with section 832(b)(5)(A)(iii) in computing the plaintiffs' losses incurred for the 1990 tax period. Changing the method of computing losses incurred to take that estimated salvage into account separately in accordance with 832(b)(5)(A)(iii) would be a change in method of accounting for which the plaintiffs would have had to have received approval by the Commissioner. (See 26 C.F.R. § 1.832-4(2).) (Unpaid losses cannot be increased for tax purposes by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses shown on the annual statement unless that salvage recoverable is taken into account separately.)

Again, the plaintiffs have not presented any evidence that they filed Form 3115, Application for Change in Accounting Method, in connection with their request for "Affirmative Adjustment under Rev-Proc. 92-77" and even if they had, they would have been seeking approval for a retroactive change in method of accounting.

Finally, had the plaintiffs qualified for the adjustment under 4.02 of the revenue procedure and otherwise met the requirements of Revenue Procedure 92-77, the adjustment under section 4.02 of the revenue procedure could not be made unless the special deduction was brought back into income in each of the years 1990, 1991, 1992, and 1993 and the entire section 481 adjustment provided in paragraph 1.832-4(e)(2)(ii) of the regulations and section 11305(c)(2) of the 1990 Act was made. Since plaintiffs have not included in income the amount of the special deduction in its tax returns for the years 1991, 1992, and 1993, nor paid tax based on the section 481 adjustment provided in paragraph 1.832-4(e)(2)(ii) of the regulations and section 11305(c)(2) of the 1990 Act for those years it would not be entitled to an adjustment for

1990 under section 4.02 of Revenue Procedure 92-77 that did not take the taxes which would be

due for the years 1991, 1992, and 1993 into account, even if it otherwise qualifies for the

adjustment.

<u>DECLARATION OF KAREN WOZNIAK</u>

I, Karen Wozniak, pursuant to the provisions of 28 U.S.C. Section 1746, declare under
penalty of perjury that the responses provided above are true and correct to the best of my
knowledge and belief.

Executed in Washington, D.C., on October <u>18th</u>, 2006.

*Karen Wozniak*

KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

-8-

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Revised

Response to Plaintiffs' First Set of Interrogatories has been made upon the following this <u>18th</u>

day of October, 2006, via facsimile as requested:

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> Scribner, Hall & Thompson LLP
> 1875 Eye Street, NW
> Washington, DC 20006

> *Karen Wozniak*
> KAREN WOZNIAK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-1927
> E-mail: karen.e.wozniak@usdoj.gov

-9-

10/18/2006 23:21 FAX 2025145238          US DEPT OF JUSTICE, TAX                      ☑002

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE<br>COMPANY AND SUBSIDIARIES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:05-11048-RCL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY AND SUBSIDIARIES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:05-11049-RCL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' REVISED RESPONSE TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

1.    On page 60 of the Revenue Agent's Report dated March 15, 1995, the Internal Revenue
Service explained its basis for denying plaintiffs the affirmative adjustment plaintiffs
request for a gross-up of their estimated salvage under Revenue Procedure 92-77, 1992-2
C.B. 454, for the taxable year 1990, as follows:

> "The government contends, pursuant to Treas. Reg. 1.832-4(f)(3)(iii), that
> any taxpayer that 'claims the special deduction is precluded from also claiming
> the section 481 adjustment . . .' The government also maintains that once a
> company has taken the special deduction any change in method of computing
> unpaid losses can only be done so with the consent of the Commissioner. This
> position is based on section 4.04 of Rev. Proc. 92-77."

Response:    The United States objects to Request for Admission No. 1 on the grounds that the

-1-

admission sought is not relevant to the claims or defenses at issue and is beyond the scope of

discovery. Tax refund cases are *de novo* proceedings. Factual issues in refund actions are tried

*de novo* "with no weight given to subsidiary factual findings made by the Service in its internal

administrative proceedings." Cook v. United States, 46 Fed.Cl. 110, 113 (2000).

2.     As of August 25, 2006, defendant and/or the Internal Revenue Service have not provided
plaintiffs with any written explanation that states a basis for denying plaintiffs the
affirmative adjustment plaintiffs requested seeking a gross-up of their loss reserves to add
estimated salvage back to unpaid losses for taxable year 1990 under section 4.02 of
Revenue Procedure 92-77, other than the basis explained in the Revenue Agent's Report
referenced above in Admission Request Number 1.

Response: The United States objects to Request for Admission No. 2 on the grounds that the

admission sought is not relevant to the claims or defenses at issue and is beyond the scope of

discovery.

3.     Other than the grounds stated in the Revenue Agent's Report referenced above in
Admission Request Number 1, defendant has no other grounds for arguing that plaintiffs
did not comply with the requirements of Revenue Procedure 92-77.

Response: Deny; the section of the Revenue Agent's Report referenced in Request for Admission

No. 1 is not specifically directed to the plaintiffs' compliance with the requirements of Revenue

Procedure 92-77. The issue discussed in that section is set forth at page 58 as "Whether the

taxpayer should be allowed to change from claiming the Special Deduction as provided by

OBRA of 1990 section 11305(c)(3) to claim the Fresh Start under section 11305(c)(2).

Section 4.01 of Revenue Procedure 92-77 provides that an insurance company may

increase unpaid losses for tax purposes by the amount of estimated salvage recoverable taken into

account as a reduction to unpaid losses shown on its annual statement only if the following two

conditions are met: (1) the taxpayer complies with the disclosure requirement set forth in 1.832-

-2-

4(d)(2) of the regulations and (2) the estimated salvage recoverable that reduced unpaid losses is separately taken into account in accordance with section 832(b)(5)(A)(iii) of the Internal Revenue Code. See Rev. Proc. 92-77 section 4.01. As to the first requirement, the plaintiffs contend that they made the requisite disclosure with respect to 1990 on the 1991 Annual Statement. That does not meet the requirements of 1.832-4(d)(2). The regulations require the disclosure to be on the annual statement for the taxable year for which the adjustment under section 4.02 is claimed. As to the second requirement, the estimated salvage recoverable that reduced the unpaid loss shown on the 1990 annual statement was not separately taken into account in accordance with section 832(b)(5)(A)(iii) in computing the plaintiffs' losses incurred for the 1990 tax period. In computing the losses incurred for 1990, the plaintiffs only separately took into account the estimated salvage recoverable with respect to a portion of the auto physical damage line which was not netted against the unpaid loss shown on the annual statement (did not reduce the unpaid loss).

In addition to the requirements listed in section 4.01, section 4.04 explicitly states that if a property and casualty insurance company claimed the special deduction under Section 11305(c) of the Revenue Reconciliation Act of 1990, "any change in method of computing undiscounted unpaid losses to remove estimated salvage recoverable for accident years in which estimated salvage was not separately taken into account is a change in method of accounting for which the taxpayer must receive approval by the Commissioner." This provision applies to the plaintiffs because they claimed the special deduction (claimed it for 1990 and 1991) and subsequently sought, with their request for "Affirmative Adjustment under Rev-Proc. 92-77," to increase their unpaid loss for 1990 for accident years in which estimated salvage was not separately taken into

-3-

account (increasing the unpaid loss by the estimated salvage recoverable that reduced the unpaid

loss    is the same as removing from the unpaid loss the estimated salvage recoverable that

reduced the unpaid loss.)  Increasing their unpaid losses for tax purposes for the 1990 tax period

by the amount of estimated salvage recoverable taken into account as a reduction to unpaid losses

shown on the annual statement for accident years in which estimated salvage was not separately

taken into account would be a change in method of accounting for which the plaintiffs would

have had to have received approval by the Commissioner.  The plaintiffs have not presented any

evidence that they filed Form 3115, Application for Change in Accounting Method, in

connection with their request for "Affirmative Adjustment under Rev-Proc. 92-77."  Even if they

had, they would have been seeking approval for a retroactive change in method of accounting.

Claiming the special deduction under Section 11305(c) of the Revenue Reconciliation

Act of 1990 is a method of accounting.  "Reversing" or "eliminating" the special deduction to:

(1) claim the section 481 adjustment provided in paragraph 1.832-4(e)(2)(ii) of the regulations

and section 11305(c)(2) of the 1990 Act with respect to the estimated salvage recoverable that

was taken into account as a reduction to unpaid losses shown on the annual statement and (2)

increase unpaid losses for tax purposes by the amount of estimated salvage recoverable taken into

account as a reduction to unpaid losses shown on the annual statement (this is what the plaintiffs

sought to do with their request for an affirmative adjustment pertaining to Revenue Procedure

92-77) would be a change in method of accounting for which the plaintiffs would have had to

have received approval by the Commissioner.  A change in the timing of a reduction to taxable

income is a method of accounting.

Separately taking into account estimated salvage recoverable in accordance with section

-4-

832(b)(5)(A)(iii) of the Internal Revenue Code is a method of accounting. The estimated salvage

recoverable that reduced the unpaid loss shown on the 1990 annual statement was not separately

taken into account in accordance with section 832(b)(5)(A)(iii) in computing the plaintiffs' losses

incurred for the 1990 tax period. Changing the method of computing losses incurred to take that

estimated salvage into account separately in accordance with 832(b)(5)(A)(iii) would be a change

in method of accounting for which the plaintiffs would have had to have received approval by the

Commissioner. (See 26 C.F.R. § 1.832-4(2).) (Unpaid losses cannot be increased for tax

purposes by the amount of estimated salvage recoverable taken into account as a reduction to

unpaid losses shown on the annual statement unless that salvage recoverable is taken into

account separately.)

     Again, the plaintiffs have not presented any evidence that they filed Form 3115,

Application for Change in Accounting Method, in connection with their request for "Affirmative

Adjustment under Rev-Proc. 92-77" and even if they had, they would have been seeking

approval for a retroactive change in method of accounting.

     Finally, had the plaintiffs qualified for the adjustment under 4.02 of the revenue

procedure and otherwise met the requirements of Revenue Procedure 92-77, the adjustment

under section 4.02 of the revenue procedure could not made unless the special deduction was

brought back into income in each of the years 1990, 1991, 1992, and 1993 and the entire section

481 adjustment provided in paragraph 1.832-4(e)(2)(ii) of the regulations and section

11305(c)(2) of the 1990 Act was made. Since plaintiffs have not included in income the amount

of the special deduction in its tax returns for the years 1991, 1992, and 1993, nor paid tax based

on the section 481 adjustment provided in paragraph 1.832-4(e)(2)(ii) of the regulations and

section 11305(c)(2) of the 1990 Act for those years it would not be entitled to an adjustment for

1990 under section 4.02 of Revenue Procedure 92-77 that did not take the taxes which would be

due for the years 1991, 1992, and 1993 into account, even if it otherwise qualifies for the

adjustment.

4.      Revenue Procedure 92-77 was published in the Internal Revenue Bulletin after the final
due dates for the filing of plaintiffs' tax returns for the taxable years 1990 and 1991.

<u>Response</u>: The United States can neither admit or deny Request for Admission No. 4 as worded

as it is unclear what is meant by the term "final due dates." The United States admits that

Revenue Procedure 92-77 was issued on September 4, 1992, and published in the Internal

Revenue Bulletin on September 21, 1992. The United States admits that, without extension, the

due date for the plaintiffs' income tax returns for the taxable year 1990 was March 15, 1991.

The United States admits that Liberty Mutual Insurance Company and Subsidiaries requested and

was granted an extension of time until September 15, 1991, to file its income tax return with

respect to the 1990 taxable year. The United States admits that Liberty Mutual Fire Insurance

Company and Subsidiaries could not have obtained an extension of time past September 15,

1991, to file its income tax return for the 1990 taxable year. The United States admits that,

without extension, the due date for the plaintiffs' income tax returns for the taxable year 1991

was March 15, 1992. The United States admits that Liberty Mutual Insurance Company and

Subsidiaries requested and was granted an extension of time until September 15, 1992, to file its

income tax return with respect to the 1991 taxable year. The United States admits that Liberty

Mutual Fire Insurance Company and Subsidiaries requested and was granted an extension of time

until September 15, 1992, to file its income tax return with respect to the 1991 taxable year.

5.      Other than with respect to plaintiffs' request for an adjustment under Revenue Procedure
        92-77, the Internal Revenue Service has not denied or disallowed a gross-up of loss
        reserves to add estimated salvage back to unpaid losses as set forth in Revenue Procedure
        92-77 for taxable year 1990 to any other taxpayer on the basis described in section 4.04 of
        Revenue Procedure 92-77.

Response:  The United States objects to Request for Admission No. 5 on the grounds that the

admission sought is not relevant to the claims or defenses at issue and is beyond the scope of

discovery.  The United States further objects to this request on the grounds that it is unduly

burdensome.  There were approximately 3,000 property and casualty insurance companies in the

early 1990s.  In order to be able to respond to this request for admission, Internal Revenue

Service personnel would have to independently view the 1990 account for each property and

casualty insurance company to determine whether there was an examination for that tax period.

There is not, however, a way in which the Internal Revenue Service can even segregate property

and casualty insurance companies on the Internal Revenue Service system, *i.e.*, pull up a listing

of just property and casualty insurance companies.  If the property and casualty insurance

companies which had an examination with respect to 1990 tax period could be identified, the

administrative files with respect to the 1990 tax period for each of those company would need to

be located and reviewed in order to determine whether the company had sought to proceed under

Revenue Procedure 92-77 for the 1990 tax period and, if so, whether or not that was allowed or

not and, if it was not allowed, the reason for the denial or disallowance.

6.      It was not possible for plaintiffs to comply with Revenue Procedure 92-77 without
        amending their original tax returns for 1990 and 1991.

Response:  Admits that as a result of the reporting on the original 1990 and 1991 tax returns, the

plaintiffs could not proceed under Revenue Procedure 92-77.

-7-

7.      Revenue Procedure 92-77 applies to plaintiffs' 1990 taxable year.

<u>Response</u>: Admits that Revenue Procedure 92-77 applies to any taxpayer that is required to include in income an estimate of salvage recoverable under section 832(b)(5) of the Code including the plaintiffs, but denies that for the 1990 tax period the plaintiffs qualify for the adjustment provided for in Section 4.02 of the revenue procedure.  The purpose of 26 C.F.R. § 1.832-4(d) and section 4.02 of the Revenue Procedure 92-77 is to provide relief from, *i.e.* eliminate, the double counting of estimated salvage recoverable in computing losses incurred. <u>See</u> Revenue Procedure 92-77; T.D. 8390; Notice 92-1.  Section 4.02 sets forth the procedure for eliminating double counting for tax periods ending on or before January 31, 1993.  The plaintiffs did not double count any estimated salvage recoverable in computing its losses incurred for the 1990 tax period.  (The method of computing losses incurred for the 1990 tax period was described by James Kress at deposition on September 29, 2006.  <u>See</u> Deposition of James Kress, p.25, l.13- p.28, l.18; p.48, l.20 - p.49, l.23.)  Therefore, section 4.02 of the revenue procedure does not apply to the plaintiffs with respect to the 1990 taxable year.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


*Karen Wozniak*

KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

-8-

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Revised Response to Plaintiffs'

First Set of Requests for Admission has been made upon the following this <u>18th</u> day of October,

2006, via facsimile as requested:

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> Scribner, Hall & Thompson LLP
> 1875 Eye Street, NW
> Washington, DC 20006

> _Karen Wozniak_
> KAREN WOZNIAK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-1927
> E-mail: karen.e.wozniak@usdoj.gov

| Form 886-A | EXPLANATION OF ITEMS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer<br>**Keyport Life Insurance Company** | | Year/Period Ended<br>**1988 - 1990** |

KLIC 1   Research & Development tax credit

**Issue:**

Whether Research & Development tax credit is understated.

**Facts; Law and Argument:**

Taxpayer did not claim a credit for the research and development of internal use software on its returns, as originally files.  On June 5, 1995 Taxpayer filed a timely informal claim for refund based on a study of research and development expenditures through 1994.  An agreement was reached to use 1994 records as substantiation for prior years.  As a result of this examination Taxpayer has agreed to redetermined amounts of R&E tax credit as follows:

|                                | 1988  | 1989   | 1990   |
|--------------------------------|-------|--------|--------|
| R&D tax credit, as determined  | 5,607 | 77,168 | 29,832 |
| R&D tax credit, per prior RAR  | -0-   | -0-    | -0-    |
| Increase in R&D tax credit     | 5,607 | 77,168 | 29,832 |

DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE                    Form 886-A (Rev.4-68)

Page_____

10/18/2006 23:43 FAX 2025145238          US DEPT OF JUSTICE, TAX                    ☒003

| Form 886-A | EXPLANATION OF ITEMS | Schedule No. or Exhibit |
|---|---|---|
| me of Taxpayer<br>Liberty Mutual Insurance Company and Subsidiaries | | Year/Period Ended<br>1988 - 1990 |

## CARRYBACK OF 1988 LIBERTY LIFE LOSS.

Forms 1120X were filed carrying back the 1988 Liberty Life loss of $15,070,733 to 1985, 1986 and 1987.  The total refund claimed is $1,957,073. Since this amount exceeds $1,000,000 the examination of 1988 is subject to joint committee review.

## CORPORATE HISTORY

Liberty Mutual Insurance Company and Affiliated Subsidiaries is a consolidated life-nonlife insurance tax return. As such, a form 1120 is filed. Contained in the nonlife sub-group are three property and casualty companies that report on proforma 1120PC's and various other companies in the mutual fund management, real estate and related service fields. The three property and casualty companies contained in the nonlife sub-group are Liberty Mutual Insurance Company (referred to as the "Casualty Co."), Liberty Insurance Corporation (LIC), and Liberty Northwest Insurance Corporation (LNW). A bottom line method of consolidation is used. Liberty Mutual Fire Insurance Company (referred to as the "Fire Co.") is a brother/sister related mutual company (control through same directors) that files its own separate Form 1120PC.

The Casualty Co., Fire Co. and LIC (the Company) participate in an internal pooling arrangement that divides the insurance underwriting business according to ever changing specified percentages. In 1987 the percentage distribution was 89.9%, 10%, .1% respectively. The pooling arrangement can be best described as one checkbook and insurance coverages being written in the various entities for certain business purposes: state tax, policyholder rights, etc. Together the four companies write almost all lines of property and casualty coverages but the three major lines that comprise over 90% of the book of business are worker's compensation, other liability and auto liability. In fact, the Liberty Group is the leading writer of worker's compensation in the country. The four companies are subject to income tax under section 831 of the Internal Revenue Code (the Code) and compute their individual taxable incomes under section 832 of the Code.

## EXAMINATION HISTORY

1978 - 1981 CYCLE

The case was resolved at the appellate level with the Company reserving its rights on two issues: interest income and a tax benefit issue regarding salvage. Subsequently, a claim for refund was filed on those issues. The interest issue was reserved for Competent Authority

10/18/2006 23:43 FAX 2025145238    US DEPT OF JUSTICE, TAX    ☑004

| Form 886-A | EXPLANATION OF ITEMS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer **Liberty Mutual Insurance Company and Subsidiaries** | | Year/Period Ended **1988 - 1990** |

and has closed with the U.S. retaining nearly the full amount.  R.A.R. was issued and agreement secured on this issue in April of 1993.

The second issue, tax benefit issue on salvage and subrogation was *is th[...]* closed to Appeals unagreed.  Settlement of this issue is imminent. *G[...]*

1982 - 1985

These tax years 1982 - 1985 were surveyed after assignment. Prior to 1982 the Company filed separate returns. Beginning with 1982 consolidated life-nonlife returns were filed. Liberty Mutual Fire Insurance Company must file its own separate return because it is is a mutual company.

1986 - 1987

*now al cons cre ctive cl[...] ew[...]*

The 1986-1987 cycle was closed agreed, with the understanding that T/P would file a claim on certain issues. On 5/18/1992 Liberty Group made a payment in full for $2,486,271.12 in tax and interest. On 4/20/1994 Liberty Group file timely claims for refund

*Redacted : Government Deliberative*
*Process Privilege*

CHANGE IN ACCOUNTING METHODS

Unearned Premiums - Audit Premiums - Effective 1988

In 1987 the Company changed its method of reporting audit premiums from "when billed" to an estimated earned amount. Simultaneous to requesting a change in this accounting, the Company increased loss reserves by an identical amount, $528 million. It later amended its filing for the change to be $744 million. The change was initially approved by the National Office with a six spread of income commencing with the 1988 year.

The District took exception to the simultaneous increase in reserves (an immediate full expense deduction in 1987) and a spread of audit premium income (delay in the reporting of the full income for seven years). The National Office revoked in writing the change and the Company appealed to a level of National Office above Branch 4, Technical. A new written permission of change was given with the Examination Division being allowed to review the substance of the relationship of audit premiums to loss reserves in the examination of the 1988 year.   The Service hired a contract actuary, William M. Mercer to review loss reserves in the prior cycle.   It was determined

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## UNITED STATES' INTERROGATORIES AND REQUEST TO PRODUCE DOCUMENTS TO LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES

### Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the United States requests

that Liberty Mutual Insurance Company and Subsidiaries answer the following interrogatories

under oath and serve its responses upon the United States within thirty days of the date of service

(August 31, 2006) by delivery as provided by Rule 5(b)(2)(A) of the Federal Rules of Civil

Procedure.

Preliminary Note:   As used herein, the words "and" and "or" shall mean "and/or." The
word "or" shall not be interpreted to narrow the scope of any interrogatory, and shall be

- 1 -

interpreted in its broadest sense, as denoting "and/or."

Interrogatory No. 1.   Describe in detail and substantiate the losses incurred on insurance contracts, as defined by 26 U.S.C. § 832(b)(5), during the 1990 taxable year by Liberty Mutual Insurance Company and Subsidiaries [collectively referred to as "the group"].   The response should reflect any reinsurance pooling arrangements to the extent that they would be reflected for tax reporting purposes.   Any amounts incorporating reinsurance pooling arrangements should be so indicated and a break down of the amount attributable to the reinsurance pool arrangements should be provided.   The response should include, but not be limited to, the following information:

1.   *identify each property and casualty company within the group*;

2.   *identify any reinsurance pools in which any of the companies within the group participated*;
   a. for each reinsurance pool, identify each company in the pool, including companies in the pool that are not within the group;
   b. for each reinsurance pool, describe in detail the pooling arrangement;
   c. for each reinsurance pool, identify all documents evidencing the pooling arrangement;

3.   *losses paid by the group during the 1990 taxable year*;
   a. describe how the amount was calculated;
   b. provide the calculation for the amount;
   c. identify all documents containing a calculation of the amount;
   d. identify all schedules, reports, workpapers, and other documents listing or evidencing the losses paid;
   e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

4.   *losses paid by each company within the group during the 1990 taxable year*;
   a. for each company, describe how the amount was calculated;
   b. for each company, provide the calculation for the amount;
   c. for each company, identify all documents containing a calculation of the amount;
   d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the losses paid;

5.   *total amount of salvage and reinsurance recovered by the group during the 1990 taxable year*;
   a. describe how the amount was calculated;
   b. provide the calculation for the amount;

- 2 -

    c. identify all documents containing a calculation of the amount;

    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the salvage and reinsurance recovered;

6.    *total amount of salvage and reinsurance recovered by each company within the group during the 1990 taxable year*;

    a. for each company, describe how the amount was calculated;

    b. for each company, provide the calculation for the amount;

    c. for each company, identify all documents containing a calculation of the amount;

    d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the salvage and reinsurance recovered;

7.    *discounted unpaid losses outstanding for the group at the end of the 1990 taxable year*;

    a. describe how the amount was calculated;

    b. provide the calculation for the amount;

    c. identify all documents containing a calculation of the amount;

    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the discounted unpaid losses;

    e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

8.    *total amount of the unpaid property and casualty losses for the group outstanding at the end of the 1990 taxable year*;

    a. describe how the amount was calculated;

    b. provide the calculation for the amount;

    c. identify all documents containing a calculation of the amount;

    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the unpaid losses;

9.    *total amount of the unpaid property and casualty losses for each property and casualty company within the group outstanding at the end of the 1990 taxable year*;

    a. for each company, describe how the amount was calculated;

    b. for each company, provide the calculation for the amount;

    c. for each company, identify all documents containing a calculation of the amount;

    d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing unpaid losses;

10.   *discounted unpaid losses outstanding for the group at the end of the 1989 taxable year*;

    a. describe how the amount was calculated;

    b. provide the calculation for the amount;

- 3 -

  c. identify all documents containing a calculation of the amount;

  d. identify all schedules, reports, workpapers, and other documents listing or evidencing the unpaid losses;

  e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

11.  *total amount of the unpaid property and casualty losses for the group outstanding at the end of the 1989 taxable year;*

  a. describe how the amount was calculated;

  b. provide the calculation for the amount;

  c. identify all documents containing a calculation of the amount;

  d. identify all schedules, reports, workpapers, and other documents listing or evidencing the unpaid losses.

12.  *total amount of the unpaid property and casualty losses for each property and casualty company within the group outstanding at the end of the 1989 taxable year;*

  a. for each company, describe how the amount was calculated;

  b. for each company, provide the calculation for the amount;

  c. for each company, identify all documents containing a calculation of the amount;

  d. for each company, identify all schedules, reports, workpapers, and other listing or evidencing unpaid losses;

13.  *estimated salvage and reinsurance recoverable for the group as of the end of the 1990 taxable year;*

  a. describe how the amount was calculated;

  b. provide the calculation for the amount;

  c. identify all documents containing a calculation of the amount;

  d. identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage and reinsurance recoverable;

  e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

14.  *estimated salvage recoverable for the group as of the end of the 1990 taxable year;*

  a. describe how the amount was calculated;

  b. provide the calculation for the amount;

  c. identify all documents containing a calculation of the amount;

  d. identify all schedules, reports, workpapers, and other documents listing or evidencing

- 4 -

the estimated salvage recoverable;

15. *reinsurance recoverable for the group as of the end of the 1990 taxable year;*
    a. *describe how the amount was calculated;*
    b. *provide the calculation for the amount;*
    c. identify all documents containing a calculation of the amount;
    d. identify all schedules, reports, workpapers, and other documents listing or evidencing
       the reinsurance recoverable;

16. *estimated salvage and reinsurance recoverable for each company within the group as of
    the end of the 1990 taxable year;*
    a. for each company, describe how the amount was calculated;
    b. for each company, provide the calculation for the amount;
    c. for each company, identify all documents containing a calculation of the amount;
    d. for each company, identify all schedules, reports, workpapers, and other documents
       listing or evidencing the estimated salvage and reinsurance recoverable;

17. *estimated salvage recoverable for each company within the group as of the end of the
    1990 taxable year;*
    a. for each company, describe how the amount was calculated;
    b. for each company, provide the calculation for the amount;
    c. for each company, identify all documents containing a calculation of the amount;
    d. for each company, identify all schedules, reports, workpapers, and other documents
       listing or evidencing the estimated salvage recoverable;

18. *reinsurance recoverable for each company within the group as of the end of the 1990
    taxable year;*
    a. for each company, describe how the amount was calculated;
    b. for each company, provide the calculation for the amount;
    c. for each company, identify all documents containing a calculation of the amount;
    d. for each company, identify all schedules, reports, workpapers, and other documents
       listing or evidencing the reinsurance recoverable;

19. *estimated salvage and reinsurance recoverable for the group as of the end of the 1989
    taxable year;*
    a. describe how the amount was calculated;
    b. provide the calculation for the amount;
    c. identify all documents containing a calculation of the amount;
    d. identify all schedules, reports, workpapers, and other documents listing or evidencing
       the estimated salvage and reinsurance recoverable;
    e. if the amount provided in response to this interrogatory is different from the amount
       listed on Liberty Mutual Insurance Company and Subsidiaries' original consolidated
       income tax return for the 1990 taxable year or any revisions or amendments to it

- 5 -

submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference.

20.    *estimated salvage for the group as of the end of the 1989 taxable year;*
    a. describe how the amount was calculated;
    b. provide the calculation for the amount;
    c. identify all documents containing a calculation of the amount;
    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage recoverable;

21.    *reinsurance recoverable for the group as of the end of the 1989 taxable year;*
    a. describe how the amount was calculated;
    b. provide the calculation for the amount;
    c. identify all documents containing a calculation of the amount;
    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the reinsurance recoverable;

22.    *estimated salvage and reinsurance recoverable for each company within the group as of the end of the 1989 taxable year;*
    a. for each company, describe how the amount was calculated;
    b. for each company, provide the calculation for the amount;
    c. for each company, identify all documents containing a calculation of the amount;
    d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage and reinsurance recoverable;

23.    *estimated salvage for each company within the group as of the end of the 1989 taxable year;*
    a. for each company, describe how the amount was calculated;
    b. for each company, provide the calculation for the amount;
    c. for each company, identify all documents containing a calculation of the amount;
    d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage recoverable;

24.    *reinsurance recoverable for each company within the group as of the end of the 1989 taxable year;*
    a. for each company, describe how the amount was calculated;
    b. for each company, provide the calculation for the amount;
    c. for each company, identify all documents containing a calculation of the amount;
    d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the reinsurance recoverable;

25.    *with respect to paragraphs 3 through 24, above, please indicated whether your response differs for purposes of reporting on the annual statement as opposed to the federal income*

- 6 -

*tax return for each respective item;*

26.    *with respect to paragraph 25, if you identify any differences, (a) please explain such differences in detail and (b) identify any and all documents relevant to reconciliation or explanation of such differences.*

<u>Interrogatory No. 2.</u> With respect to the 1989 taxable period, please describe in detail the extent to which estimated salvage recoverable was taken into account in computing losses incurred.  The response, should include, but not be limited to, the following information:

1.    *indicate the losses which were computed taking into account estimated salvage recoverable;*

2.    *for the losses which were computed taking into account estimated salvage recoverable, provide the amount of the losses prior to taking into account estimated salvage recoverable and provide a calculation for this amount;*

3.    *for the losses which were computed taking into account estimated salvage recoverable, provide the amount of the losses after taking into account estimated salvage recoverable and provide a calculation for this amount;*

4.    *the amount of estimated salvage recoverable taken into account computing losses and a calculation of this amount;*

5.    *indicate the losses which were computed not taking into account estimated salvage recoverable;*

6.    *provide the amount of the losses which were computed not taking into account estimated salvage recoverable and provide a calculation for this amount;*

7.    *the amount of estimated salvage recoverable not taken into account in computing losses and a calculation for this amount;*

8.    *an explanation as to why estimated salvage recoverable was taken into account in computing some losses but not others;*

9.    *identify all documents supporting the response to this interrogatory.*

<u>Interrogatory No. 3.</u> Describe in detail the extent to which estimated salvage recoverable was taken into account in computing losses incurred for tax reporting purposes for taxable years beginning after December 31, 1984 and before January 1, 1990.  The response should include an explanation as to why estimated salvage recoverable was taken into account in computing some losses but not others.

- 7 -

<u>Interrogatory No. 4.</u> With respect to Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 20 of the complaint that its corrected salvage recoverable at December 31, 1989, was $242,705,925, set forth all facts which support or contradict the claim, provide a detailed calculation of the corrected salvage recoverable amount listed in paragraph 20, identify all documents containing a calculation of the corrected salvage recoverable amount listed in paragraph 20, identify all documents relied upon in preparing calculations of the corrected salvage recoverable amount listed in paragraph 20, identify all documents listing or evidencing an amount for the salvage recoverable which differs from the amount listed in paragraph 20, and provide a detailed explanation of the reason for the correction.

<u>Interrogatory No. 5.</u> With respect to Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it overpaid its federal income tax for the taxable year 1990 in the amount listed in paragraph 51, set forth all facts which support or contradict the claim, provide a calculation of the overpayment amount listed, identify all documents containing a calculation of the overpayment amount listed in paragraph 51, identify all documents relied upon in preparing calculations of the overpayment amount listed in paragraph 51, and identify all documents listing or evidencing an overpayment amount which differs from the amount listed in paragraph 51.

<u>Interrogatory No. 6.</u> Set forth all facts which support or contradict Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it is entitled to an income tax refund for the taxable year 1990 in the amount listed in paragraph 51.

<u>Interrogatory No. 7.</u> Set forth all facts which support or contradict the contentions made in paragraph 48 of Liberty Mutual Insurance Company and Subsidiaries' complaint.

<u>Interrogatory No. 8.</u> Set forth all facts which support or contradict the contentions made in paragraph 49 of Liberty Mutual Insurance Company and Subsidiaries' complaint.

<u>Interrogatory No. 9.</u> Set forth all facts which support or contradict the contentions made in paragraph 50 of Liberty Mutual Insurance Company and Subsidiaries' complaint.

Request To Produce Documents

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States requests

that Liberty Mutual Insurance Company and Subsidiaries produce the following documents within

thirty days of the date of service (August 31, 2006) by delivery as provided by Rule 5(b)(2)(A) of

the Federal Rules of Civil Procedure.

- 8 -

Preliminary Note:    As used herein, the words "and" and "or" shall mean "and/or." The word "or" shall not be interpreted to narrow the scope of any request, and shall be interpreted in its broadest sense, as denoting "and/or." As used herein, the word "document" is to be liberally construed to include all types of written or documentary or other tangible material on which information or data may be recorded, stored, or otherwise contained.

Requests for Production of Documents Nos. 1- 9: Produce all documents and records which bear upon Liberty Mutual Insurance Company and Subsidiaries' responses to the above interrogatories, including, but not limited to, any documents to which you referred or upon which you have relied in formulating your responses to the interrogatories, or which are mentioned, described, or identified in those responses.

Request for Production of Documents No. 10:  A true, correct, and complete copy of Liberty Mutual Insurance Company and Subsidiaries' original consolidated 1990 federal income tax return along with all schedules, statements, attachments, correspondence, and other documents submitted to the Internal Revenue Service along with it or later in connection with it.

Request for Production of Documents No. 11: The September 15, 1993, request for an affirmative adjustment for 1990 taxable year referred to in paragraph 32 of Liberty Mutual Insurance Company and Subsidiaries' complaint, along with all documents submitted along with it.

Request for Production of Documents No. 12: The claim for an affirmative adjustment referred to in paragraph 33 of Liberty Mutual Insurance Company and Subsidiaries' complaint.

Request for Production of Documents No. 13:  A true, correct, and complete copy of Liberty Mutual Insurance Company and Subsidiaries' amended income tax return for the 1990 taxable year along with all schedules, statements, attachments, correspondence, and other documents submitted to the Internal Revenue Service along with it or later in connection with it.

Request for Production of Documents No. 14: All documents satisfying the disclosure requirement contained in 26 C.F.R. § 1.832-4(d)(2) with respect to the 1990 taxable year.

Request for Production of Documents No. 15: All documents which support  Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 20 of the complaint that its corrected salvage recoverable at December 31, 1989, was $242,705,925.

Request for Production of Documents No. 16: All documents which support  Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it overpaid its federal income tax for the taxable year 1990 in the amount listed in paragraph 51.

Request for Production of Documents No. 17: All documents which contain a calculation of the amount of the federal income tax overpayment claimed by Liberty Mutual Insurance Company and Subsidiaries' for the taxable year 1990 in paragraph 51 of the complaint.

- 9 -

<u>Request for Production of Documents No. 18</u>: All documents which support Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it is entitled to an income tax refund for the taxable year 1990 in the amount listed in paragraph 51.

<u>Request for Production of Documents No. 19</u>: All documents which tend to negate or contradict Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 20 of the complaint that its corrected salvage recoverable at December 31, 1989, was $242,705,925.

<u>Request for Production of Documents No. 20</u>: All documents which tend to negate or contradict Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it overpaid its federal income tax for the taxable year 1990 in the amount listed in paragraph 51.

<u>Request for Production of Documents No. 21</u>: All documents which tend to negate or contradict Liberty Mutual Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it is entitled to an income tax refund for the taxable year 1990 in the amount listed in paragraph 51.

<u>Request for Production of Documents No. 22</u>: Annual statements pertaining to the 1989 and 1990 taxable years for (a) Liberty Mutual Insurance Company and Subsidiaries, (b) each property and casualty company within the group, and (c) each company participating in a reinsurance pool arrangement within the group.

<u>Request for Production of Documents No. 23</u>: All documents relating to losses paid, salvage and reinsurance recovered, unpaid losses, and estimated salvage and reinsurance recoverable relied upon in preparing annual statements pertaining to the 1989 and 1990 taxable years for (a) Liberty Mutual Insurance Company and Subsidiaries, (b) each company with in the group, and (c) each company participating in a reinsurance pool arrangement within the group.

<u>Request for Production of Documents No. 24</u>: All documents relied upon in determining losses paid, salvage and reinsurance recovered, unpaid losses, and estimated salvage and reinsurance recoverable for the 1989 taxable period for (a) Liberty Mutual Insurance Company and Subsidiaries and (b) each company within the group.

<u>Request for Production of Documents No. 25</u>: All documents relied upon in determining losses paid, salvage and reinsurance recovered, unpaid losses, and estimated salvage and reinsurance recoverable for the 1990 taxable period for (a) Liberty Mutual Insurance Company and Subsidiaries and (b) each company with in the group.

<u>Request for Production of Documents No. 26</u>: All documents identified in Liberty Mutual Insurance Company and Subsidiaries' initial disclosures.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


*Karen Wozniak*
KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

- 11 -

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Interrogatories and

Request to Produce Documents to Liberty Mutual Insurance Company and Subsidiaries has been

made upon the following by hand delivery to their office, this 31st day of August, 2006:

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> Scribner, Hall & Thompson LLP
> 1875 Eye Street, NW
> Suite 1050
> Washington, DC 20006

In addition, a copy of the foregoing United States' Interrogatories and Request to Produce

Documents to Liberty Mutual Insurance Company and Subsidiaries was sent by United States

mail, postage prepaid, this 31st day of August, 2006 to:

> John A. Lacaire
> Biack, Cetkovic & Whitestone
> 200 Berkley Street, Floor 16
> Boston, MA 02116

> _Karen Wozniak_
> KAREN WOZNIAK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-1927
> E-mail: karen.e.wozniak@usdoj.gov

- 12 -

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE )
COMPANY AND SUBSIDIARIES, )
                           )
       Plaintiff, )
                            )
      v. )       Civil No. 1:05-11048-RCL
                            )
UNITED STATES OF AMERICA, )
                            )
       Defendant. )

LIBERTY MUTUAL FIRE INSURANCE )
COMPANY AND SUBSIDIARIES, )
                            )
       Plaintiff, )
                            )
      v. )       Civil No. 1:05-11049-RCL
                            )
UNITED STATES OF AMERICA, )
                            )
       Defendant. )

## UNITED STATES' INTERROGATORIES AND REQUEST TO PRODUCE DOCUMENTS TO LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES

Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the United States requests

that Liberty Mutual Fire Insurance Company and Subsidiaries answer the following

interrogatories under oath and serve its responses upon the United States within thirty days of the

date of service (August 31, 2006) by delivery as provided by Rule 5(b)(2)(A) of the Federal

Rules of Civil Procedure.

Preliminary Note:   As used herein, the words "and" and "or" shall mean "and/or." The
word "or" shall not be interpreted to narrow the scope of any interrogatory, and shall be

- 1 -

interpreted in its broadest sense, as denoting "and/or."

Interrogatory No. 1.  Describe in detail and substantiate the losses incurred on insurance contracts, as defined by 26 U.S.C. § 832(b)(5), during the 1990 taxable year by Liberty Mutual Fire Insurance Company and Subsidiaries [collectively referred to as "the group"].  The response should reflect any reinsurance pooling arrangements to the extent that they would be reflected for tax reporting purposes.  Any amounts incorporating reinsurance pooling arrangements should be so indicated and a break down of the amount attributable to the reinsurance pool arrangements should be provided.  The response, should include, but not be limited to, the following information:

1.    *identify each property and casualty company within the group*;

2.    *identify any reinsurance pools in which any of the companies within the group participated*;
    a. for each reinsurance pool, identify each company in the pool, including companies in the pool that are not within the group;
    b. for each reinsurance pool, describe in detail the pooling arrangement;
    c. for each reinsurance pool, identify all documents evidencing the pooling arrangement;

3.    *losses paid by the group during the 1990 taxable year*;
    a. describe how the amount was calculated;
    b. provide the calculation for the amount;
    c. identify all documents containing a calculation of the amount;
    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the losses paid;
    e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Fire Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

4.    *losses paid by each company within the group during the 1990 taxable year*;
    a. for each company, describe how the amount was calculated;
    b. for each company, provide the calculation for the amount;
    c. for each company, identify all documents containing a calculation of the amount;
    d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the losses paid;

5.    *total amount of salvage and reinsurance recovered by the group during the 1990 taxable year*;
    a. describe how the amount was calculated;
    b. provide the calculation for the amount;

- 2 -

c. identify all documents containing a calculation of the amount;

d. identify all schedules, reports, workpapers, and other documents listing or evidencing the salvage and reinsurance recovered;

6. *total amount of salvage and reinsurance recovered by each company within the group during the 1990 taxable year;*
a. for each company, describe how the amount was calculated;
b. for each company, provide the calculation for the amount;
c. for each company, identify all documents containing a calculation of the amount;
d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the salvage and reinsurance recovered;

7. *discounted unpaid losses outstanding for the group at the end of the 1990 taxable year;*
a. describe how the amount was calculated;
b. provide the calculation for the amount;
c. identify all documents containing a calculation of the amount;
d. identify all schedules, reports, workpapers, and other documents listing or evidencing the discounted unpaid losses;
e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Fire Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

8. *total amount of the unpaid property and casualty losses for the group outstanding at the end of the 1990 taxable year;*
a. describe how the amount was calculated;
b. provide the calculation for the amount;
c. identify all documents containing a calculation of the amount;
d. identify all schedules, reports, workpapers, and other documents listing or evidencing the unpaid losses;

9. *total amount of the unpaid property and casualty losses for each property and casualty company within the group outstanding at the end of the 1990 taxable year;*
a. for each company, describe how the amount was calculated;
b. for each company, provide the calculation for the amount;
c. for each company, identify all documents containing a calculation of the amount;
d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing unpaid losses;

10. *discounted unpaid losses outstanding for the group at the end of the 1989 taxable year;*
a. describe how the amount was calculated;
b. provide the calculation for the amount;

    c. identify all documents containing a calculation of the amount;

    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the unpaid losses;

    e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Fire Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

11.    *total amount of the unpaid property and casualty losses for the group outstanding at the end of the 1989 taxable year;*

    a. describe how the amount was calculated;

    b. provide the calculation for the amount;

    c. identify all documents containing a calculation of the amount;

    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the unpaid losses.

12.    *total amount of the unpaid property and casualty losses for each property and casualty company within the group outstanding at the end of the 1989 taxable year;*

    a. for each company, describe how the amount was calculated;

    b. for each company, provide the calculation for the amount;

    c. for each company, identify all documents containing a calculation of the amount;

    d. for each company, identify all schedules, reports, workpapers, and other listing or evidencing unpaid losses;

13.    *estimated salvage and reinsurance recoverable for the group as of the end of the 1990 taxable year;*

    a. describe how the amount was calculated;

    b. provide the calculation for the amount;

    c. identify all documents containing a calculation of the amount;

    d. identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage and reinsurance recoverable;

    e. if the amount provided in response to this interrogatory is different from the amount listed on Liberty Mutual Fire Insurance Company and Subsidiaries' original consolidated income tax return for the 1990 taxable year or any revisions or amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

14.    *estimated salvage recoverable for the group as of the end of the 1990 taxable year;*

    a. describe how the amount was calculated;

    b. provide the calculation for the amount;

    c. identify all documents containing a calculation of the amount;

    d. identify all schedules, reports, workpapers, and other documents listing or evidencing

- 4 -

the estimated salvage recoverable;

15.   *reinsurance recoverable for the group as of the end of the 1990 taxable year;*
      a. describe how the amount was calculated;
      b. provide the calculation for the amount;
      c. identify all documents containing a calculation of the amount;
      d. identify all schedules, reports, workpapers, and other documents listing or evidencing
         the reinsurance recoverable;

16.   *estimated salvage and reinsurance recoverable for each company within the group as of
      the end of the 1990 taxable year;*
      a. for each company, describe how the amount was calculated;
      b. for each company, provide the calculation for the amount;
      c. for each company, identify all documents containing a calculation of the amount;
      d. for each company, identify all schedules, reports, workpapers, and other documents
         listing or evidencing the estimated salvage and reinsurance recoverable;

17.   *estimated salvage recoverable for each company within the group as of the end of the
      1990 taxable year;*
      a. for each company, describe how the amount was calculated;
      b. for each company, provide the calculation for the amount;
      c. for each company, identify all documents containing a calculation of the amount;
      d. for each company, identify all schedules, reports, workpapers, and other documents
         listing or evidencing the estimated salvage recoverable;

18.   *reinsurance recoverable for each company within the group as of the end of the 1990
      taxable year;*
      a. for each company, describe how the amount was calculated;
      b. for each company, provide the calculation for the amount;
      c. for each company, identify all documents containing a calculation of the amount;
      d. for each company, identify all schedules, reports, workpapers, and other documents
         listing or evidencing the reinsurance recoverable;

19.   *estimated salvage and reinsurance recoverable for the group as of the end of the 1989
      taxable year;*
      a. describe how the amount was calculated;
      b. provide the calculation for the amount;
      c. identify all documents containing a calculation of the amount;
      d. identify all schedules, reports, workpapers, and other documents listing or evidencing
         the estimated salvage and reinsurance recoverable;
      e. if the amount provided in response to this interrogatory is different from the amount
         listed on Liberty Mutual Fire Insurance Company and Subsidiaries' original
         consolidated income tax return for the 1990 taxable year or any revisions or

- 5 -

amendments to it submitted to the Internal Revenue Service, please indicate the difference and explain the reason for the difference;

20.    *estimated salvage for the group as of the end of the 1989 taxable year;*
 a. describe how the amount was calculated;
 b. provide the calculation for the amount;
 c. identify all documents containing a calculation of the amount;
 d. identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage recoverable;

21.    *reinsurance recoverable for the group as of the end of the 1989 taxable year;*
 a. describe how the amount was calculated;
 b. provide the calculation for the amount;
 c. identify all documents containing a calculation of the amount;
 d. identify all schedules, reports, workpapers, and other documents listing or evidencing the reinsurance recoverable;

22.    *estimated salvage and reinsurance recoverable for each company within the group as of the end of the 1989 taxable year;*
 a. for each company, describe how the amount was calculated;
 b. for each company, provide the calculation for the amount;
 c. for each company, identify all documents containing a calculation of the amount;
 d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage and reinsurance recoverable;

23.    *estimated salvage for each company within the group as of the end of the 1989 taxable year;*
 a. for each company, describe how the amount was calculated;
 b. for each company, provide the calculation for the amount;
 c. for each company, identify all documents containing a calculation of the amount;
 d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the estimated salvage recoverable;

24.    *reinsurance recoverable for each company within the group as of the end of the 1989 taxable year;*
 a. for each company, describe how the amount was calculated;
 b. for each company, provide the calculation for the amount;
 c. for each company, identify all documents containing a calculation of the amount;
 d. for each company, identify all schedules, reports, workpapers, and other documents listing or evidencing the reinsurance recoverable;

25.    *with respect to paragraphs 3 through 24, above, please indicated whether your response differs for purposes of reporting on the annual statement as opposed to the federal*

- 6 -

*income tax return for each respective item.*

26.  *with respect to paragraph 25, if you identify any differences, (a) please explain such differences in detail and (b) identify any and all documents relevant to reconciliation or explanation of such differences.*

Interrogatory No. 2. With respect to the 1989 taxable period, please describe in detail the extent to which estimated salvage recoverable was taken into account in computing losses incurred. The response, should include, but not be limited to, the following information:

1.  *indicate the losses which were computed taking into account estimated salvage recoverable;*

2.  *for the losses which were computed taking into account estimated salvage recoverable, provide the amount of the losses prior to taking into account estimated salvage recoverable and provide a calculation for this amount;*

3.  *for the losses which were computed taking into account estimated salvage recoverable, provide the amount of the losses after taking into account estimated salvage recoverable and provide a calculation for this amount;*

4.  *the amount of estimated salvage recoverable taken into account computing losses and a calculation of this amount;*

5.  *indicate the losses which were computed not taking into account estimated salvage recoverable;*

6.  *provide the amount of the losses which were computed not taking into account estimated salvage recoverable and provide a calculation for this amount;*

7.  *the amount of estimated salvage recoverable not taken into account in computing losses and a calculation for this amount;*

8.  *an explanation as to why estimated salvage recoverable was taken into account in computing some losses but not others;*

9.  *identify all documents supporting the response to this interrogatory.*

Interrogatory No. 3. Describe in detail the extent to which estimated salvage recoverable was taken into account in computing losses incurred for tax reporting purposes for taxable years beginning after December 31, 1984 and before January 1, 1990. The response should include an explanation as to why estimated salvage recoverable was taken into account in computing some losses but not others.

- 7 -

<u>Interrogatory No. 4.</u> With respect to Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 20 of the complaint that its corrected salvage recoverable at December 31, 1989, was $26,526,336, set forth all facts which support or contradict the claim, provide a detailed calculation of the corrected salvage recoverable amount listed in paragraph 20, identify all documents containing a calculation of the corrected salvage recoverable amount listed in paragraph 20, identify all documents relied upon in preparing calculations of the corrected salvage recoverable amount listed in paragraph 20, identify all documents listing or evidencing an amount for the salvage recoverable which differs from the amount listed in paragraph 20, and provide a detailed explanation of the reason for the correction.

<u>Interrogatory No. 5.</u> With respect to Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it overpaid its federal income tax for the taxable year 1990 in the amount listed in paragraph 51, set forth all facts which support or contradict the claim, provide a calculation of the overpayment amount listed, identify all documents containing a calculation of the overpayment amount listed in paragraph 51, identify all documents relied upon in preparing calculations of the overpayment amount listed in paragraph 51, and identify all documents listing or evidencing an overpayment amount which differs from the amount listed in paragraph 51.

<u>Interrogatory No. 6.</u> Set forth all facts which support or contradict Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it is entitled to an income tax refund for the taxable year 1990 in the amount listed in paragraph 51.

<u>Interrogatory No. 7.</u> Set forth all facts which support or contradict the contentions made in paragraph 48 of Liberty Mutual Fire Insurance Company and Subsidiaries' complaint.

<u>Interrogatory No. 8.</u> Set forth all facts which support or contradict the contentions made in paragraph 49 of Liberty Mutual Fire Insurance Company and Subsidiaries' complaint.

<u>Interrogatory No. 9.</u> Set forth all facts which support or contradict the contentions made in paragraph 50 of Liberty Mutual Fire Insurance Company and Subsidiaries' complaint.

<u>Request To Produce Documents</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States requests

that Liberty Mutual Fire Insurance Company and Subsidiaries produce the following documents

within thirty days of the date of service (August 31, 2006) by delivery as provided by

Rule 5(b)(2)(A) of the Federal Rules of Civil Procedure.

- 8 -

Preliminary Note:  As used herein, the words "and" and "or" shall mean "and/or." The word "or" shall not be interpreted to narrow the scope of any request, and shall be interpreted in its broadest sense, as denoting "and/or." As used herein, the word "document" is to be liberally construed to include all types of written or documentary or other tangible material on which information or data may be recorded, stored, or otherwise contained.

Requests for Production of Documents Nos. 1- 9: Produce all documents and records which bear upon Liberty Mutual Fire Insurance Company and Subsidiaries' responses to the above interrogatories, including, but not limited to, any documents to which you referred or upon which you have relied in formulating your responses to the interrogatories, or which are mentioned, described, or identified in those responses.

Request for Production of Documents No. 10: A true, correct, and complete copy of Liberty Mutual Fire Insurance Company and Subsidiaries' original consolidated 1990 federal income tax return along with all schedules, statements, attachments, correspondence, and other documents submitted to the Internal Revenue Service along with it or later in connection with it.

Request for Production of Documents No. 11: The September 15, 1993, request for an affirmative adjustment for 1990 taxable year referred to in paragraph 32 of Liberty Mutual Fire Insurance Company and Subsidiaries' complaint, along with all documents submitted along with it.

Request for Production of Documents No. 12: The claim for an affirmative adjustment referred to in paragraph 33 of Liberty Mutual Fire Insurance Company and Subsidiaries' complaint.

Request for Production of Documents No. 13:  A true, correct, and complete copy of Liberty Mutual Fire Insurance Company and Subsidiaries' amended income tax return for the 1990 taxable year along with all schedules, statements, attachments, correspondence, and other documents submitted to the Internal Revenue Service along with it or later in connection with it.

Request for Production of Documents No. 14: All documents satisfying the disclosure requirement contained in 26 C.F.R. § 1.832-4(d)(2) with respect to the 1990 taxable year.

Request for Production of Documents No. 15: All documents which support  Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 20 of the complaint that its corrected salvage recoverable at December 31, 1989, was $26,526,336.

Request for Production of Documents No. 16: All documents which support  Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it overpaid its federal income tax for the taxable year 1990 in the amount listed in paragraph 51.

Request for Production of Documents No. 17: All documents which contain a calculation of the amount of the federal income tax overpayment claimed by Liberty Mutual Fire Insurance

- 9 -

Company and Subsidiaries' for the taxable year 1990 in paragraph 51 of the complaint.

Request for Production of Documents No. 18: All documents which support Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it is entitled to an income tax refund for the taxable year 1990 in the amount listed in paragraph 51.

Request for Production of Documents No. 19: All documents which tend to negate or contradict Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 20 of the complaint that its corrected salvage recoverable at December 31, 1989, was $26,526,336.

Request for Production of Documents No. 20: All documents which tend to negate or contradict Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it overpaid its federal income tax for the taxable year 1990 in the amount listed in paragraph 51.

Request for Production of Documents No. 21: All documents which tend to negate or contradict Liberty Mutual Fire Insurance Company and Subsidiaries' claim in paragraph 51 of the complaint that it is entitled to an income tax refund for the taxable year 1990 in the amount listed in paragraph 51.

Request for Production of Documents No. 22: Annual statements pertaining to the 1989 and 1990 taxable years for (a) Liberty Mutual Fire Insurance Company and Subsidiaries, (b) each property and casualty company within the group, and (c) each company participating in a reinsurance pool arrangement within the group.

Request for Production of Documents No. 23: All documents relating to losses paid, salvage and reinsurance recovered, unpaid losses, and estimated salvage and reinsurance recoverable relied upon in preparing annual statements pertaining to the 1989 and 1990 taxable years for (a) Liberty Mutual Fire Insurance Company and Subsidiaries, (b) each company with in the group, and (c) each company participating in a reinsurance pool arrangement within the group.

Request for Production of Documents No. 24: All documents relied upon in determining losses paid, salvage and reinsurance recovered, unpaid losses, and estimated salvage and reinsurance recoverable for the 1989 taxable period for (a) Liberty Mutual Fire Insurance Company and Subsidiaries and (b) each company within the group.

Request for Production of Documents No. 25: All documents relied upon in determining losses paid, salvage and reinsurance recovered, unpaid losses, and estimated salvage and reinsurance recoverable for the 1990 taxable period for (a) Liberty Mutual Fire Insurance Company and Subsidiaries and (b) each company with in the group.

Request for Production of Documents No. 26: All documents identified in Liberty Mutual Fire Insurance Company and Subsidiaries' initial disclosures.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

- 11 -

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Interrogatories

and Request to Produce Documents to Liberty Mutual Fire Insurance Company and Subsidiaries

has been made upon the following by hand delivery to their office, this 31st day of August, 2006:

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> Scribner, Hall & Thompson LLP
> 1875 Eye Street, NW
> Suite 1050
> Washington, DC 20006

In addition, a copy of the foregoing United States' Interrogatories and Request to Produce

Documents to Liberty Mutual Fire Insurance Company and Subsidiaries was sent by United

States mail, postage prepaid, this 31st day of August, 2006 to:

> John A. Lacaire
> Biack, Cetkovic & Whitestone
> 200 Berkley Street, Floor 16
> Boston, MA 02116

> *Karen Wozniak*
> KAREN WOZNIAK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-1927
> E-mail: karen.e.wozniak@usdoj.gov

- 12 -



# United States Department of Justice

## Tax Division
Civil Trial Section, Northern Region
P.O. Box 55 - Ben Franklin Station
Washington, D.C. 20044
Fax: (202) 514-5238/9649

### FAX TRANSMITTAL COVER SHEET

**TO:**

    Peter H. Winslow
    Gregory K. Oyler
    Samuel A. Mitchell

**FAX NUMBER:**    (202) 331-2032

**SUBJECT:**

    *Liberty Mutual Insurance Company and Subsidiaries v. United States*
    Case No. 1:05-11048-RL

    *Liberty Mutual Fire Insurance Company and Subsidiaries v. United States*
    Case No. 1:05-11049-RCL

**DATE SENT:**    September 21, 2006

**PAGES: (Including this cover sheet)**    11

**FAX FROM:**

    Karen Wozniak
    (202) 307-1927

**COMMENTS:**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## UNITED STATES' NOTICE OF DEPOSITIONS

Please take notice that on September 28, 2006, starting at 9:30 a.m., at the Office of the

United States Attorney, 1 Courthouse Way, John Joseph Moakley Courthouse, Boston,

Massachusetts, the United States will take the deposition(s) of the individual(s) to be designated

by Liberty Mutual Fire Insurance Company and Subsidiaries pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure who consent to testify on its behalf with respect to the

following matters:

1.      background information regarding Liberty Mutual Fire Insurance Company and

Subsidiaries;

- 1 -

2.    state requirements for annual statements filed by Liberty Mutual Fire Insurance Company and Subsidiaries with respect to years prior to 1990 (including requirements with respect to losses, unpaid losses, and estimated salvage recoverable and reinsurance recoverable);

3.    Liberty Mutual Fire Insurance Company and Subsidiaries' adherence or nonadherence to state requirements for annual statements filed with respect to years prior to 1990 and the reason for any nonadherence;

4.    Liberty Mutual Fire Insurance Company and Subsidiaries' method of computing unpaid losses shown on annual statements with respect to years prior to 1990;

5.    Liberty Mutual Fire Insurance Company and Subsidiaries' method of computing unpaid losses shown on annual statements with respect 1990 and subsequent years;

6.    any changes in the method of computing unpaid losses shown on annual statements subsequent to 1989;

7.    Liberty Mutual Fire Insurance Company and Subsidiaries' inclusion of estimated salvage recoverable and reinsurance recoverable on annual statements filed with respect to years prior to 1990;

8.    Liberty Mutual Fire Insurance Company and Subsidiaries' inclusion of estimated salvage recoverable and reinsurance recoverable on annual statements filed with respect to 1990 and subsequent years;

9.    Liberty Mutual Fire Insurance Company and Subsidiaries' method of accounting with respect to losses for tax purposes for years before 1990, including whether and when the Internal Revenue Service approved of the method of accounting;

10.    Liberty Mutual Fire Insurance Company and Subsidiaries' method of accounting with

- 2 -

respect to losses for tax purposes for 1990 and subsequent years, including whether and

when the Internal Revenue Service approved of the method of accounting;

11.    any changes in the method of accounting with respect to losses subsequent to 1989;

12.    whether Liberty Mutual Fire Insurance Company and Subsidiaries filed any requests or

applications with the Commissior for approval for any changes in method of accounting

for losses, unpaid losses, estimated salvage recoverable and reinsurance recoverable

subsequent to 1989 and all details regarding the date of the request, the change for which

approval was sought, the date the request was made, and the government's response to

the request;

13.    Liberty Mutual Fire Insurance Company and Subsidiaries method of calculating losses for

tax purposes for taxable periods prior to 1990;

14.    Liberty Mutual Fire Insurance Company and Subsidiaries method of calculating losses for

tax purposes for the 1990 and subsequent taxable periods;

15.    whether for years prior to 1990 there was any difference between the method of

calculating losses for purposes of annual statements and the method of calculating losses

for taxable purposes, and, if so, the reason different methods were used;

16.    whether for 1990 and subsequent years there was any difference between the method of

calculating losses for purposes of annual statements and the method of calculating losses

for taxable purposes, and, if so, the reason different methods were used;

17.    the extent to which estimated salvage recoverable and reinsurance recoverable was taken

into account in computing unpaid losses for purposes of annual statements for years prior

to 1990, including why estimated salvage recoverable was taken into account in

- 3 -

computing some unpaid losses but not others, if that was the case;

18.  the extent to which estimated salvage recoverable and reinsurance recoverable was taken into account in computing unpaid losses for purposes of annual statements for 1990 and subsequent years, including why estimated salvage recoverable was taken into account in computing some unpaid losses but not others, if that was the case;

19.  the extent to which estimated salvage recoverable and reinsurance recoverable was taken into account in computing unpaid losses for tax reporting purposes for taxable years before 1990, including why estimated salvage recoverable was taken into account in computing some unpaid losses but not others, if that was the case;

20.  items and statements on the income tax returns for 1989 through 1993 and any schedules, statements, attachments, correspondence, and other documents submitted to the Internal Revenue Service along with the returns or later in connection with the returns or the income tax period (including an explanation of items or statements);

21.  when the statute of limitation for assessment with respect to the 1991, 1992, and 1993 income tax periods expired;

22.  whether for the 1990, 1991, 1992, and 1993 income tax periods any Section 481 adjustments were: (a) included on returns or amended returns as filed, (b) included on returns as accepted by the Internal Revenue Service; or (c) reflected in the final income tax assessments for the periods; and the amount of the Section 481 adjustment included or reflected in (a) through (c);

23.  whether for the 1990, 1991, 1992, 1993 income tax periods the special deduction was (a) included on returns or amended returns as filed, (b) included on returns as accepted by the

- 4 -

Internal Revenue Service; or (c) reflected in the final income tax assessments for the periods; and the amount of the special deduction included or reflected in (a) through (c);

24. whether or not the disclosure requirements described in 26 C.F.R. § 1.832-4(d) have been met and, if so, how and when, and, if not, why not;

25. whether or not the disclosure requirements described in Revenue Procedure 92-77 have been met, and if so, how and when, and, if not, why not;

26. substantiation of losses incurred during the 1990 taxable year;

27. each of the allegations and claims made in the complaint (including facts relating to the allegations and claims whether they support or contradict the allegations and claims); and

28. information sought in the United States' request for interrogatories served August 31, 2006.

Please take further notice that on September 29, 2006, starting at 9:30 a.m., at the Office of the United States Attorney, 1 Courthouse Way, John Joseph Moakley Courthouse, Boston, Massachusetts, the United States will take the deposition(s) of the individual(s) to be designated by Liberty Mutual Insurance Company and Subsidiaries pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure who consent to testify on its behalf with respect to the following matters:

1. background information regarding Liberty Mutual Insurance Company and Subsidiaries;

2. state requirements for annual statements filed by Liberty Mutual Insurance Company and Subsidiaries with respect to years prior to 1990 (including requirements with respect to losses, unpaid losses, and estimated salvage recoverable and reinsurance recoverable);

3. Liberty Mutual Insurance Company and Subsidiaries' adherence or nonadherence to state

- 5 -

requirements for annual statements filed with respect to years prior to 1990 and the reason for any nonadherence;

4.    Liberty Mutual Insurance Company and Subsidiaries' method of computing unpaid losses shown on annual statements with respect to years prior to 1990;

5.    Liberty Mutual Insurance Company and Subsidiaries' method of computing unpaid losses shown on annual statements with respect 1990 and subsequent years;

6.    any changes in the method of computing unpaid losses shown on annual statements subsequent to 1989;

7.    Liberty Mutual Insurance Company and Subsidiaries' inclusion of estimated salvage recoverable and reinsurance recoverable on annual statements filed with respect to years prior to 1990;

8.    Liberty Mutual Insurance Company and Subsidiaries' inclusion of estimated salvage recoverable and reinsurance recoverable on annual statements filed with respect to 1990 and subsequent years;

9.    Liberty Mutual Insurance Company and Subsidiaries' method of accounting with respect to losses for tax purposes for years before 1990, including whether and when the Internal Revenue Service approved of the method of accounting;

10.    Liberty Mutual Insurance Company and Subsidiaries' method of accounting with respect to losses for tax purposes for 1990 and subsequent years, including whether and when the Internal Revenue Service approved of the method of accounting;

11.    any changes in the method of accounting with respect to losses subsequent to 1989;

12.    whether Liberty Mutual Insurance Company and Subsidiaries filed any requests or

- 6 -

applications with the Commissior for approval for any changes in method of accounting for losses, unpaid losses, estimated salvage recoverable and reinsurance recoverable subsequent to 1989 and all details regarding the date of the request, the change for which approval was sought, the date the request was made, and the government's response to the request;

13.    Liberty Mutual Insurance Company and Subsidiaries method of calculating losses for tax purposes for taxable periods prior to 1990;

14.    Liberty Mutual Insurance Company and Subsidiaries method of calculating losses for tax purposes for the 1990 and subsequent taxable periods;

15.    whether for years prior to 1990 there was any difference between the method of calculating losses for purposes of annual statements and the method of calculating losses for taxable purposes, and, if so, the reason different methods were used;

16.    whether for 1990 and subsequent years there was any difference between the method of calculating losses for purposes of annual statements and the method of calculating losses for taxable purposes, and, if so, the reason different methods were used;

17.    the extent to which estimated salvage recoverable and reinsurance recoverable was taken into account in computing unpaid losses for purposes of annual statements for years prior to 1990, including why estimated salvage recoverable was taken into account in computing some unpaid losses but not others, if that was the case;

18.    the extent to which estimated salvage recoverable and reinsurance recoverable was taken into account in computing unpaid losses for purposes of annual statements for 1990 and subsequent years, including why estimated salvage recoverable was taken into account in

- 7 -

computing some unpaid losses but not others, if that was the case;

19. the extent to which estimated salvage recoverable and reinsurance recoverable was taken into account in computing unpaid losses for tax reporting purposes for taxable years before 1990, including why estimated salvage recoverable was taken into account in computing some unpaid losses but not others, if that was the case;

20. items and statements on the income tax returns for 1989 through 1993 and any schedules, statements, attachments, correspondence, and other documents submitted to the Internal Revenue Service along with the returns or later in connection with the returns or the income tax period (including an explanation of items or statements);

21. when the statute of limitation for assessment with respect to the 1991, 1992, and 1993 income tax periods expired;

22. whether for the 1990, 1991, 1992, and 1993 income tax periods any Section 481 adjustments were (a) included on the returns or amended returns as filed, (b) included on the returns as accepted by the Internal Revenue Service; or (c) reflected in the final income tax assessments for the periods; and the amount of the Section 481 adjustment included or reflected in (a) through (c);

23. whether for the 1990, 1991, 1992, 1993 income tax periods the special deduction was (a) included on the returns or amended returns as filed, (b) included on the returns as accepted by the Internal Revenue Service; or (c) reflected in the final income tax assessments for the periods; and the amount of the special deduction for included or reflected in (a) through (c);

24. whether or not the disclosure requirements described in 26 C.F.R. § 1.832-4(d) have been

- 8 -

met and, if so, how and when, and, if not, why not;

25.   whether or not the disclosure requirements described in Revenue Procedure 92-77 have

been met, and if so, how and when, and, if not, why not;

26.   substantiation of losses incurred during the 1990 taxable year;

27.   each of the allegations and claims made in the complaint (including facts relating to the

allegations and claims whether they support or contradict the allegations and claims); and

28.   information sought in the United States' request for interrogatories served August 31,

2006.

The testimony of each deponent shall be recorded pursuant to Rules 26 and 30 of the

Federal Rules of Civil Procedure before a disinterested person authorized by law to administer

oaths and to take oral testimony pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

*Karen Wozniak*

KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

- 9 -

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT service of the United States' Notice of Depositions has this

<u>21st</u> day of September 2006, been made upon the following by depositing a copy in the United

States mail, postage prepaid, addressed to:

Peter H. Winslow
Gregory K. Oyler
Samuel A. Mitchell
Scribner, Hall & Thompson LLP
1875 Eye Street, NW
Suite 1050
Washington, DC 20006

John A. Lacaire
Biack, Cetkovic & Whitestone
200 Berkley Street, Floor 16
Boston, MA 02116

KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

- 10 -

Appendix A
Page 91