UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE )
COMPANY AND SUBSIDIARIES, )
 )
         Plaintiff, )
 )
v. ) No. 1:05-cv-11048-RCL
 )
UNITED STATES OF AMERICA, )
 )
         Defendant. )

_____

LIBERTY MUTUAL FIRE INSURANCE )
COMPANY AND SUBSIDIARIES, )
 )
         Plaintiff, )
 )
v. ) No. 1:05-cv-11049-RCL
 )
UNITED STATES OF AMERICA, )
 )
         Defendant. )

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO
STRIKE DEFENDANT'S BRIEF, TO LIMIT ANY PERMITTED REPLACEMENT BRIEF,
TO ALLOW PLAINTIFFS ADDITIONAL PAGES IN REPLY,
TO ALLOW PLAINTIFFS ADDITIONAL TIME TO REPLY,
AND TO RECONFIRM THE COURT'S JANUARY 12, 2006 ORDER

*Request for Oral Argument*

Plaintiffs Liberty Mutual Insurance Company and Liberty Fire Insurance Company

("Liberty Companies") respectfully request a hearing regarding the matters addressed in this

1

memorandum. Liberty Companies further request that the hearing take place at the same time as the hearing on their pending Motion to Compel Production of Documents, filed October 27, 2006.

### *Introduction*

As explained in recent filings, this is a Federal income tax case that pertains to the treatment of estimated salvage as reported on Liberty Companies' tax returns for the tax year 1990. On January 12, 2006, the Court held a Rule 16 scheduling conference in which it ordered that defendant file its motion for summary judgment and opposition no later than October 30, 2006, and that defendant's brief in support of its motion for summary judgment and in opposition not exceed 25 pages. On the evening of October 30, 2006, defendant filed a cross-motion for summary judgment and opposition and ignored the Court's order by filing a supporting brief that is 35 pages in length. The brief abandons the primary defense disclosed to Liberty Companies prior to the time they filed their motion for summary judgment and substitutes instead new defenses that had never been identified by defendant prior to the time defendant's cross-motion was filed.

### *The Motion*

By the accompanying motion, Liberty Companies request that the Court: (1) strike the memorandum defendant filed in support of its motion for summary judgment and opposition that defendant filed on the evening of October 30, on the basis that the memorandum exceeds the Court's limitation by 10 pages; (2) limit any permitted replacement brief to the positions and defenses contained in the excess-length brief; (3) allow Liberty Companies to file a reply brief of

23 pages (10 more than the limit originally ordered by the Court) to address the defenses and positions that defendant did not disclose until after Liberty Companies filed their Motion for Summary Judgment; (4) allow Liberty Companies an extension of time to file their reply brief to a date 30 days after the later of: (a) the date of the fulfillment of the Court's order regarding Liberty Companies' pending Motion to Compel Production of Documents, filed October 27, 2006, or (b) the date defendant files any replacement brief permitted by the Court; and (5) reconfirm the Court's previous Order of January 12, 2006 that defendant is not permitted to file any other brief.  The motion for an extension of time to respond has been partially agreed to by counsel for defendant.

### *Conferences with Defendant's Counsel*

On October 31, 2006, the undersigned counsel held two telephone conferences with Karen Wozniak, counsel for defendant, both of which were less than 15 minutes.  In the teleconferences, the undersigned counsel informed Ms. Wozniak of the Court's Order regarding the briefing limitations and requested a teleconference with the Court to discuss the same.  Ms. Wozniak declined to participate in a teleconference with the Court and declined to withdraw or otherwise revise defendant's excess-length memorandum in support.  Ms. Wozniak agreed, however, to an extension of time for Liberty Companies to reply to defendant's opposition until 14 days after such time as the Court issues an order or defendant files a replacement brief.

### *Reasons for Granting the Motion*

**1.     *Defendant's Memorandum in Support Should be Stricken.***

Defendant's excess-length brief is in direct violation of the Court's instructions at the January 12, 2006 scheduling conference.  As explained in an attached declaration (see attached

3

Declaration of Peter H. Winslow), the parties filed Joint Statements on January 5, 2006, in which they proposed simultaneous cross-motions for summary judgment, oppositions and replies. At the January 12, 2006 hearing, however, counsel for defendant stated that he did not want to file simultaneous motions but preferred a seriatim approach in which Liberty Companies would be required to file first. As of that time, defendant had not stated any defenses or rationale for its position in the case. Indeed, as explained further below, defendant ultimately did not state any defenses until after Liberty Companies filed their motion for summary judgment. Fearing that defendant would raise surprise defenses in a final seriatim brief if Liberty Companies were required to file first, counsel objected to defendant's proposed modification to the agreed schedule. As a compromise, the Court ordered the parties to file seriatim motions and limited defendant to a single brief, thus permitting Liberty Companies to file the final brief in the case. In response to the Court's revised seriatim approach, defendant's counsel requested an expansion of the Local Rule 7.1 page limitation on briefs, expressing a concern that he could not support his own motion and oppose Liberty Companies' motion within the limitation of 20 pages. In response, the Court gave defendant an additional five pages, expanding the Local Rule 7.1 page limitation on defendant's single, principal brief to 25 pages.

    Defendant's replacement counsel has now filed a brief of 35 pages, in direct violation of the agreement the parties made before the Court and in direct violation of the Court's Order. Moreover, as explained below, defendant failed to disclose the defenses raised in the 35-page brief during the planning phase of the case or in discovery, even though Liberty Companies timely served contention discovery in an attempt to force defendant to reveal its defenses so that

Liberty Companies could address the defenses in their motion for summary judgment. Defendant indeed has surprised Liberty Companies with arguments contained in a brief that exceeds the Court's limit by 40 percent. Accordingly, Liberty Companies request that the Court strike the brief on the basis that it violates the Court's instructions at the January 12, 2006 conference and the Court's Scheduling Order.

### 2. *Defendant's Contentions Should Be Limited to Those Asserted in its Brief in Support of its Motion for Summary Judgment.*

Defendant's strategy in this case has been to conceal its defenses from Liberty Companies. As summarized in the Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents, defendant has consistently failed to disclose its defenses in its answers, in the Joint Statements filed on January 5, 2006, and in response to discovery. The only hint of defendant's legal position that Liberty Companies received prior to the time Liberty Companies were required to file their motion for summary judgment was a short supplemental response to a single interrogatory which was provided to Liberty Companies only after Liberty Companies' counsel informed defendant's counsel of an intent to move for sanctions. After Liberty Companies filed their motion for summary judgment, defendant then withdrew this supplemental response to discovery and thereby abandoned the only defense it had advanced up until that date. Most recently, defendant's brief in support of its cross-motion for summary judgment included completely new contentions never before disclosed to Liberty Companies or the Court.

Moreover, in a telephone call on October 31, 2006, defendant's counsel informed Liberty Companies' counsel that defendant intends to file a reply brief after Liberty Companies file their reply not withstanding the Court's Order of January 12, 2006, that precludes the filing of such a reply brief by defendant. Based on defendant's prior conduct in this case, Liberty Companies believe that there is a significant possibility that defendant contemplates making additional arguments in its final reply brief so that Liberty Companies will not have an opportunity to respond. If this, in fact, is defendant's litigation strategy, it is improper and should not be rewarded by permitting defendant to file a replacement brief of 25 pages which includes new arguments that defendant previously has held back. Accordingly, to prevent such abuse, in the event the Court permits defendant to file a replacement brief Liberty Companies request the Court to order defendant to limit its arguments to those previously asserted.

> 3. *Liberty Companies Should Be Permitted an Additional Ten Pages to Reply to the Arguments Defendant Disclosed for the First Time after Liberty Companies Filed Their Motion for Summary Judgment.*

In their Motion to Compel Production of Documents, filed October 27, 2006, Liberty Companies explained in detail the events that took place in the discovery phase of this case. In summary, defendant failed to identify any defenses to support a denial of the gross-up treatment in Rev. Proc. 92-77 for their net lines of salvage. Defendant was completely and conspicuously silent regarding any defense to Liberty Companies' claim regarding their entitlement to a fresh start on gross lines. This conspicuous silence led Liberty Companies to believe that the gross lines were no longer in issue in the case. Accordingly, Liberty Companies limited its discovery to the net lines Rev. Proc. 92-77 treatment. On that issue, Liberty Companies served a small number of focused admissions, contention interrogatories and document requests designed to

6

flush out defendant's defenses.  In a response served September 25, 2006, defendant objected to virtually all requests, leaving Liberty Companies in the dark in filing their motion for summary judgment.  After a conference in which Liberty Companies threatened to move to compel answers, defendant did state one defense regarding Rev. Proc. 92-77, and Liberty Companies addressed that defense in their motion.  After Liberty Companies filed their motion, however, defendant withdrew that defense and replaced it with new defenses, never before disclosed, that it addressed at length in its 35-page brief.  In fairness to Liberty Companies, and in the event the Court permits defendant to file a replacement brief in the place of the current 35-page brief, Liberty requests ten additional pages to reply to the newly-stated arguments.  This would allow Liberty Companies 23 pages, in total, to address the new arguments defendant belatedly disclosed.

    4.    *Liberty Companies Need Additional Time to Reply to Defendant's Cross-motion.*

The Court's Order of January 12, 2006 requires Liberty Companies to file a reply brief by November 15, 2006.  Defendant's actions in this case make such filing by the Court's deadline both premature and inappropriate.  First, the Court may grant Liberty Companies' motion and strike defendant's brief.  In such case, the Court may order defendant to file a replacement brief.  Forcing Liberty Companies to reply to defendant's brief that is in violation of the Court's Order and likely to be stricken will only create confusion as to the status of such a reply brief.  Second, and perhaps more important, the issues raised in defendant's brief in support of its cross-motion directly place in issue the meaning of Treas. Reg. § 1.832-4(d), Rev. Proc. 91-48 and Rev. Proc. 92-77.  Yet, as pointed out in Liberty Companies' pending Motion to Compel Production of

7

Documents, defendant has unlawfully withheld the background documents of these regulations and revenue procedures that will shed light on their true meaning. Therefore, it is appropriate for the Court to rule on Liberty Companies' motion to compel discovery and order defendant to turn over the requested documents before Liberty Companies are required to file their reply brief.

Defendant's counsel has agreed that Liberty Companies should be permitted an extension to file their reply brief, but has asserted that such filing should be 14 days after the later of the date the Court rules on these motions or the date defendant files its replacement brief. Liberty Companies request instead that the date for filing their reply brief be extended to 30 days after the later of the date the defendant provides the documents in response to Liberty Companies' discovery or the date defendant files any replacement brief. The 30-day period will be needed to provide time for Liberty Companies to analyze the discovery provided by defendant.

### 5.     *The Court's Order of January 12, 2006 Should Be Reconfirmed.*

As explained above, in a teleconference on October 31, 2006, defendant's counsel disclosed an intent to file a reply brief to respond to Liberty Companies' reply brief, despite the Court's Order of January 12, 2006, and despite the agreement of the parties in the scheduling conference. To prevent defendant from ignoring the Court's Order, Liberty Companies request that it be reconfirmed and clarified to prevent defendant from reneging on its agreement, and violating the Court's Order, by filing a reply brief.

*Conclusion*

For the reasons stated above, Liberty Companies request that the Court enter an order striking defendant's brief in support of its motion for summary judgment, and in the event the Court permits a replacement brief, limiting the arguments defendant may make in that brief and affording Liberty Companies page-limit and timing relief, and reconfirming the Court's previous order limiting defendant to a single brief.

   /s/ Peter H. Winslow
Peter H. Winslow
Scribner, Hall & Thompson LLP
1875 Eye Street, N.W., Ste. 1050
Washington, D.C. 20006
Telephone: (202) 331-8585
E-mail: pwinslow@scribnerhall.com
Counsel for the plaintiff
Admitted pro hac vice