IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:05-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

<u>DECLARATION OF PETER H. WINSLOW</u>

I, Peter H. Winslow, counsel of record for the above-referenced plaintiffs, hereby declare as follows:

1. On January 12, 2006, I attended the Rule 16 Scheduling Conference for the above referenced case in the chambers of Judge Reginald C. Lindsay. Others present were Judge Lindsay's law clerk Lisa Hourihan, Gary J. Ostrow, Vice-President & Director of Corporate Taxation for the plaintiffs, and by telephone, Stephen J. Turanchik, counsel for defendant.

2. Matters for discussion included the time for filing cross-motions for summary judgment and the length of briefs. On behalf of plaintiffs, I requested the Court to order

simultaneous filings of cross-motions for summary judgment by the parties as well as oppositions and replies. This approach was consistent with the proposal set forth by the parties in their Joint Statements filed on January 5, 2006.

3. At the conference, Mr. Turanchik asked that this approach be modified. He requested that plaintiffs be required to file their brief first. I objected to the seriatim filing approach proposed by Mr. Turanchik.

4. I stated that plaintiffs did not want defendant to file the last brief because plaintiffs were concerned with a potential for surprise on the basis that defendant had not yet articulated any defenses.

5. The Court heard the parties' positions and offered a compromise that was acceptable to both sides. The Court ordered seriatim briefs in the case, with plaintiffs filing the first and last brief and defendant filing a single brief in response to plaintiffs' first brief. The Court specifically limited defendant to one brief.

6. Because defendant was limited to one brief, Mr. Turanchik next requested the Court to permit defendant's brief to be longer than the 20-page limitation in the local rules. In response, the Court ordered that the first two briefs of the parties could be no longer than 25 pages, with plaintiffs' reply brief no longer than 13 pages.

7. The Court instructed the parties that plaintiffs were to file their motion and supporting brief on September 29, 2006, that defendant was to file its cross-motion and opposition on October 30, 2006, and that plaintiffs were to file their reply brief on November 15, 2006. No other briefs were to be permitted. The Court's intention is reflected in a minute order dated January 12, 2006.

- 3 -

8.  On September 29, 2006, plaintiffs timely filed a motion for summary judgment supported by a memorandum that is less than 25 pages in length.

9.  On the evening of October 30, 2006, defendant filed a cross-motion for summary judgment and opposition supported by a memorandum that is 35 pages in length, in violation of the Court's instructions at the January 12, 2006 Scheduling Conference, and in its minute order, to limit the length of the brief to 25 pages.

Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing statements are true and correct.

Date: October 31, 2006

_____
Peter H. Winslow
Scribner, Hall & Thompson LLP
1875 Eye Street, N.W., Ste. 1050
Washington, D.C.  20006
Telephone: (202) 331-8585
E-mail: pwinslow@scribnerhall.com
Counsel for the plaintiff
Admitted pro hac vice