IN THE UNTIED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 1:05-11048-RCL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 1:05-11049-RCL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

UNITED STATES' STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Prior to the 1990 tax period, the plaintiffs computed their losses incurred as follows:

   (1) to losses paid during the year (net of salvage recovered),

   (2) discounted unpaid losses at the end of the year were added, and

   (3) discounted unpaid losses at the beginning of the year were subtracted.

   See Deposition of James W. Kress, ("Kress Deposition), p.11, l.11 - p.12, l.15,, attached hereto as Exhibit A.

2. Prior to the 1990 tax period, the discounted unpaid losses taken into account in computing the plaintiffs' losses incurred were based on the unpaid losses shown on the plaintiffs' annual statements.  See Kress Deposition, p.10, l.23 - p.12, l.15.

3. Prior to 1990, the unpaid losses shown on the plaintiffs' annual statements were net of

estimated salvage recoverable with respect to a portion of the auto physical damage line of business (hereinafter referred to as the net portion of the auto physical damage line of business) and were also net of estimated salvage recoverable with respect to all other lines of business. See Deposition of Roy Morell, (Morell Deposition), p.15, l.13 - p.18, l.3, attached hereto as Exhibit B. Salvage recoverable with respect to another portion of the auto physical damage line was not net against the unpaid losses shown on the plaintiffs' annual statements (hereinafter referred to as the gross portion of the auto physical damage line of business). Id.

4. For the 1990 and 1991 tax periods, the plaintiffs computed their losses incurred as follows:

   (1) to losses paid during the year (net of salvage and subrogation received) [832(b)(5)(A)(i)],

   (2) discounted unpaid losses as of the end of the year were added (the discounted unpaid losses were net of salvage recoverable with respect to all lines of business except the gross portion of the auto physical damage line of business) [832(b)(5)(A)(ii)],

   (3) discounted unpaid losses as of the beginning of the year were subtracted (the discounted unpaid losses were net of salvage recoverable with respect to all lines of business except the gross portion of the auto physical damage line of business) [832(b)(5)(A)(ii)],

   (4) estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business as of the beginning of the year was added [832(b)(5)(A)(iii)], and

   (5) estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business as of the end of the year was subtracted [832(b)(5)(A)(iii)].

   See Kress Deposition, p.25, l.13- p.28, l.18; p.48, l.20 - p.49, l.23; p.31, ll.6-23.

5. On their 1990 income tax returns the plaintiffs claimed the special deduction provided for in section 11305(c)(3) of the Revenue Reconciliation Act of 1990 which amounted to 1/4 of 87% of estimated salvage recoverable with respect to the net lines at the end of 1989 and included in income an amount equal to 1/4 of 13% of the amount of estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business at the end of 1989. See Kress Deposition, p.25, l.13- p.28, l.18; p.48, l.20 - p.49, l.23.

6. On their 1991 income tax returns the plaintiffs claimed the special deduction provided for

     in section 11305(c)(3) of the Revenue Reconciliation Act of 1990 which amounted to 1/4 of 87% of estimated salvage recoverable with respect to the net lines at the end of 1989 and included in income an amount equal to 1/4 of 13% of the amount of estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business at the end of 1989. See Kress Deposition, p.25, l.13- p.28, l.18; p.48, l.20 - p.49, l.23; p.31, ll.6-23.

7. On their 1992 income tax returns the plaintiffs did not claim the special deduction provided for in section 11305(c)(3) of the Revenue Reconciliation Act of 1990. See Kress Deposition, p.35, l.18 - p.37, l.17. On their 1992 income tax returns the plaintiffs included an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable on all lines at the end of 1989. Id.

8. On their 1993 income tax returns the plaintiffs did not claim the special deduction provided for in section 11305(c)(3) of the Revenue Reconciliation Act of 1990. See Kress Deposition, p.35, l.18 - p.37, l.17; p.39, ll.15-23. On their 1993 income tax returns the plaintiffs included an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable on all lines at the end of 1989. Id.

9. The income tax assessments against the plaintiffs for the 1990, 1991, 1992, and 1993 tax periods reflect inclusion of the special deduction. See Kress Deposition, p.29, ll. 11-14; p.32, ll.6-9 ; p.34, 1.23 - p.35, l.17;p.35, ll.1-4.

10. The income tax assessments against the plaintiffs for the 1992 tax period do not reflect an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable at the end of 1989. See Kress Deposition, p.39, 1.24 - p.40, l.6.

11. The income tax assessments against the plaintiffs for the 1993 tax period do not reflect an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable at the end of 1989. See Kress Deposition, p.39, 1.24 - p.40, l.6.

12. In September 1993, the plaintiffs submitted to the Internal Revenue Service a request for "Affirmative Adjustment under Rev-Proc. 92-77." See Declaration of James W. Kress, ¶20, submitted with plaintiffs' motion for summary judgment. A copy of the request is attached to the Declaration of James W. Kress as Attachment Kress - 6.

13. The plaintiffs never filed Forms 3115, Application for Change in Accounting Method, seeking approval of the methods of accounting used to compute losses incurred for any of the following tax periods: 1990, 1991, 1992, and 1993. See Kress Deposition, p.27, ll.23-25; p.33, 1.23 - p.34, l.4; p.37, ll.18-23; p.40, ll.7-10; p.40, l.19 - p.41, l.1.

14. The files and records of the Internal Revenue Service with respect Liberty Mutual Insurance Company and Subsidiaries indicate that the normal period of limitations on assessment closed in December 2002 for each of the following income tax periods: 1991;

      1992; and 1993.  <u>See</u> Declaration of Timothy K. Collins (Collins Declaration), ¶3, attached hereto as Exhibit C.

15. The files and records of the Internal Revenue Service with respect Liberty Mutual Fire Insurance Company  indicate that the normal period of limitations on assessment closed in December 2002 for each of the following income tax periods: 1991; 1992; and 1993. <u>See</u> Collins Declaration, ¶4.

                    Respectfully submitted,
                      MICHAEL J. SULLIVAN
                      United States Attorney


                      /s/ *Karen Wozniak*
                      KAREN WOZNIAK
                      Trial Attorney, Tax Division
                      U.S. Department of Justice
                      Post Office Box 55
                      Ben Franklin Station
                      Washington, D.C. 20044
                      Telephone: (202) 307-1927
                      E-mail: karen.e.wozniak@usdoj.gov