IN THE UNTIED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| | ) | Civil No. 1:05-11048-RCL |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| | ) | Civil No. 1:05-11049-RCL |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS OF RECORD

**INTRODUCTION**

1. This is a tax suit arising under the Internal Revenue Code of 1986 (Title 26, U.S. Code) in which the plaintiffs Liberty Mutual Insurance Company and Subsidiaries ("Liberty Mutual") and Liberty Mutual Fire Insurance Company and Subsidiaries ("Liberty Fire") and seek the recovery of federal income taxes and related interest assessed against and collected from them for their taxable years ending December 31, 1990. Answer in Case No. 05-11048-RCL ("Liberty Mutual Ans.") ¶ 1, Answer in Case No. 05-11049-RCL ("Liberty Fire Ans.") ¶ 2. (Liberty Mutual and Liberty Fire are referred to herein as "Liberty Companies" unless

individually identified.)

Response: Admits.

2. Liberty Mutual and Liberty Fire filed separate complaints on May 18, 2005 (Complaint in Case 1:05-cv-11048-RCL ("Liberty Mutual Comp."); Complaint in Case 1:05-cv-11049-RCL ("Liberty Fire Comp."), and the defendant United States filed separate answers on November 17, 2005. Liberty Mutual Ans., Liberty Fire Ans.

Response: Admits.

3. On January 5, 2006, Liberty Mutual and the defendant filed a joint statement reflecting agreed facts in Case No. 05-11048-RCL. Liberty Mutual Jt. Stmt.

Response: This is not a material fact with respect to the plaintiffs' motion for summary judgment. In addition, the government is not bound by statement of facts contained in the joint statement which upon discovery were revealed to be incorrect.

4. On January 5, 2006, Liberty Fire and defendant filed a similar joint statement reflecting agreed facts in Case No. 05-11049-RCL. Liberty Fire Jt. Stmt.

Response: This is not a material fact with respect to the plaintiffs' motion for summary judgment. In addition, the government is not bound by statement of facts contained in the joint statement which upon discovery were revealed to be incorrect.

5. On January 17, 2006, the Court consolidated Liberty Companies' separate actions into Case No. 1:05-cv-11048. Un-numbered Pacer docket entry 1:05-cv-11049 Terminated Case (Jan. 17, 2006).

Response: Admits but this is not a material fact with respect to the plaintiffs' motion for

summary judgment.

 6. Liberty Mutual and Liberty Fire are corporations organized under the laws of the State of Massachusetts, with their principal offices located at 175 Berkeley Street, Boston, Massachusetts 02117. Liberty Mutual Ans. ¶ 1; Liberty Fire Ans. ¶ 1.

 Response: Admits.

 7. On or before September 15, 1991, Liberty Mutual filed a consolidated federal income tax return for the taxable year ended December 31, 1990, reporting a fully paid tax liability of $46,400,348. Declaration of James W. Kress ("Kress Decl.") ¶ 3.

 Response: Admits for purposes of the plaintiffs' motion for summary judgment.

 8. The following property and casualty insurance companies, among other companies, were included as members in Liberty Mutual's taxable year 1990 consolidated return: Liberty Mutual; Liberty Insurance Corporation; and Liberty Northwest Insurance Corporation. Kress Decl. ¶ 4.

 Response: Admits.

 9. Liberty Mutual, Liberty Insurance Corporation, Liberty Northwest Insurance Corporation and Liberty Fire are nonlife insurance companies subject to tax under Part II of Subchapter L of the Internal Revenue Code of 1986 (26 U.S.C. §§ 831-835). Liberty Mutual Jt. Stmt. p. 1.

 Response: Admits.

 10. On or before September 15, 1991, Liberty Fire filed a consolidated federal income tax return for the taxable year ended December 31, 1990, reporting a paid tax liability of $3,787,359. Kress Decl. ¶ 5.

Response: Denies.  The Form 1120-PC, U.S. Property and Casualty Insurance Company Income Tax Return, filed by Liberty Fire with respect to the 1990 tax period was not a consolidated return. See Depositions of James W. Kress and Roy Morell, attached to United States' Statement of Undisputed Material Facts as Exhibts A & B.

11.  Liberty Mutual, Liberty Insurance Corporation and Liberty Fire were subject to a reinsurance pooling agreement under which their premiums and losses incurred, including such components as salvage and subrogation, were accounted on a pooling percentage basis.  During the relevant years, the respective percentages under the pooling agreement were as follows:

|  |  |
|---|---|
| Liberty Mutual | 84% |
| Liberty Fire | 10% |
| Liberty Insurance Corporation | 6% |

Kress Decl. ¶ 6.

Response: Admits for purposes of the plaintiffs' motion for summary judgment.

12.  The Internal Revenue Service ("IRS") conducted an extensive examination of Liberty Mutual's and Liberty Fire's consolidated tax returns for the taxable year 1990 and proposed adjustments to premiums, losses incurred and other items to be distributed between the two returns according to the companies's pooling percentages.  Kress Decl. ¶ 7.

Response: Admits for purposes of the plaintiffs' motion for summary judgment.

13.  At the conclusion of the examination, the IRS issues separate thirty-day letters with an accompanying Revenue Agent's Report in which it proposed adjustments to taxable income based on a number of issues.  Kress Decl. ¶ 8.

Response:  Admits for purposes of the plaintiffs' motion for summary judgment.

14.  On June 15, 1995, Liberty Companies protested the thirty-day letters and

accompanying Revenue Agent's Reports to the Appeals Office of the IRS. Kress Decl. ¶ 9.

Response: Admits for purposes of the plaintiffs' motion for summary judgment.

15. At the conclusion of the appeal, Liberty Mutual paid an additional $80,515,174 tax and interest for taxable year 1990 under a settlement. Liberty Mutual Ans. ¶ 13.

Response: Paragraph 13 of the government's answer does not pertain to the statement of fact listed in paragraph 15. The statement is therefore unsupported and a response is not required.

16. All issues for Liberty Mutual were settled except the issues reserved on the Form 870-AD executed at the close of the appeal. Kress Decl. ¶ 10.

Response: Admits that the issues in the plaintiffs' motion for summary judgment were reserved.

17. At the conclusion of the appeal. Liberty Fire paid an additional $4,433,536 tax and interest for taxable year 1990 under a settlement. Liberty Fire Ans. ¶ 12.

Response: Paragraph 12 of the government's answer does not pertain to the statement of fact listed in paragraph 17. The statement is therefore unsupported and a response is not required.

18. All issues for Liberty Fire were settled except the issues reserved on the Form 870-AD executed at the close of the appeal. Kress Decl. ¶ 11.

Response: Admits that the issues in the plaintiffs' motion for summary judgment were reserved.

19. On October 6, 2004, Liberty Companies filed claims for refund for taxable year 1990, seeking the refunds or tax and interest that are at issue in this litigation. Liberty Mutual

Ans. ¶ 13; Liberty Fire Ans. ¶ 13.

Response: Admits for the purposes of the plaintiffs' motion for summary judgment.

**SALVAGE AND SUBROGATION - GROSS LINES AND NET LINES**

20. This action pertains to the tax treatment of Liberty Companies' salvage and subrogation related to claims on insurance policies. Liberty Mutual Comp. ¶¶ 34-44; Liberty Fire Comp. ¶¶34-44.

Response: Admits.

21. Salvage is property that an insurance company becomes entitled to when it pays a claimant's loss. An example of salvage is a totaled automobile. Declaration of Roy K. Morell ("Morell Decl.") ¶ 2.

Response: Admits.

22. Subrogation is the right an insurance company obtains on payment of a claimant's loss to pursue the claimant's remedies against third parties. An example of subrogation is an insurance company's claim against the insurance company of the driver who was at fault in automobile accident. Morell Decl. ¶ 3. (Hereinafter, salvage and subrogation are referred to as "salvage.")

Response: Admits.

23. Liberty Companies are property and casualty insurance companies that file Annual Statements with the insurance commissioners of the states in which they do business on forms prescribed by the National Association of Insurance Commissioners (NAIC). Liberty Mutual Jt. Stmt. p. 2, Liberty Fir Jt. Stmt. p. 2.

Response: Admits.

24. The 1989 and 1990 Annual Statements of Liberty Companies reflected some estimated salvage, but not all, depending on the line business and the type of unpaid loss reserve. Morell Decl. ¶ 4.

Response: Admits that the 1989 and 1990 annual statements of the Liberty Companies reported unpaid losses net of estimated salvage recoverable with respect to a portion of the auto physical damage line of business and were also net of estimated salvage recoverable with respect to all other lines of business. See Deposition of Roy Morell, (Morell Deposition), p.15, l.13 - p.18, l.3, attached to United States' Statement of Undisputed Material Facts as Exhibit B. Salvage recoverable with respect to another portion of the auto physical damage line was not net against the unpaid losses shown on the plaintiffs' annual statements for 1989 and 1990. Id.

25. Lines of business and loss reserves for which Liberty Companies reflected estimated salvage on their Annual Statements collectively are referred to herein as Net Lines because the estimated salvage reduced their unpaid loss reserves and thus their losses incurred reported on the Annual Statements. At year-end 1989 and 1990, Liberty Companies had certain estimated salvage which had reduced its unpaid loss reserves and losses incurred on Net Lines on their Annual Statements. Morell Decl. ¶ 5.

Response: Admits.

26. Lines of business and reserves for which Liberty Companies did not reflect estimated salvage on their Annual Statements collectively are referred to herein as Gross Lines because the unpaid loss reserves were reported gross of estimated salvage. At year-end 1989 and 1990, Liberty Companies had additional estimated salvage on Gross Lines which had not reduced losses incurred or otherwise been taken into account on their Annual Statements. Morell Decl. ¶

6.

<ins>Response</ins>: Denies. Liberty Companies did not have any gross lines or even a gross line. The only salvage recoverable which was not net against the unpaid losses shown on the plaintiffs' annual statements was the salvage recoverable with respect to a portion of the auto physical damage line of business. <ins>See</ins> Deposition of Roy Morell, (Morell Deposition), p.15, l.13 - p.18, l.3. Thus the plaintiffs had one partial gross line. Admits that at the end of 1989 and 1990 Liberty Company had salvage recoverable with respect to a portion of the auto physical damage line of business which had not reduced unpaid losses shown on the annual statement.

27. The relevant year-end 1989 and 1990 undiscounted estimated salvage amounts of Liberty Companies were as follows:

| **UNDISCOUNTED SALVAGE** | 12/31/89 | | 12/31/90 |
|---|---|---|---|
| | Net Lines | Gross Lines | Net Lines |
| Liberty Mutual Ins. Co. | 231,389,202 | 65,179,800 | 245,157,226 |
| Liberty Mutual Fire Ins. Co. | 25,126,347 | 7,242,200 | 26,646,000 |
| Liberty Companies Total | 256,515,549 | 72,422,000 | 271,803,226 |

Morell Decl. ¶ 7.

<ins>Response</ins>: Per the plaintiffs' memorandum in support of its motion for summary judgment, their "summary judgment motion does not include an issue as to the amount of damages." Paragraph 27, therefore, is not a material statement of fact with respect to the plaintiffs' motion.

**LIBERTY COMPANIES' TAX TREATMENT OF SALVAGE AND IRS ADJUSTMENTS**

28. On their originally-filed tax returns for the taxable year 1990, Liberty Companies

changed their method of accounting to reflect discounted estimated salvage on all lines as require by the 1990 Act. Kress Decl. ¶ 12.

Response: Admits that plaintiffs' returns for the 1990 tax period reflected all discounted estimated salvage recoverable whether the method of accounting used was in accordance with the 1990 Act is a question of law.

29. The Liberty Companies applied the transition rules of the 1990 Act with respect to December 31, 1989, discounted estimated salvage. Kress Decl. ¶ 13.

Response: Paragraph 29 contains an allegation of law not a statement of fact.

30. For Gross Lines on which Liberty Companies had not taken any estimated salvage into account on the 1989 Annual Statements, they included in income $2,234,800 as the partial 26 U.S.C. § 481 adjustments. This amount is equal to one-quarter of 13 percent of $68,763,074, the discounted estimated salvage on Gross Lines. Kress Decl. ¶ 14.

Response: Per the plaintiffs' memorandum in support of its motion for summary judgment, their "summary judgment motion does not include an issue as to the amount of damages." Admits that plaintiffs 1990 return included a section 481 adjustment equal to 1/4 of 13% of the estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business.

31. For Net Lines on which Liberty Companies had taken estimated salvage into account on the 1989 returns as a reduction of losses incurred, Liberty Companies claimed a Special Deduction on their originally-filed 1990 returns pursuant to section 11305(c)(3) of the 1990 Act in the amount of $41,583,257. This amount is equal to one-quarter of 87 percent of $191,187,388 of discounted estimated salvage on Net Lines. Kress Decl. ¶ 15.

<u>Response</u>: Per the plaintiffs' memorandum in support of its motion for summary judgment, their "summary judgment motion does not include an issue as to the amount of damages." Admits plaintiffs claimed a special deduction on their originally-filed 1990 returns in an amount equal to 1/4 of 87% of the discounted salvage recoverable with respect to the net lines.

32. On audit, the IRS subsequently changed this amount and the change was agreed to by Liberty Companies. Kress Decl. ¶ 16.

<u>Response</u>: Per the plaintiffs' memorandum in support of its motion for summary judgment, their "summary judgment motion does not include an issue as to the amount of damages." Admits.

33. At the September 15, 1991, extended due date for the Liberty Companies' 1990 tax returns, insurance industry discussions with the IRS and Treasury concerning the double-counting problem and the IRS's position that the Special Deduction was an exclusive transition rule were still underway, and many expected future guidance from the IRS to result. Kress Decl. ¶ 17.

<u>Response</u>: Paragraph 33 is not a statement of fact material to the plaintiffs' motion for summary judgment.

34. Accordingly, Liberty Companies included a statement with their 1990 tax returns stating that they could not determine the full of amount of estimated salvage and that they disagreed with the position of Rev. Proc. 91-48 that the 1990 Act could be ignored. Because future IRS guidance was expected, Liberty Companies specifically reserved the right to change the position taken on the tax returns, stating "Further clarification resulting from industry

discussion with the Internal Revenue Service on these items may result in the taxpayer filing an amended return." Kress Decl. ¶ 18.

Response: Admits that the statements attached as Attachment Kress -5 to the Declaration of James W. Kress were filed with the plaintiffs' 1990 tax returns.

35. On or before September 15, 1992, Liberty Companies filed their tax returns for tax year 1991. Kress Decl. ¶ 19.

Response: Admits.

36. On their 1991 Annual Statements, filed on or before March 17, 1992, Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, and Liberty Insurance Company disclosed the amounts of year-end 1990 and 1991 estimated salvage on Net Lines. Morell Decl. ¶ 8.

Response: Admits that the 1991 annual statements contained a statement regarding "net anticipated salvage and subrogation" as of 12/91 and 12/90. The contents of the statements speak for themselves.

37. In September 1993, during the course of the examination of their 1990 income tax returns, Liberty Companies filed with the IRS a request to convert their Net Lines into Gross Lines, effective for tax year 1990 as permitted by the regulations. Liberty Mutual Ans. ¶ 10, Liberty Fire Ans. ¶ 9, Kress Decl. ¶ 20.

Response: Admits that in September 1993, the plaintiffs filed the request for "Affirmative Adjustment under Rev-Proc. 92-77 attached as Attachment Kress - Kress to the Declaration of James W. Kress. The contents of the request speak for themselves.

38. In the request for affirmative adjustment Liberty Companies specifically stated that it

did not claim the Special Deduction because, for tax purposes, they no longer had any Net Lines. In the request, Liberty Companies asked that loss reserves be grossed up for estimated salvage on Net Lines. Under the terms of Rev. Proc. 92-77 as it applied to the change required by the 1990 Act, the grossed-up estimated salvage was subject to the Fresh Start applied to salvage as of December 31, 1989. Kress Decl. ¶ 21.

Response: Admits that in September 1993, the plaintiffs filed the request for "Affirmative Adjustment under Rev-Proc. 92-77" attached as Attachment Kress - Kress to the Declaration of James W. Kress. The contents of the request speak for themselves. Denies the request attached to the Kress Declaration makes the statement contained in the first statement of paragraph 38. The second sentence is not a statement of fact but an interpretation of Revenue Procedure 92-77. Admits that if unpaid losses are properly grossed-up pursuant to Revenue Procedure 92-77, the fresh start would be applied to the salvage recoverable which grossed-up the unpaid losses.

39. The affirmative adjustment also claimed revised amounts of discounted estimated salvage on Net Lines, corrected (consistent with the disclosure on the 1991 Annual Statement) to reflect information that was not available at the time the original returns for 1990 were filed. As corrected, the relevant year-end 1989 and 1990 discounted estimated salvage amounts of Liberty Companies' were as follows:

| **DISCOUNTED SALVAGE** | 12/31/89 | | 12/31/90 |
|---|---|---|---|
| | Net Lines | Gross Lines | Net Lines |
| Liberty Mutual Ins. Co. | 180,819,158 | 61,886,767 | 190,901,955 |
| Liberty Mutual Fire Ins. Co. | 19,650,028 | 6,876,307 | 20,767,361 |
| Liberty Companies total | 200,469,186 | 68,763,074 | 211,669,316 |

Kress Decl. ¶ 22.

Response: Per the plaintiffs' memorandum in support of its motion for summary judgment, their "summary judgment motion does not include an issue as to the amount of damages." Admits to the statements in paragraph 39 for purposes of the plaintiffs' motion for summary judgment.

40. The IRS examined the 1990 returns and affirmative adjustments of Liberty Companies. As a result of the audit, the IRS agrees to the amounts of discounted estimated salvage, including the corrected amounts of December 31, 1989 discounted estimated salvage on Net Lines. Kress Decl. ¶ 23.

Response: Paragraph 40 does not contain a statement of material fact. Tax refund cases are *de novo* proceedings. Factual issues in refund actions are tried *de novo* "with no weight given to subsidiary factual findings made by the Service in its internal administrative proceedings." Cook v. United States, 46 Fed.Cl. 110, 113 (2000).

41. The following amounts of salvage at December 31, 1989 are those agreed with the IRS agent:

| 12/31/89 SALVAGE | Undiscounted | | Discounted | |
|---|---|---|---|---|
| | Net Lines | Gross Lines | Net Lines | Gross Lines |
| Liberty Mutual Ins. Co. | 231,389,202 | 65,179,800 | 180,819,158 | 61,886,767 |
| Liberty Mutual Fire Ins. Co. | 25,126,347 | 7,242,200 | 19,650,028 | 6,876,307 |
| Liberty Companies total | 256,515,549 | 72,422,000 | 200,469,186 | 68,763,074 |

Kress Decl. ¶ 24.

Response: Paragraph 41 does not contain a statement of material fact. Tax refund cases are *de novo* proceedings. Factual issues in refund actions are tried *de novo* "with no weight

given to subsidiary factual findings made by the Service in its internal administrative proceedings." Cook v. United States, 46 Fed.Cl. 110, 113 (2000).

42. The IRS made an audit adjustment with respect to the transition treatment of December 31, 1989 discounted estimated salvage on Gross Lines which Liberty Companies had not taken into account before tax year 1990. The IRS adjusted Liberty Companies' income to require them to include in income the full amount of that salvage as a 26 U.S.C. § 481 adjustment in 1990, without permitting either the 87 percent exclusion or the four-year spread under the of the Fresh Start transition rule in section 11305(c)(2) of the 1990 Act. Kress Decl. ¶ 25.

Response: Admits that this adjustment was made with respect to the estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business.

43. Further, the IRS audit did not allow the gross-up of loss reserves under Rev. Proc 92-77 and the regulations for discounted estimated salvage on Net Lines, as requested in the affirmative adjustments. Liberty Mutual Ans. ¶ 11, Liberty Fire Ans. ¶ 10, Kress Decl. ¶ 26.

Response: Admits.

44. Instead, for the Net Lines, the IRS allowed a Special Deduction equal to 87 percent of the December 31, 1989 corrected discounted estimated salvage balance, spread ratably over four years beginning in 1990. Kress Decl. ¶ 27.

Response: Admits.

45. Because it was based on the corrected amount, the IRS audit allowed a Special Deduction for tax year 1990 that was $2,882,028 more than the amount claimed on Liberty Companies' original 1990 tax returns. Kress Decl. ¶ 28.

<u>Response</u>: Admits for purposes of the motion for summary judgment.

46.  These audit adjustments resulted in an increase in tax for 1990, which Liberty Companies paid in full.  Kress Decl. ¶ 29.

<u>Response</u>: Admits.

47.  Liberty Companies neither made, nor sought to make, any change in method to "remove estimated salvage recoverable" with respect to any accident year from unpaid losses.  Liberty Companies made no change of accounting with respect to salvage in 1990 except to report estimated salvage on Gross Lines as required by the 1990 Act.  Beginning in 1990 and consistently in all later years, in filing their original tax returns, amended returns, requests for adjustment and refund claims, Liberty Companies have never deviated from reporting losses incurred which reflected estimated salvage on both Net and Gross Lines.  Kress Decl. ¶ 30.

<u>Response</u>: Denies the first sentence.  In Liberty Companies' request for affirmative action with respect to Revenue Procedure 92-77, they sought to increase their unpaid losses at the end of 1990 by the amount of estimated salvage recoverable which reduced those losses.  Thus, the sought to remove from unpaid losses the amount of estimated salvage recoverable which reduced those losses.  Admits that Liberty Companies changed their accounting procedures with respect to salvage recoverable to report salvage recoverable with respect to what had previously been improperly treated as the gross portion of the auto physical damage line of business.  Whether Liberty Companies method of accounting for salvage recoverable on its 1990 and subsequent returns was in accordance with the 1990 Act is a question of law.  Admits that Liberty Companies method of computing losses incurred for the 1990, 1991, 1992, and 1993 reflected all salvage recoverable.

48. On page 60 of the Revenue Agent's Report dated March 15, 1995, the Internal Revenue Service explained its basis for denying Liberty Companies a gross-up of their estimated salvage under Rev. Proc. 92-77 for the taxable year 1990, as follows:

> "The government contends, pursuant to Treas. Reg. 1.832-4(f)(3)(iii), that any taxpayer that 'claims the special deduction is precluded from also claiming the section 481 adjustment ...' The government also maintains that once a company has taken the special deduction any change in method of computing unpaid losses can only be done so with the consent of the Commissioner. This position is based on section 4.04 Rev. Proc. 92-77."

Kress Decl. ¶ 31.

Response: Paragraph 41 does not contain a statement of material fact. Tax refund cases are *de novo* proceedings. Factual issues in refund actions are tried *de novo* "with no weight given to subsidiary factual findings made by the Service in its internal administrative proceedings." Cook v. United States, 46 Fed.Cl. 110, 113 (2000).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


        /s/ *Karen Wozniak*
        KAREN WOZNIAK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-1927
        E-mail: karen.e.wozniak@usdoj.gov