UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 1:05-11048-RCL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 1:05-11049-RCL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO THE PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

On September 29, 2006, the plaintiffs moved for summary judgment. The premise of their motion is that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Subsequently, on October 27, 2006, the plaintiffs filed a motion to compel production of documents requested in the Plaintiffs' First Request for Production of Documents served upon the United States on August 25, 2006, prior to the filing of the plaintiffs' motion for summary judgment. Plainly, the plaintiffs did not require those documents to support their motion. Their motion for summary judgment, in effect, says that the plaintiffs and the Court need no further facts in order for judgment to be entered for them. The making of

the motion for summary judgment constituted a waiver by the plaintiffs of any right to seek discovery under Rules 26 - 37 of the Federal Rules of Civil Procedure during the time that their motion for summary judgment is pending.

Subsequent to the making of the plaintiffs' motion to compel, the United States, on October 30, 2006, filed and served its motion for summary judgment (and opposition to plaintiffs' motion for summary judgment). Plaintiffs' motion to compel, filed prior to the government's motion for summary judgment, cannot be construed as directed to the motion they had not yet seen. Furthermore, the only appropriate action relating to discovery necessary to oppose a motion for summary judgment is action in accordance with the provision in Rule 56(f) of the Federal Rules of Civil Procedure. The plaintiffs' motion to compel does not comport with the requirements of Rule 56(f), and so cannot be allowed under that provision.

Rule 56(f) provides that, "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit *facts* essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. FRCP 56(f) (emphasis added). Fed.R.Civ.P. 56(f). Thus, in order to obtain Rule 56(f) relief, the party seeking discovery generally must file an affidavit explaining what *facts* are sought and how they are to be obtained, how those *facts* will create *a genuine issue of material fact* precluding summary judgment, what efforts have been made to obtain these facts and why these efforts have failed. See Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988); Hudson River Sloop Clearwater, Inc. v. Department of the Navy, 891 F.2d 414, 422 (2d Cir.1989). While the First Circuit has

stated that it does not insist on "hypertechnical compliance" with the terms of Rule 56(f) in order to obtain its benefits, it warns that an opponent to a motion for summary judgment departs from the plain language of the rule at its peril, and it does insist that any alternative proffer substantially comply with and simulate the rule in important ways, including, that: (1) the proffer must be made by written statement, "if not by affidavit, then in some authoritative manner-say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed.R.Civ.P. 11;" (2) the statement needs to "articulate some plausible basis for the party's belief that specified 'discoverable' material *facts* likely exist which have not yet come in from the cold;" and (3) "[t]here must also be shown some realistic prospect that *the facts* . . . will, if obtained, suffice to engender an issue both genuine and material." Paterson-Leitch Co., Inc. 840 F.2d at 988 (emphasis added); Vargas-Ruiz v. Golden Arch Development, Inc., 368 F.3d 1, 3-4 (1st Cir. 2004).

    Even if the plaintiffs were to now attempt to prepare a Rule 56(f) affidavit or alternative statement in response to the government's summary judgment motion, it could not provide a basis for compelling production of the documents at issue in their present motion to compel which pertain, not to facts, but to legal arguments, and are, thus, outside the scope or Rule 56(f), outside the scope of discovery, and really quite simply outside of the scope of litigation altogether.  For this reason, the United States objected to the discovery on the grounds that the documents sought do not contain information that is admissible in evidence or reasonably calculated to lead to the discovery of admissible evidence.  After all, in order to be admissible evidence under Rule 401 of the Federal Rules of Civil Procedure, information must have a tendency to make the existence of a fact that is of consequence to the determination of the action

more probable or less probable than it would be without the information.  The plaintiffs have not, and cannot, identify a factual dispute to which the requested documents relate.  Thus, they could not be seeking information that is admissible or reasonably calculated to lead to admissible evidence.

The plaintiffs seek production of the documents sought in requests 6 through 9 of their first request for production of documents:

> 6. Provide all documents created by, considered by, or maintained by the Internal Revenue Service and the Department of the Treasury in the course of the consideration and issuance of Revenue Procedure 92-77, 1992-2 C.B. 454.
>
> 7. Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service and the Department of the Treasury in the course of the consideration and issuance of Revenue Procedure 91-48, 1991-2 C.B. 760.
>
> 8. Provide all documents created by, received by, considered by, or maintained by the Department of the Treasury and the Internal Revenue Service in the course of the consideration and issuance of Treasury Decision 8390, 1992-1 C.B. 242.[1]
>
> 9. Provide all documents created by, received by, considered by, or maintained by the Internal Revenue Service and the Department of the Treasury in the course of the consideration and issuance of Section 1.832-4 of the proposed Income Tax Regulations published on March 15, 1991, in the Federal Register (56 Fed. Reg. 11, 127).

Plaintiffs' First Request for Production of Documents, pp.4-5.

The documents by their very nature do not pertain to facts and the plaintiffs do not seek them to establish that a fact of consequence to the litigation is or is not true.  On the contrary, the

---

[1] Treasury Decision 8390 provides final regulations (26 C.F.R. § 1.832-4) relating to the treatment of salvage and reinsurance in computing the deduction for losses incurred of insurance companies other than life insurance companies.

plaintiffs contend in their motion to compel that "[t]he document production is necessary for Liberty Companies to explore defenses concerning the purpose and application of Rev. Proc. 92-77 and the application of Treas. Reg. § 1.832-4(d)." Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents, p.2.

The purpose of Rule 56(f) is to, when appropriate, provide an opponent to a summary judgment motion an opportunity to discover *facts*. See Vargas-Ruiz 368 F.3d at 3-4; Paterson-Leitch Co., Inc. 840 F.2d at 988. The purpose of discovery itself is to uncover *facts*, not to explore legal arguments, interpretations, and defenses. See Indiana Coal Council v. Hodel, 118 F.R.D. 264, 266 (D.D.C. 1988) ("the coercive power of discovery can be invoked to uncover facts, but the task of researching the law is left to the parties themselves"); Jackson v. Kroblin Refrigerated Xpress, Inc., 49 F.R.D. 134, 137 (N.D.W.Va. 1970) ("Free access *to facts* is an essential consideration when dealing with the discovery process.") (emphasis added); McNelley v. Perry, 18 F.R.D. 360, 361 (E.D.Tenn., 1955) ("The courts are in unanimous agreement that the Federal Rules of Civil Procedure should be liberally construed to enable the litigants to obtain all information necessary through the discovery rules, except privileged information, *that will disclose all facts* relating to the controverted issues.") (emphasis added). Here the plaintiffs are not seeking facts through production of the documents at issue in their motion to compel; instead, they are seeking to explore a substantive legal attack on the governing regulations and revenue procedures. The fact that the government is a party to the action does not change the scope of discovery or litigation under the Federal Rules of Civil Procedure. The document requests at issue in the plaintiffs' motion to compel are no more appropriate than would be a subpoena to the district court for "all documents created by,

received by, considered by, or maintained by" it "in the course of the consideration and issuance" of a judicial opinion cited by the government in support of its position.

The documents sought by the plaintiffs are outside the scope of discovery. And by their request for production of these documents and their motion to compel that production, the plaintiffs are altogether outside the scope of the Federal Rules of Civil Procedure which are intended, construed, and administered "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

In sum, the plaintiffs' motion to compel, made after their motion for summary judgment, was made too late, and made prior to the government's motion for summary judgment, was made too soon. The plaintiffs' motion should be denied as untimely. And even if the plaintiffs' motion to compel were timely, it would have to be denied because the requests for production at issue do not seek information that is admissible as related to a fact of consequence in the litigation or reasonably calculated to lead to such admissible evidence, and are, thus, beyond the scope of discovery.[2]

---

[2] In the unanticipated event that the Court determines not to deny the plaintiffs' motion to compel as untimely or on the basis that the requests for production at issue seek material not properly discoverable under Rule 26, the United States seeks leave to address the issues, including privilege issues, raised in the plaintiffs' motion to compel production of documents, as well as, to address the misstatements in the memorandum in support of the plaintiffs' motion related to issues other than the discoverability issue under Rule 26. Addressing those issues and misstatements here would be superfluous and not in keeping with the defendant's obligation to aid in a speedy and inexpensive determination of this action. Of note, the U.S. Department of Justice Tax Division, which is responsible for the government's defense in this action, has requested, but has not yet been provided with the opportunity to view all of the documents covered by the plaintiffs' improper requests for production, and, therefore, is not in a position to raise privilege defenses to the production of specific documents.

Given the untimeliness of the plaintiffs' motion to compel production of documents and the factual irrelevancy of the documents sought, the United States does not consider oral argument necessary to address the issues raised in the plaintiffs' motion.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                         /s/ *Karen Wozniak*
                        KAREN WOZNIAK
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        Post Office Box 55
                        Ben Franklin Station
                        Washington, D.C. 20044
                        Telephone: (202) 307-1927
                        E-mail: karen.e.wozniak@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that the United States' Response in Opposition to the Plaintiffs' Motion to Compel Production of Documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). There are no non-registered case participants.

        /s/ *Karen Wozniak*
        KAREN WOZNIAK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-1927
        E-mail: karen.e.wozniak@usdoj.gov