UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 1:05-11048-RCL |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 1:05-11049-RCL |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO THE PLAINTIFFS'
MOTION TO STRIKE DEFENDANT'S BRIEF,
TO ALLOW PLAINTIFFS ADDITIONAL PAGES IN REPLY,
TO ALLOW PLAINTIFFS ADDITIONAL TIME TO REPLY,
<u>AND TO RECONFIRM THE COURT'S JANUARY 12, 2006 ORDER</u>

The United States' combined memorandum of law in support of the United States' motion for summary judgment and response in opposition to the plaintiffs' motion for summary judgment filed on October 30, 2006, does not exceed the page limits provided by the Court in this action for the parties' brief in support of their motions and response to the opposing parties' motion and should not be struck. The January 12, 2006 docket entry provides that briefs in support of the parties' motions may be 25 pages in length and responses may not be more than

13 pages in length.[1] Accordingly, each party has been provided with 25 pages in support of its motion and 13 pages in response to opposing parties' motions. Rather than filing a separate memorandum of law in support of its summary judgment motion, not exceeding 25 pages and response to the plaintiffs' motion for summary judgment, not exceeding 13 pages, the government combined its memorandum in support of its motion with its response to the plaintiffs' motion. The combined brief and response does not exceed 38 pages and, thus, is within the page limitations provided by the Court.[2]

In the event that the government has misunderstood the provisions regarding the page limitations, the government requests that its combined memorandum of law in support of its motion and response in opposition to the plaintiffs' motion be accepted as filed. The government's brief does not contain any irrelevant, superfluous, or redundant material. The legal issues in this action are complex and technical. Insurance taxation is a highly specialized area of law and the insurance tax issues in this action are particularly specialized, applying only to a segment of the industry, property and casualty companies, and only to a narrow period of time, the 1990 through 1994 tax periods. There have been less than a handful of cases involving the

---

[1] The docket entry uses the term "reply" rather than "response" when providing the 13 page length limit. However, given that the docket entry only provides for motions and responses, it is understood that the "reply" page limit is intended as the page limit for responses: "Plaintiffs' motions due by 9/29/2006;" "Defendant to respond and file cross motion by 10/30/06;" "Plaintiff to respond to cross motion by 11/15/06." Docket Entry January 12, 2006. The docket entry does not provide any party with a reply.

[2] The government's memorandum of law in support of its motion and response to the plaintiffs' motion is numbered 35 pages. However, more than half of page 1 is the case caption and document title (which could have been placed on an unnumbered cover sheet as the plaintiffs did), almost the entire bottom half of the page 34 is blank, and page 35, the last page, contains only a one sentence request for a hearing and a signature block. The brief and response, consequently, covers approximately 33 pages.

precise issues in this action and there is no case law on point. Accordingly, an introduction to and explanation of the law is necessary in understanding the merit of government's position and the lack of merit of the plaintiffs' position. It should also be noted that the plaintiffs' suit attacks the validity of a provision of the Treasury Regulations relating to the transitional relief provided in the Revenue Reconciliation Act of 1990. A thorough response to that attack is not just of importance to the government in the confines of this litigation, but is also of importance to the government's general interest in the integrity of and deference to the Treasury Regulations.

For these reasons, the government requests not only that its combined memorandum of law in support of its motion and response in opposition to the plaintiffs' motion be accepted as filed, but that it be permitted to file a reply, not to exceed 15 pages, to the plaintiffs' anticipated response to its cross motion.[3] The United States requests that it be provided with 21 days after the filing of the plaintiffs' response to file its reply, unless any portion that 21 day period falls between December 20, 2006 through January 5, 2007, in which case the government requests at least 30 days to file its reply. Due to already arranged holiday plans of undersigned counsel for the government, the government requests that the deadline for filing the government's reply not be set for any day from December 20, 2006, through January 5, 2007.

In the event that the government has misunderstood the provisions regarding the page limitations and the Court denies the government's request to accept its summary judgment brief and response as filed, the government requests permission to submit a revised brief of a page

---

[3]The plaintiffs contend that undersigned counsel for the government informed plaintiffs' counsel that the government intended to file a reply brief "not withstanding the Court's Order of January 12, 2006, that precludes the filing of such a reply brief by the defendant." Undersigned counsel never made such a statement. Rather, undersigned counsel informed plaintiffs' counsel that the government intended to *request permission* to file a reply.

length specified by the Court.  The United States requests that it be provided with 21 days from the date of any Court order granting leave to file a revised brief to file the brief, subject to the same requests for additional time and a deadline not falling on any day from December 20 through January 5, as requested above with respect to a reply brief.

In addition to moving to strike the government's combined memorandum in support of its motion and response in opposition to the plaintiffs' motion because it exceeded 25 pages, the plaintiffs seek an additional ten pages for their response.  If the government's brief and response were to be reduced to 25 pages and the plaintiffs were to be given an additional 10 pages, the Court would be providing the plaintiffs with a total of 48 pages to support their motion and oppose the government's (25 pages provided for the initial brief and 23 provided for a response/reply brief) and the government with only approximately half of that to support its motion and oppose theirs.  That would be inequitable and inappropriate.  The best course, both in terms of providing the parties with an equal opportunity to support their motions and respond to the opposing motions and in terms of allowing the parties the page length necessitated by the complexity and importance of the issues here, would be to provide each party with additional pages.  If, (1) the government's combined summary judgment brief and response of approximately 33 pages is accepted as filed; (2) the plaintiffs are allowed an additional 10 pages for what would be a combined response to the government's motion and reply to the government's opposition to their motion; and (3) the government is permitted a 15 page reply to the plaintiffs' motion for summary, not only would the plaintiffs and the defendant all be provided with the additional pages they need, they would be allowed approximately the same number of pages to support their motions and oppose the motions against them.

There is no merit to the plaintiffs repeated contention that the government has improperly failed to disclose its defenses to the plaintiffs. The plaintiffs were fully aware prior to filing their motion for summary judgment that section 1.832-4(f)(3)(iii) of the Treasury regulations provides that a company that claims the special deduction under section 11305(c)(3) of the 1990 Act is precluded from also claiming the fresh start under section 11305(c)(2)(B) of the 1990 Act. See 26 C.F.R. § 1.832-4(f)(3)(iii). The plaintiffs served admissions and contention interrogatories relating to Revenue Procedure 92-77 which governs another issue in action. The government's response to the discovery was due September 25, 2006, on which date the government had not yet received the plaintiffs' not-yet-due responses to the government's discovery requests and had depositions scheduled for September 29, 2006, and without the information from the discovery was unable to accurately set forth all of its contentions with respect to the facts. In response to request for admission number 3 and two sets of companion interrogatories (numbers 3 and 4 and numbers 5 and 6), the government explained that it was premature for the government to respond because it had not completed its discovery and that upon review of the plaintiffs' discovery responses and the deposition transcripts, the government would respond to the discovery.[4] On September 27, 2006, while visiting the law offices of plaintiffs' counsel to review documents, undersigned counsel was, for the first time, informed of the plaintiffs' dissatisfaction with these

---

[4]Undersigned counsel for the government inadvertently failed to provide an explanation for the government's denial of request for admission number 7 as requested in the general instructions preceding the requests for admission. Plaintiffs' counsel brought this omission to undersigned counsel's attention on September 27th and it was corrected on September 28th. The response provided on September 28th was subsequently amended after depositions were taken and the plaintiffs' discovery responses were received. Undersigned counsel had informed plaintiffs' counsel on October 4th of the need for the amendment. Plaintiffs' counsel requested that the amended response be provided on October 18th and it was.

explanations and the plaintiffs' position that it was unfair for them to have to file their motion for summary judgment not knowing the government's response to this discovery.  Undersigned counsel immediately informed plaintiffs' counsel that the government would consent to the plaintiffs receiving a extension of time to file their motion for summary judgment until after receiving the government's response to this discovery, and repeated so more than once during the two in person conversations on the issue that day.  On September 28, undersigned counsel again informed plaintiffs' counsel during a telephone conversation, by facsimile, and by electronic mail, that the government would consent to an extension of time for the plaintiffs to file a motion for summary judgment.  Plaintiffs chose not to request an extension of time to file their motion for summary judgment.  During a telephone conference on October 4th, plaintiffs' counsel requested that the responses to request for admission number 3 and interrogatories numbered 3 through 6 be provided on October 18th, and very thorough responses were provided on that date.

    As a professional courtesy, the government does not object to the time frame requested by the plaintiffs to respond to the government's cross-motion.

<u>Oral Argument Not Necessary</u>

The United States does not consider oral argument necessary to address the issues raised in the plaintiffs' motion.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


        /s/ *Karen Wozniak*
        KAREN WOZNIAK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-1927
        E-mail: karen.e.wozniak@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that the *United States' Response to the Plaintiffs' Motion to Strike Defendant's Brief, To Allow Plaintiffs Additional Pages in Reply, to Allow Plaintiffs Additional Time to Reply, and to Reconfirm the Court's January 12, 2006 Order* filed through the ECF system on November 15, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). There are no non-registered case participants.

      /s/ *Karen Wozniak*
KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov