UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:05-11048-RCL |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:05-11049-RCL |

PLAINTIFFS' RESPONSES TO UNITED STATES'
STATEMENT OF UNDISPUTED MATERIAL FACTS

5.  On their 1990 income tax returns the plaintiffs claimed the special deduction provided for in section 11305(c)(3) of the Revenue Reconciliation Act of 1990 which amounted to 1/4 of 87% of estimated salvage recoverable with respect to the net lines at the end of 1989 and included in income an amount equal to 1/4 of 13% of the amount of estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business at the end of 1989.

    Response:

    Liberty Companies admit that they initially reported the special deduction and Fresh Start on their 1990 and 1991 tax returns, but this reporting was subject to a reservation to treat the estimated salvage consistently with guidance the IRS was expected to issue. (Kress decl. filed Sep. 29, 2006, attachment 5). Subsequently, after guidance was published, Liberty Companies requested affirmative adjustments disavowing the special deduction in accordance with Rev. Proc. 92-77 on their 1990 and 1991 returns. (Kress decl. filed Sep. 29, 2006, attachment

   6). Therefore, Liberty Companies have not claimed the special deduction for 1990 and 1991. Liberty Companies subsequently filed original returns for tax years 1992 and 1993 consistent with the guidance in Rev. Proc. 92-77 and the refunds it seeks in this case. Before the statutes for assessment closed for tax years 1990 through 1993, Liberty Companies signed Forms 870-AD reserving the right to file the refund claims that are the subject of this action. Kress decl. filed Sep. 29, 2006, attachment 3.

6.  On their 1991 income tax returns the plaintiffs claimed the special deduction provided for in section 11305(c)(3) of the Revenue Reconciliation Act of 1990 which amounted to 1/4 of 87% of estimated salvage recoverable with respect to the net lines at the end of 1989 and included in income an amount equal to 1/4 of 13% of the amount of estimated salvage recoverable with respect to the gross portion of the auto physical damage line of business at the end of 1989.

   Response:

   See the response to statement number 5, above.

7.  On their 1992 income tax returns the plaintiffs did not claim the special deduction provided for in section 11305(c)(3) of the Revenue Reconciliation Act of 1990. On their 1992 income tax returns the plaintiffs included an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable on all lines at the end of 1989.

   Response:

   See the response to statement number 5, above.

8.  On their 1993 income tax returns the plaintiffs did not claim the special deduction provided for in section 11305(c)(3) of the Revenue Reconciliation Act of 1990. On their 1993 income tax returns the plaintiffs included an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable on all lines at the end of 1989.

   Response:

   See the response to statement number 5, above.

9.  The income tax assessments against the plaintiffs for the 1990, 1991, 1992 and 1993 tax periods reflect inclusion of the special deduction.

   Response:

   See the response to number 5, above. The income tax assessments were made by the Internal Revenue Service over Liberty Companies' objection. The statute for assessment closed on December 31, 2002.

10. The income tax assessments against the plaintiffs for the 1992 tax period do not reflect an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable at the end of 1989.

      Response:

      See the responses to numbers 5 and 9, above.

11. The income tax assessments against the plaintiffs for the 1993 tax period do not reflect an income adjustment in the amount of 1/4 of 13% of the estimated salvage recoverable at then end of 1989.

      Response:

      See the responses to numbers 5 and 9, above.

14. The files and records of the Internal Revenue Service with respect [to] Liberty Mutual Insurance Company and Subsidiaries indicate that the normal period of limitations on assessment closed in December 2002 for each of the following income tax periods: 1991; 1992; and 1993.

      Response:

      See the responses to numbers 5 and 9, above.

15. The files and records of the Internal Revenue Service with respect [to] Liberty Mutual Fire Insurance Company indicate that the normal period of limitations on assessment closed in December 2002 for each of the following income tax periods: 1991, 1992; and 1993.

      Response:

      See the responses to numbers 5 and 9, above.

Date: November 15, 2006

/s/ Peter H. Winslow
Peter H. Winslow
Admitted Pro Hac Vice
1875 Eye Street, NW, Ste. 1050
Washington, D.C. 20006
Tel: (202) 434-9162
Fax: (202) 331-2032
Attorney for Plaintiffs