UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE           )<br>COMPANY AND SUBSIDIARIES,          )<br>                                                              )<br>            Plaintiff,                                 )<br>                                                              )<br>       v.                                                  )<br>                                                              )<br>UNITED STATES OF AMERICA,        )<br>                                                              )<br>            Defendant.                             ) | Cnsl. Cv. No. 1:05-11048-RCL |
| LIBERTY MUTUAL FIRE INSURANCE  )<br>COMPANY AND SUBSIDIARIES,          )<br>                                                              )<br>            Plaintiff,                                 )<br>                                                              )<br>       v.                                                  )<br>                                                              )<br>UNITED STATES OF AMERICA,        )<br>                                                              )<br>            Defendant.                             ) | Former Cv. No. 1:05-11049-RCL |

RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE
OUT-OF-TIME BRIEF THE ATTACHED MEMORANDUM IN SUPPORT OF
THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs do not oppose defendant United States' motion to file a proper brief out of time, but object to the filing of the brief defendant appended to its motion. In that brief, defendant eliminated the fact section from the excess-length brief this Court struck and moved lengthy portions of its argument into single-spaced footnotes printed in a reduced-size font (the footnotes are printed in less-than 11-point font, whereas the significantly fewer and shorter footnotes in the stricken brief were in 12-point font). The new brief, therefore, violates the Court's page-limit

1

order. Courts do not permit parties to use "textual footnotes to evade page limits." *See, e.g.*, *Vanda, Inc. v. Insurance Co. of North America,* 45 F.3d 634, 640 ($2^d$ Cir. 1995). Nor do they permit parties to manipulate font sizes in order to satisfy page-limit requirements, even when the local court rules do not specifically cover font sizes. *See Polymer Color, Inc. v. Mesa Industries, Inc.,* 1994 WL 161684 (N.D. Ill.) (a reduced-size font violates the spirit of the Court's Order, even if the local rules do not specifically address font size).

     The new brief actually contains more verbiage than the stricken brief, much of which is designed as a stealth reply to the opposition plaintiffs' timely filed on November 15, 2006. This inappropriate procedural advantage is the primary reason plaintiffs object to the new brief. As explained in the declaration accompanying plaintiffs' motion to strike, at the January 12, 2006 scheduling conference, plaintiffs' counsel negotiated a briefing schedule with defendant's counsel that limited defendant to one 25-page brief, and the Court so ordered. The parties initially agreed to file motions and briefs simultaneously, but defendant's counsel requested at the conference that plaintiffs file first. Plaintiffs' counsel objected because defendant had not disclosed its position and plaintiffs' counsel was concerned about a potential ambush in a final reply brief. The Court agreed, and limited defendant to a single brief. Now, after having willfully violated the Court's order, defendant seeks to achieve a stealth reply through the replacement brief, and, moreover, has alerted the Court that it may request a second reply brief (effectively a *sur reply brief*). Thus, defendant is seeking to obtain a tactical advantage through its own malfeasance.

     Throughout this litigation, defendant has flouted the rules in order to gain procedural advantage, and the brief attached to its most recent motion is just the latest example. Other examples include the following:

1. Defendant served written discovery requests so that answers would be due on October 2, 2006, after the September 30, 2006 discovery close date and after the summary judgment deadline of September 29, 2006, and included in its requests over 250 interrogatories (if subparts are counted) in violation of the local rule that subparts must be integrally related. Local Rule 26.1(c). Plaintiffs fully responded to the delinquent, excessive discovery to avoid a dispute. In its motion for summary judgment, defendant did not cite a single document obtained as a result of its discovery requests. Thus, the burdensome requests appear to have been designed primarily to harass plaintiffs during their motion preparation.

2. Defendant, on five business-days' notice, scheduled a full-day Fed. R. Civ. 30(b)(6) deposition of plaintiffs on September 29, 2006, the day plaintiffs' motion for summary judgment was due. Although this was not reasonable notice for the comprehensive deposition sought by defendant, plaintiffs complied fully to avoid a dispute. The deposition did not reveal anything defendant did not already know by virtue of its multi-year IRS examination of plaintiffs. Thus, the deposition also appears to have been designed to harass plaintiffs during their motion preparation.

3. Defendant failed to comply with the meet-and-confer requirement in Fed. R. Civ. P. 26(f) by failing to inform plaintiffs of its contentions in these cases.

4. Regarding Net Lines, defendant failed to respond to proper contention interrogatories and admission requests concerning its position on Rev. Proc. 92-77 until after plaintiffs filed their motion for summary judgment. Defendant answered one interrogatory concerning Rev. Proc. 92-77 before the motion-filing deadline, but withdrew that answer and replaced it with another answer after it

       read plaintiffs' brief and realized that its first answer supported plaintiffs' reading of Rev. Proc. 92-77.

5. Regarding Gross Lines, defendant led plaintiffs to believe that it had conceded the issue. That plaintiffs were led to this understanding should not be a surprise. Defendant and the IRS have conceded at least three other similar prior cases filed in the Tax Court and U.S. District Courts. After misleading plaintiffs, defendant unveiled a Gross Lines defense only after plaintiffs filed their motion for summary judgment.

6. Defendant continues to ignore legitimate and relevant discovery and offers frivolous arguments in its opposition to plaintiffs' motion to compel, while at the same time relying in the 25-page brief on documents that are encompassed in plaintiffs' discovery request.

7. Defendant, after filing a 35-page brief contrary to the Court's unambiguous minute order, refused to join plaintiffs in a motion to fashion a solution to the problem or to agree to participate in a conference with the Court. Defendant's counsel, moreover, stated that she intended to file a reply brief as a matter of right, despite the Court's order. These actions forced plaintiffs to incur substantial costs to file a motion to strike the 35-page brief and a motion to enforce the Court's order limiting defendant to a single, principal brief of 25 pages.

Defendant's certification that its replacement brief complies with the Court's order is a sham. Defendant has violated the spirit, if not the letter, of the Court's rules by omitting any facts from the brief, relegating substantial text to footnotes, using a small font size that is

difficult to read, and including what amounts to a *de facto* reply in the brief.  Defendant therefore, is trying to achieve yet another procedural advantage (a stealth reply) through its own malfeasance.  This strategy should not be rewarded.  Nevertheless, plaintiffs do not object to the filing of a new brief that satisfies both the letter and spirit of the Court's order, provided the following conditions are met:

    1.    Plaintiffs may file a reply brief not to exceed 23 pages within 30 days after the Court accepts defendant's brief for filing; and

    2.    Defendant is not permitted to file any other brief.

Plaintiffs respectfully request that the Court, if it permits defendant to file another brief, simply direct defendant to cut the first ten pages from the first, 35-page brief, and re-file it, in order to deter defendant from further manipulating footnotes and font sizes.  The first ten pages of the first brief contain defendant's background and facts section.  Cutting those pages, therefore, would leave it with 25 pages of pure argument, which would be more than fair to defendant considering the circumstances of its conduct in these cases.  A brief without facts may violate the Court's rules or convention, but defendant's proposed replacement brief contains no facts.  Plaintiffs suggest this approach in a desire to avoid further costs in response to defendant's continuing violations.

        **<u>Plaintiffs need more than 13 pages to respond to defendant's new arguments</u>**.

In the event the Court accepts defendant's latest brief or permits defendant to re-file a brief, plaintiffs seek 23 pages for their reply brief, instead of the 13 pages in the current reply brief filed on November 15, 2006.  This request was explained in plaintiffs' motion to strike *et al.*, filed November 1, 2006.  As explained in that motion, defendant concealed its contentions in these cases until after plaintiffs filed their motion for summary judgment and supporting

memorandum.  (Document 34, pp. 6-7).  As a result, plaintiffs were disadvantaged because they believed defendant had conceded the Gross Lines issue, as it had done in all other litigated cases of which plaintiffs are aware.  Plaintiffs were surprised when defendant devoted half its brief to arguments regarding a regulation that does not even apply.  Moreover, plaintiffs also were surprised by defendant's arguments regarding Net Lines because defendant provided an answer to a contention interrogatory, and then withdrew that answer and replaced it with numerous arguments only after plaintiffs filed their motion.  Plaintiffs, therefore, request the additional pages to address the positions defendant disclosed, for the first time, after plaintiffs filed their motion for summary judgment.

**Plaintiffs request that the Court reiterate its order that plaintiffs' reply brief will be the final brief.**

As described above, defendant already has achieved significant procedural advantages through repeated failures at every stage of this litigation to comply with the Court's rules and orders.  Fairness dictates that plaintiffs be given their **first** opportunity to respond to defendant's newly disclosed arguments in a 25-page brief and that defendant not be allowed to file an additional reply brief.

Respectfully submitted,

Date:  December 7, 2006                             */s/ Peter H. Winslow*
                                                         Peter H. Winslow
                                                         Admitted Pro Hac Vice
                                                         1875 Eye Street, NW, Ste. 1050
                                                         Washington, D.C.  20006
                                                         Tel: (202) 434-9162
                                                         Fax: (202) 331-2032
                                                         Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Response to Defendant's Motion for Leave to File Out of Time the Attached Memorandum in Support of the United States' Motion for Summary Judgment and in Opposition to the Plaintiffs' Motion for Summary Judgment* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the following address via overnight mail on this 7th day of December, 2006:

>Karen Wozniak
>Trial Attorney, Tax Division
>U.S. Department of Justice
>555 Fourth Street, N.W.
>Room 7816
>Washington, D.C. 20044

>/s/ Peter H. Winslow
>Peter H. Winslow
>Scribner, Hall & Thompson LLP
>1875 Eye Street, N.W., Ste. 1050
>Washington, D.C. 20006
>Telephone: (202) 331-8585
>E-mail: pwinslow@scribnerhall.com
>Counsel for the plaintiff
>Admitted pro hac vice