UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | Cnsl. Cv. No. 1:05-11048-RCL |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | Former Cv. No. 1:05-11049-RCL |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE ATTACHED REPLY TO PLAINTIFFS' RESPONSE TO UNITED STATES' MOTION FOR LEAVE TO FILE OUT OF TIME A MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

This is in response to defendant's motion for leave to file a reply to plaintiffs' response to defendant's motion for leave to file an out-of-time brief. (Document No. 51) The proposed reply contains a number of representations that are inaccurate. As an example, defendant incorrectly states that it chose a smaller font size in its out-of-time brief for stylistic reasons and that the small font size did not affect the page-length of the brief. Defendant neglects to inform the

1

Court, however, that the alternative hard-copy brief it provided plaintiffs' counsel had a reconfigured margin style that differed from the margin in the out-of-time brief defendant submitted to the Court. If reconfigured to the margin style defendant used in the brief it submitted to the Court, the alternative brief would exceed the Court's 25-page limit.

Nevertheless, regardless of whether the Court accepts defendant's latest filing, plaintiffs wish to reiterate that they would not object to defendant's filing of a summary judgment brief that comports with the letter and spirit of the Court's 25-page limit, provided that it is the last brief defendant is permitted to file, and provided that plaintiffs are permitted to file a reply 23 pages in length in order to address for the first time the arguments defendant disclosed only after plaintiffs had filed their motion for summary judgment. Plaintiffs' primary concern is to avoid a schedule that would render them unable to respond to defendant's arguments. It is for this reason that plaintiffs agreed to go first in a *seriatim* briefing schedule only if defendant were limited to one, 25-page brief. Plaintiffs' concern with surprise has been shown to be well-founded. Plaintiffs simply request that the Court hold defendant to the limitations outlined at the January 12, 2006 scheduling conference and permit plaintiffs to expand their reply brief from 13 to 23 pages in order adequately to address positions defendant withheld until after plaintiffs filed their motion for summary judgment.

Respectfully submitted,

Date: December 15, 2006

/s/ *Peter H. Winslow*
Peter H. Winslow
Admitted Pro Hac Vice
1875 Eye Street, NW, Ste. 1050
Washington, D.C. 20006
Tel: (202) 434-9162
Fax: (202) 331-2032
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Plaintiffs' Response to Defendant's Motion for Leave to File Attached Reply to Plaintiffs' Response to United States' Motion for Leave to File Out of Time a Memorandum in Support of its Motion for Summary Judgment in Opposition to Plaintiffs' Motion for Summary Judgment* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the following address via overnight mail on this 15th day of December, 2006:

>Karen Wozniak
>Trial Attorney, Tax Division
>U.S. Department of Justice
>555 Fourth Street, N.W.
>Room 7816
>Washington, D.C. 20044

>/s/ *Peter H. Winslow*
>Peter H. Winslow
>Scribner, Hall & Thompson LLP
>1875 Eye Street, N.W., Ste. 1050
>Washington, D.C. 20006
>Telephone: (202) 331-8585
>E-mail: pwinslow@scribnerhall.com
>Counsel for the plaintiff
>Admitted pro hac vice