IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE )<br>COMPANY AND SUBSIDIARIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil No. 1:05-11048-RCL |
| LIBERTY MUTUAL FIRE INSURANCE )<br>COMPANY AND SUBSIDIARIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil No. 1:05-11049-RCL |

**REPLY TO PLAINTIFFS' RESPONSE TO
UNITED STATES' MOTION FOR LEAVE TO FILE OUT OF TIME A MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**LEAVE TO FILE GRANTED ON JANUARY 3, 2007**

On November 30, 2006, the United States filed a motion for leave to file out of time a memorandum in support of its motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment in light of the Court's November 16, 2006 order striking, as exceeding the page limit, the memorandum originally timely submitted on October 30, 2006. A copy of the memorandum which the government sought to file was attached to the government's November 30th motion (hereinafter "November 30th memorandum"). Plaintiffs filed a response to the government's November 30th motion objection to the filing of the memorandum attached to the government's motion. Plaintiffs' response is supported by misstatements and lacks merit.

Plaintiffs first complain that the government:

eliminated the fact section from the excess-length brief and moved lengthy portions of its argument into single-spaced footnotes printed in a reduced-size font (the footnotes are printed in less-than 11-point font, whereas the significantly fewer and shorter footnotes in the stricken brief were in 12-point font)
Plaintiffs' December 7th Response (Docket #50), p. 1

The government did not "[eliminate] the fact section from the excess-length brief" as Plaintiffs state. See Plaintiffs' December 7th Response, p.1. The government's original memorandum filed October 30th did not contain a fact section. The undisputed material facts were provided in an accompanying document entitled "United States' Statement of Undisputed Material Facts" (Docket # 38). The government's November 30th memorandum, like its original memorandum, incorporates the statement of undisputed material facts by reference.[1]

The government's original memorandum did not have "significantly fewer" footnotes than its November 30th memorandum as Plaintiffs state. See Plaintiffs' December 7th Response, p.1. The government's original memorandum contained ten footnotes. The November 30th memorandum contains twelve footnotes.

The government's November 30th memorandum does not contain footnotes "printed in less-than 11-point font" as Plaintiffs state. See Plaintiffs' December 7th Response, p.1. The footnotes in the November 30th memorandum are in 11-point font.

While the footnotes in the government's original memorandum were in 12-point font and the footnotes in the November 30th memorandum are in 11-point font, the use of the smaller-font footnotes in the November 30th memorandum was a stylistic choice to employ the traditional footnote format and does not effect the pagination of the memorandum. Thus, Plaintiffs' statement that courts do not "permit parties to manipulate font sizes in order to satisfy page-limit

---

[1] The original memorandum contained an introduction which was reduced in the November 30th memorandum. The original introduction did not, however, contain any facts relating to the plaintiffs so the reduction of it could not eliminate any such facts.

requirements" is irrelevant.  Plaintiffs' December 7th Response, p.2.

In the government's experience it is acceptable to courts, which do not have specific rules mandating that text and footnote font size be the same, to employ a smaller font for footnotes.  The government understands, however, from Plaintiffs' response that Plaintiffs' counsel had difficulty reading the 11-point-font footnotes.  Plaintiffs' December 7th Response pp. 4-5.  As a remedy, on December 8th the government provided Plaintiffs' counsel with a copy of the November 30th memorandum with the footnotes increased to 12-point font.  The signature block on the memorandum with the 12-point-font footnotes is on the top half of page 23 as is the signature block on the memorandum with the 11-point-font footnotes.  Thus, with 12-point-font footnotes, the memorandum, along with the Appendix, is still within the 25-page limit.

As illustrated by the following analysis of the footnotes contained in the November 30th memorandum, the government did not "[move] lengthy portions of its argument into single-spaced footnotes" as argued by Plaintiffs:

| Footnote # | Description |
| --- | --- |
| 1 | same as footnote 1 in the original memorandum |
| 2 | a shorter version of footnote 2 in the original memorandum |
| 3 | footnote listing IRS publications providing guidance on the new treatment of salvage recoverable required by the Revenue Reconciliation Act of 1990 and transitional rules associated with the change |
| 4 | a slightly shorter version of footnote 4 in the original memorandum |
| 5 | same as footnote 5 in the original memorandum |
| 6 | same as footnote 7 in the original memorandum |
| 7 | footnote providing an explanation of the potential for double-counting and of grossing-up to relieve double-counting [If all the footnotes in the November 30th memorandum were in 12-point font and the text of this footnote were double-spaced and placed in the body of the memorandum, the signature block for the memorandum would still be on page 23 and the memorandum, along with the Appendix, would still be within the 25-page limit.  The text was placed into a footnote in the November 30th memorandum because that is where it properly belongs.] |

| Footnote # | Description |
|---|---|
| 8 | one-sentence footnote indicating that a particular illustration is provided in the Appendix to the brief |
| 9 | three-sentence footnote which follows a citation to three IRS publications and briefly summarizes the relevant content in each of the publications |
| 10 | same as footnote 8 in the original memorandum with an additional sentence indicating that a particular illustration is provided in the Appendix to the brief |
| 11 | a slightly shorter version of footnote 9 in the original memorandum |
| 12 | a slightly shorter version of footnote 10 in the original memorandum |

Plaintiffs next argue that "[t]he new brief actually contains more verbiage than the stricken brief, much of which is designed as a stealth reply to the opposition plaintiffs' [*sic*] timely filed on November 15, 2006." See Plaintiffs' December 7th Response, p.2. In addition to repeating twice that the government "seeks to achieve a stealth reply" with its November 30th memorandum, Plaintiffs similarly contend that the November 30th memorandum "includ[es] what amounts to a *de facto* reply." See Plaintiffs' December 7th Response, pp. 2 & 5.

The government does not know what Plaintiffs mean by "more verbiage" but the November 30th memorandum has fewer words and fewer pages.

Although Plaintiffs contend four times that the November 30th memorandum is a reply to their opposition to the government's motion for summary judgment, they do not provide a single example from the November 30th memorandum to support the claim. And they cannot, because the November 30th memorandum does not constitute or contain a reply to Plaintiffs' opposition to government's motion for summary judgment. Each of the arguments and points contained in the November 30th memorandum was included in the original brief. Obviously there is not room here to reference each argument and point in the November 30th memorandum to the original memorandum.

Not having made a single accurate statement about the November 30th memorandum, Plaintiffs next provide two pages of misstatements about the government's litigation of this action

in a further attempt to persuade the Court to not permit the government to file the November 30th memorandum. See Plaintiffs December 7th Response, p.2-4. One of the statements in this section does refer to the November 30th memorandum. Plaintiffs contend that:

> Defendant continues to ignore legitimate and relevant discovery and offers frivolous arguments in its opposition to plaintiffs' motion to compel, while at the same time relying in the 25-page brief on documents that are encompassed in plaintiffs' discovery request.
> Plaintiffs' December 7th Response, p. 4.

Plaintiffs do not identify which documents relied upon in the November 30th memorandum are allegedly "encompassed in the plaintiffs' discovery request." However, every document cited in the November 30th memorandum is published and Plaintiffs have the same access to them as does the government. It should also be noted that each document cited in the November 30th memorandum was also cited in the original memorandum.

Despite the egregiousness of the misstatements in the remainder of the section on the government's litigation of this action, as they do not pertain to the November 30th memorandum, the government will not address them here.[2] Upon request, a response can be provided to the misstatements regarding the government's litigation of this action.

## Conclusion

As outlined above, Plaintiffs' opposition to the filing of the November 30th memorandum is based on misstatements and, thus, lacks merit.

The government requests that it be permitted to file the memorandum attached to its November 30th motion for leave to file out of time a memorandum in support of its motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment.

The government objects to Plaintiffs' request "that the Court, if it permits defendant to file

---

[2] Plaintiffs have previously made some of these misstatements and the government has previously responded to some of them in its response to Plaintiffs' motion to compel production of documents and in its response to Plaintiffs' motion to strike the government's brief.

another brief, simply direct defendant to cut the first ten pages from the first, 35-page brief, and refile it, in order to deter defendant from further manipulating footnotes and font sizes." As demonstrated in this reply, the government did not manipulate footnotes and font sizes, so Plaintiffs' suggested "remedy" is unnecessary. In addition, the first ten pages of the original memorandum contain important information necessary for the Court to understand the remainder of the memorandum. Just removing the first ten pages from the original in their entirety, rather than reducing the content from those pages as was done in the November 30th memorandum, would significantly, if not completely, reduce the comprehensibility of some of the later portions of the original brief.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Karen Wozniak
KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that the United States' Reply to Plaintiffs' Response to United States' Motion for Leave to File out of Time a Memorandum in Support of Its Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment – Leave to File Granted on January 3, 2007 – filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). There are no non-registered case participants.

January 5, 2007

 /s/ Karen Wozniak
KAREN WOZNIAK
Trial Attorney, Tax Division