UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| | ) | Civil No. 1:05-11048-RCL |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| | ) | Civil No. 1:05-11049-RCL |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

DEFENDANT UNITED STATES' MOTION FOR CLARIFICATION

The defendant United States of America moves this Court for a clarification regarding one of the holdings of the Report and Recommendation adopted by the Court on January 23, 2008, (hereinafter "the Report") in order to determine what factual issues remain for trial. Specifically, the United States seeks clarification as to whether or not the Report rules that "Liberty Mutual is entitled to the gross-up" (see Report, p.26) only to the extent that Liberty Mutual double counted salvage recoverable pertaining to its Net Lines in its computation of losses incurred under 26 U.S.C. § 832(b)(5)(A) for the 1990 income tax period.

In accordance with Local Rule 7.1(a)(2), undersigned counsel for the government certifies that she conferred with counsel for the plaintiffs and has attempted in good faith to resolve or narrow the issue presented in this motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ *Karen Wozniak*
KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
E-mail: karen.e.wozniak@usdoj.gov

```
I hereby certify that this document filed
through the ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to
those indicated as non registered participants
on 02/12/08.
```

/s/ *Karen Wozniak*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE<br>COMPANY AND SUBSIDIARIES, | )<br>)<br>) | Civil No. 1:05-11048-RCL |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| UNITED STATES OF AMERICA, | )<br>) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY AND SUBSIDIARIES, | )<br>)<br>) | Civil No. 1:05-11049-RCL |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| UNITED STATES OF AMERICA, | )<br>) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF THE DEFENDANT UNITED STATES'
MOTION FOR CLARIFICATION

Introduction

The United States seeks a simple clarification regarding one of the holdings of the Report and Recommendation adopted by the Court on January 23, 2008, (hereinafter "the Report") in order to determine what factual issues remain for trial.

Background

The Report states:

> The amount of salvage recoverable on [Liberty Mutual's] Net Lines was subject to double counting. To the extent that salvage recoverable had already been calculated in the Annual Statement on Liberty Mutual's Net Lines, *and that an accounting inaccuracy would*

-1-

>   *otherwise result*, Liberty Mutual is entitled to a gross-up for that amount. (italics added)  Report, p.22.

The Report explains the purpose of the gross-up as follows:

>   . . . The gross-up is a one time accounting practice intended to prevent accounting inaccuracies caused by the mandated change in accounting practices.  The purpose of the gross-up is to avoid potential duplication in the calculation of salvage recoverable.  US Summ. J. at 14.
>
>   The Fresh Start and the Special Deduction are one time deductions granted by Congress to off-set the transition to a new accounting method required by the 1990 Act.  The purpose of the gross-up is different; it is intended to correct an otherwise unavoidable accounting inaccuracy.  See Rev. Proc. 92-77 § 2 (1992).
>
>   . . .
>
>   "Some taxpayers [*i.e.* pure and partial Netters,] have taken estimated salvage recoverable into account in determining the unpaid losses on their annual statement.  For these taxpayers, the requirement that estimated salvage recoverable be taken into account separately in computing losses incurred may result in a double counting of estimated salvage recoverable."  Rev.Proc. 92-77 § 2.  Section 1.832-4(d) allows a taxpayer who has taken salvage recoverable into account separately to increase its unpaid losses for tax purposes by the amount of salvage recoverable already taken into account in order to provide an accurate accounting.  Rev.Proc. 92-77 § 2.  The literal requirements of section 823(b)(5)(A)[1] [*sic*] result in a one-time accounting error requiring Netting companies to count recovered salvage twice.  The gross-up is intended to correct this inaccuracy.  The gross-up is not intended as a deduction or benefit, but as a method to provide accurate accounting information.  See Rev.Proc. 92-77 § 2 (1992).

Report, pp.19-21.

The Report does not make a finding with respect to the extent to which Liberty Mutual double counted salvage recoverable in its computation of losses incurred under

---

[1]This is a typographical error in the Report transposing numbers in the relevant Internal Revenue Code section, 26 U.S.C. § 8<u>32</u>(b)(5)(A).

Section 832(b)(5)(A) for the 1990 tax period.

## Clarification Sought

Given: (1) the Report's provision that Liberty Mutual is entitled to the gross-up to the extent "an accounting inaccuracy would otherwise result"; (2) the Report's explanation of the purpose of the gross-up; and (3) the lack of a finding in the Report on the extent to which Liberty Mutual double counted salvage recoverable in its computation of losses incurred, the United States seeks clarification as to whether or not the Report's conclusion that "Liberty Mutual is entitled to the gross-up" (Report, p.26), is limited to the extent to which Liberty Mutual double counted salvage recoverable pertaining to its Net Lines in its computation of losses incurred under 26 U.S.C. § 832(b)(5)(A) for the 1990 income tax period.

Thus, the questions we have are:

Is Liberty Mutual entitled to the gross-up only to the extent that it double counted salvage recoverable pertaining to its Net Lines in its computation of losses incurred, *i.e.* is Liberty Mutual entitled to the gross-up only to the extent that the gross-up is necessary to correct a double counting of salvage recoverable in its computation of losses incurred under Section 832(b)(5)(A) for the 1990 tax period?

Or, is Liberty Mutual entitled to the gross-up with respect to all of the salvage recoverable pertaining to its Net Lines, even that salvage recoverable pertaining to its Net Lines which was not double counted in its computation of losses incurred under Section 832(b)(5)(A) for the 1990 tax period and, thus, not in need of correction?

The United States seeks this clarification so that the parties can know whether or not the extent to which Liberty Mutual double counted salvage recoverable in its computation of

losses incurred is at issue for trial.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

                /s/ *Karen Wozniak*
                KAREN WOZNIAK
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 55, Ben Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 307-1927
                E-mail: karen.e.wozniak@usdoj.gov

```
I hereby certify that this document filed
through the ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to
those indicated as non registered
participants on 02/12/08.

/s/  Karen Wozniak
```