UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Cnsl. Cv. No. 1:05-cv-11048-RCL |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Former Cv. No. 1:05-cv-11049-RCL |

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION FOR CLARIFICATION

Plaintiffs ("Liberty Mutual") oppose the United States' motion for clarification regarding one of the holdings on page 26 of the Report and Recommendation adopted by the Court on January 23, 2008 ("Report") because the holding is clear. Specifically, the Court held that "Liberty Mutual is entitled to the gross-up" for salvage and subrogation (collectively "salvage") with respect to its "Net Lines."[1]  By so holding, the Court

---

[1] As in the Report, the term "Net Lines" herein refers to a line of business where estimated salvage recoverable was taken into account in determining unpaid losses on the

unambiguously rejected the United States' contention that the gross-up permitted by Treas. Reg. § 1.832-4(d) is available only to taxpayers that took salvage on their Net Lines into income twice on their original returns filed for 1990.[2]  By its motion, the United States merely has resurrected for the third time the same argument it made before the Magistrate Judge and again in its objections to the Report.  This Court properly rejected the United States' argument by adopting the Report.

As recognized by the Court in adopting the Report, there are two, and only two, aspects to the tax treatment permissible for salvage on Net Lines that must be considered for 1990.  The first aspect is double-counting, which is mandatory.  As the Court noted, the literal language of 26 U.S.C. § 832(b)(5)(A) requires taxpayers who reduced unpaid losses by estimated salvage in their annual statements to take the same salvage into income a second time in computing losses incurred.  Report at 20-21.  The second aspect of the tax treatment for 1990 is the gross-up.  The accounting inaccuracy resulting from "double-counting" of salvage as to the year-end 1990 unpaid losses can be corrected by claiming a "gross-up" under Treas. Reg. § 1.832-4(d), thereby converting Net Lines into

---

taxpayer's annual statement.  *See* Report at 5.

   [2]  This must be so because the undisputed facts and the briefs of the parties before the Magistrate Judge and Court repeatedly stated that Liberty Mutual did not follow the statute and double-count salvage on its original returns as filed.  *See, e.g.,* Doc. 38, United States' Statement of Undisputed Material Facts, ¶ 4; Doc. 49, Memorandum of Law in Support of United States' Motion for Summary Judgment and in Opposition to the Plaintiff's Motion for Summary Judgment, p. 17.  The reason for this apparent noncompliance is that Liberty Mutual was aware that ongoing discussions with the Treasury Department were likely to provide a solution to the double-counting problem.  *See* Doc. 25, Decl. of James W. Kress ¶¶ 17-18.  That solution came in the form of the gross-up provided by Treas. Reg. § 1.832-4(d), which Liberty Mutual properly claimed, as the Court has held.  *See* Report at 22-23, 26.

Gross Lines for tax purposes. *Id.* The Report correctly notes that Liberty Mutual elected the gross-up of its Net Lines and converted them to Gross Lines. Report at 9. The holding of the Court is that Liberty Mutual's gross-up was proper. Report at 22-23, 26.

In its cross-motion for summary judgment and its objections to the Report, the United States contended that the gross-up is available only to taxpayers who complied with the literal language of the statute and double-counted salvage on Net Lines in their original returns as filed. The United States has never explained, however, what the result of its position would be. Presumably, if the United States' position had been adopted and a gross-up were not available, Liberty Mutual would be required to follow the literal language of the statute and double-count salvage on Net Lines. Yet, the basis for the United States' contention that the gross-up is not available is that Treas. Reg. § 1.832-4(d) is only intended to apply where there is a potential for double counting. So, the United States' position creates a paradox: according to the United States, the gross-up cannot apply because it is only needed to prevent double-counting, but because the gross-up does not apply, Liberty Mutual must double-count salvage under the Court's holding. The United States has never explained its way out of this paradox. Fortunately, there is no need for the United States to do so at this late date because the Court properly rejected the United States' illogical position.

Accordingly, Liberty Mutual respectfully requests that the Court reject the United States' motion.

Dated: <u>February 26, 2008</u>

Respectfully submitted,

_____
PETER H. WINSLOW
Scribner, Hall & Thompson, LLP
1875 Eye Street, N.W., Suite 1050
Washington, D.C. 20006
Telephone: (202) 331-8585
E-mail: pwinslow@scribnerhall.com
Counsel for Plaintiffs
Admitted pro hac vice

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the foregoing *Plaintiffs' Response to Defendant's Motion for Clarification* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the following address via regular mail on this 26th day of February, 2008:

    Karen Wozniak
Trial Attorney, Tax Division
U.S. Department of Justice
555 Fourth Street, N.W.
Room 7816
Washington, D.C. 20044

_____
Peter H. Winslow
Scribner, Hall & Thompson LLP
1875 Eye Street, N.W., Ste. 1050
Washington, D.C. 20006
Telephone: (202) 331-8585
E-mail: pwinslow@scribnerhall.com
Counsel for the plaintiff
Admitted pro hac vice