UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cnsl. Cv. No. 1:05-cv-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Former Cv. No. 1:05-cv-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

STIPULATION OF FACTS

Definition

For purposes of these stipulations, the term "1990 tax period" means the tax period beginning January 1, 1990 and ending December 31, 1990.

Stipulations

1.  On their original federal income tax returns for the 1990 tax period, Plaintiffs did not double count any salvage recoverable in the computation of losses incurred under 26 U.S.C. § 832(b)(5)(A).

(It is Plaintiffs' position that this stipulated fact is irrelevant.)

2.     On their original federal income tax returns for the 1990 tax period, Plaintiffs specifically sought to reserve the right to change the position taken with respect to the treatment of salvage on the tax returns, stating "Further clarification resulting from industry discussion with the Internal Revenue Service on these items may result in the taxpayer filing an amended return."  A copy of the statement included in the tax return of Liberty Mutual Insurance Company is attached as Stipulation Exhibit 1.  An identical statement was included in the tax return of Liberty Mutual Fire Insurance Company.  (By this stipulation, Defendant makes no agreement as to the legal effect of these statements or that Plaintiffs had any right to change a position taken on a return.  Further, it is Defendant's position that this stipulated fact is irrelevant.  It is Plaintiffs' position that this stipulated fact is relevant only if stipulated fact numbered 1 is relevant.)

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:   March 13, 2008 | /s/ *Peter H. Winslow*<br> PETER H. WINSLOW<br>Scribner, Hall & Thompson, LLP<br>1875 Eye Street, N.W., Suite 1050<br>Washington, D.C. 20006<br>Telephone: (202) 331-8585<br>E-mail: pwinslow@scribnerhall.com<br>Counsel for Plaintiffs<br>Admitted pro hac vice |
| Dated: March 13, 2007 | /s/ *Karen Wozniak*<br>KAREN WOZNIAK<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 307-1927<br>E-mail: karen.e.wozniak@usdoj.gov<br>Counsel for Defendant United States |

Liberty Mutual Insurance Company and Affiliated Subsidiaries    (04-1543470)

## SECTION 6662 DISCLOSURE

The Revenue Reconciliation Act of 1990 ("the Act") provides that property and casualty insurance companies are required to reduce their losses incurred by discounted estimated salvage recoverable beginning in 1990. Section 11305(c)(3) of the Act allows companies that previously anticipated salvage recoverable to deduct 87 percent of the discounted amount of salvage recoverable previously taken into account prior to 1990. This deduction is to be taken into account over four taxable years beginning in 1990.

The Internal Revenue Service recently issued Revenue Procedure 91-48, the purpose of which was to provide guidance with respect to the discounting of estimated salvage recoverable, the Section 481 adjustment under Section 11305(c)(2) of the Act, the special deduction under Section 11305(c)(3) of the Act, the special rule for over estimates under Section 11305(c)(4) of the Act and changes in estimates of salvage recoverable.

The taxpayer is not following the provisions of Revenue Procedure 91-48 in this tax return with respect to the mutually exclusive rule contained in Sections 8 and 9 of the Revenue Procedure. The taxpayer feels that Revenue Procedure 91-48 provides for an improper interpretation of the tax law with respect to this item. Further clarification resulting from industry discussions with the Internal Revenue Service on these items may result in the taxpayer filing an amended tax return.

Also, the taxpayer understands that if an election is not made under Section 11 of the Revenue Procedure with respect to the "deferral of an accounting change", then the taxpayer who claims the special deduction will be forever precluded from making an election to defer the accounting change. The taxpayer intends to make a protective election under Section 11 of the Revenue Procedure, pending clarification of Sections 8 and 9 of the Revenue Procedure.

While the next-to-last sentence of Revenue Procedure 91-48, Section 4.02, seems to suggest that an insurer claiming the 87 percent transitional deduction under Section 11305(c)(3) of the Act has to ignore the discounted year-end 1989 salvage and subrogation recoverable in the computation of "losses incurred" for 1990 under Code Section 832(b)(5)(A), the taxpayer finds nothing in the wording of Code Section 832 or 1990 Act Section 11305 that would require such a result. The taxpayer believes that the 87 percent transitional deduction was

1

### Section 6662 Disclosure Continued 04-1543470

intended to provide a "level playing field" between insurers that were anticipating (and thus paying taxes on) salvage and subrogation before 1990 and those that were not. Accordingly, it is taxpayer's position that the benefit of the 87 percent transitional deduction is available in addition to the benefit of including prior-year-end salvage and subrogation in the computation under Code Section 832(b)(5)(A).

While the amount of salvage and subrogation recoverable was not shown explicitly on the taxpayer's 1989 annual statement, the methods used by the taxpayer in computing its reserves for unpaid losses on its 1989 annual statement had the effect of implicitly anticipating salvage and subrogation recoverable. The taxpayer is prepared to establish to the satisfaction of the IRS District Director that this result did occur in the preparation of its 1989 annual statement, and to show the specific amounts of anticipated salvage and subrogation by line of insurance for each accident year.

The taxpayer has not filed a statement with a state regulatory authority as described in proposed regulation Section 1.832-4(e). As the taxpayer reads that portion of the proposed regulation, filing such a statement with a state regulatory authority is intended to be one method, but not necessarily the only method, by which an insurer may establish that it took estimated salvage and subrogation recoverable into account. Furthermore, taxpayer finds nothing in Section 11305(c)(3) of the Act to indicate that submitting such a statement to a state regulatory authority is a necessary condition for claiming the 87 percent transitional deduction.

At this time, the taxpayer has not quantified the tax effects of these issues.

2

**Stipulation Exhibit 1**

Liberty Mutual Insurance Company and Affiliated Subsidiaries   (04-1543470)

# ELECTION FOR TAXPAYERS CLAIMING SPECIAL DEDUCTION THAT ALSO TOOK SALVAGE INTO ACCOUNT IN DETERMINING UNDISCOUNTED UNPAID LOSSES FOR THE 1990 ACCIDENT YEAR PURSUANT TO SECTION 11 OF REV. PROC. 91-48

The taxpayer feels that Revenue Procedure 91-48 contains conditions which have no basis in law and that improper interpretations of the law have been made, however, we feel it necessary, in the event that Rev. Proc. 91-48 is found to be correct, to make a protective election under Section 11. The taxpayer therefore makes an election under Sections 11 of Revenue Procedure 91-48, and agrees to apply the special rule for overestimates in section 11305(c)(4) of the 1990 Act.

The taxpayer is unable to determine the amount of estimated salvage recoverable taken into account in determining the undiscounted unpaid losses for the 1990 accident year due to the mutually exclusive rules contained is Sections 8 and 9 of Revenue Procedure 91-48. Further clarification resulting from industry discussions with the Internal Revenue Service on these items may result in the taxpayer filing an amended tax return