UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| | ) | Civil No. 1:05-11048-RCL |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| | ) | Civil No. 1:05-11049-RCL |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

### DEFENDANT UNITED STATES' PRETRIAL MEMORANDUM

**A.**   *Names, addresses and telephone numbers of trial counsel for the United States*:

1.  Karen Wozniak
    Tax Division
    U.S. Department of Justice
    P.O. Box 55, Ben Franklin Station
    Washington, D.C. 20044-0055
    Telephone: (202) 307-1927
    Facsimile: (202) 514-5238
    E-mail: karen.e.wozniak@usdoj.gov

2.  Bonni Perlin
    Tax Division
    U.S. Department of Justice
    P.O. Box 55, Ben Franklin Station

Washington, D.C. 20044-0055
Telephone: (202) 307-0834
Facsimile: (202) 514-5238
E-mail: bonni.perlin@usdoj.gov

**B.** *A concise summary of the positions asserted by the defendant with respect to both liability and relief sought*:

The plaintiffs presented three alternative claims for relief in their complaints: (1) that they are entitled to implement the year-end gross-up adjustment provided in section 4.02 of Revenue Procedure 92-77; (2) that they are entitled to claim both the fresh start adjustment and the special deduction; or (3) that the cut-off method of implementing the change in method of accounting for estimated salvage recoverable applied to the salvage recoverable which plaintiffs had not previously taken into account in computing losses incurred. See Complaints, Case Nos. 1:05-11048-RCL and 1:05-11049-RCL, ¶¶ 48-50.

The plaintiffs have not pursued the third alternative claim for relief presented in their complaints in this action. Plaintiffs' counsel has informed United States' counsel that the plaintiffs have dropped their third alternative claim for relief regarding the cut-off method of implementing the change in method of accounting for estimated salvage recoverable required by the 1990 Act. This claim for relief will, therefore, not be at issue at trial.

The parties filed cross-motions for summary judgment covering the plaintiffs' first two alternative claims for relief.

As to the plaintiffs' second claim for relief, the Report and Recommendation adopted by the Court on January 23, 2008, (hereinafter "the Report") concluded that "Liberty Mutual is entitled to the Fresh Start on its Net Lines of business;" and that "Liberty Mutual is not entitled to the Special Deduction." See Report, p.26.

As to the plaintiffs' first claim for relief in the alternative, the Report concluded that "Liberty Mutual is entitled to the gross-up" See Report, p.26.  Given: (1) the Report's provision that Liberty Mutual is entitled to the gross-up to the extent "an accounting inaccuracy would otherwise result"; (2) the Report's indication that the purpose of the gross-up is to correct an accounting inaccuracy resulting from the double counting of salvage recoverable; and (3) the lack of a finding in the Report on the extent to which Liberty Mutual double counted salvage recoverable in its computation of losses incurred, the United States moved for clarification as to whether or not the Report's conclusion that "Liberty Mutual is entitled to the gross-up", is limited to the extent to which Liberty Mutual double counted salvage recoverable pertaining to its net lines in its computation of losses incurred under section 832(b)(5)(A) for the 1990 income tax period.  See Defendant United States' Motion for Clarification, Docket #78.

If the plaintiffs are only entitled to the gross-up to the extent that they double counted salvage recoverable pertaining to their net lines in their computation of losses incurred under section 832(b)(5)(A) for the 1990 tax period, they are not entitled to the gross-up because they did not double count any salvage recoverable in their computation of losses incurred under section 832(b)(5)(A) for the 1990 tax period.  If the plaintiffs are only entitled to the gross-up to the extent that they double counted salvage recoverable pertaining to their net lines in their computation of losses incurred under section 832(b)(5)(A) for the 1990 tax period, the only issue which remains for trial is the amount of the refunds due, if any, to the plaintiffs given that they are not entitled to the gross-up.  Counsel for the parties have expressed a commitment to one another to work towards an agreement on the amount of the refunds, if any, the plaintiffs are entitled to if they are not entitled to the gross-up.

If the plaintiffs are entitled to the gross-up with respect to the salvage recoverable pertaining to their net lines, even that salvage recoverable pertaining to their net lines which was not double counted in their computation of losses incurred under section 832(b)(5)(A) on their original income tax returns for the 1990 tax period, the issue which remains for trial is the amount of the refunds due to the plaintiffs based on the Court's determination of their entitlement to the gross-up.  That issue in turn has a number of subissues.

The first subissue pertains to the disclosure requirement of 26 C.F.R.§ 1.832-4(d)(2).  As indicated in the Report, any refunds the plaintiffs' may be entitled to are dependent upon their compliance with the disclosure requirements of 26 C.F.R. § 1.832-4(d)(2).  See Report, p.22, n.11.[1]  The amount of unpaid losses shown in Liberty Northwest Insurance Corporation's (hereinafter "Northwest"),[2] annual statement for the 1990 calendar year cannot be increased (grossed-up) by the amount of any estimated salvage recoverable alleged to have been taken into account in determining the amount of its unpaid losses because Northwest did not comply with the disclosure requirements in Treas. Reg. § 1.832-4(d)(2) with respect to any such estimated salvage recoverable.  In response to the United States' document request for "[a]ll documents satisfying the disclosure requirement contained in 26 C.F.R. § 1.832-4(d)(2) with respect to the 1990 taxable year", plaintiffs Liberty Mutual Insurance Company and subsidiaries stated, "The

---

[1]Section 1.832(d) of the Treasury Regulations provides that: "[a]n insurance company that takes estimated salvage recoverable into account in determining the amount of its unpaid losses shown on its annual statement is allowed to increase its unpaid losses by the amount of estimated salvage recoverable taken into account if the company complies with the disclosure requirement of paragraph (d)(2) of this section."

[2]Northwest is a property and casualty subsidiary of Liberty Mutual Insurance Company which was included in the consolidated federal income tax return filed by Liberty Mutual Insurance Company and subsidiaries for the 1990 tax period.

1991 annual statements containing the disclosures were provided to the IRS during the audit and appeal, have been made available for inspection during this litigation and have been inspected." The National Association of Insurance Commissioners added a new Note #17 to the property and casualty financial statement included with the 1991 annual statement requiring disclosure of anticipated salvage and subrogation included as a reduction to loss reserves.

Note 17 to the Notes to Financial Statements included with the 1991 annual statements for Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Insurance Company indicate for each company the extent to which loss reserves were net of anticipated salvage and subrogation at December 31, 1991, and December 31, 1990. Note 17 to the Notes to Financial Statements included with 1991 annual statement for Northwest states, "The Company's loss reserves are established gross of any salvage and subrogation that may in the future be recovered. Salvage and/or subrogation amounts appearing in Liberty's Annual Statement are accounted for on a cash received basis." Thus, the plaintiffs' disclosures provided in discovery do not establish that the disclosure requirements contained in 26 C.F.R. § 1.832-4(d)(2) with respect to the 1990 tax year have been met by Northwest.

The second subissue pertains to the amount of refund over which the Court has jurisdiction. The plaintiffs have not supplemented their disclosures or discovery responses to provide any documents evidencing Northwest's compliance with the disclosure requirement in Treas. Reg. § 1.832-4(d)(2).

Pursuant to 26 U.S.C. § 6511(b)(2)(B), the amount of the refund for Liberty Mutual Insurance Company and its subsidiaries cannot exceed the portion of the tax paid during the two years preceding the filing of their claim for refund. The limitation contained in section

6511(b)(2) establishes a jurisdictional prerequisite for refund suits. See Zeier v. United States, 80 F.3d 1360, 1364 (9th Cir. 1996); Porter v. United States, 919 F.Supp. 927, 934 (E.D.Va. 1996). If Liberty Mutual Insurance Company and its subsidiaries pursue a refund exceeding the amount paid within two years of filing their refund claim, the United States will file a motion to dismiss for lack of jurisdiction the portion of the claim for refund which exceeds the amount paid within two years of filing the refund claim.

Pursuant to 26 U.S.C. § 6511(b)(2)(B), the amount of Liberty Mutual Fire Insurance Company's refund cannot exceed the portion of the tax paid during the two years preceding the filing of its claim for refund. As just noted, the limitation contained in 6511(b)(2) of the Internal Revenue Code establishes a jurisdictional prerequisite for refund suits. If Liberty Mutual Fire pursues a refund exceeding the amount paid within two years of filing its refund claim, the United States will file a motion to dismiss for lack of jurisdiction the portion of the claim for refund which exceeds the amount paid within two years of filing its claim for refund.

Other subissues may arise out of the actual computations made by the plaintiffs. Counsel for the plaintiffs have presented counsel for the United States with the following: (1) their schedule of adjustments to taxable income based on plaintiffs' entitlement to the gross-up; (2) their computations of plaintiffs' overpayments of tax based on their entitlement to the gross-up; (3) their computations of plaintiffs' refunds of deficiency interest based on their entitlement to the gross-up. The U.S. Department of Justice and the Internal Revenue Service are in the process of reviewing the numbers presented by plaintiffs' counsel. The parties hope they will be able to come to an agreement on the amount of the refunds the plaintiffs are entitled to if they are entitled to the gross-up with respect to the salvage recoverable pertaining to their net lines, even

that salvage recoverable pertaining to their net lines which was not double counted in their computation of losses incurred under section 832(b)(5)(A) for the 1990 tax period. If they are unable to do so, and the Court determines that the plaintiffs are entitled to the gross up even though they did not double count, the Court will have to resolve the issue of the exact amount of the refund.

**C.**     ***Whether any claims or defenses have been, or will be, waived or otherwise not pursued at trial*:**

Plaintiffs' counsel has informed United States' counsel that the plaintiffs have dropped the third alternative claim for relief presented in their complaints, the claim for relief regarding the cut-off method of implementing the change in method of accounting for estimated salvage recoverable required by the 1990 Act. The claim will not be pursued at trial and will be waived.

**D.**     ***A statement of the facts relevant to the issues remaining for trial established by the pleadings, stipulations of counsel and admissions*:**

1. On their original federal income tax returns for the 1990 tax period, Plaintiffs did not double count any salvage recoverable in the computation of losses incurred under 26 U.S.C. § 832(b)(5)(A).

2. None of the other facts relevant to the issues remaining for trial have been established by the pleadings, stipulation of counsel, or admissions.

**E.**     ***Contested issues of fact relevant to the issues remaining for trial:***

1. *Contested issues of fact relevant if the plaintiffs are only entitled to the gross-up to the extent that they double counted salvage recoverable pertaining to their net lines in their computation of losses incurred under section 832(b)(5)(A) for the 1990 tax period*:

    a.   amount of salvage recoverable at December 31, 1989, which the plaintiffs did not take into account in their computation of losses incurred under section 832(b)(5)(A) for the 1989 tax period

    b.    amount of salvage recoverable at December 31, 1989, which the plaintiffs took into account in their computation of losses incurred under section 832(b)(5)(A) for the 1989 tax period

    c.    amount of the special deduction which the plaintiffs received for the 1990 tax period.

    d.    the amount of salvage recoverable at December 31, 1990

    e.    amount of plaintiffs losses incurred deduction under section 832(b)(5)(A) for the 1990 tax period

    f.    amount of plaintiffs' overpayment, if any, for the 1990 tax period

    g.    amount of plaintiffs' tax refund, if any, for the 1990 tax period

    h.    amount of plaintiffs' deficiency interest refund, if any, for the 1990 tax period

    i.    the total amount of the payment due to the plaintiffs, if any, with interest

2.    *Contested issues of fact relevant if the plaintiffs are entitled to the gross-up even if they did not double count salvage recoverable in the computation of losses incurred under 26 U.S.C. § 832(b)(5)(A) on their original 1990 income tax returns*:

    *a.*    amount of salvage recoverable at December 31, 1989, which the plaintiffs did not take into account in their computation of losses incurred under section 832(b)(5)(A) for the 1989 tax period

    b.    amount of salvage recoverable at December 31, 1989, which the plaintiffs took into account in their computation of losses incurred under section 832(b)(5)(A) for the 1989 tax period

    c.    amount of the special deduction which the plaintiffs received for the 1990 tax period

    d.    amount of salvage recoverable taken into account in the determining the amount of the plaintiffs unpaid losses shown on their 1990 annual statements and disclosed as required by Treas. Reg. § 1.832-4(d).

    e.    amount of plaintiffs losses incurred deduction under section 832(b)(5)(A) for the 1990 tax period

    f.    amount of plaintiffs' overpayment for the 1990 tax period

      g.     amount of plaintiffs' tax refunds for the 1990 tax period

      h.     amount of plaintiffs' deficiency interest refund for the 1990 tax period

      i.     the total amount of the payment due the plaintiffs with interest

Counsel for the parties are committed to working together in an effort to come to an agreement on all of the issues listed above.

**F.**    *Any questions raised by pending motions*:

As indicated above, the United States seeks clarification as to whether or not the Report's conclusion that "Liberty Mutual is entitled to the gross-up" is limited to the extent to which Liberty Mutual double counted salvage recoverable pertaining to its Net Lines in its computation of losses incurred under 26 U.S.C. § 832(b)(5)(A) for the 1990 income tax period.

**G.**    *Issues of law, including evidentiary questions, together with supporting authority*:

1. As explained above in paragraph B, pursuant to 26 U.S.C. § 6511(b)(2)(B), the amount of the refunds for the plaintiffs cannot exceed the portion of the tax paid during the two years preceding the filing of their claims for refund.  The limitation contained in section 6511(b)(2) establishes a jurisdictional prerequisite for refund suits.  See Zeier v. United States, 80 F.3d 1360, 1364 (9th Cir. 1996); Porter v. United States, 919 F.Supp. 927, 934 (E.D.Va. 1996).  If the plaintiffs pursue refunds exceeding the amounts paid within two years of filing their refund claims, the United States will file a motion to dismiss for lack of jurisdiction the portion of the claim for refund which exceeds the amount paid within two years of filing the refund claim.

2. Section 4.04 of Revenue Procedure 92-77 provides that if a company claimed the special deduction, any change in method of computing undiscounted unpaid losses to remove

salvage recoverable for accident years in which salvage recoverable was not separately taken into a account is a change in method of accounting for which the taxpayer must receive approval by the Commissioner. This provision applies to the plaintiffs because they claimed the special deduction for 1990 and 1991 and subsequently sought, with their request for "Affirmative Adjustment under Rev-Proc. 92-77," to increase their unpaid losses at the end of the 1990 tax period by salvage recoverable for accident years in which salvage recoverable was not separately taken into account in the computation of losses incurred. The plaintiffs have not presented any evidence that they filed Form 3115, Application for Change in Accounting Method, in connection with their affirmative adjustment request with respect to Rev. Proc. 92-77. "[I]n order to secure the Commissioner's consent to a change of a taxpayer's method of accounting, the taxpayer must file an application on Form 3115 with the Commissioner." 26 C.F.R. § 1.446-1(c)(3)(i). Even if the plaintiffs had submitted Form 3115 in connection with their request for adjustment, the application would have been untimely; Form 3115 must be filed "within 180 days after the beginning of the taxable year in which it is desired to make a change." Id. Thus, a taxpayer that seeks to change its method of accounting may only request to change the method of accounting prospectively. Plaintiffs' request for adjustment was submitted in 1993 and contemplated a change of method in accounting with respect to the 1990 tax period.

3. The plaintiffs have not presented any documents evidencing Northwest's compliance with the disclosure requirement in Treas. Reg. § 1.832-4(d)(2) in response to a discovery request specifically seeking such documents. Consequently, the plaintiffs should not be

permitted to introduce documents allegedly evidencing Northwest's compliance with the disclosure requirement in Treas. Reg. § 1.832-4(d)(2).

4. In a federal tax refund suit the Court must determine the correct tax liability in a trial *de novo*. See Lewis v. Reynolds, 284 U.S. 281, 283 (1932); United States v. Janis, 428 U.S. 433, 440 (1976). Plaintiffs have the burden of proving their entitlement to a refund, and the proper amount of any refund, and judicial review in a tax case is based on the facts established at trial. The Court's determination is not made by a review of an existing administrative record. See Lewis v. Reynolds, *supra*; Revell, Inc. v. Riddell, 273 F.2d 649, 659 (9th Cir.), *cert. denied*, 364 U.S. 835 (1960). Because a Court makes a determination based on a *de novo* review of the facts presented to it the conclusions of Internal Revenue Service employees contained in administrative files are not relevant.

**H.**   *Any requested amendments to the pleadings*:

The United States does not request amendment to its answers to the complaints.

**I.**   *Any additional matters to aid in the disposition of the action*:

Counsel for the parties are committed to working to together in an effort to come to an agreement on all of the contested issues involving amounts listed in paragraph E. The United States requests additional time to work on resolving these matters so that they will not have to be tried.

The United States requests that its motion for clarification be decided prior to trial so that the issues which will be eliminated by the decision do not have to be addressed at trial.

**J.**   *The probable length of trial*: 5 days.

**K.**   *List of the names and addresses of witnesses who will testify at trial and the purpose of the testimony of each witness*:

>One or more representatives of the Internal Revenue Service to introduce government exhibits into evidence including explaining entries on Internal Revenue Service transcripts if necessary.
>
>One or more representative of the Internal Revenue Service to provide testimony on the issues relating to amounts as listed above in paragraph E.
>
>James Kress and/or other representative of the plaintiffs
>Liberty Mutual Corporate Taxation, 175 Berkeley Street, Boston, Massachusetts
>Provide testimony on the plaintiffs' treatment of salvage recoverable in its computation of losses incurred under section 832(b)(5)(A) for the 1990 tax period. Provide testimony regarding plaintiffs' claiming a special deduction on their 1990 and 1991 income tax returns. Provide testimony regarding plaintiffs' request for affirmative action with respect to Revenue Procedure 92-77. Provide testimony on the issues listed above in paragraph E.
>
>Roy Morell and/or other representative of the plaintiffs
>Liberty Mutual, 175 Berkeley Street, Boston, Massachusetts
>Provide testimony on the plaintiffs' treatment of salvage recoverable and reporting with respect to unpaid loss and salvage recoverable on its 1989, 1990, and 1991 annual statements. Provide testimony on the issues relating to amounts of salvage recoverable listed above in paragraph E.

L.   *A list of the proposed exhibits the United States will offer in its affirmative case. Those exhibits to be introduced without objection shall be identified by a single sequence of numbers regardless of which party is the proponent of a given exhibit*:

It appears that the United States may only be presenting a defensive case at trial. Regardless of whether its case is affirmative or defensive, the United States' proposed exhibits are listed below. As the United States is only required to list the proposed exhibits it will offer in its affirmative case, the United States reserves its right to introduce additional exhibits not listed here in its defensive case.

1. 1990 Annual Statement Liberty Mutual Insurance Company

2. 1990 Annual Statement Liberty Insurance Corporation

3. 1990 Annual Statement Liberty Mutual Fire Insurance Company

4. 1990 Annual Statement Liberty Northwest Insurance Corporation

5.   1991 Annual Statement Liberty Mutual Insurance Company

6.   1991 Annual Statement Liberty Insurance Corporation

7.   1991 Annual Statement Liberty Mutual Fire Insurance Company

8.   1991 Annual Statement Liberty Northwest Insurance Corporation

9.   1990 federal income tax return for Liberty Mutual Insurance Company and subsidiaries with attachments and with proforma federal income tax returns for Liberty Mutual Insurance Company, Liberty Insurance Corporation, and Liberty Northwest Insurance Corporation

10.  1990 federal income tax return for Liberty Mutual Fire Insurance Company with attachments

11.  Claim for income tax refund filed by Liberty Mutual Insurance Company with respect to the 1990 tax period

12.  Claim for income tax refund filed by Liberty Mutual Fire Insurance Company with respect to the 1990 tax period

13.  Internal Revenue Service literal transcript for Liberty Mutual Insurance Company with respect to the 1990 income tax period

14.  Internal Revenue Service literal transcript for Liberty Mutual Fire Insurance Company with respect to the 1990 income tax period

15.  Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for Liberty Mutual Insurance Company with respect to the 1990 income tax period

16.  Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for Liberty Mutual Fire Insurance Company with respect to the 1990 income tax period.

17.  Disallowance of Liberty Mutual Insurance Company and Subsidiaries claim for refund with respect to the 1990 - 1993 income tax periods

18.  Disallowance of Liberty Mutual Fire Insurance Company and Subsidiaries claim for refund with respect to the 1990 - 1993 income tax periods

19.  Affirmative Adjustment Work Papers - Salvage and Subrogation (LIB - 002469 - LIB - 002765)

20.  Tax Return Work Papers - Salvage - 1990 (LIB - 002236 - LIB - 002468)

21. Request for Affirmative Adjustment under Rev. Proc. 92-77

22. Letter dated March 5, 1998 from Gerald H. Dolan of Liberty Mutual to Internal Revenue Service with attached exhibits reflecting calculation of adjusted income with respect to the 1986 through 1990 income tax periods (defendant's production 1765-1783)

23. Home Office Actuarial memorandum dated May 2, 1991, with attached exhibits from Peter Weber to Roy Morell regarding future salvage and subrogation (LIB - 000475 - LIB 000479)

24. Schedule of Auto Physical Damage Salvage and Subrogation Received dated May 2, 1991 (LIB - 000480)

25. Schedule of Salvage and Subrogation Recoverable on Paid and Unpaid Losses at December 31, 1989 with notation "Return as Filed" (LIB - 000482 - LIB - 000492)

26. Schedule of Salvage and Subrogation Recoverable on Paid and Unpaid Losses at December 31, 1989 with notation "Return as Adjusted" (LIB - 000493 - LIB - 000502)

27. Schedule of "Fire Pool Sec. 481(a) Adjustment Calculation" with attachment (LIB - 000503 - LIB - 000511)

28. Schedule of "Liberty Northwest Pool Sec. 481(a) Adjustment Calculation" with attachment (LIB - 000512 - LIB - 000516)

29. Schedule entitled "Reconciliation of Original to Adjusted" (LIB - 000518)

30. Schedules of 1991 Schedule P Salvage & Subrogation Forecast (LIB - 000519 - LIB - 000534)

31. Liberty Mutual Insurance Group Interoffice Memorandum dated July 24, 1991 to G. Dolan from John J. Terwiske regarding assumed salvage and subrogation "MASS C.A.R. AT 12/31/89" (LIB - 000535 - LIB - 000539)

32. "Salvage and Subrogation Detail for NCCI Pool Reports dated 7/23/91" (LIB - 000540)

33. "Liberty Northwest Insurance Company" Total Fresh Start Adjustment on Netted Subrogation Losses as of 12/31/89" (LIB - 000541)

34. "Liberty Northwest Insurance Company Subrogation Pool Losses" (LIB - 000542 - LIB - 000543)

Counsel for the plaintiffs has informed counsel for the United States that they do not object to the introduction of the proposed exhibits listed above.

Counsel for the plaintiffs has informed counsel for the United States that they object to the exhibits listed below:

a. 1991 federal income tax return for Liberty Mutual Insurance Company and subsidiaries with attachments and with proforma federal income tax returns for Liberty Mutual Insurance Company, Liberty Insurance Corporation, and Liberty Northwest Insurance Corporation

b. 1991 federal income tax return for Liberty Mutual Fire Insurance Company with attachments

c. Plaintiff Liberty Mutual Insurance Company's Responses to the United States' Interrogatories and Request to Produce Documents

d. Plaintiff Liberty Mutual Fire Insurance Company's Responses to the United States' Interrogatories and Request to Produce Documents

e. Volume IA 1992 Proceedings of the National Association of Insurance Commissioners 1991 Winter National Meeting (excerpt)

A list of the plaintiffs' proposed exhibits was provided to counsel for the United States at approximately 2:45 p.m. on March 13, 2008. Counsel for the plaintiffs informed counsel for the United States that the exhibit list reflected documents provided to the government during the course of this litigation. At the time of filing, counsel for the United States was still in the process of reviewing the list of exhibits and had not had an opportunity to look at copies of the documents listed as exhibits.

**M.** *Other Matters.*

The United States reserves its right to supplement its trial memorandum in the event that the decision on the motion for clarification raises triable issues beyond those outlined above.

A list of the plaintiffs' proposed exhibits was provided to counsel for the United States at approximately 2:45 p.m. on March 13, 2008. Counsel for the plaintiffs informed counsel for the United States that the exhibit list reflected documents provided to the government during the

course of this litigation. At the time of filing, counsel for the United States was still in the process of reviewing the list of exhibits and had not had an opportunity to look at copies of the documents listed as exhibits. The United States reserves the right to supplement its trial memorandum, object to any of the plaintiffs' exhibits which are objectionable, and to file motions *in limine* as necessary upon completing its review of plaintiffs' proposed exhibits.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

        /s/ *Karen Wozniak*
        KAREN WOZNIAK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-1927
        Facsimile: (202) 514-5238
        E-mail: karen.e.wozniak@usdoj.gov

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 03/13/08.

/s/ *Karen Wozniak*