UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cnsl. Cv. No. 1:05-cv-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Former Cv. No. 1:05-cv-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

PLAINTIFFS' PRETRIAL MEMORANDUM

Preliminary Statement

The Report and Recommendation of the Magistrate Judge adopted by the Court on January 23, 2008 ("Opinion") resolved all of the substantive issues in this case. All that remains is to determine the amount of damages (i.e., refunds of tax and interest) for 1990 of Plaintiffs (collectively "Liberty Mutual") on the basis of the holdings in the Opinion. Usually, in these circumstances of a claim for refund of Federal income taxes,

1

the parties are able to agree to the correct amount of refund after a court's decision on the merits of the issues, and a stipulation on the agreed amount is submitted to the court so that judgment can be entered.  In this case, a stipulation has not been possible for two reasons.  First, although in February Liberty Mutual provided the United States with detailed recomputations of tax liability under the Court's Opinion, the United States has not yet completed its review and indicated whether it agrees with the recomputations.  Second, the United States has been unwilling to accept the Court's holding allowing a "gross-up" of unpaid losses for estimated salvage and subrogation recoverable ("salvage") on Net Lines of business.  Instead, the United States filed a Motion for Clarification of the Court's opinion.

In the pre-trial conferences of counsel, a major focus of the United States' counsel was to identify issues and seek stipulation of facts based on the assumption that the Court would grant its Motion for Clarification, and that a clarification of the Court's opinion would somehow change the result.  The clarification the United States seeks is to limit the gross-up on Net Lines allowed by the Opinion "only to the extent that the gross-up is necessary to correct a double counting of salvage recoverable in its computation of losses incurred."  Memorandum in Support of the Defendant United States' Motion for Clarification, page 3.  Liberty Mutual does not understand why the United States believes this clarification would change the result from the Court's ultimate holding.  The Court's opinion makes clear that, absent the gross-up, Liberty Mutual is required to double-count salvage in computing its losses incurred for 1990.  Opinion at 21.  Therefore, the Court already has correctly held what the United States seeks to clarify, namely, that Liberty Mutual is entitled to gross-up Net Lines to prevent double counting.  In short, the United

States' requested clarification already is implicit in the Court's holding and would have no substantive effect on the tax and interest to be refunded.

In its prior submissions to the Court, and in its Motion for Clarification, the United States seems to think that it is significant that Liberty Mutual did not double-count salvage on the original 1990 tax returns as filed (a fact that Liberty Mutual admits). Informally, counsel for the United States has stated a belief that, if the Court were to adopt the clarification, the statute could be ignored, and Plaintiffs' tax liability would be computed for 1990 based on the original 1990 tax returns as filed. However, this belief ignores the fact that Plaintiffs' treatment of salvage on the original 1990 tax returns was provisional; by a statement attached to the returns, Plaintiffs specifically reserved the right to change that treatment pending expected further clarification from the Internal Revenue Service. *See* Stipulation of Facts (Doc. 80), ¶ 2. The United States' belief also ignores not only the statute, but also that: (1) Liberty Mutual, in fact, followed the double-counting requirement of the statute in the amended returns filed for 1990; and (2) the IRS could have required double counting on audit in the event the gross-up had not been claimed by Liberty Mutual. More importantly, the United States' counsel ignores the Court's holding to the effect that double-counting is required under the literal language of the statute absent the corrective gross-up provided by Treas. Reg. § 1.832-4(d). There is no authority that the United States has ever cited that would permit 1990 tax liability to be computed without double-counting salvage absent the gross-up.

Accordingly, the following pretrial information is limited to the remaining computational issues relating to damages that need to be resolved based on the Court's opinion. Plaintiffs reserve the right to amend this memorandum in the event the Court

were to change its opinion in response to the United States' Motion for Clarification.

(a)  Names, addresses and telephone numbers of Plaintiffs' trial counsel

> Peter H. Winslow
> Gregory K. Oyler
> Samuel A. Mitchell
> > Scribner, Hall & Thompson, LLP
> > 1875 Eye Street, Suite 1050
> > Washington, DC 20006
> > (202) 331-8585 (T) (202) 331-2032 (F)

(b)  Summary of positions asserted by Plaintiffs

The Opinion holds that Liberty Mutual is entitled to the Fresh Start with respect to its estimated salvage balance at December 31, 1989, and that it is entitled to the gross-up to the extent that it has complied with the requirements of Treas. Reg. § 1.832-4(d)(2) and disclosed the amount of salvage that was taken into account in unpaid losses.  As a result, there are four elements to the computation of the refund of tax and interest for 1990 under the Court's holding as follows:

1. The amount of Liberty Mutual's salvage as of years-end 1989 and 1990 (including the amount of year-end 1990 salvage on Net Lines that was disclosed as required by Treas. Reg. § 1.832-4(d)(2)), both on an undiscounted basis, and on a discounted basis as required for tax purposes.

2. The resulting adjustments to 1990 losses incurred and taxable income as last determined by the IRS on audit, with respect to the salvage amounts above, in accordance with the Court's opinion.

3. Computation of tax liability for 1990 based on the recomputations of

       taxable income, and computation of the amount of overpayments and refunds of tax.

4.    Computation of the overpayments and refunds of deficiency interest based on the computation of tax overpayment.

Liberty Mutual expects that ultimately some or all of these elements will be stipulated by the parties. However, to the extent that they cannot be stipulated, a trial on computational issues will be required.

(c)    <u>Claims that will not be pursued at trial</u>

None.

(d)    <u>Facts established by the pleadings, stipulations of counsel and admissions</u>

1.    The relevant year-end 1989 and 1990 undiscounted estimated salvage amounts of Liberty Companies were as follows:

| **UNDISCOUNTED SALVAGE** | <u>12/31/89</u> | | <u>12/31/90</u> |
|---|---|---|---|
| | Net Lines | Gross Lines | Net Lines |
| Liberty Mutual Ins. Co. | 231,389,202 | 65,179,800 | 245,157,226 |
| Liberty Mutual Fire Ins. Co. | 25,126,347 | 7,242,200 | 26,646,000 |
| Liberty Companies total | 256,515,549 | 72,422,000 | 271,803,226 |

United States' Response to Plaintiffs' Statement of Undisputed Material Facts of Record ("Undisputed Facts") (Doc. 39), ¶ 27.

2.    As corrected, the relevant year-end 1989 and 1990 discounted estimated salvage amounts of Liberty Companies' were as follows:

5

| DISCOUNTED SALVAGE | 12/31/89 | | 12/31/90 |
|---|---|---|---|
| | Net Lines | Gross Lines | Net Lines |
| Liberty Mutual Ins. Co. | 180,819,158 | 61,886,767 | 190,901,955 |
| Liberty Mutual Fire Ins. Co. | 19,650,028 | 6,876,307 | 20,767,361 |
| Liberty Companies total | 200,469,186 | 68,763,074 | 211,669,316 |

Undisputed Facts (Doc. 39), ¶39.

3. After resolving other issues for 1990 with the Appeals Division of the IRS, on or after November 22, 2002, Liberty Mutual Insurance Company paid $80,515,174 for additional tax and interest proposed by the IRS to be due for 1990. Liberty Mutual Answer (Doc. 12) ¶ 45.

4. After resolving other issues for 1990 with the Appeals Division of the IRS, on or after November 22, 2002, Liberty Mutual Fire Insurance Company paid $4,433,536 for additional tax and interest proposed by the IRS to be due for 1990. Liberty Fire Answer (Doc. 12) ¶ 45.

5. In September 1993, during the course of the examination of their 1990 income tax returns, Liberty Companies filed with the IRS a request to convert their Net Lines into Gross Lines, effective for tax year 1990 as permitted by the regulations. In the request, Liberty Companies' asked that loss reserves be grossed up for estimated salvage on Net Lines. Undisputed Facts (Doc. 39), ¶¶ 37-38; Liberty Mutual Answer (Doc. 12) ¶ 32; Liberty Fire Answer (Doc. 12) ¶ 32.

(e) <u>Contested issues of fact</u>

At this point a stipulation of additional facts relating to the four elements of the computational issues has not been reached by the parties. Therefore, at this time the following facts remain contested issues of fact:

1. With respect to Net Lines, the following adjustments to Taxable Income as Previously Determined for 1990 are required under the holdings of the Court's Opinion: a Fresh Start addition to income equal to one-fourth of 13% of the amount of estimated salvage on Net Lines at December 31, 1989; a disallowance of the Special Deduction required by the Revenue Agent's Report; and a gross-up of year end 1990 discounted loss reserves for the amount of estimated salvage on Net Lines at December 31, 1990. These amounts for the respective Plaintiffs are reflected in the following Schedule:

|  | Liberty Mutual Ins. Co. | Liberty Mutual Fire Ins. Co. |
|---|---|---|
| Fresh Start income (1/4 of 13% of 12/31/89 salvage) | $5,876,623 | $638,626 |
| Disallowance of Special Deduction required by RAR | 40,105,080 | 4,360,205 |
| Gross up loss reserves for netted salvage at 12/31/90 | (190,901,955) | (20,767,361) |
| TOTAL | ($144,920,252) | ($15,768,530) |

2. With respect to the Gross Lines, the following two adjustments to Taxable Income as Previously Determined are required under the holdings of the Court's Opinion: a reversal of the section 481 adjustment required by the Revenue Agent's Report, and a Fresh Start addition to income equal to

one-fourth of 13% of the amount of estimated salvage on Gross Lines at December 31, 1989. These amounts for the respective Plaintiffs are reflected in the following Schedule:

|  | Liberty Mutual Ins. Co. | Liberty Mutual Fire Ins. Co. |
|---|---|---|
| Reverse 481 income required by RAR | ($61,886,767) | ($6,876,307) |
| Fresh Start income (1/4 of 13% of 12/31/89 salvage) | 2,011,320 | 223,480 |
| TOTAL | ($59,875,447) | ($6,652,827) |

3. As a result of the above and other conforming and appropriate adjustments, Plaintiffs' non-life taxable income (before Net Operating Loss and particular deductions) for the 1990 tax period is as follows:

| Liberty Mutual Ins. Co. | Liberty Mutual Fire Ins. Co. |
|---|---|
| $122,261,009 | $16,405,427 |

4. Plaintiffs are entitled to refunds of the overpayments of tax and deficiency interest resulting from these adjustments and reductions to taxable income.

(f)   Questions raised by pending motions

As noted in the Preliminary Statement, above, Liberty Mutual does not believe that the United States' Motion for Clarification raises any questions. However, if the Court, in response to the United States' motion, were to modify its Opinion, such a change may create new fact issues to be resolved, on which a trial may be necessary.

(g)     Issues of law and supporting authority

In the event that the United States takes the position that some portion of the refund is barred by 26 U.S.C. § 6511 to the amount paid within two years of the filing of a claim for refund, it is the position of Liberty Mutual that no portion of the refund is barred under 26 U.S.C. § 6511 because it made informal claims for refund within three years from the time the return was filed, as extended by agreement. *See United States v. Kales*, 314 U.S. 186 (1941).

(h)     Requested amendments to the pleadings

None.

(i)     Additional matters

None.

(j)     Probable length of trial

If trial on the computational issues is necessary, the parties estimate that trial will take from one to three days.

(k)     Names and addresses of witness and purpose of testimony

| | |
|---|---|
| James W. Kress<br>175 Berkeley Street<br>Boston, MA  02117 | fact witness concerning<br>computational issues |

9

| | |
|---|---|
| Roy K. Morell<br>175 Berkeley Street<br>Boston, MA  02117 | fact witness concerning<br>actuarial issues |
| Dennis Van Mieghem<br>110 Shoreline Drive<br>Park Ridge, IL  60068 | fact witness concerning<br>computational and informal<br>claim issues |
| (if necessary) an officer of Liberty Northwest Insurance Company, to be identified<br>650 NE Holladay Street<br>Portland, Oregon 97232-2045 | fact witness concerning<br>disclosure issue |

(l)   List of proposed exhibits

In the event that trial is necessary on some or all of the computational issues, Plaintiffs anticipate that they will introduce exhibits from the parties' list of Agreed Exhibits (to be filed today) and from Plaintiffs' List of Proposed Exhibits to be filed herewith.

Defendant has provided Plaintiffs with a list of five exhibits Defendant proposes to which Plaintiffs object on the ground of relevance, as follows:

[a]  1991 federal income tax return for Liberty Mutual Fire Insurance Company

[b]  1991 federal income tax return for Liberty Mutual Insurance Company and subsidiaries

[c]  Plaintiff Liberty Mutual Insurance Company's Responses to the United States' Interrogatories and Request to Produce Documents

[d]  Plaintiff Liberty Mutual Fire Insurance Company's Responses to the United States' Interrogatories and Request to Produce Documents

[e]  Volume IA 1992 Proceedings of the National Association of Insurance Commissioners 1991 Winter National Meeting (excerpt)

(m)  Jury instructions

Not applicable.


(n)  Proposed questions for *voir dire*

Not applicable.


Respectfully submitted,


Dated: March 13, 2008              /s/ *Peter H. Winslow*
                                        PETER H. WINSLOW
                                      Scribner, Hall & Thompson, LLP
                                        1875 Eye Street, N.W., Suite 1050
                                        Washington, D.C. 20006
                                        Telephone: (202) 331-8585
                                        E-mail: pwinslow@scribnerhall.com
                                        Counsel for Plaintiffs
                                        Admitted pro hac vice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cnsl. Cv. No. 1:05-cv-11048-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Former Cv. No. 1:05-cv-11049-RCL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' LIST OF PROPOSED EXHIBITS

A.  1990 LMIC Form 872 Extensions

B.  1990 FIRE Form 872 Extensions

C.  1990 LMIC Request for Affirmative Adjustment

D.  1990 FIRE Request for Affirmative Adjustment

E.  1990 Request for Affirmative Adjustment, Pool Correction

F.  1990 LMIC IRS Revenue Agent Report

G.  1990 FIRE IRS Revenue Agent Report
H.  1990 LMIC IRS Appeals Computations

I.        1990 FIRE IRS Appeals Computations

J.        1990 LIMIC Form 870-AD

K.        1990 FIRE Form 870-AD

L.        1990 LMIC IRS Transcript

M.        1990 FIRE IRS Transcript

N.        1990 LMIC Check in payment of subsequently assessed tax

O.        1990 FIRE Check in payment of subsequently assessed tax

P.        1990 IRS document provided by Department of Justice showing application of LMIC payments and credits

Q.        1990 IRS document provided by Department of Justice showing application of FIRE payments and credits

R.        Actuarial Workpapers dated January 23, 1992 re Undiscounted Corrected Salvage for the Liberty Mutual Pool

S.        Reinsurance Accounting Department memorandum dated July 24, 1991 with attachments re salvage on business assumed from the Massachusetts auto reinsurance pool

T.        Reinsurance Accounting Department memorandum dated August 19, 1993 with attachments re salvage on business assumed under state pools

U.        Schedules re NCCI national workers compensation pool

V.        LNW memoranda dated May 29, 1991 and August 9, 1991 with attachments re salvage

W.        Accounting workpapers re discounting of salvage

X.        WC Pension Reserves Annual Statement Discount – July 28, 1993

Y.        WC Pension Reserves Annual Statement Discount – Feb 1, 1992

Z.        1990 Voluntary Pension Year End Report (Revision 1) – 2 Pages

AA.        1989 Amount of Discount on WC Pension Reserves – 2 Pages

BB.  Internal Memo Re: Discount on PTD and Fatal Claims as of 12/31/90 – January 25, 1991

CC.  Discount PTD/Fatal Claims 12-31-90 workpaper

DD.  Schedule Re: Future Salvage and Subrogation

EE.  Internal Memo (LNW) Re: Estimated Salvage and Subrogation Recoverable at December 31, 1990 – July 3, 1991 – 2 Pages

FF.  Schedule F Discounting Workpapers

GG.  Schedule F Discounting Workpapers

HH.  LMIC Fast Tax Schedule (Sch F Lines 5 & 6) – 1990 1120PC Page 5

II.  FIRE Fast Tax Schedule (Sch F Lines 5 & 6) – 1990 1120PC Page 5

JJ.  LIC Fast Tax Schedule (Sch F Lines 5 & 6) – 1990 1120PC Page 5

KK.  LMIC & Subsidiaries § 6662 Disclosure – 1990TR

LL.  FIRE § 6662 Disclosure – 1990TR

MM.  Schedule F recomputation exhibits

NN.  Tax recomputations - Liberty Mutual

OO.  Tax recomputations - Liberty Fire

Dated:  March 13, 2008              /s/ *Samuel A. Mitchell*
                                    SAMUEL A. MITCHELL
                                    Scribner, Hall & Thompson LLP
                                    1875 Eye Street, N.W., Ste. 1050
                                    Washington, D.C.  20006
                                    (202) 331-8585
                                    Counsels for the plaintiff
                                    Admitted pro hac vice