UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil No. 1:05-11048-RCL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 1:05-11049-RCL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

RESPONSE TO PLAINTIFFS' PRETRIAL MEMORANDUM

Plaintiffs' Pretrial Memorandum contains false, inaccurate, and misleading statements which require a response.

Response to Plaintiffs' Preliminary Statement

Plaintiffs falsely state that "[i]nformally, counsel for the United States has stated a belief that, if the Court were to adopt the clarification, the statute could be ignored, and Plaintiffs' tax liability would be computed for 1990 based on the original 1990 tax returns as filed." See Plaintiffs' Pretrial Memorandum, p.3. Undersigned counsel for the United States is the only counsel for the United States which has spoken to Plaintiffs' counsel since the Court's January

-1-

23, 2008 adoption of the Report and Recommendation (hereinafter "Report"). I have never stated that I believe that section 832(b)(5)(A), regarding the computation of losses incurred, or any other section of the Internal Revenue Code or any provision of the Treasury regulations thereunder could be ignored. During a discussion of what the result would be if the Court clarified that the plaintiffs were only entitled to the gross-up to the extent that they had double counted salvage recoverable in their computation of losses incurred, I stated that I thought the plaintiffs would lose the special deduction and take the fresh start adjustment because the Court had determined that they could take the fresh start adjustment but were not entitled to the special deduction. When Plaintiffs' counsel asked whether the plaintiffs would be required to double count salvage recoverable in their computation of losses incurred, I stated that I had only thought that the plaintiffs would lose the special deduction and take the fresh start and that I had not thought that they would recompute their losses incurred. Plaintiffs' counsel repeatedly stated that under the statute, as interpreted in the Report, they would be required to double count salvage recoverable. Plaintiffs appear to insist that they must recompute their losses incurred to double count salvage recoverable so that they can then insist that, because of the double counting of salvage recoverable in the recomputation, they are entitled to the gross-up. However, there is no basis in the statute, regulations, or Revenue Procedure 92-77 for companies which did not double count salvage recoverable, as a result of self-help or otherwise, to retroactively double count it in order to qualify for the corrective adjustment of the year-end gross-up. To the contrary, as discussed below, Rev. Proc. 92-77 specifically prohibits such manipulation by companies which had originally claimed the special deduction. However, even if plaintiffs would be required by the statute to recompute their losses incurred to separately account for

salvage recoverable, a statement that I did not think that the plaintiffs would recompute their losses incurred would only be an oversight or mistake of law, not a statement that "the statute could be ignored." An oversight or mistake of law is not the same as a disregard of the law and there is no basis for Plaintiffs' counsel to construe an oversight or mistake as disregard. A false statement disparaging the integrity of counsel for the United States has no place in the pretrial memorandum. Even had counsel for the United States stated "I believe that the statute could be ignored," the statement would be irrelevant to the litigation and serve no worthwhile purpose in the plaintiffs' pretrial memorandum. Accordingly the statement should be struck from the pretrial memorandum.

Plaintiffs' citation to the parties' Stipulation of Facts for the proposition that Plaintiffs "specifically reserved the right" to change their treatment of salvage recoverable on the original 1990 tax returns is not appropriate. See Plaintiffs' Pretrial Memorandum, p.3. The parties only stipulated that the plaintiffs "*sought* to reserve the right" to change their treatment of salvage recoverable on their original 1990 tax returns. Stipulation of Facts, Docket #80, ¶2. It is noted after that stipulation that, by the stipulation, the United States was not making any agreement as to the legal effect of the statements which the plaintiffs included with their original returns or any agreement that the plaintiffs had any right to change a position taken on their returns. See id. Section 4.04 of Rev. Proc. 92-77 specifically prohibits a company which claimed the special deduction to change its method of computing undiscounted unpaid losses to remove salvage recoverable (*i.e.*, gross-up unpaid losses) for accident years in which salvage recoverable was not

separately taken into account unless it first obtains the approval of the Commissioner.[1]  This prohibition applies to the plaintiffs who claimed the special deduction on their original return for 1990 and, in their computation of losses incurred, did not separately taken into account any of the salvage recoverable which reduced their unpaid losses.  Section 4.04 contains no exception for companies which attempted to treat salvage recoverable "provisionally" on their original 1990 tax returns, which attempted to disclaim the special deduction two years after having claimed it, or which claimed the special deduction "erroneously."

Plaintiffs' statement that they "followed the double-counting requirement of the statute in the amended returns filed for 1990" is inappropriate.  See Plaintiffs' Pretrial Memorandum, p.3.  While there are a number of problems with this statement, for the sake of brevity it will only be pointed out that the mechanical operation of sections 846 and 832(b)(5)(A) do not permit what the plaintiffs claim they did on their amended returns.  Under the statute, unpaid losses are grossed up prior to the computation of losses incurred, thereby eliminating any potential for double counting in the computation of losses incurred.  Therefore, under the statute, a taxpayer cannot first double count salvage recoverable and then correct the double counting with the gross up of unpaid losses.

Plaintiffs' statement that "the IRS could have required double counting on audit" requires clarification.  See Plaintiffs' Pretrial Memorandum, p.3.  The plaintiffs' salvage recoverable at December 31, 1990, including the salvage recoverable which reduced their unpaid losses, included salvage recoverable attributable to the 1990 accident year as well as salvage

---

[1] See United States' Pretrial Memorandum, pp.9-10, for a further discussion of Section 4.04 of Rev. Proc. 92-77.

recoverable with respect to pre-1990 accident years.  Because the plaintiffs claimed the special deduction,  the only netted salvage recoverable (salvage recoverable which reduced the unpaid losses) which the Internal Revenue Service could have required the plaintiffs to have taken into account separately under section 832(b)(5)(A)(iii) is the netted salvage recoverable attributable to the 1990 accident year.  This would have resulted only in the double counting of the netted salvage recoverable with respect to the 1990 accident year; none of the netted salvage recoverable at the close of 1989 would have been double counted in the computation of losses incurred for the 1990 tax period and none of the netted salvage recoverable at the close of 1990 attributable to the pre-1990 accident years would have been double counted.  Accordingly, the plaintiffs would only be in a position to gross-up unpaid losses with respect to the salvage recoverable attributable to the 1990 tax period, not all of the salvage recoverable which reduced the unpaid losses at December 31, 1990.  The only netted salvage recoverable which the IRS could have required the plaintiffs to have taken into account separately under section 832(b)(5)(A)(iii) is the netted salvage recoverable attributable to the 1990 accident year because companies which claimed the special deduction were required to implement the change in method of accounting for salvage recoverable required by the 1990 Revenue and Reconciliation Act pursuant to a "cut-off" method.  See 26 C.F.R. § 1.832-4(e)(2)(iii).  Pursuant to the cut-off method, for the netted salvage recoverable, only that salvage recoverable attributable to the 1990 and succeeding accident years is to be taken into account separately under section 832(b)(5)(A)(iii).[2]  See Rev. Proc. 91-48, Sec. 9.01.  Changes in netted salvage recoverable

---

[2]The plaintiffs' 1990 income tax returns did not indicate that the netted salvage recoverable attributable to the 1990 accident year had not been separately taken into account under section 832(b)(5)(A)(iii) in the computation of losses incurred and the failure went

"attributable to pre-1990 accident years are only taken into account as part of the change in discounted unpaid losses during the tax year." Id.

While the plaintiffs claim that the Internal Revenue Service could have required double counting on audit, a statement which is true only with respect to a portion of their salvage recoverable, they fail to point out that on their original returns for the 1990 tax period, rather than claiming both the special deduction and the fresh start in violation of Treas. Reg. § 1.832-4(f)(3)(iii) as they did, they could have just taken the fresh start adjustment and separately accounted for all of their salvage recoverable, both net and gross, under section 832(b)(5)(A)(iii). Had the plaintiffs followed this treatment of salvage recoverable, permissible at the time they filed their original 1990 returns, they would have been in a position to take the year-end gross-up with respect to all of the salvage recoverable that reduced their unpaid losses at December 31, 1990, provided the disclosure requirements were met. Alternatively, had plaintiffs claimed the special deduction and properly separately accounted for the netted salvage recoverable attributable to the 1990 accident year on their original returns for the 1990 tax period, they would have been in a position to take the year-end gross-up with respect to the netted salvage recoverable attributable to the 1990 accident year that reduced their unpaid losses at December 31, 1990, provided the disclosure requirements were met. Finally, had plaintiffs properly reported unpaid losses on their annual statements gross of salvage recoverable as required, none of their salvage recoverable would have been subject to double counting in the computation of losses incurred.

---

uncorrected on audit.

Response to Plaintiffs' Statement of Established Facts

The order for the final pretrial conference requires the parties to set forth "a statement of the facts established by the pleadings, stipulations of counsel and admissions." See Order for Final Pretrial Conference, Docket #76. The plaintiffs cite only the United States' Response to Plaintiffs' Statement of Undisputed Material Facts of Record, Docket #39, for the first two alleged facts which they set forth. See Plaintiffs' Pretrial Memorandum, Section (d)(1) and (2), pp.5-6. The government's response to the plaintiffs' statement of undisputed material facts, filed in connection with their motion for summary judgment, does not constitute a pleading or stipulation and the paragraphs cited do not contain admissions for the purposes of the action as a whole. Under the Federal Rules of Civil Procedure pleadings are limited to a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross-claim, a third-party complaint, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer. See Fed. R. Civ. P. 7(a).

Plaintiffs cite paragraph 27 of the United States' Response to Plaintiffs' Statement of Undisputed Material Facts as establishing the amount of the plaintiffs' undiscounted salvage recoverable at December 31, 1989 and December 31, 1990. See Plaintiffs' Pretrial Memorandum, (d)(1), p.5. However, the United States' response to paragraph 27 of Plaintiffs' Statement of Undisputed Material Facts, which purported to list the undiscounted amount of the plaintiffs' salvage recoverable at the close of 1989 and 1990, was as follows: "Per the plaintiffs' memorandum in support of its motion for summary judgment, their 'summary judgment does not include an issue as to the amount of damages.' Paragraph 27, therefore, is not a material statement of fact with respect to the plaintiffs' motion." See United States' Response to

Plaintiffs' Statement of Undisputed Material Facts, ¶ 27. This response does not constitute a stipulation, admission, or even an agreement with respect to the salvage recoverable amounts and does not establish any fact for the purposes of the litigation.

Plaintiffs cite paragraph 39 of the United States' Response to Plaintiffs' Statement of Undisputed Material Facts as establishing the amount of the plaintiffs' discounted salvage recoverable at December 31, 1989 and December 31, 1990. See Plaintiffs' Pretrial Memorandum, (d)(2). However, the United States' response to paragraph 39 of Plaintiffs' Statement of Undisputed Material Facts, which purported to list the discounted amount of the plaintiffs' salvage recoverable at the close of 1989 and 1990, was as follows: "Per the plaintiffs' memorandum in support of its motion for summary judgment, their 'summary judgment does not include an issue as to the amount of damages.' Admits to the statements in paragraph 39 *for the purposes of the plaintiffs' motion for summary judgment*." (italics added) See United States' Response to Plaintiffs' Statement of Undisputed Material Facts, ¶ 39. This response only contained an admission for purposes of the plaintiffs' motion for summary judgment which did not include an issue "as to the amount of damages" and, therefore, with respect to which the "fact" had no consequence, and does not constitute a stipulation, admission, or even an agreement with respect to the salvage recoverable amounts for the purposes of the litigation as a whole and does not establish any fact for the purposes of the litigation.

The government is not claiming necessarily that the statements in section (d)(1) and (2) of the Plaintiffs' Pretrial Memorandum are incorrect, but pointing out that these statements have not yet been agreed too.

The statement contained in section (d)(5) of the Plaintiffs' Pretrial Memorandum is not

an established fact.  Citing the United States' Response to Plaintiffs' Statement of Undisputed Material Facts and its answers, section (d)(5) states, "In September 1993, during the course of the examination of their 1990 income tax returns, Liberty Companies filed with the IRS a request to convert their Net Lines into Gross Lines, effective for tax year 1990 as permitted by the regulations."  With respect to each plaintiff, the United States' answer states only "The United States admits that the Plaintiff made a request for affirmative adjustment for the taxable year 1990.  The United States is without information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 22."  See Answers, ¶ 32.  As relevant here, in the United States' Response to Plaintiffs' Statement of Undisputed Material Facts, the United States only admitted that "in September 1993, the plaintiffs filed the request for 'Affirmative Adjustment under Rev-Proc. 92-77'" attached to the Declaration of James Kress, further stating that the contents of the request speak for themselves.  See United States' Response to Plaintiffs' Statement of Undisputed Material Facts, ¶ ¶ 37-38.  The request for "Affirmative Adjustment under Rev-Proc. 92-77" does not state that the plaintiffs "request to convert their Net Lines into Gross Lines, effective for the tax year 1990 as permitted by the regulations."  Furthermore, as previously explained, the year-end gross-up under Rev. Proc. 92-77 does not convert "net lines" into "gross lines."  See United States' Objection to the Consolidated Report & Recommendation, Docket #72, pp.14-15[3]; United States' Response to Plaintiffs' Protective Objection to the Consolidated Report & Recommendation, Docket #73, pp.27-28.  Finally, it is the United States'

---

[3]Page 15 of the United States' Objection contains a typographical error, reading as follows "[a]pplication of the gross-up provision prevents a double counting of salvage recoverable in the computation of "losses incurred" under § 832(b)(5)(A); it does not convert *gross lines into net lines*."  (italics added).  The statement should, of course, instead read "it does not convert *net lines into gross lines*."

position that what the plaintiffs requested to do was not permitted by any regulation.

<u>Response to Plaintiffs' Witness List</u>

The Plaintiffs' Pretrial Memorandum indicates that they intend to call Dennis Van Mieghem to testify "concerning informal claim issues." To the extent Dennis Van Mieghem's anticipated testimony is that the plaintiffs submitted a particular document to the Internal Revenue Service at a particular time, the United States does not object to such testimony. To the extent the plaintiffs intend to have Van Mieghem testify that a particular document submitted to the IRS constituted an informal claim for refund, the United States' objects to such testimony. Whether a submission to the IRS constitutes an informal claim for refund is a question of law and "[i]n our legal system, purely legal questions . . . [are] exclusively the domain of the judge." <u>See</u> <u>Nieves-Villanueva v. Soto-Rivera</u>, 133 F.3d 92, 99-101 (1st Cir. 1997).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

        */s/ Karen Wozniak*
        KAREN WOZNIAK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-1927
        Facsimile: (202) 514-5238
        E-mail: karen.e.wozniak@usdoj.gov

```
I hereby certify that this document filed
through the ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to
those indicated as non registered participants
on 03/19/08.

/s/  Karen Wozniak
```